No. 24-2229

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

DISABILITY RIGHTS OREGON et al.,
*Plaintiffs-Appellees*,

v.

DAVID BADEN et al.,
*Defendants-Appellees*,

v.

MARION COUNTY
*Proposed Intervenor-Appellant.*

On Appeal from the U.S. District Court for the District of Oregon
Case No. 3:02-cv-00339-AN
Honorable Adrienne Nelson

MARION COUNTY'S MOTION TO EXCEED TYPE-VOLUME LIMIT

James Bopp, Jr., Ind. Bar No. 2838-84
Joseph D. Maughon, Va. Bar No. 87799
Taylor C. Shetina, Ind. Bar No. 37887-45
THE BOPP LAW FIRM, PC
The National Building
1 South 6th Street
Terre Haute, Indiana 47807
Telephone: (812) 232-2434

*Counsel for Marion County*

Pursuant to Circuit Rule 32-2(a), Marion County respectfully moves this Court for permission to exceed the type-volume limitations set forth at Circuit Rule 32-1(a) by 7,081 words in Marion County's opening brief and provides the attached Declaration of Joseph D. Maughon in Support of Marion County's Motion to Exceed Type-Volume Limit ("**Declaration**" or "**Decl.**"), setting forth in detail the reasons for this request, which are summarized below. In accordance with Circuit Rule 32-2(a), Marion County files herewith a copy of the brief that Marion County proposes to file, which includes a Circuit Rule 32-1 Form 8 certification as to the word count. Counsel for Marion County inquired with counsel for Appellees concerning their position on this motion, who advised that they do not object to the motion. Decl. ¶ 13.

There are multiple reasons for this request, establishing an extraordinary and compelling need for excess words despite the diligence of counsel for Marion County in reducing the word count as much as reasonably practicable. As set forth in further detail in the accompanying Declaration, these reasons include, but are not limited to, the following. First and foremost, this case consists of two appeals, which the Court consolidated *sua sponte*, Decl. ¶¶ 4, 6, thus reducing what would be the total word count between two briefs (28,000 words) to the 14,000 words allowed for one brief. Decl. ¶ 5; Cir. R. 32-1(a). Second, a total of five district

court orders, each with substantial procedural and briefing history, are at issue in the consolidated appeals. Decl. ¶ 7. Third, because these consolidated appeals focus largely on an order issued by the district court under the Supremacy Clause of the United States Constitution, directed at a state court's actions, those state court proceedings are also relevant and require significant discussion in Marion County's brief. Decl. ¶ 8. Fourth, the district court orders challenged in this appeal were not summary orders; instead, most were based on several grounds requiring additional discussion in Marion County's opening brief. Decl. ¶ 9. Fifth, the proceedings below have a remarkably lengthy history involving a multitude of multifaceted issues, such as lengthy expert reports, complex state law, and the interplay between various local and state agencies. Decl. ¶ 10. A substantial portion of Marion County's brief is taken up laying out this background. *Id.* Sixth, this is not a simple one- or two-issue appeal; instead, six issues have been raised in this consolidated appeal, each requiring significant discussion. Decl. ¶ 11.

As a result of these numerous complexities, Marion County cannot adequately address all issues in this consolidated appeal while limiting argument to the type-volume limitation set forth in Circuit Rule 32-1(a). While Marion County's counsel has diligently made every effort to keep Marion County's opening brief under the 14,000-word limitation, conducting several rounds of

editing for length, the brief currently exceeds the type-volume limitations by 7,081 words, for a total of 21,081 words. Decl. ¶ 12. While Marion County thus does not seek to file a double-length brief, it does, for the foregoing reasons, have an extraordinary and compelling need to exceed the word count established in Circuit Rule 32-1(a) by 7,081 words, despite its diligence. Marion County therefore respectfully moves that this Court grant its motion for permission to exceed the word count limitation and file its brief with 21,081 words.

Dated: August 28, 2024              Respectfully submitted,

/s/ James Bopp, Jr.
James Bopp, Jr., Ind. Bar No. 2838-84
Joseph D. Maughon, Va. Bar No. 87799
Taylor C. Shetina, Ind. Bar. No. 37887-45
THE BOPP LAW FIRM, PC
The National Building
1 South 6th Street
Terre Haute, Indiana 47807
Telephone: (812) 232-2434
Facsimile: (812) 235-3685
jboppjr@aol.com
jmaughon@bopplaw.com
tshetina@bopplaw.com
*Counsel for Marion County*

## Certificate of Compliance with Type-Volume Limit

This document complies with the word limit of Fed. R. App. P. 32(c)(1) and 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 548 words as computed by the word-count function of WordPerfect 2020.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) because this document has been prepared in a proportionally spaced typeface using WordPerfect 2020 in Times New Roman 14-point font.

Dated: August 28, 2024　　　　　　　　/s/ James Bopp, Jr.
　　　　　　　　　　　　　　　　　　James Bopp, Jr.
　　　　　　　　　　　　　　　　　　*Counsel for Marion County*