No. 24-2229

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

DISABILITY RIGHTS OREGON et al.,
*Plaintiffs-Appellees*,

v.

DAVID BADEN et al.,
*Defendants-Appellees*,

v.

MARION COUNTY
*Proposed Intervenor-Appellant*.

**DECLARATION OF JOSEPH D. MAUGHON IN SUPPORT OF MARION COUNTY'S MOTION TO EXCEED TYPE-VOLUME LIMITATION**

In support of Marion County's motion to exceed the type-volume limitation set forth in Circuit Rule 32-1(a), I, Joseph D. Maughon, make the following declaration pursuant to 28 U.S.C. Section 1746:

**1.** Marion County's opening brief is due to be filed on August 28, 2024.

**2.** Counsel for Marion County has exercised diligence in keeping Marion County's opening brief as short as practicable while still addressing the necessary issues.

**3.** Nonetheless, numerous issues create an extraordinary and compelling need for Marion County to exceed the type-volume limitation set forth in Circuit Rule 32-1(a).

**4.** Foremost among these issues is the fact that this case consists of two consolidated appeals. *See* ECF 486, 3-ER-398[1] (appealing order denying Marion County's Second Motion to Intervene); ECF 483, 3-ER-401 (protective notice of appeal, appealing various injunctions issued by district court); *see also* ECF 489, 3-ER-392 (amended notice of appeal); ECF 488, 3-ER-395 (amended protective notice of appeal).

**5.** Ordinarily, an appellant may write a brief of up to 14,000 words for each appeal. Cir. R. 32-1(a). Accordingly, absent consolidation of the two appeals at issue here, Marion County would have been entitled to a total of 28,000 words.

**6.** However, this Court *sua sponte* consolidated these appeals. *See* D. 6.1; D. 7.1. As a result, Marion County must argue both appeals in one brief, essentially leaving it with half the briefing space, per appeal, that it would ordinarily be entitled to.

**7.** Additionally, this consolidated appeal stems from five orders of the

---

[1]In order to aid the Court's review, this Declaration provides parallel citations to both the district court docket ("ECF") and to the Excerpts of Record accompanying the proposed Opening Brief filed herewith.

**Decl. in Support of Marion County's**
**Mot. to Exceed Type-Volume Limitation**     2

district court, including orders not only creating and or amending the remedial relief primarily at issue below, *see* Order to Implement Neutral Expert's Recommendations, ECF 271, 1-ER-38; [First] Amended Order to Implement Neutral Expert's Recommendations, ECF 387, 1-ER-29; Second Amended Order to Implement Neutral Expert's Recommendations, ECF 416, 1-ER-12, but also modifying those orders with retroactive effect, *see* Opinion and Order (March 6, 2024), ECF 475, 1-ER-9, and denying intervention to appeal, *see* Opinion and Order (April 4, 2024), ECF 485, 1-ER-2. These orders had a substantial briefing history, many involving briefing from both the parties and various amici, such as state court judges and crime victims, thus pulling in several legal and factual considerations relevant to this appeal. The complexity of the issues raised below and at issue in this appeal and the nature of the district court's orders adjudicating those issues made it exceedingly difficult to limit argument on this appeal to the type-volume limitation set forth in Circuit Rule 32-1(a).

**8.** Compounding this issue is the fact that, as a result of the district court's finding that a state court order violated the Supremacy Clause of the United States Constitution, those state court proceedings are also relevant and require significant discussion in Marion County's brief.

**9.** Furthermore, the district court's orders were not summary, but were based

**Decl. in Support of Marion County's
Mot. to Exceed Type-Volume Limitation**    3

on several grounds requiring additional discussion in Marion County's opening brief. This compounds the exceeding difficulty of limiting argument on this appeal to the type-volume limitation set forth in Circuit Rule 32-1(a).

10. The district court case's procedural history is also lengthy, stemming back to litigation that began in 2002, with remedial litigation opening a new stage of the case that has been ongoing since 2019. This history involves both complex state law, numerous lengthy reports from the neutral expert appointed below, and the effect of the district court's actions on numerous local agencies. A substantial portion of Marion County's brief is taken up laying out this background. This further compounds the exceeding difficulty of limiting argument on this appeal to the type-volume limitation set forth in Circuit Rule 32-1(a).

11. Six issues have been raised in this consolidated appeal, each requiring significant discussion. Despite Marion County counsel's efforts to limit the word count of argument on each issue, it is unable to adequately address all issues while limiting its opening brief to 14,000 words.

12. Marion County's counsel has made every effort to keep Marion County's opening brief under the 14,000-word limitation. However, despite several rounds of editing for length, the brief currently exceeds the type-volume limitations by 7,081 words, for a total of 21,081 words. Thus, despite its diligence,

Marion County has an extraordinary and compelling need to exceed the type-volume limitation set out in Circuit Rule 32-1(a) by 7,081 words.

**13.** Counsel for Marion County inquired with counsel for Appellees concerning their position on Marion County's Motion to Exceed Type-Volume Limitation, who advised that they do not object to the motion.

I affirm under penalty of perjury that the foregoing is true and correct. Executed on this 27th day of August 2024.

　　　　　　　　　　　　　　　　　　/s/Joseph D. Maughon
　　　　　　　　　　　　　　　　　　Joseph D. Maughon