**No. 24-2229**

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

DISABILITY RIGHTS OREGON et al.,
*Plaintiffs-Appellees*,

v.

DAVID BADEN et al.,
*Defendants-Appellees*,

v.

MARION COUNTY
*Proposed Intervenor-Appellant.*

On Appeal from the U.S. District Court for the District of Oregon
Case No. 3:02-cv-00339-AN
Honorable Adrienne Nelson

### APPELLANT'S EXCERPTS OF RECORD
### VOLUME 3 of 3

James Bopp, Jr.,  Ind. Bar No. 2838-84
Joseph D. Maughon, Va. Bar No. 87799
Taylor C. Shetina, Ind. Bar. No. 37887-45
THE BOPP LAW FIRM, PC
The National Building
1 South 6th Street
Terre Haute, Indiana 47807
Telephone: (812) 232-2434

*Counsel for Marion County*

1

```
 1              IN THE UNITED STATES DISTRICT COURT

 2                 FOR THE DISTRICT OF OREGON

 3    OREGON ADVOCACY CENTER,        )
      et al.,                        )
 4                                   )
                Plaintiffs,          )   Case No. 3:02-cv-00339-MO
 5                                   )
           v.                        )
 6                                   )
      BOBBY MINK, et al.,            )
 7                                   )
                Defendants.          )
 8    _____)
      JAROD BOWMAN, et al.,          )
 9                                   )
                Plaintiffs,          )   Case No. 3:21-cv-01637-MO
10                                   )
           v.                        )
11                                   )
      DELORES MATTEUCCI, et al.,     )
12                                   )
                Defendants.          )
13    _____)
      LEGACY HEALTH SYSTEM, et al., )
14                                   )
                Plaintiffs,          )   Case No. 6:22-cv-01460-MO
15                                   )
           v.                        )
16                                   )   March 31, 2023
      PATRICK ALLEN,                 )
17                                   )   Portland, Oregon
                Defendant.           )
18    _____)

19

20                    Oral Argument

21               TRANSCRIPT OF PROCEEDINGS

22        BEFORE THE HONORABLE MICHAEL W. MOSMAN

23        UNITED STATES DISTRICT COURT SENIOR JUDGE

24

25
```

2

```
 1

 2                            APPEARANCES

 3    FOR PLAINTIFF
      DISABILITY RIGHTS
 4    OREGON:             Ms. Emily R. Cooper
                          Disability Rights Oregon
 5                        511 S.W. Tenth Avenue, Suite 200
                          Portland, OR 97205
 6

 7
      FOR THE DEFENDANTS:  Ms. Sheila H. Potter
 8                         Ms. Carla Scott
                           Oregon Department of Justice
 9                         Trial Division
                           100 S.W. Market Street
10                         Portland, OR 97201

11    FOR AMICUS MARION
      COUNTY:              Ms. Jane E. Vetto
12                         Marion County Legal Counsel
                           P.O. Box 14500
13                         Salem, OR 97124

14
      FOR AMICI JUDGES:    Mr. Keith M. Garza
15                         Law Office of Keith M. Garza
                           P.O. Box 68106
16                         Oak Grove, OR 97268

17

18    ALSO PRESENT:        Dr. Debra Pinals (by telephone)

19

20    COURT REPORTER:      Bonita J. Shumway, CSR, RMR, CRR
                           United States District Courthouse
21                         1000 S.W. Third Ave., Room 301
                           Portland, OR  97204
22                         (503) 326-8188

23

24

25
```

(4 of 152), Page 4 of 152     Case: 24-2229, 08/28/2024, DktEntry: 27.4, Page 4 of 152
Case 3:02-cv-00339-AN    Document 372    Filed 04/10/23    Page 3 of 41

3

(P R O C E E D I N G S)

(March 31, 2023; 1:33 p.m.)

* * * * * * * * * *

1   THE COURTROOM DEPUTY:  We are here today for oral

2   argument in Case No. 3:02-cv-339-MO, Oregon Advocacy Center, et

3   al. versus Mink, et. al; member Case No. 3:21-cv-1637-MO; and

4   6:22-cv-1460-MO.

5        Counsel, please state your name for the record.

6        MS. COOPER:  Good afternoon, Your Honor.  My name is

7   Emily Cooper, and I represent organizational plaintiff

8   Disability Rights Oregon.

9        THE COURT:  Thank you.

10       MS. SCOTT:  Carla Scott for defendant.

11       MS. POTTER:  Sheila Potter for defendants.

12       MR. GARZA:  Keith Garza for Oregon amici circuit

13  court judges.

14       MS. VETTO:  And I'm Jane Vetto, here on behalf of

15  Marion County, also nonparty Marion County Sheriff's Office.

16       THE COURT:  Thank you all for being here.

17       Dr. Pinals, you're here listening by audio; is that

18  right?

19       DR. PINALS:  Yes, it is, Your Honor.

20       THE COURT:  All right.  Thank you.

21       Let me give my tentative thoughts -- and there's a

22  lot of question in my mind about this, so feel free to jump in

4

1    and explain where I've missed something.

2            The parties are familiar with the underlying facts

3    that gave rise to this hearing today.  The September 1 order

4    requires OSH to discharge people at certain time periods if

5    competency has not been restored and enough time has passed.

6            My own tentative view upon review particularly of

7    what the sheriffs have written is that the September 1 order

8    has a sort of a procedural or you might even think of as a

9    mechanical gap in it.  It contemplates -- really the only thing

10   it says is that there will be a certain period of notice,

11   currently 30 days, soon I guess to be 60, and then that the

12   hospital is required to discharge the patient pursuant to this

13   order.

14           What it doesn't say anything about is who will come

15   get him or her and under what auspices.  I'm confident that the

16   understanding of people involved to the point of me

17   promulgating this order was that law enforcement of some

18   kind -- typically a sheriff's office from the committing

19   county -- would come get the person and return them to the

20   county, and the county would then have to decide what to do

21   next.  I appreciate -- I'm sure that's not always clear, but I

22   do very much appreciate that that leaves counties sometimes

23   with no great choices.  But that's sort of the scheme that was

24   contemplated.

25           So we have now from Marion County certain people -- I

(6 of 152), Page 6 of 152    Case: 24-2229, 08/28/2024, DktEntry: 27.4, Page 6 of 152
Case 3:02-cv-00339-AN    Document 372    Filed 04/10/23    Page 5 of 41

5

1    think we're down to three -- who are supposed to be discharged

2    pursuant to the September 1 order, probably supposed to be

3    picked up by Marion County Sheriff's Office and returned to

4    Marion County, and that's not happening.  And it's not

5    happening for a variety of reasons, including the possibility

6    that Marion County Sheriff's Office would get in serious

7    trouble with their own courts and judges if they were to do

8    that, and also the possibility raised currently informally that

9    the director of OSH would be in trouble with Marion County

10   judges if discharge occurred, although I don't foresee a

11   situation where discharge would occur if nobody was there to

12   pick somebody up, since they arrive at OSH in custody.

13         The relief sought, if I understand it correctly, is

14   sort of two-fold:  a restraining order requiring Marion County

15   Sheriff, nonparties, to come and receive the three people to be

16   discharged and return them to the committing county, Marion

17   County, and some idea, perhaps, that if that fails, that there

18   would be contempt of court for not doing so.

19         The gap that I think I see in the order is that it

20   doesn't really tell anybody -- it doesn't tell any sheriff's

21   office, for example, that they must come get a person about to

22   be discharged or really spell out in any way what is supposed

23   to happen next.  And so that leaves me with the tentative view

24   that before I can really restrain a nonparty, it ought to be

25   clearer that the order requires the person, the entity to do

6

1    what I'm about to order them to do, as opposed to being silent

2    on the subject.

3            Again, so my tentative view is that the most that can

4    happen to advance the ball forward today for the implementation

5    of the September 1 order -- which I am committed to, despite

6    its sometimes painful consequences, because I believe it's

7    required by the Constitution -- the best I can do to advance

8    the ball towards its implementation is to amend the order to

9    make clear what currently isn't clear, and make clear that

10   about which it's currently silent as to what are the

11   responsibilities of the committing county upon discharge, amend

12   the order, and then start the clock running all over again.

13   That is, allow the amended order to do whatever it is it's next

14   going to do if I amend it -- that is, provide new notice and a

15   new opportunity to now comply with the more specific commands

16   of an amended order or not.

17           We may be right back where we are right now in the

18   future or may not -- I don't know the answer to that -- but my

19   belief is that because none of this is spelled out in my

20   September 1 order, that I'm not on solid footing to order

21   compliance absent an amended order that makes what must be

22   complied with clearer than the current version of the order

23   does.

24           So that's a sort of a long-winded explanation of my

25   tentative thoughts.  I'll start with you, Ms. Cooper.

(8 of 152), Page 8 of 152    Case: 24-2229, 08/28/2024, DktEntry: 27.4, Page 8 of 152
Case 3:02-cv-00339-AN   Document 372   Filed 04/10/23   Page 7 of 41

7

1          MS. COOPER:  Your Honor, respectfully, plaintiffs

2    don't believe there's a mechanical gap.  If you look at the

3    county briefing on page 4, they cite to a state statute 206.010

4    subsection 3.  And that is a state statute that requires county

5    sheriffs to execute orders of the courts of justice or of

6    judicial officers, which includes this Court.  And if you look

7    at Lieutenant Ramsey's testimony in his declaration, the Marion

8    County Sheriff's Office did get notice of this Court's

9    September 2022 order, and indeed the county sheriffs -- and I'm

10   quoting -- "incorporated these shortened timelines into their

11   tracking sheets," and have transported 56 individuals from

12   Oregon State Hospital, end quote, again pursuant to this

13   September 2022 order.

14          The county sheriff's office stopped complying with

15   this order only when a Marion County court issued a modified

16   order prohibiting transport.  And again quoting from Lieutenant

17   Ramsey, "MCSO could not conduct transport without being in

18   contempt of state court."

19          And so it was only through the threat of contempt

20   that this county sheriff was put in a bind.  Do we continue to

21   comply with this Court's order or the committing court's?  And

22   so I think while we can all appreciate that the sheriff's

23   office was put into a very awkward position of choosing between

24   compliance with this Court's order and the committing court,

25   what is concerning is that it is still county courts that are

```
1    challenging this Court's authority to issue remedial actions to

2    comply with your very clear order requiring timely transport.

3             THE COURT:  206.010 does, in fact, require compliance

4    with court orders, including federal court orders.  I guess my

5    fundamental question is where does -- and I can appreciate how

6    this worked across a number of cases prior to MCSO being at

7    risk of being in violation of a state court's order.  It worked

8    prior to that on this sort of understanding that we all had

9    about what would make sense to happen next.

10            What I'm asking, I guess, is where does one go in the

11   September 1 order to find that this Court is ordering the

12   sheriff's office to come pick up people upon discharge?

13            MS. COOPER:  Your Honor, if I may, I can point you

14   directly to where in your September order.

15            THE COURT:  I can help you.  The only possibility is

16   paragraph (3)d.

17            MS. COOPER:  Yes, Your Honor, I agree.

18            And, again, the county sheriffs acknowledged the

19   limitations imposed by them and they included that in their

20   transport orders.

21            THE COURT:  I don't mean to quibble with your point,

22   which is a good one.  It's just that people sometimes have an

23   understanding of something until they don't.  But if pressed,

24   as opposed to just adopting it as a matter of practice, if

25   pressed -- and that's what this hearing would be about -- my
```

| | |
|---|---|
| 1 | question would be if you want me to -- well, let's start with |
| 2 | contempt, although we're not quite there yet, but let's start |
| 3 | with contempt.  If you want me to hold somebody in contempt for |
| 4 | failing to obey an order of mine, then I've got to find in my |
| 5 | order where Multnomah County Sheriff's Office, for example, is |
| 6 | failing to obey an order of mine, and I struggle to see that in |
| 7 | paragraph (3)d. |
| 8 | MS. COOPER:  So what I'm looking at -- |
| 9 | THE COURT:  What are they doing that fails to obey |
| 10 | anything in the September 1 order? |
| 11 | MS. COOPER:  It's the language in your order, Your |
| 12 | Honor, that says, "No later than March 15, 2023, patients |
| 13 | currently admitted at Oregon State Hospital who have exceeded |
| 14 | the length of restoration set forth in this order shall be |
| 15 | discharged from their restoration and from the hospital." |
| 16 | Now, Your Honor, I understand what you're saying, |
| 17 | that there's no language about the obligation for the county |
| 18 | sheriff to transport.  This is where I go back to state |
| 19 | statute.  And the county in their own briefing acknowledged |
| 20 | that it's the sheriff's obligation to do so.  So if you take |
| 21 | that language from your order and then the statute, we don't |
| 22 | believe again there's any mechanical gap. |
| 23 | THE COURT:  Again, so I'm not trying to discount your |
| 24 | point, but I do want you for a moment to set aside what the |
| 25 | county did.  That is, what they did was they read the |

(11 of 152), Page 11 of 152 Case: 24-2229, 08/28/2024, DktEntry: 27.4, Page 11 of 152
Case 3:02-cv-00339-AN    Document 372    Filed 04/10/23    Page 10 of 41

10

1    September 1 order and they understood it not just by way of

2    being nice, but under 206.010, they understood it to obligate

3    them to show up and pick up people from OSH and bring them back

4    to Marion County.

5            But if we set that to one side, that then

6    understanding of what they were obligated to do, and just

7    looked at what, in fact, in my order makes them do that, then I

8    guess from what you've told me, you've read (3)d. now and

9    (3)f., what you've told me is that there isn't anything textual

10   in the order that commands MCSO to come get these folks, right?

11           MS. COOPER:  That's correct.

12           THE COURT:  It's implicit, I guess, in the structure

13   of the entire order?

14           MS. COOPER:  Yes, Your Honor, coupled with state

15   statute.

16           THE COURT:  Coupled with state statute.  All the

17   state statute does is say if federal courts order you to do

18   something, you have to do it.  But I'm not asking that

19   question.  I'm asking have I, in fact, ordered them to do it.

20   And your answer is not textual.  Your answer is, well, everyone

21   thought you had and understood it that way until they were

22   threatened otherwise.  Right?

23           MS. COOPER:  That's correct.  I think the sheriff's

24   office was put in a bind.  Which court do I comply with?

25           THE COURT:  All right.  I kept you engaged while you

(12 of 152), Page 12 of 152   Case: 24-2229, 08/28/2024, DktEntry: 27.4, Page 12 of 152
Case 3:02-cv-00339-AN   Document 372   Filed 04/10/23   Page 11 of 41

11

1   were handed a note.  Is there something you want to add?

2          MS. COOPER:  No.  The note is simply that I think we

3   would take your direction if you feel like more clarity is

4   needed and more notice would put all parties on clear notice

5   that your injunction requires timely transport by the entities

6   responsible for providing transport.

7          THE COURT:  Thank you.

8          Ms. Scott, Ms. Potter, anything you wish to add to

9   this discussion?

10         MS. SCOTT:  Just briefly, Your Honor.  I think that

11  filling in the gap would be helpful for all parties, just an

12  order as you just described to the sheriff's office.  It is the

13  practice that is followed in all discharges for aid-and-assist

14  patients.

15         I did want to correct a fact.  There are only two

16  remaining patients at the hospital whose time is up who can't

17  be discharged because of the sheriffs declining to transport

18  them, but we are having down the pipeline numerous new orders

19  from Marion County ordering that committed aid-and-assist

20  patients shall only return to the jail upon court order that

21  defendant is able or never able to aid and assist.  So this is

22  an ongoing problem.  I do think a gap-filling order making

23  clear what the responsibilities are would be helpful.  The

24  hospital here just wants to comply with this Court's order and

25  the state court orders, and knowing that it must first comply

(13 of 152), Page 13 of 152 Case: 24-2229, 08/28/2024, DktEntry: 27.4, Page 13 of 152
Case 3:02-cv-00339-AN    Document 372    Filed 04/10/23    Page 12 of 41

12

```
 1   under the Supremacy Clause with this Court's order.

 2           THE COURT:  This is sort of in weeds on state law,

 3   though.  That's something I'm not familiar with to the degree I

 4   need to be.  So I have assumed -- I think we all did -- that it

 5   would typically be in this setting.  If anyone was to come pick

 6   up a discharged patient under (3)d., it would be the county

 7   sheriff's office.

 8           MS. SCOTT:  That's correct.

 9           THE COURT:  Is that set in stone or could it be other

10   possibilities?

11           MS. SCOTT:  It's my understanding that there are not

12   other possibilities.  I know in the briefing it was suggested

13   that potentially the Oregon State Police might be able to do

14   the transport, but Oregon statutes do not give OSP the

15   authority to transport patients from the State Hospital.  Their

16   statutory authority is very limited.  I would be happy to

17   provide the Court with further briefing, but currently Oregon

18   law does not allow OSP to transport the aid-and-assist

19   patients.

20           THE COURT:  If the investigating agency for the

21   underlying offense is, say, Salem Police Department, does that

22   mean that Salem Police Department could go pick up someone

23   committed to OSH and return them to Marion County or not?

24           MS. SCOTT:  We haven't looked at that particular

25   question, but I would be happy to provide supplemental briefing
```

(14 of 152), Page 14 of 152 Case: 24-2229, 08/28/2024, DktEntry: 27.4, Page 14 of 152
Case 3:02-cv-00339-AN   Document 372   Filed 04/10/23   Page 13 of 41

13

1    at some point.

2              THE COURT:  Thank you.

3              MS. POTTER:  I think we would potentially be in a

4    situation in which the Marion County Sheriff's Office would

5    still have been ordered not to accept someone back into the

6    jail, which they also control.  And I don't know that, but --

7              THE COURT:  Because they do have sole control over

8    the jail, right?

9              MS. POTTER:  I believe that's correct.

10             THE COURT:  Compared to Oregon State Police or Salem

11   PD?

12             MS. POTTER:  Yes.

13             THE COURT:  All right.  So that's a big part of why

14   it has typically been the county, because they're returning to

15   a county facility run by the sheriff's office.

16             MS. POTTER:  Right.

17             THE COURT:  Thank you.

18             Ms. Vetto, I'll start with you.

19             MS. VETTO:  Thank you, Your Honor.

20             THE COURT:  Is your microphone on?

21             MS. VETTO:  Would it be easier --

22             THE COURT:  That's fine.  Just pull it closer

23   perhaps.

24             MS. VETTO:  I guess the first thing I just want to

25   comment on --

(15 of 152), Page 15 of 152 Case: 24-2229, 08/28/2024, DktEntry: 27.4, Page 15 of 152
Case 3:02-cv-00339-AN    Document 372    Filed 04/10/23    Page 14 of 41

14

1      THE COURT:  I'm sorry, I'm going to pause you there.

2  I hate to interrupt you.

3      MS. VETTO:  Is this better?

4      THE COURT:  Much better.  Thank you.

5      MS. VETTO:  First of all I want to say thank you for

6  giving us the opportunity to respond to this motion today.  The

7  sheriff's office is very concerned about this -- the whole

8  county is -- and really opposes the relief that the plaintiffs

9  requested in their briefing.

10      I guess the first kind of question is for us, we are

11  nonparties to this case, and the order that you entered on

12  September 1st is directed specifically to the entities that the

13  attorneys here represent.  And so as the Court noted, there is

14  nothing in here that talks about the sheriff's offices in

15  general, who transports, reports, anything like that.  So in

16  the absence of that, the sheriff's office has to look at what

17  they are ordered to do.  And in Oregon, when a circuit court

18  commits an adult in custody who needs to be -- receive

19  restoration services at the State Hospital, the circuit court

20  orders them under a form order that's prepared by the DOJ to

21  transport that individual to the hospital and then pick them

22  up.  That is the only thing that they are legally required to

23  do.  There is no state statute that requires transport by

24  counties, by county sheriffs -- nothing.  The only thing that

25  requires them -- the only thing in the words of the plaintiffs,

(16 of 152), Page 16 of 152 Case: 24-2229, 08/28/2024, DktEntry: 27.4, Page 16 of 152
Case 3:02-cv-00339-AN    Document 372    Filed 04/10/23    Page 15 of 41

15

1    that they're charged to do, the only thing that charges them is

2    this order that they're seeking to have you vacate.

3              THE COURT:  So when you say "transport," under what

4    authority does MCSO transport prisoners from circuit court to

5    OSH in the first place?

6              MS. VETTO:  Under the same committing order.

7              THE COURT:  The committing order is what gives the

8    sheriff authority to transport from jail to OSH?

9              MS. VETTO:  Exactly.

10             THE COURT:  There was a time not very long ago,

11   right, where MCSO was under the understanding, at least --

12   perhaps you'll tell me that was mistaken, but it was under the

13   understanding, was it not, that this Court's September 1 order

14   required and therefore authorized MCSO to pick people up who

15   had been discharged and return them to Marion County, right?

16             MS. VETTO:  So our --

17             THE COURT:  First just tell me if that's right.  Is

18   that right?

19             MS. VETTO:  I can't speak for how they understood it.

20   My understanding of the order was that the treatment -- the

21   treatment guideline -- or the treatment times would be

22   shortened, and after the required timelines had -- treatment

23   times had been met, that those individuals would be discharged

24   and we would revert back to the circuit court order for

25   transport.

(17 of 152), Page 17 of 152 Case: 24-2229, 08/28/2024, DktEntry: 27.4, Page 17 of 152
Case 3:02-cv-00339-AN    Document 372    Filed 04/10/23    Page 16 of 41

16

1        THE COURT: Let me ask it this way. There were a

2  number of people who under the September 1 order, particularly

3  paragraph (3)d. and (3)f., had maxed out their time and had

4  been by this Court ordered to be discharged whom MCSO went and

5  picked up, right, and returned them to the county?

6        MS. VETTO: They did. And I --

7        THE COURT: They didn't do that out of the kindness

8  of their hearts.

9        MS. VETTO: I believe they did that through a circuit

10  court order. I can check on that, but I believe they received

11  an order from the court to do that.

12        THE COURT: All right. And then when they both quit

13  receiving such orders and, in fact, were ordered not to, that

14  practice stopped?

15        MS. VETTO: So it hasn't stopped. You know, that's

16  the other kind of -- there are a couple of factual inaccuracies

17  in the declaration that the plaintiffs base this motion on.

18  One of them is that the Marion County Sheriff's Office has

19  stopped transporting. That is not the case. The most recent

20  transport from the jail was Monday. They keep doing it when

21  they're ordered to do it, but in --

22        THE COURT: You mean -- because we have to be

23  specific about what order is ordering them to do it, you mean

24  orders from the circuit court to go and bring people back?

25        MS. VETTO: Even more specifically than that. When

(18 of 152), Page 18 of 152 Case: 24-2229, 08/28/2024, DktEntry: 27.4, Page 18 of 152
Case 3:02-cv-00339-AN    Document 372    Filed 04/10/23    Page 17 of 41

17

1    the original committing order hasn't been changed.  In the two

2    circumstances that we're talking about here, the circuit court

3    went in and specifically amended the original committing order

4    to prohibit transfer by the sheriff's office until -- unless

5    they provided the Court with updated progress reports.  And my

6    reading of this doesn't prohibit that either.  So there's only

7    two instances that I'm aware of.  There was a third instance

8    that Mr. Wehr talked about that was a little bit different.  In

9    that case the district attorney filed an unopposed motion to

10   keep the adult in custody at the State Hospital.  It was --

11          THE COURT:  So I understand better, meaning unopposed

12   by the criminal defense attorney?

13          MS. VETTO:  Exactly, Your Honor.

14          And immediately thereafter, the State -- the jail was

15   notified the Court had entered that motion or had approved that

16   motion, and then following that, right after that, they were

17   informed that this individual had been moved into community

18   restoration and then discharged from the State Hospital.  So in

19   his declaration, Mr. Wehr says, well, Marion County isn't

20   picking up this first individual.  He's not at the State

21   Hospital anymore.

22          There are two individuals --

23          THE COURT:  Can I follow up just a minute on that

24   just so I understand better?

25          MS. VETTO:  Yes.

(19 of 152), Page 19 of 152 Case: 24-2229, 08/28/2024, DktEntry: 27.4, Page 19 of 152
Case 3:02-cv-00339-AN Document 372 Filed 04/10/23 Page 18 of 41

18

1    THE COURT: So are you telling me that there are
2  returns -- that is, people being discharged from OSP being
3  returned to Marion County -- being conducted by MCSO pursuant
4  to commitment orders that also include authority from the
5  court, the circuit court, to return people?
6    MS. VETTO: Exactly.
7    THE COURT: And then only when those are amended is
8  there no transport?
9    MS. VETTO: Exactly.
10    THE COURT: And it's always that they -- is it
11  invariably the practice that the commitment order includes
12  authorization to return upon discharge unless it's amended
13  otherwise?
14    MS. VETTO: So the form order is attached to
15  Lieutenant Ramsey's declaration for the Court to review. That
16  is the standard language that -- for all these commitment
17  orders, and to my knowledge, it has only been changed twice.
18    THE COURT: So in terms of a contest, so to speak,
19  between a Supremacy Clause contest between an order from this
20  Court and a circuit court order, that has only arisen when the
21  circuit court amends its original commitment order to disallow
22  return?
23    MS. VETTO: Yes.
24    THE COURT: And that has been always upon motion of
25  the DA or sometimes sua sponte?

1          MS. VETTO:  I do not know.

2          THE COURT:  And those amendments -- I know the ones

3    in front of me you suggest have a certain aspect to them, but

4    do they invariably simply disallow returns until a progress

5    report is filed or are they different from each other?

6          MS. VETTO:  On page 5 of our brief, we actually cite

7    to the amendment language.  They're identical to both and they

8    say:  "The defendant may not be returned from OSH absent an

9    order from the committing court.  The committing court may

10   issue an order allowing transport upon receipt of a current

11   progress report, as contemplated by ORS 161.371, detailing the

12   defendant's fitness to proceed."

13         THE COURT:  All right.  Thank you.

14         Those are my questions.  Anything else you want to

15   add?

16         MS. VETTO:  I guess the only other thing I want to

17   talk about is -- and the plaintiffs raised this in their brief.

18   They said that we should be -- the Court should take this

19   action against a nonparty, should enter this really

20   extraordinary relief because the requirements of FR 65 have

21   been met.  And I won't rehash my brief.  We do not believe that

22   they have been met.  We're clearly not a legal entity or

23   legally tied in any way to the State Hospital, and we're not in

24   active concert with them.  In fact, I think what they're saying

25   is we haven't done anything.  And there is federal case law

(21 of 152), Page 21 of 152 Case: 24-2229, 08/28/2024, DktEntry: 27.4, Page 21 of 152
Case 3:02-cv-00339-AN    Document 372    Filed 04/10/23    Page 20 of 41

20

1   that says to meet the second prong of FRCP 65, mere inaction by

2   a nonparty doesn't meet that aiding and abetting statute.  So I

3   don't think they've met the requirements under FRCP 65.

4           THE COURT:  Is it your theory that it's impossible to

5   reach a point where MCSO could be enjoined to return because

6   simply not returning is always going to be inaction only?

7           MS. VETTO:  I would say under these particular

8   circumstances, where we've been prohibited to take an action,

9   yes.

10          And I think the other thing is, Your Honor, even if

11  you were to find that the requirements of FRCP 65 have been

12  met, I think the Court is still required to fashion a remedy

13  that's the least intrusive possible.  And in this particular

14  circumstance, there's a lot less intrusive things that can

15  happen besides putting our sheriff in between competing and

16  conflicting court orders.  First of all, the State Hospital

17  could do these progress reports for these individuals and

18  notify the Court so that they could be safely placed either

19  back in the community or into our jail.

20          The second thing is that contrary to the State's

21  contention, there's absolutely no state law that requires us to

22  transport.  The statutes are silent to it.  So if they're

23  arguing that somehow we can do it, they can do it too.  They

24  have an entire police force.  They could also --

25          THE COURT:  They have to transport them to a facility

(22 of 152), Page 22 of 152 Case: 24-2229, 08/28/2024, DktEntry: 27.4, Page 22 of 152
Case 3:02-cv-00339-AN    Document 372    Filed 04/10/23    Page 21 of 41

21

| | |
|---|---|
| 1 | managed by your client, right? |
| 2 | MS. VETTO:  I don't think that's the issue.  I think |
| 3 | we would have to accept them because they're still under a |
| 4 | pretrial detention -- order of detention. |
| 5 | THE COURT:  Well, I want to be careful about this. |
| 6 | Are you saying that even today that could happen?  That if by |
| 7 | some miracle, you know, we found another law enforcement agency |
| 8 | that would do the transport, are you saying that today, given |
| 9 | the nature of the amended commitment orders, if one of these |
| 10 | two people showed up being transported by the galactic law |
| 11 | enforcement agency, you would be obligated to place them in |
| 12 | your facility? |
| 13 | MS. VETTO:  I think my client would be mad at me for |
| 14 | saying this, but I think that there's certainly an argument to |
| 15 | that, yeah. |
| 16 | THE COURT:  Is it also your client's position that |
| 17 | that would not violate the amended commitment order to do so? |
| 18 | MS. VETTO:  I don't think it would, although I don't |
| 19 | know if the Court would agree with that.  I think that the -- I |
| 20 | think actually what the amended order says is that they shall |
| 21 | not discharge, but if they decide to discharge, then I think |
| 22 | there's nothing in there that says we can't accept a person |
| 23 | under pretrial.  We just can't transport them. |
| 24 | I do think there's some other things that they can |
| 25 | do.  They haven't exhausted -- |

22

1          THE COURT:  Can I ask just a practice question then?

2          MS. VETTO:  Yes.

3          THE COURT:  Has it been invariably the practice

4    across years of time that when for any reason there's a

5    discharge of a patient from OSH who is under an existing

6    commitment order of any kind -- meaning commitment order or

7    just custody order -- that it's the sheriff's office who goes

8    and gets them from OSH?

9          MS. VETTO:  I would say if they're picking them up

10   under this order, yes, unless there was --

11         THE COURT:  Separate from this order, what if they're

12   just -- have competency restored?  Who goes and gets them?

13         MS. VETTO:  I did not look into that.  I can.

14         I think the last thing that we haven't talked about,

15   that the State hasn't talked about is that they haven't -- the

16   plaintiffs have not exhausted their remedies under state law.

17   I mean, if they object to a state court order, they can move to

18   quash it.  They can mandamus it.  There are a lot of things

19   that are less intrusive that they can get to try to set this

20   aside that doesn't require this really extraordinary relief

21   against a nonparty that is really untenable, that puts that

22   party in a untenable situation.

23         So I guess we ask that you deny this motion, and that

24   if you do fashion relief, that it be the least intrusive

25   alternative available.

23

```
 1              Thank you.
 2              THE COURT:  Thank you.
 3              I just want to follow up on one last thought to make
 4   sure again that I'm thinking about this in the right way.
 5              When you say that they haven't exhausted their state
 6   court remedies, what I'm asking is are you maintaining that
 7   there literally is some sort of exhaustion requirement, or is
 8   it just that failure to do that shows a failure to use less
 9   intrusive means of accomplishing your goals?
10              MS. VETTO:  I think the latter.  I think maybe
11   "exhaust" was an overstatement, but they certainly haven't
12   explored them before coming to federal court.
13              THE COURT:  All right.  Thank you.
14              Mr. Garza.
15              MR. GARZA:  Thank you, Your Honor.  Just --
16              THE COURT:  Same request.  If you wouldn't mind
17   getting that microphone close.
18              MR. GARZA:  Thank you, Your Honor.
19              I'm just here to answer any questions or concerns the
20   Court might have.
21              THE COURT:  I feel like it's been helpful so far,
22   unless you have something you specifically want to add.
23              MR. GARZA:  No.
24              THE COURT:  Do you wish to respond in any way,
25   Ms. Cooper?
```

(25 of 152), Page 25 of 152 Case: 24-2229, 08/28/2024, DktEntry: 27.4, Page 25 of 152
Case 3:02-cv-00339-AN    Document 372    Filed 04/10/23    Page 24 of 41

24

1    MS. COOPER:  No, Your Honor.

2    THE COURT:  It is my view that this gap in the order

3    disqualifies this case for the remedies sought.  I feel like

4    it's not clear enough who had to do what when for me to find

5    anyone in contempt or me to order by restraining order anyone

6    to do something they clearly should have done and are not

7    doing.  So I deny the requested relief for today.

8         I am ordering the parties, and if willing, the

9    litigants in front of me here today, to submit to the Court in

10   one week's time a proposed amendment to the September 1 order

11   that fills this gap, and it needs to fill the gap -- there are

12   three issues to sort out, not all of them susceptible to

13   solution by a mere textual amendment, but it's worth a shot.

14        One is, and that is that the order should say what it

15   now doesn't say, and that is that when the moment of truth

16   arrives that section (3)d. contemplates, then who is obligated

17   to do what next.  And I think that's fairly simple with just

18   one big issue that I'm unable to sort out today that you can

19   either tell me you sort out or tell me you don't know the

20   answer to and I'll rule on it, and that is if we were certain

21   that the person who had to come to OSH and get a person being

22   discharged under (3)d. and return that person to the committing

23   county was the committing county's sheriff's office, then the

24   textual amendment I think is pretty simple to write.  What's up

25   in the air is does it have to be the sheriff.

(26 of 152), Page 26 of 152 Case: 24-2229, 08/28/2024, DktEntry: 27.4, Page 26 of 152
Case 3:02-cv-00339-AN    Document 372    Filed 04/10/23    Page 25 of 41

25

1          And that has -- there's two ways to answer that

2    question.  One is by statutory authority, which may be silent

3    on the matter, and the other is pragmatically.  That is, if

4    there's no one else that really can do it, or if it doesn't

5    make any sense at all for some, you know, strange law

6    enforcement agency to show up at this sheriff's jail with

7    somebody, then I'm willing to do the most pragmatic thing if

8    it's the only right answer.  So that's one question:  Who is

9    supposed to show up and do what in order to effectuate (3)d.

10   and (3)f.?

11          The second is also I think worth thinking about as a

12   textual amendment, but it's also just worth thinking about, and

13   that is what obligation, if any, should the September 1 order

14   place on OSH to meet the request, at least in this case, by

15   circuit court judges for a predischarge progress report.

16          And you know the argument.  The argument is if you're

17   going to send this person back to us and we have choices to

18   make, choices that could include community care but might also

19   include involuntary commitment for dangerousness or something

20   like that, then we would like to know OSH's professional

21   opinion about where this person stands.  So that's something to

22   think about, whether it gets folded into an amendment to the

23   order or not.

24          The third is not a textual amendment.  It's just one

25   on which I'll appreciate your further input by briefing or

(27 of 152), Page 27 of 152 Case: 24-2229, 08/28/2024, DktEntry: 27.4, Page 27 of 152
Case 3:02-cv-00339-AN    Document 372    Filed 04/10/23    Page 26 of 41

26

1    otherwise, and that is does the requirement to use the least

2    intrusive means possible impose some obligation in this very

3    situation to seek state court relief.

4            Actually, thinking this through out loud, one week

5    isn't sufficient time.  How much time would be needed to both

6    propose textual amendments and supply any additional briefing

7    on the remaining issues?

8            I'll start with you, Ms. Cooper.

9            MS. COOPER:  Your Honor, I feel that the first is

10   achievable in a week.  I think regarding the other two, I think

11   in particular the -- what I'll call the care coordination

12   requirement, that is something the parties plan on addressing

13   at -- during mediation with Judge Beckerman, and I think it is

14   critical.

15           THE COURT:  So put it past those two mediation dates?

16           MS. COOPER:  Correct.

17           THE COURT:  Into May or what?

18           MS. COOPER:  We can confer, but I think into May

19   makes sense from plaintiff's position.

20           THE COURT:  Do you agree?

21           MS. SCOTT:  I do agree.  But with respect to the

22   obligation to pursue state court remedies, I would just point

23   out that neither the hospital or plaintiffs are parties to

24   these nontransport orders, so I don't believe that there is a

25   vehicle to appeal those orders by either of the parties in the

(28 of 152), Page 28 of 152 Case: 24-2229, 08/28/2024, DktEntry: 27.4, Page 28 of 152
Case 3:02-cv-00339-AN   Document 372   Filed 04/10/23   Page 27 of 41

27

1  main Bowman cases.

2         THE COURT:  Then it will be easy to provide your

3  brief on this question.

4         MS. SCOTT:  So we can do that quickly.  That was my

5  point.

6         MS. POTTER:  I think on the side of a week.

7         MS. SCOTT:  The second point is to what extent can,

8  should, and would the hospital be able to provide progress

9  notes to the committing court.  But we are seeing a whole slew

10 of new orders that don't require a progress report but simply

11 say -- in their original commitment orders that say, I'm

12 committing this person to the hospital.  They may not return

13 until I, state court judge, finds they are able or unable.  So

14 that is a new thing.  It's not before the Court today, but it

15 is separate and apart from the requirement for a progress

16 report.

17        THE COURT:  I understand that by not granting the

18 relief requested today, that will back people up.  That's

19 unfortunate but, in my view, unavoidable at this time.  So

20 we'll just work as quickly as possible to create a path forward

21 that doesn't allow this logjam.

22        I want to be clear.  If I thought the order were

23 clearer, then I have no question in my mind -- in my mind about

24 the application of the Supremacy Clause here, none whatsoever.

25 And so it's just a question of how to do two things that I

(29 of 152), Page 29 of 152 Case: 24-2229, 08/28/2024, DktEntry: 27.4, Page 29 of 152
Case 3:02-cv-00339-AN   Document 372   Filed 04/10/23   Page 28 of 41

28

| | |
|---|---|
| 1 | think are missing.  One is to make the order clearer about who |
| 2 | is obligated to do what; and two, to at least explore the |
| 3 | possibility that for this particular subpart of the relief |
| 4 | requested, I'm ordering the least intrusive means possible. |
| 5 | I've already made that finding on a more overarching basis, but |
| 6 | I think it has to be applied somewhat differently to this |
| 7 | particular issue.  But other than that, you know, we've gone |
| 8 | down this road already, and I'm clear in my views of what the |
| 9 | Supremacy Clause means and doesn't mean with respect to |
| 10 | competing orders here. |
| 11 | For your two clients -- I'll talk to you, Mr. Garza, |
| 12 | first.  Your clients' fundamental position has been that the |
| 13 | order should be vacated, and so I'm not sure your client is in |
| 14 | a position -- clients, I guess, in a position to participate |
| 15 | meaningfully in amending an order they wish to see vacated.  Is |
| 16 | there any point to your participation? |
| 17 | MR. GARZA:  Well, I don't want to get into what's |
| 18 | been going on in the mediation, but -- as Ms. Cooper |
| 19 | indicated -- |
| 20 | THE COURT:  I mean in this particular piece of the |
| 21 | mediation, just this issue for today's purposes. |
| 22 | MR. GARZA:  Well, I think numbers two and three that |
| 23 | you indicated are matters that my clients would be interested |
| 24 | in participating in. |
| 25 | THE COURT:  Same question, Ms. Vetto. |

(30 of 152), Page 30 of 152 Case: 24-2229, 08/28/2024, DktEntry: 27.4, Page 30 of 152
Case 3:02-cv-00339-AN    Document 372    Filed 04/10/23    Page 29 of 41

29

1          MS. VETTO:  Yes, I think that's absolutely true.

2          THE COURT:  All right.

3          MS. VETTO:  I guess I would say that if there is some

4     criteria about a discharge progress report, I have a feeling

5     that's going to take away the whole first issue about

6     transport, because I don't think the courts will block the

7     transport at that point.  So I feel like number two --

8          THE COURT:  Well, apparently some of the orders don't

9     require a progress report.  That's what Ms. Scott has just

10    indicated.

11         MS. VETTO:  I do not know that.  That is not before

12    the Court today and I don't have that information.

13         THE COURT:  That's part of why I need this time,

14    because there's some important questions that, through no fault

15    of your own, none of you know the answer to yet.  That's an

16    important point.  That's a very different issue if all that's

17    being required, all is progress reports as opposed to just a

18    pure competing set of demands against your client.

19         What I said earlier about the Supremacy Clause means

20    for your client's purposes that there well may come a day,

21    perhaps, that your clients face competing orders -- I should

22    say irreconcilable orders.  That's too bad.  That's not a good

23    situation for your clients to be in, but the Supremacy Clause

24    does provide an answer that gives your client a clean path

25    forward.

30

```
 1          MS. VETTO:  And we appreciate the opportunity to

 2    participate as amicus and to participate in the mediations next

 3    week and the week after.  I guess my question is, it was our

 4    understanding that the mediations were geared toward proposals

 5    for amending the order.  Is this part of that or is this

 6    separate from that?

 7          THE COURT:  I'll leave that to Judge Beckerman.  I'm

 8    not going to step on that at all.  But I am requiring, whether

 9    it's independent or folded into that, separate consideration by

10    the parties and entities represented here today of the narrow

11    issue that has been raised by Ms. Cooper's request.

12          MS. COOPER:  Your Honor, if I may.

13          THE COURT:  Yes.

14          MS. COOPER:  I think your original proposal under the

15    first -- around the proposed language clarifying the obligation

16    to transport, plaintiffs remain open to providing that

17    documentation within a week.  We think that's more than enough

18    time for the parties to meet and provide that clarity.

19          THE COURT:  I think that's right.  It's a much

20    easier -- I don't mean easier intellectually, but it's a much

21    quicker task to undertake than the rest, and it doesn't

22    require, for example, learning facts you don't currently know.

23          So one week to submit proposed textual amendments

24    that close the gap I've described, and then I'll set a date in

25    maybe -- when is the second mediation session scheduled for?
```

31

| | |
|---|---|
| 1 | The 11th?  So a couple weeks after that to finish up the rest |
| 2 | of what I've requested. |
| 3 | MS. COOPER:  Yes, Your Honor.  I would imagine by the |
| 4 | last week of April we will have an idea if the mediation has |
| 5 | been successful and language around what you've identified as |
| 6 | to textual change, and then three, briefing regarding whether |
| 7 | or not a writ of mandamus is an appropriate remedy for |
| 8 | plaintiffs. |
| 9 | THE COURT:  Ms. Scheele, can you suggest a date? |
| 10 | THE COURTROOM DEPUTY:  April 25th. |
| 11 | THE COURT:  I'll receive briefing on that date, and |
| 12 | then I'll set a further hearing if necessary. |
| 13 | MS. SCOTT:  Your Honor, I think also within one week |
| 14 | we can provide briefing on No. 3, which is whether or not the |
| 15 | parties should appeal the state court nontransport orders. |
| 16 | THE COURT:  Wonderful.  I'll look forward to reading |
| 17 | it. |
| 18 | Anything else, Ms. Cooper? |
| 19 | MS. COOPER:  No, Your Honor.  Thank you. |
| 20 | THE COURT:  Ms. Scott? |
| 21 | MS. SCOTT:  No, Your Honor.  Thank you. |
| 22 | THE COURT:  Ms. Potter? |
| 23 | MS. POTTER:  No, Your Honor.  Thank you. |
| 24 | THE COURT:  Mr. Garza? |
| 25 | MR. GARZA:  No. |

32

1          THE COURT:  Ms. Vetto?

2          MS. VETTO:  No, Your Honor.

3          THE COURT:  Thank you all for your assistance in this

4   matter today.  We'll be in recess.

5          THE COURTROOM DEPUTY:  All rise.  Court is in recess.

6          (Proceedings concluded at 2:19 p.m.)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

33

--oOo--

1    I certify, by signing below, that the foregoing is a correct transcript of the record of proceedings in the above-entitled cause.  A transcript without an original signature or conformed signature is not certified.


*/s/Bonita J. Shumway*        *April 5, 2023*
_____     _____
BONITA J. SHUMWAY, CSR, RMR, CRR    DATE
Official Court Reporter

**DR. PINALS: [1]** 3/22
**MR. GARZA: [7]** 3/15 23/15 23/18 23/23 28/17 28/22 31/25
**MS. COOPER: [18]** 3/9 7/1 8/13 8/17 9/8 9/11 10/11 10/14 10/23 11/2 24/1 26/9 26/16 26/18 30/12 30/14 31/3 31/19
**MS. POTTER: [7]** 3/14 13/3 13/9 13/12 13/16 27/6 31/23
**MS. SCOTT: [10]** 3/13 11/10 12/8 12/11 12/24 26/21 27/4 27/7 31/13 31/21
**MS. VETTO: [36]**
**THE COURT: [75]**
**THE COURTROOM DEPUTY: [3]** 3/4 31/10 32/5

**-**

**--o0o [1]** 33/2

**/**

**/s/Bonita [1]** 33/9

**1**

**100 [1]** 2/9
**1000 [1]** 2/21
**11th [1]** 31/1
**14500 [1]** 2/12
**15 [1]** 9/12
**161.371 [1]** 19/11
**1:33 [1]** 3/2
**1st [1]** 14/12

**2**

**200 [1]** 2/5
**2022 [2]** 7/9 7/13
**2023 [4]** 1/16 3/2 9/12 33/9
**206.010 [3]** 7/3 8/3 10/2
**25th [1]** 31/10
**2:19 [1]** 32/6

**3**

**30 [1]** 4/11
**301 [1]** 2/21
**31 [2]** 1/16 3/2
**326-8188 [1]** 2/22
**3:02-cv-00339-MO [1]** 1/4
**3:02-cv-339-MO [1]** 3/5
**3:21-cv-01637-MO [1]** 1/9
**3:21-cv-1637-MO [1]** 3/6

**5**

**503 [1]** 2/22
**511 [1]** 2/5
**56 [1]** 7/11

**6**

**60 [1]** 4/11
**65 [4]** 19/20 20/1 20/3 20/11
**68106 [1]** 2/15
**6:22-cv-01460-MO [1]** 1/14
**6:22-cv-1460-MO [1]** 3/7

**8**

**8188 [1]** 2/22

**9**

**97124 [1]** 2/13
**97201 [1]** 2/10
**97204 [1]** 2/21
**97205 [1]** 2/5
**97268 [1]** 2/16

**A**

**abetting [1]** 20/2
**able [5]** 11/21 11/21 12/13 27/8 27/13
**about [27]** 3/25 4/14 5/21 6/1 6/10 8/9 8/25 9/17 14/7 14/14 16/23 17/2 17/8 19/17 21/5 22/14 22/15 23/4 25/11 25/12 25/21 25/22 27/23 28/1 29/4 29/5 29/19
**above [1]** 33/6
**above-entitled [1]** 33/6
**absence [1]** 14/16
**absent [2]** 6/21 19/8
**absolutely [2]** 20/21 29/1
**accept [3]** 13/5 21/3 21/22
**accomplishing [1]** 23/9
**achievable [1]** 26/10
**acknowledged [2]** 8/18 9/19
**across [2]** 8/6 22/4
**action [2]** 19/19 20/8
**actions [1]** 8/1
**active [1]** 19/24
**actually [3]** 19/6 21/20 26/4
**add [4]** 11/1 11/8 19/15 23/22
**additional [1]** 26/6
**addressing [1]** 26/12
**admitted [1]** 9/13
**adopting [1]** 8/24
**adult [2]** 14/18 17/10
**advance [2]** 6/4 6/7
**ADVOCACY [1]** 3/3 3/5
**after [4]** 15/22 17/16 30/3 31/1
**afternoon [1]** 3/9
**again [8]** 6/3 6/12 7/12 7/16 8/18 9/22 9/23 23/4
**against [3]** 19/19 22/21 29/18
**agency [4]** 12/20 21/7 21/11 25/6
**ago [1]** 15/10
**agree [4]** 8/17 21/19 26/20 26/21
**aid [4]** 11/13 11/19 11/21 12/18
**aiding [1]** 20/2
**air [1]** 24/25
**al [7]** 1/3 1/6 1/8 1/11 1/13 3/6 3/6
**all [26]** 3/19 3/23 6/12 7/22 8/8 10/16 10/25 11/4 11/11 11/13 12/4 13/13 14/5 16/12 18/16 19/13 20/16 23/13 24/12 25/5 29/2 29/16 29/17 30/8 32/3 32/5
**ALLEN [1]** 1/16
**allow [3]** 6/13 12/18 27/21
**allowing [1]** 19/10
**already [2]** 28/5 28/8
**also [11]** 2/18 3/18 5/8 13/6 18/4 20/24 21/16 25/11 25/12 25/18 31/13
**alternative [1]** 22/25
**although [3]** 5/10 9/2 21/18
**always [4]** 4/21 18/10 18/24 20/6
**am [3]** 6/5 24/8 30/8
**amend [3]** 6/8 6/11 6/14
**amended [9]** 6/13 6/16 6/21 17/3 18/7 18/12 21/9 21/17 21/20

**amending [2]** 28/15 30/5
**amendment [7]** 19/7 24/10 24/13 24/24 25/12 25/22 25/24
**amendments [3]** 19/2 26/6 30/23
**amends [1]** 18/21
**amici [2]** 2/14 3/15
**amicus [2]** 2/11 30/2
**another [1]** 21/7
**answer [9]** 6/18 10/20 10/20 23/19 24/20 25/1 25/8 29/15 29/24
**any [12]** 5/20 5/22 9/22 19/23 22/4 22/6 23/19 23/24 25/5 25/13 26/6 28/16
**anybody [1]** 5/20
**anymore [1]** 17/21
**anyone [3]** 12/5 24/5 24/5
**anything [8]** 4/14 9/10 10/9 11/8 14/15 19/14 19/25 31/18
**apart [1]** 27/15
**apparently [1]** 29/8
**appeal [2]** 26/25 31/15
**APPEARANCES [1]** 2/2
**application [1]** 27/24
**applied [1]** 28/6
**appreciate [6]** 4/21 4/22 7/22 8/5 25/25 30/1
**appropriate [1]** 31/7
**approved [1]** 17/15
**April [3]** 31/4 31/10 33/9
**April 25th [1]** 31/10
**are [34]**
**arguing [1]** 20/23
**argument [5]** 1/20 3/5 21/14 25/16 25/16
**arisen [1]** 18/20
**around [2]** 30/15 31/5
**arrive [1]** 5/12
**arrives [1]** 24/16
**as [15]** 4/8 6/1 6/10 8/24 8/24 11/12 14/13 19/11 25/11 27/20 27/20 28/18 29/17 30/2 31/5
**aside [2]** 9/24 22/20
**ask [3]** 16/1 22/1 22/23
**asking [4]** 8/10 10/18 10/19 23/6
**aspect [1]** 19/3
**assist [4]** 11/13 11/19 11/21 12/18
**assistance [1]** 32/3
**assumed [1]** 12/4
**attached [1]** 18/14
**attorney [2]** 17/9 17/12
**attorneys [1]** 14/13
**audio [1]** 3/20
**auspices [1]** 4/15
**authority [7]** 8/1 12/15 12/16 15/4 15/8 18/4 25/2
**authorization [1]** 18/12
**authorized [1]** 15/14
**available [1]** 22/25
**Ave [1]** 2/21
**Avenue [1]** 2/5
**aware [1]** 17/7
**away [1]** 29/5
**awkward [1]** 7/23

**B**

**back [9]** 6/17 9/18 10/3 13/5 15/24

(1) DR. PINALS: - back

**B**

**back...** [4]  16/24 20/19 25/17 27/18
**bad** [1]  29/22
**ball** [2]  6/4 6/8
**base** [1]  16/17
**basis** [1]  28/5
**be** [51]
**because** [11]  6/6 6/19 11/17 13/7 13/14
16/22 19/20 20/5 21/3 29/6 29/14
**Beckerman** [2]  26/13 30/7
**been** [20]  4/5 13/5 13/14 15/15 15/23
16/4 17/1 17/17 18/17 18/24 19/21 19/22
20/8 20/11 22/3 23/21 28/12 28/18 30/11
31/5
**before** [5]  1/22 5/24 23/12 27/14 29/11
**behalf** [1]  3/17
**being** [12]  3/19 6/1 7/17 8/6 8/7 10/2
18/2 18/2 18/3 21/10 24/21 29/17
**belief** [1]  6/19
**believe** [8]  6/6 7/2 9/22 13/9 16/9 16/10
19/21 26/24
**below** [1]  33/4
**besides** [1]  20/15
**best** [1]  6/7
**better** [4]  14/3 14/4 17/11 17/24
**between** [4]  7/23 18/19 18/19 20/15
**big** [2]  13/13 24/18
**bind** [2]  7/20 10/24
**bit** [1]  17/8
**block** [1]  29/6
**BOBBY** [1]  1/6
**Bonita** [3]  2/20 33/9 33/10
**both** [3]  16/12 19/7 26/5
**BOWMAN** [2]  1/8 27/1
**Box** [2]  2/12 2/15
**brief** [4]  19/6 19/17 19/21 27/3
**briefing** [11]  7/3 9/19 12/12 12/17 12/25
14/9 25/25 26/6 31/6 31/11 31/14
**briefly** [1]  11/10
**bring** [1]  10/3 16/24

**C**

**call** [1]  26/11
**can** [25]  5/24 6/3 6/7 7/22 8/5 8/13 8/15
16/10 17/23 20/14 20/23 20/23 21/24
22/1 22/13 22/17 22/18 23/19 24/18 25/4
26/18 27/4 27/7 31/9 31/14
**can't** [4]  11/16 15/19 21/22 21/23
**care** [2]  25/18 26/11
**careful** [1]  21/5
**Carla** [2]  2/8 3/13
**case** [11]  1/4 1/9 1/14 3/5 3/6 14/11
16/19 17/9 19/25 24/3 25/14
**cases** [2]  8/6 27/1
**cause** [1]  33/6
**CENTER** [2]  1/3 3/5
**certain** [5]  4/4 4/10 4/25 19/3 24/20
**certainly** [2]  21/14 23/11
**certified** [1]  33/7
**certify** [1]  33/4
**challenging** [1]  8/1
**change** [1]  31/6
**changed** [2]  17/1 18/17
**charged** [1]  15/1
**charges** [1]  15/1

**check** [1]  16/10
**choices** [3]  4/23 25/17 25/18
**choosing** [1]  7/23
**circuit** [12]  3/15 14/17 14/19 15/4 15/24
16/9 16/24 17/2 18/5 18/20 18/21 25/15
**circumstance** [1]  20/14
**circumstances** [2]  17/2 20/8
**cite** [2]  7/3 19/6
**clarifying** [1]  30/15
**clarity** [2]  11/3 30/18
**Clause** [6]  12/1 18/19 27/24 28/9 29/19
29/23
**clean** [1]  29/24
**clear** [10]  4/21 6/9 6/9 6/9 8/2 11/4
11/23 24/4 27/22 28/8
**clearer** [4]  5/25 6/22 27/23 28/1
**clearly** [2]  19/22 24/6
**client** [5]  21/1 21/13 28/13 29/18 29/24
**client's** [2]  21/16 29/20
**clients** [5]  28/11 28/14 28/23 29/21
29/23
**clients'** [1]  28/12
**clock** [1]  6/12
**close** [2]  23/17 30/24
**closer** [1]  13/22
**come** [9]  4/14 4/19 5/15 5/21 8/12 10/10
12/5 24/21 29/20
**coming** [1]  23/12
**commands** [2]  6/15 10/10
**comment** [1]  13/25
**commitment** [10]  18/4 18/11 18/16
18/21 21/9 21/17 22/6 22/6 25/19 27/11
**commits** [1]  14/18
**committed** [3]  6/5 11/19 12/23
**committing** [15]  4/18 5/16 6/11 7/21
7/24 15/6 15/7 17/1 17/3 19/9 19/9 24/22
24/23 27/9 27/12
**community** [3]  17/17 20/19 25/18
**Compared** [1]  13/10
**competency** [2]  4/5 22/12
**competing** [4]  20/15 28/10 29/18 29/21
**compliance** [3]  6/21 7/24 8/3
**complied** [1]  6/22
**comply** [6]  6/15 7/21 8/2 10/24 11/24
11/25
**complying** [1]  7/14
**concerned** [1]  14/7
**concerning** [1]  7/25
**concerns** [1]  23/19
**concert** [1]  19/24
**concluded** [1]  32/6
**conduct** [1]  7/17
**conducted** [1]  18/3
**confer** [1]  26/18
**confident** [1]  4/15
**conflicting** [1]  20/16
**conformed** [1]  33/7
**consequences** [1]  6/6
**consideration** [1]  30/9
**Constitution** [1]  6/7
**contemplated** [2]  4/24 19/11
**contemplates** [2]  4/9 24/16
**contempt** [7]  5/18 7/18 7/19 9/2 9/3 9/3
24/5
**contention** [1]  20/21

**contest** [2]  18/18 18/19
**continue** [1]  7/20
**contrary** [1]  20/20
**control** [2]  13/6 13/7
**Cooper** [7]  2/4 3/10 6/25 23/25 26/8
28/18 31/18
**Cooper's** [1]  30/11
**coordination** [1]  26/11
**correct** [7]  10/11 10/23 11/15 12/8 13/9
26/16 33/5
**correctly** [1]  5/13
**could** [9]  7/17 12/9 12/22 20/5 20/17
20/18 20/24 21/6 25/18
**Counsel** [2]  2/12 3/8
**counties** [2]  4/22 14/24
**county** [44]
**county's** [1]  24/23
**couple** [2]  16/16 31/1
**coupled** [2]  10/14 10/16
**court** [56]
**court's** [9]  7/8 7/21 7/21 7/24 8/1 8/7
11/24 12/1 15/13
**Courthouse** [1]  2/20
**courts** [5]  5/7 7/5 7/25 10/17 29/6
**create** [1]  27/20
**criminal** [1]  17/12
**criteria** [1]  29/4
**critical** [1]  26/14
**CRR** [2]  2/20 33/10
**CSR** [2]  2/20 33/10
**current** [2]  6/22 19/10
**currently** [7]  4/11 5/8 6/9 6/10 9/13
12/17 30/22
**custody** [4]  5/12 14/18 17/10 22/7
**cv** [6]  1/4 1/9 1/14 3/5 3/6 3/7

**D**

**DA** [1]  18/25
**dangerousness** [1]  25/19
**date** [4]  30/24 31/9 31/11 33/10
**dates** [1]  26/15
**day** [1]  29/20
**days** [1]  4/11
**Debra** [1]  2/18
**decide** [2]  4/20 21/21
**declaration** [4]  7/7 16/17 17/19 18/15
**declining** [1]  11/17
**defendant** [4]  1/17 3/13 11/21 19/8
**defendant's** [1]  19/12
**defendants** [4]  1/7 1/12 2/7 3/14
**defense** [1]  17/12
**degree** [1]  12/3
**DELORES** [1]  1/11
**demands** [1]  29/18
**deny** [2]  22/23 24/7
**Department** [3]  2/8 12/21 12/22
**described** [2]  11/12 30/24
**despite** [1]  6/5
**detailing** [1]  19/11
**detention** [2]  21/4 21/4
**did** [8]  7/8 9/25 9/25 11/15 12/4 16/6
16/9 22/13
**didn't** [1]  16/7
**different** [3]  17/8 19/5 29/16
**differently** [1]  28/6

## D

directed [1]  14/12
direction [1]  11/3
directly [1]  8/14
director [1]  5/9
DISABILITY [3]  2/3 2/4 3/11
disallow [2]  18/21 19/4
discharge [11]  4/4 4/12 5/10 5/11 6/11
 8/12 18/12 21/21 21/21 22/5 29/4
discharged [12]  5/1 5/16 5/22 9/15
 11/17 12/6 15/15 15/23 16/4 17/18 18/2
 24/22
discharges [1]  11/13
discount [1]  9/23
discussion [1]  11/9
disqualifies [1]  24/3
district [5]  1/1 1/2 1/23 2/20 17/9
Division [1]  2/9
do [53]
documentation [1]  30/17
does [11]  6/23 8/3 8/5 8/10 10/17 12/18
 12/21 15/4 24/25 26/1 29/24
doesn't [11]  4/14 5/20 5/10 17/6 20/2
 22/20 24/15 25/4 27/21 28/9 30/21
doing [4]  5/18 9/9 16/20 24/7
DOJ [1]  14/20
don't [20]  5/10 6/18 7/2 8/21 8/23 9/21
 13/6 20/3 21/2 21/18 21/18 24/19 26/24
 27/10 28/17 29/6 29/8 29/12 30/20 30/22
done [2]  19/25 24/6
down [3]  5/1 11/18 28/8
Dr [1]  2/18
Dr. [1]  3/20
Dr. Pinals [1]  3/20
during [1]  26/13

## E

each [1]  19/5
earlier [1]  29/19
easier [3]  13/21 30/20 30/20
easy [1]  27/2
effectuate [1]  25/9
either [4]  17/6 20/18 24/19 26/25
else [3]  19/14 25/4 31/18
Emily [2]  2/4 3/10
end [1]  7/12
enforcement [4]  4/17 21/7 21/11 25/6
engaged [1]  10/25
enjoined [1]  20/5
enough [3]  4/5 24/4 30/17
enter [1]  19/19
entered [2]  14/11 17/15
entire [2]  10/13 20/24
entities [3]  11/5 14/12 30/10
entitled [1]  33/6
entity [2]  5/25 19/22
et [7]  1/3 1/6 1/8 1/11 1/13 3/5 3/6
even [4]  4/8 16/25 20/10 21/6
everyone [1]  10/20
Exactly [4]  15/9 17/13 18/6 18/9
example [3]  5/21 9/5 30/22
exceeded [1]  9/13
execute [1]  7/5
exhaust [1]  23/11
exhausted [3]  21/25 22/16 23/5

exhaustion [1]  23/7
existing [1]  22/5
explain [1]  4/1
explanation [1]  6/24
explore [1]  28/2
explored [1]  23/12
extent [1]  27/7
extraordinary [2]  19/20 22/20

## F

face [1]  29/21
facility [3]  13/15 20/25 21/12
fact [6]  8/3 10/7 10/19 11/15 16/13
 19/24
facts [2]  4/2 30/22
factual [1]  16/16
failing [2]  9/4 9/6
fails [2]  5/17 9/9
failure [2]  23/8 23/8
fairly [1]  24/17
familiar [2]  4/2 12/3
far [1]  23/21
fashion [2]  20/12 22/24
fault [1]  29/14
federal [4]  8/4 10/17 19/25 23/12
feel [6]  3/25 11/3 23/21 24/3 26/9 29/7
feeling [1]  29/4
filed [2]  17/9 19/5
fill [1]  24/11
filling [2]  11/11 11/22
fills [1]  24/11
find [4]  8/11 9/4 20/11 24/4
finding [1]  28/5
finds [1]  27/13
fine [1]  13/22
finish [1]  31/1
first [12]  11/25 13/24 14/5 14/10 15/5
 15/17 17/20 20/16 26/9 28/12 29/5 30/15
fitness [1]  19/12
fold: [1]  5/14
folded [2]  25/22 30/9
folks [1]  10/10
follow [2]  17/23 23/3
followed [1]  11/13
following [1]  17/16
footing [1]  6/20
force [1]  20/24
foregoing [1]  33/4
foresee [1]  5/10
form [2]  14/20 18/14
forth [1]  9/14
forward [2]  6/4 27/20 29/25 31/16
found [1]  21/7
FR [1]  19/20
FRCP [3]  20/1 20/3 20/11
free [1]  3/25
front [2]  19/3 24/9
fundamental [2]  8/5 28/12
further [3]  12/17 25/25 31/12
future [1]  6/18

## G

galactic [1]  21/10
gap [10]  4/9 5/19 7/2 9/22 11/11 11/22
 24/2 24/11 24/11 30/24

gap-filling [1]  11/22
Garza [6]  2/14 2/15 3/15 23/14 28/11
 31/24
gave [1]  4/3
geared [1]  30/4
general [1]  14/15
get [9]  4/15 4/19 5/6 5/21 7/8 10/10
 22/19 24/21 28/17
gets [3]  22/8 22/12 25/22
getting [1]  23/17
give [2]  3/24 12/14
given [1]  21/8
gives [2]  15/7 29/24
giving [1]  14/6
go [4]  8/10 9/18 12/22 16/24
goals [1]  23/9
goes [2]  22/7 22/12
going [7]  6/14 14/1 20/6 25/17 28/18
 29/5 30/8
gone [1]  28/7
good [3]  3/9 8/22 29/22
got [1]  9/4
granting [1]  27/17
great [1]  4/23
Grove [1]  2/16
guess [12]  4/11 8/4 8/10 10/8 10/12
 13/24 14/10 19/16 22/23 28/14 29/3 30/3
guideline [1]  15/21

## H

had [12]  8/8 10/21 15/15 15/22 15/23
 16/3 16/3 17/15 17/15 17/17 24/4 24/21
handed [1]  11/1
happen [5]  5/23 6/4 8/9 20/15 21/6
happening [2]  5/4 5/5
happy [2]  12/16 12/25
has [16]  4/5 4/5 4/8 13/14 14/16 16/18
 18/17 18/20 18/24 22/3 25/1 28/6 28/12
 29/9 30/11 31/4
hasn't [3]  16/15 17/1 22/15
hate [1]  14/2
have [31]  4/7 4/20 4/25 7/11 8/22 9/13
 10/18 10/19 12/4 13/5 13/7 15/2 16/22
 19/3 19/20 19/22 20/11 20/24 20/25 21/3
 22/12 22/16 23/20 23/22 24/6 24/25
 25/17 27/23 29/4 29/12 31/4
haven't [7]  12/24 19/25 21/25 22/14
 22/15 23/5 23/11
having [1]  11/18
He's [1]  17/20
HEALTH [1]  1/13
hearing [3]  4/3 8/25 31/12
hearts [1]  16/8
help [1]  8/15
helpful [3]  11/11 11/23 23/21
her [1]  4/15
here [13]  3/4 3/17 3/19 3/20 11/24 14/13
 14/14 17/2 23/19 24/9 27/24 28/10 30/10
him [1]  4/15
his [2]  7/7 17/19
hold [1]  9/3
Honor [23]  3/9 3/22 7/1 8/13 8/17 9/12
 9/16 10/14 11/10 13/19 17/13 20/10
 23/15 23/18 24/1 26/9 30/12 31/3 31/13
 31/19 31/21 31/23 32/2

**H**

HONORABLE [1]  1/22
hospital [17]  4/12 7/12 9/13 9/15 11/16
11/24 12/15 14/19 14/21 17/10 17/18
17/21 19/23 20/16 26/23 27/8 27/12
how [4]  8/5 15/19 26/5 27/25

**I**

I'll [12]  6/25 13/18 24/20 25/25 26/8
26/11 28/11 30/7 30/24 31/11 31/12
31/16
I'm [25]  3/7 4/15 4/21 6/1 6/20 7/9 8/10
9/8 9/23 10/18 10/19 12/3 14/1 14/1 17/7
23/4 23/6 23/19 24/18 25/7 27/11 28/4
28/8 28/13 30/7
I've [5]  4/1 9/4 28/5 30/24 31/2
idea [2]  5/17 31/4
identical [1]  19/7
identified [1]  31/5
imagine [1]  31/3
immediately [1]  17/14
implementation [2]  6/4 6/8
implicit [1]  10/12
important [2]  29/14 29/16
impose [1]  26/2
imposed [1]  8/19
impossible [1]  20/4
inaccuracies [1]  16/16
inaction [2]  20/1 20/6
include [3]  18/4 25/18 25/19
included [1]  8/19
includes [2]  7/6 18/11
including [2]  5/5 8/4
incorporated [1]  7/10
indeed [1]  7/9
independent [1]  30/9
indicated [3]  28/19 28/23 29/10
individual [3]  14/21 17/17 17/20
individuals [4]  7/11 15/23 17/22 20/17
informally [1]  5/8
information [1]  29/12
informed [1]  17/17
injunction [1]  11/5
input [1]  25/25
instance [1]  17/7
instances [1]  17/7
intellectually [1]  30/20
interested [1]  28/23
interrupt [1]  14/2
intrusive [7]  20/13 20/14 22/19 22/24
23/9 26/2 28/4
invariably [3]  18/11 19/4 22/3
investigating [1]  12/20
involuntary [1]  25/19
involved [1]  4/16
irreconcilable [1]  29/22
is [122]
isn't [4]  6/9 10/9 17/19 26/5
issue [9]  8/1 19/10 21/2 24/18 28/7
28/21 29/5 29/16 30/11
issued [1]  7/15
issues [2]  24/12 26/7
it [67]
it's [24]  5/4 6/6 6/10 6/13 8/22 9/11 9/20
10/12 12/11 18/10 18/12 20/4 22/7 23/21

24/4 24/13 25/8 25/12 25/24 27/14 27/25
30/9 30/19 30/20
its [3]  6/6 6/8 18/21

**J**

jail [8]  11/20 13/6 13/8 15/8 16/20 17/14
20/19 25/6
Jane [2]  2/11 3/17
JAROD [1]  1/8
judge [4]  1/23 26/13 27/13 30/7
judges [5]  2/14 3/16 5/7 5/10 25/15
judicial [1]  7/6
jump [1]  3/25
just [30]  8/22 8/24 10/1 10/6 11/10
10/11 11/12 11/24 13/22 13/24 15/17
17/23 17/24 21/23 22/1 22/7 22/12 23/3
23/8 23/15 23/19 24/17 25/12 25/24
26/22 27/20 27/25 28/21 29/9 29/17
justice [2]  2/8 7/5

**K**

keep [2]  16/20 17/10
Keith [3]  2/14 2/15 3/15
kept [1]  10/25
kind [4]  4/18 14/10 16/16 22/6
kindness [1]  16/7
know [16]  6/18 12/12 13/6 16/15 19/1
19/2 21/7 21/19 24/19 25/5 25/16 25/20
28/7 29/11 29/15 30/22
knowing [1]  11/25
knowledge [1]  18/17

**L**

language [7]  9/11 9/17 9/21 18/16 19/7
30/15 31/5
last [3]  22/14 23/3 31/4
later [1]  9/12
latter [1]  23/10
law [10]  2/15 4/17 12/2 12/18 19/25
20/21 21/7 21/10 22/16 25/5
learning [1]  30/22
least [7]  15/11 20/13 22/24 25/14 26/1
28/2 28/4
leave [1]  30/7
leaves [2]  4/22 5/23
LEGACY [1]  1/13
legal [2]  2/12 19/22
legally [2]  14/22 19/23
length [1]  9/14
less [3]  20/14 22/19 23/8
Let [2]  3/24 16/1
let's [2]  9/1 9/2
Lieutenant [3]  7/7 7/16 18/15
like [7]  11/3 14/15 23/21 24/3 25/20
25/20 29/7
limitations [1]  8/19
limited [1]  12/16
listening [1]  3/20
literally [1]  23/7
litigants [1]  24/9
little [1]  17/8
logjam [1]  27/21
long [2]  6/24 15/10
long-winded [1]  6/24
look [5]  7/2 7/6 14/16 22/13 31/16

looked [2]  10/7 12/24
looking [1]  9/8
lot [3]  3/25 20/14 22/18
loud [1]  26/4

**M**

mad [1]  21/13
made [1]  28/5
main [1]  27/1
maintaining [1]  23/6
make [7]  6/9 6/9 8/9 23/3 25/5 25/18
28/1
makes [3]  6/21 10/7 26/19
making [1]  11/22
managed [1]  21/1
mandamus [2]  22/18 31/7
March [3]  1/16 3/2 9/12
March 15 [1]  9/12
MARION [21]  2/11 2/12 3/18 3/18 4/25
5/3 5/4 5/6 5/9 5/14 5/16 7/7 7/15 10/4
11/19 12/23 13/4 15/15 16/18 17/19 18/3
Market [1]  2/9
matter [3]  8/24 25/3 32/4
matters [1]  28/23
MATTEUCCI [1]  1/11
maxed [1]  16/3
may [11]  6/17 6/18 8/13 19/8 19/9 25/2
26/17 26/18 27/12 29/20 30/12
maybe [2]  23/10 30/25
MCSO [9]  7/17 8/6 10/10 15/4 15/11
15/14 16/4 18/3 20/5
me [18]  3/24 4/16 5/23 9/1 9/3 10/8 10/9
15/12 15/17 16/1 18/1 19/3 21/13 24/4
24/5 24/9 24/19 24/19
mean [8]  8/21 12/22 16/22 16/23 22/17
28/9 28/20 30/20
meaning [2]  17/11 22/6
meaningfully [1]  28/15
means [5]  23/9 26/2 28/4 28/9 29/19
mechanical [3]  4/9 7/2 9/22
mediation [6]  26/13 26/15 28/18 28/21
30/25 31/4
mediations [2]  30/2 30/4
meet [4]  20/1 20/2 25/14 30/18
member [1]  3/6
mere [2]  20/1 24/13
met [5]  15/23 19/21 19/22 20/3 20/12
MICHAEL [1]  1/22
microphone [2]  13/20 23/17
might [4]  4/8 12/13 23/20 25/18
mind [4]  3/25 23/16 27/23 27/23
mine [2]  9/4 9/6
MINK [2]  1/6 3/6
minute [1]  17/23
miracle [1]  21/7
missed [1]  4/1
missing [1]  28/1
mistaken [1]  15/12
MO [6]  1/4 1/9 1/14 3/5 3/6 3/7
modified [1]  7/15
moment [2]  9/24 24/15
Monday [1]  16/20
more [6]  6/15 11/3 11/4 16/25 28/5
30/17
MOSMAN [1]  1/22

## M

**most [3]** 6/3 16/19 25/7
**motion [7]** 14/6 16/17 17/9 17/15 17/16 18/24 22/23
**move [1]** 22/17
**moved [1]** 17/17
**Mr [1]** 2/14
**Mr. [5]** 17/8 17/19 23/14 28/11 31/24
**Mr. Garza [3]** 23/14 28/11 31/24
**Mr. Wehr [2]** 17/8 17/19
**Ms [4]** 2/4 2/7 2/8 2/11
**Ms. [15]** 6/25 11/8 11/8 13/18 23/25 26/8 28/18 28/25 29/9 30/11 31/9 31/18 31/20 31/22 32/1
**Ms. Cooper [5]** 6/25 23/25 26/8 28/18 31/18
**Ms. Cooper's [1]** 30/11
**Ms. Potter [1]** 11/8 31/22
**Ms. Scheele [1]** 31/9
**Ms. Scott [3]** 11/8 29/9 31/20
**Ms. Vetto [3]** 13/18 28/25 32/1
**much [5]** 4/22 14/4 26/5 30/19 30/20
**Multnomah [1]** 9/5
**must [3]** 5/21 6/21 11/25
**my [27]** 3/9 3/24 3/25 4/6 6/3 6/18 6/19 6/24 8/4 8/25 9/4 10/7 12/11 15/20 17/5 18/17 19/14 19/21 21/13 24/2 27/4 27/19 27/23 27/23 28/8 28/23 30/3

## N

**name [2]** 3/8 3/9
**narrow [1]** 30/10
**nature [1]** 21/9
**necessary [1]** 31/12
**need [2]** 12/4 29/13
**needed [2]** 11/4 26/5
**needs [2]** 14/18 24/11
**neither [1]** 26/23
**never [1]** 11/21
**new [5]** 6/14 6/15 11/18 27/10 27/14
**next [6]** 4/21 5/23 6/13 8/9 24/17 30/2
**nice [1]** 10/2
**no [22]** 1/4 1/9 1/14 3/5 3/6 4/23 9/12 9/17 11/2 14/23 18/8 20/21 23/23 24/1 25/4 27/23 29/14 31/19 31/21 31/23 31/25 32/2
**No. [1]** 31/14
**No. 3 [1]** 31/14
**nobody [1]** 5/11
**none [3]** 6/19 27/24 29/15
**nonparties [2]** 5/15 14/11
**nonparty [5]** 3/18 5/24 19/19 20/2 22/21
**nontransport [2]** 26/24 31/15
**not [51]**
**note [2]** 11/1 11/2
**noted [1]** 14/13
**notes [1]** 27/9
**nothing [3]** 14/14 14/24 21/22
**notice [5]** 4/10 6/14 7/8 11/4 11/4
**notified [1]** 17/15
**notify [1]** 20/18
**now [6]** 4/25 6/15 6/17 9/16 10/8 24/15
**number [2]** 8/6 16/2 29/7
**numbers [1]** 28/22
**numerous [1]** 11/18

## O

**o0o [1]** 33/2
**Oak [1]** 2/16
**obey [3]** 9/4 9/6 9/9
**object [1]** 22/17
**obligate [1]** 10/2
**obligated [4]** 10/6 21/11 24/16 28/2
**obligation [6]** 9/17 9/20 25/13 26/2 26/22 30/15
**occur [1]** 5/11
**occurred [1]** 5/10
**offense [1]** 12/21
**office [22]** 2/15 3/18 4/18 5/3 5/6 5/21 7/8 7/14 7/23 8/12 9/5 10/24 11/12 12/7 13/4 13/15 14/7 14/16 16/18 17/4 22/7 24/23
**officers [1]** 7/6
**offices [1]** 14/14
**Official [1]** 33/11
**one [17]** 8/10 8/22 10/5 16/18 21/9 23/3 24/10 24/14 24/18 25/2 25/4 25/8 25/24 26/4 28/1 30/23 31/13
**ones [1]** 19/2
**ongoing [1]** 11/22
**only [17]** 4/9 7/15 7/19 8/15 11/15 11/20 14/22 14/24 14/25 15/1 17/6 18/7 18/17 18/20 19/16 20/6 25/8
**open [1]** 30/16
**opinion [1]** 25/21
**opportunity [3]** 6/15 14/6 30/1
**opposed [3]** 6/1 8/24 29/17
**opposes [1]** 14/8
**oral [2]** 1/20 3/4
**order [88]**
**ordered [6]** 10/19 13/5 14/17 16/4 16/13 16/21
**ordering [5]** 8/11 11/19 16/23 24/8 28/4
**orders [22]** 7/5 8/4 8/4 8/20 11/18 11/25 14/20 16/13 16/24 18/4 18/17 20/16 21/9 26/24 26/25 27/10 27/11 28/10 29/8 29/21 29/22 31/15
**OREGON [16]** 1/2 1/3 1/17 2/4 2/4 2/8 3/5 3/11 3/15 7/12 9/13 12/13 12/14 12/17 13/10 14/17
**organizational [1]** 3/10
**original [6]** 17/1 17/3 18/21 27/11 30/14 33/6
**ORS [1]** 19/11
**OSH [12]** 4/4 5/9 5/12 10/3 12/23 15/5 15/8 19/8 22/5 22/8 24/21 25/14
**OSH's [1]** 25/20
**OSP [3]** 12/14 12/18 18/2
**other [10]** 12/9 12/12 16/16 19/5 19/16 20/10 21/24 25/3 26/10 28/7
**otherwise [3]** 10/22 18/13 26/1
**ought [1]** 5/24
**our [5]** 15/16 19/6 20/15 20/19 30/3
**out [9]** 5/22 6/19 16/3 16/7 24/12 24/18 24/19 26/4 26/23
**over [2]** 6/12 13/7
**overarching [1]** 28/5
**overstatement [1]** 23/11
**own [4]** 4/6 5/7 9/19 29/15

## P

**p.m [2]** 3/2 32/6
**P.O [2]** 2/12 2/15
**page [2]** 7/3 19/6
**painful [1]** 6/6
**paragraph [3]** 8/16 9/7 16/3
**part [3]** 13/13 29/13 30/5
**participate [3]** 28/14 30/2 30/2
**participating [1]** 28/24
**participation [1]** 28/16
**particular [7]** 12/24 20/7 20/13 26/11 28/3 28/7 28/20
**particularly [2]** 4/6 16/2
**parties [10]** 4/2 11/4 11/11 24/8 26/12 26/23 26/25 30/10 30/18 31/15
**party [1]** 22/22
**passed [1]** 4/5
**past [1]** 26/15
**path [2]** 27/20 29/24
**patient [3]** 4/12 12/6 22/5
**patients [6]** 9/12 11/14 11/16 11/20 12/15 12/19
**PATRICK [1]** 1/16
**pause [1]** 14/1
**PD [1]** 13/11
**people [14]** 4/4 4/16 4/25 5/15 8/12 8/22 10/3 15/14 16/2 16/24 18/2 18/5 21/10 27/18
**perhaps [4]** 5/17 13/23 15/12 29/21
**period [1]** 4/10
**periods [1]** 4/4
**person [10]** 4/19 5/21 5/25 21/22 24/21 24/21 24/22 25/17 25/21 27/12
**pick [7]** 5/12 8/12 10/3 12/5 12/22 14/21 15/14
**picked [2]** 5/3 16/5
**picking [2]** 17/20 22/9
**piece [1]** 28/20
**Pinals [2]** 2/18 3/20
**pipeline [1]** 11/18
**place [3]** 15/5 21/11 25/14
**placed [1]** 20/18
**plaintiff [2]** 2/3 3/10
**plaintiff's [1]** 26/19
**plaintiffs [12]** 1/4 1/9 1/14 7/1 14/8 14/25 16/17 19/17 22/16 26/23 30/16 31/8
**plan [1]** 26/12
**please [1]** 3/8
**point [12]** 4/16 8/13 8/21 9/24 13/1 20/5 26/22 27/5 27/7 28/16 29/7 29/16
**police [5]** 12/13 12/21 12/22 13/10 20/24
**Portland [1]** 1/17 2/5 2/10 2/21
**position [6]** 7/23 21/16 26/19 28/12 28/14 28/14
**possibilities [2]** 12/10 12/12
**possibility [4]** 5/5 5/8 8/15 28/3
**possible [4]** 20/13 26/2 27/20 28/4
**potentially [2]** 12/13 13/3
**Potter [4]** 2/7 3/14 11/8 31/22
**practice [6]** 8/24 11/13 16/14 18/11 22/1 22/3
**pragmatic [1]** 25/7
**pragmatically [1]** 25/3

**P**

predischarge [1]  25/15
prepared [1]  14/20
PRESENT [1]  2/18
pressed [2]  8/23 8/25
pretrial [2]  21/4 21/23
pretty [1]  24/24
prior [2]  8/6 8/8
prisoners [1]  15/4
probably [1]  5/2
problem [1]  11/22
procedural [1]  4/8
proceed [1]  19/12
proceedings [1]  1/21 32/6 33/5
professional [1]  25/20
progress [11]  17/5 19/4 19/11 20/17
 25/15 27/8 27/10 27/15 29/4 29/9 29/17
prohibit [2]  17/4 17/6
prohibited [1]  20/8
prohibiting [1]  7/16
promulgating [1]  4/17
prong [1]  20/1
proposal [1]  30/14
proposals [1]  30/4
propose [1]  26/6
proposed [3]  24/10 30/15 30/23
provide [8]  6/14 12/17 12/25 27/2 27/8
 29/24 30/18 31/14
provided [1]  17/5
providing [2]  11/6 30/16
pull [1]  13/22
pure [1]  29/18
purposes [2]  28/21 29/20
pursuant [4]  4/12 5/2 7/12 18/3
pursue [1]  26/22
put [5]  7/20 7/23 10/24 11/4 26/15
puts [1]  22/21
putting [1]  20/15

**Q**

quash [1]  22/18
question [14]  3/25 8/5 9/1 10/19 12/25
 14/10 22/1 25/2 25/8 27/3 27/23 27/25
 28/25 30/3
questions [3]  19/14 23/19 29/14
quibble [1]  8/21
quicker [1]  30/21
quickly [2]  27/4 27/20
quit [1]  16/12
quite [1]  9/2
quote [1]  7/12
quoting [2]  7/10 7/16

**R**

raised [3]  5/8 19/17 30/11
Ramsey [1]  7/17
Ramsey's [2]  7/7 18/15
reach [1]  20/5
read [2]  9/25 10/8
reading [2]  17/6 31/16
really [9]  4/9 5/20 5/22 5/24 14/8 19/19
 22/20 22/21 25/4
reason [1]  22/4
reasons [1]  5/5
receipt [1]  19/10

receive [3]  5/15 14/8 31/11
received [1]  16/10
receiving [1]  16/13
recent [1]  16/19
recess [2]  32/4 32/5
record [2]  3/8 33/5
regarding [2]  26/10 31/6
rehash [1]  19/21
relief [9]  5/13 14/8 19/20 22/20 22/24
 24/7 26/3 27/18 28/3
remain [1]  30/16
remaining [2]  11/16 26/7
remedial [1]  8/1
remedies [4]  22/16 23/6 24/3 26/22
remedy [2]  20/12 31/7
report [7]  19/5 19/11 25/15 27/10 27/16
 29/4 29/9
REPORTER [2]  2/20 33/11
reports [4]  14/15 17/5 20/17 29/17
represent [2]  3/10 14/13
represented [1]  30/10
request [3]  23/16 25/14 30/11
requested [5]  14/9 24/7 27/18 28/4 31/2
require [5]  8/3 22/20 27/10 29/9 30/22
required [4]  4/12 6/7 14/22 15/14 15/22
 20/12 29/17
requirement [4]  23/7 26/1 26/12 27/15
requirements [3]  19/20 20/3 29/14
requires [7]  4/4 5/25 7/4 11/5 14/23
 14/25 20/21
requiring [3]  5/14 8/2 30/8
respect [2]  26/21 28/9
respectfully [1]  7/1
respond [2]  14/6 23/24
responsibilities [2]  6/11 11/23
responsible [1]  11/6
rest [2]  30/21 31/1
restoration [4]  9/14 9/15 14/19 17/18
restored [2]  4/5 22/12
restrain [1]  5/24
restraining [2]  5/14 24/5
return [11]  4/19 5/16 11/20 12/23 15/15
 18/5 18/12 18/22 20/5 24/22 27/12
returned [4]  5/3 16/5 18/3 19/8
returning [2]  13/14 20/6
returns [2]  18/2 19/4
revert [1]  15/24
review [2]  4/6 18/15
right [24]  3/21 3/23 6/17 6/17 10/10
 10/22 10/25 13/8 13/13 13/16 15/11
 15/15 15/17 15/18 16/5 16/12 17/16
 19/13 21/1 23/4 23/13 25/8 29/2 30/19
RIGHTS [3]  2/3 2/4 3/11
rise [2]  4/3 32/5
risk [1]  8/7
RMR [2]  2/20 33/10
road [1]  28/8
Room [1]  2/21
rule [1]  24/20
run [1]  13/15
running [1]  6/12

**S**

S.W [3]  2/5 2/9 2/21
safely [1]  20/18

said [2]  19/18 29/19
Salem [4]  2/13 12/21 12/22 13/10
same [3]  15/6 23/16 28/25
say [15]  4/14 10/17 12/21 14/5 15/3
 19/8 20/7 22/9 23/5 24/14 24/15 27/11
 27/11 29/3 29/22
saying [5]  9/16 19/24 21/6 21/8 21/14
says [6]  4/10 9/12 17/19 20/1 21/20
 21/22
scheduled [1]  30/25
Scheele [1]  31/9
scheme [1]  4/23
Scott [5]  2/8 3/13 11/8 29/9 31/20
second [5]  20/1 20/20 25/11 27/7 30/25
section [1]  24/16
see [3]  5/19 9/6 28/15
seeing [1]  27/9
seek [1]  26/3
seeking [1]  15/2
send [1]  25/17
SENIOR [1]  1/23
sense [3]  8/9 25/5 26/19
separate [4]  22/11 27/15 30/6 30/9
September [16]  4/3 4/7 5/2 6/5 6/20 7/9
 7/13 8/11 8/14 9/10 10/1 14/12 15/13
 16/2 24/10 25/13
September 1 [11]  4/3 4/7 5/2 6/5 6/20
 8/11 9/10 10/1 15/13 16/2 24/10
September 1st [1]  14/12
September 2022 [2]  7/9 7/13
serious [1]  5/6
services [1]  14/19
session [1]  30/25
set [8]  9/14 9/24 10/5 12/9 22/19 29/18
 30/24 31/12
setting [1]  12/5
shall [3]  9/14 11/20 21/20
sheets [1]  7/11
Sheila [2]  2/7 3/14
sheriff [6]  5/15 7/20 9/18 15/8 20/15
 24/25
sheriff's [24]  3/18 4/18 5/3 5/6 5/20 7/8
 7/14 7/22 8/12 9/5 9/20 10/23 11/12 12/7
 13/4 13/15 14/7 14/14 14/16 16/18 17/4
 22/7 24/23 25/6
sheriffs [6]  4/7 7/5 7/9 8/18 11/17 14/24
shortened [2]  7/10 15/22
shot [1]  24/13
should [10]  19/18 19/18 19/19 24/6
 24/14 25/13 27/8 28/13 29/21 31/15
show [3]  10/3 25/6 25/9
showed [1]  21/10
shows [1]  23/8
Shumway [3]  2/20 33/9 33/10
side [2]  10/5 27/6
signature [2]  33/7 33/7
signing [1]  33/4
silent [4]  6/1 6/10 20/22 25/2
simple [2]  24/17 24/24
simply [4]  11/2 19/4 20/6 27/10
since [1]  5/12
situation [5]  5/11 13/4 22/22 26/3 29/23
slew [1]  27/9
so [47]
sole [1]  13/7

**S**

**solid** [1] 6/20
**solution** [1] 24/13
**some** [11] 4/17 5/17 13/1 21/7 21/24
 23/7 25/5 26/2 29/3 29/8 29/14
**somebody** [3] 5/12 9/3 25/7
**somehow** [1] 20/23
**someone** [2] 12/22 13/5
**something** [10] 4/1 8/23 10/18 11/1
 12/3 23/22 24/6 25/19 25/21 26/12
**sometimes** [4] 4/22 6/6 8/22 18/25
**somewhat** [1] 28/6
**soon** [1] 4/11
**sorry** [1] 14/1
**sort** [10] 4/8 4/23 5/14 6/24 8/8 12/2
 23/7 24/12 24/18 24/19
**sought** [2] 5/13 24/3
**speak** [2] 15/19 18/18
**specific** [2] 6/15 16/23
**specifically** [4] 14/12 16/25 17/3 23/22
**spell** [1] 5/22
**spelled** [1] 6/19
**sponte** [1] 18/25
**standard** [1] 18/16
**stands** [1] 25/21
**start** [6] 6/12 6/25 9/1 9/2 13/18 26/8
**state** [33] 3/8 7/3 7/4 7/12 7/18 8/7 9/13
 9/18 10/14 10/16 10/17 11/25 12/2 12/13
 12/15 13/10 14/19 14/23 17/10 17/14
 17/18 17/20 19/23 20/16 20/21 22/15
 22/16 22/17 23/5 26/3 26/22 27/13 31/15
**State's** [1] 20/20
**STATES** [3] 1/1 1/23 2/20
**statute** [9] 7/3 7/4 9/19 9/21 10/15
 10/16 10/17 14/23 20/2
**statutes** [2] 12/14 20/22
**statutory** [2] 12/16 25/2
**step** [1] 30/8
**still** [4] 7/25 13/5 20/12 21/3
**stone** [1] 12/9
**stopped** [4] 7/14 16/14 16/15 16/19
**strange** [1] 25/5
**Street** [1] 2/9
**structure** [1] 10/12
**struggle** [1] 9/6
**sua** [1] 18/25
**subject** [1] 6/2
**submit** [2] 24/9 30/23
**subpart** [1] 28/3
**subsection** [1] 7/4
**successful** [1] 31/5
**such** [1] 16/13
**sufficient** [1] 26/5
**suggest** [2] 19/3 31/9
**suggested** [1] 12/12
**Suite** [1] 2/5
**supplemental** [1] 12/25
**supply** [1] 26/6
**supposed** [4] 5/1 5/2 5/22 25/9
**Supremacy** [6] 12/1 18/19 27/24 28/9
 29/19 29/23
**sure** [3] 4/21 23/4 28/13
**susceptible** [1] 24/12
**SYSTEM** [1] 1/13

**T**

**take** [5] 9/20 11/3 19/18 20/8 29/5
**talk** [2] 19/17 28/11
**talked** [3] 17/8 22/14 22/15
**talking** [1] 17/2
**talks** [1] 14/14
**task** [1] 30/21
**telephone** [1] 2/18
**tell** [6] 5/20 5/20 15/12 15/17 24/19
 24/19
**telling** [1] 18/1
**tentative** [5] 3/24 4/6 5/23 6/3 6/25
**Tenth** [1] 2/20
**terms** [1] 18/18
**testimony** [1] 7/7
**textual** [9] 10/9 10/20 24/13 24/24 25/12
 25/24 26/6 30/23 31/6
**than** [6] 6/22 9/12 16/25 28/7 30/17
 30/21
**thank** [19] 3/12 3/19 3/23 11/7 13/2
 13/17 13/19 14/4 14/5 19/13 23/1 23/2
 23/13 23/15 23/18 31/19 31/21 31/23
 32/3
**that** [227]
**that's** [32] 4/21 4/23 5/4 6/24 8/25 10/11
 10/23 12/3 12/8 13/9 13/13 13/22 14/20
 15/17 16/15 20/13 21/2 24/17 25/8 25/21
 27/18 29/1 29/5 29/9 29/13 29/15 29/16
 29/16 29/22 29/22 30/17 30/19
**their** [13] 5/7 7/10 8/19 9/15 9/19 12/15
 14/9 16/3 16/8 19/17 22/16 23/5 27/17
**them** [29] 4/19 5/16 6/1 8/19 10/3 10/3
 10/7 10/19 11/18 12/23 14/20 14/21
 14/25 15/1 15/15 16/5 16/18 16/23 19/3
 19/24 20/25 21/3 21/11 21/23 22/8 22/9
 22/12 23/12 24/12
**then** [23] 4/11 4/20 6/12 9/4 9/21 10/5
 10/7 14/21 16/12 17/16 17/18 18/7 21/21
 22/1 24/16 24/23 25/7 25/20 27/2 27/23
 30/24 31/6 31/12
**theory** [1] 20/4
**there** [28] 4/10 5/11 5/17 9/2 10/9 11/1
 11/15 12/11 14/1 14/13 14/23 15/10 16/1
 16/16 17/7 17/22 18/1 18/8 19/25 21/22
 22/10 22/18 23/7 24/11 26/24 28/16 29/3
 29/20
**there's** [14] 3/24 7/2 9/17 9/22 17/6
 20/14 20/21 21/14 21/22 21/24 22/4 25/1
 25/4 29/14
**thereafter** [1] 17/14
**therefore** [1] 15/14
**these** [8] 7/10 10/10 18/16 20/7 20/17
 20/17 21/9 26/24
**they** [52]
**they're** [10] 13/14 15/1 15/2 16/21 19/7
 19/24 20/22 21/3 22/9 22/11
**they've** [1] 20/3
**thing** [12] 4/9 13/24 14/22 14/24 14/25
 15/1 19/16 20/10 20/20 22/24 25/7 27/14
**things** [4] 20/14 21/24 22/18 27/25
**think** [44]
**thinking** [4] 23/4 25/11 25/12 26/4
**third** [3] 2/21 17/7 25/24
**this** [72]
**those** [6] 15/23 18/7 19/2 19/14 26/15

26/25
**though** [1] 12/3
**thought** [3] 10/21 23/3 27/22
**thoughts** [2] 3/24 6/25
**threat** [1] 7/19
**threatened** [1] 10/22
**three** [5] 5/1 5/15 24/12 28/22 31/6
**through** [4] 7/19 16/9 26/4 29/14
**tied** [1] 19/23
**time** [12] 4/4 4/5 11/16 15/10 16/3 22/4
 24/10 26/5 26/5 27/19 29/13 30/18
**timelines** [2] 7/10 15/22
**timely** [2] 8/2 11/5
**times** [2] 15/21 15/23
**today** [14] 3/4 4/3 6/4 14/6 21/6 21/8
 24/7 24/9 24/18 27/14 27/18 29/12 30/10
 32/4
**today's** [1] 28/21
**told** [2] 10/8 10/9
**too** [2] 20/23 29/22
**toward** [1] 30/4
**towards** [1] 6/8
**tracking** [1] 7/11
**transcript** [3] 1/21 33/5 33/6
**transfer** [1] 17/4
**transport** [27] 7/16 7/17 8/2 8/20 9/18
 11/5 11/6 11/17 12/14 12/15 12/18 14/21
 14/23 15/3 15/4 15/8 15/25 16/20 18/8
 19/10 20/22 20/25 21/8 21/23 29/6 29/7
 30/16
**transported** [2] 7/11 21/10
**transporting** [1] 16/19
**transports** [1] 14/15
**treatment** [4] 15/20 15/21 15/21 15/22
**Trial** [1] 2/9
**trouble** [2] 5/7 5/9
**true** [1] 29/1
**truth** [1] 24/15
**try** [1] 22/19
**trying** [1] 9/23
**twice** [1] 18/17
**two** [14] 5/14 11/15 17/1 17/7 17/22
 21/10 25/1 26/10 26/15 27/25 28/2 28/11
 28/22 29/7
**two-fold: a** [1] 5/14
**typically** [3] 4/18 12/5 13/14

**U**

**unable** [2] 24/18 27/13
**unavoidable** [1] 27/19
**under** [19] 4/15 10/2 12/1 12/6 14/20
 15/3 15/6 15/11 15/12 16/2 20/3 20/7
 21/3 21/23 22/5 22/10 22/16 24/22 30/14
**underlying** [2] 4/2 12/21
**understand** [5] 5/13 9/16 17/11 17/24
 27/17
**understanding** [9] 4/16 8/8 8/23 10/6
 12/11 15/11 15/13 15/20 30/4
**understood** [4] 10/1 10/2 10/21 15/19
**undertake** [1] 30/21
**unfortunate** [1] 27/19
**UNITED** [3] 1/1 1/23 2/20
**unless** [4] 17/4 18/12 22/10 23/22
**unopposed** [2] 17/9 17/11
**untenable** [2] 22/21 22/22

(7) solid - untenable

## U

**until [5]**  8/23 10/21 17/4 19/4 27/13
**up [21]**  5/3 5/12 8/12 10/3 10/3 11/16
12/6 12/22 14/22 15/14 16/5 17/20 17/23
21/10 22/9 23/3 24/24 25/6 25/9 27/18
31/1
**updated [1]**  17/5
**upon [7]**  4/6 6/11 8/12 11/20 18/12
18/24 19/10
**us [4]**  14/6 14/10 20/21 25/17
**use [2]**  23/8 26/1

## V

**vacate [1]**  15/2
**vacated [2]**  28/13 28/15
**variety [1]**  5/5
**vehicle [1]**  26/25
**version [1]**  6/22
**versus [1]**  3/6
**very [8]**  4/22 7/23 8/2 12/16 14/7 15/10
26/2 29/16
**Vetto [5]**  2/11 3/17 13/18 28/25 32/1
**view [5]**  4/6 5/23 6/3 24/2 27/19
**views [1]**  28/8
**violate [1]**  21/17
**violation [1]**  8/7

## W

**want [14]**  9/1 9/3 9/24 11/1 11/15 13/24
14/5 19/14 19/16 21/5 23/3 23/22 27/22
28/17
**wants [1]**  11/24
**was [26]**  4/17 4/23 5/11 7/19 7/20 7/23
9/25 10/24 12/5 12/12 15/10 15/11 15/12
15/12 15/13 15/20 16/20 17/7 17/8 17/10
17/14 22/10 23/11 24/23 27/4 30/3
**way [7]**  5/22 10/1 10/21 16/1 19/23 23/4
23/24
**ways [1]**  25/1
**we [38]**
**we'll [2]**  27/20 32/4
**we're [5]**  5/1 9/2 17/2 19/22 19/23
**we've [2]**  20/8 28/7
**weeds [1]**  12/2
**week [9]**  26/4 26/10 27/6 30/3 30/3
30/17 30/23 31/4 31/13
**week's [1]**  24/10
**weeks [1]**  31/1
**Wehr [2]**  17/8 17/19
**well [8]**  9/1 10/20 17/19 21/5 28/17
28/22 29/8 29/20
**went [2]**  16/4 17/3
**were [11]**  5/7 10/6 10/21 11/1 16/1
16/13 17/16 20/11 24/20 27/22 30/4
**what [45]**
**what's [2]**  24/24 28/17
**whatever [1]**  6/13
**whatsoever [1]**  27/24
**when [13]**  7/15 14/17 15/3 16/12 16/20
16/25 18/7 18/20 22/4 23/5 24/4 24/15
30/25
**where [12]**  4/1 5/11 6/17 8/5 8/10 8/14
9/5 9/18 15/11 20/5 20/8 25/21
**whether [4]**  25/22 30/8 31/6 31/14
**which [10]**  6/5 6/10 7/6 8/22 10/24 13/4

13/6 25/2 25/25 31/14
**while [2]**  7/22 10/25
**who [16]**  4/14 5/1 9/13 11/16 14/15
14/18 15/14 16/2 22/5 22/7 22/12 24/4
24/16 24/21 25/8 28/1
**whole [3]**  14/7 27/9 29/5
**whom [1]**  16/4
**whose [1]**  11/16
**why [2]**  13/13 29/13
**will [6]**  4/10 4/14 27/2 27/18 29/6 31/4
**willing [2]**  24/8 25/7
**winded [1]**  6/24
**wish [3]**  11/8 23/24 28/15
**within [2]**  30/17 31/13
**without [2]**  7/17 33/6
**won't [1]**  19/21
**Wonderful [1]**  31/16
**words [1]**  14/25
**work [1]**  27/20
**worked [2]**  8/6 8/7
**worth [3]**  24/13 25/11 25/12
**would [39]**
**wouldn't [1]**  23/16
**writ [1]**  31/7
**write [1]**  24/24
**written [1]**  4/7

## Y

**yeah [1]**  21/15
**years [1]**  22/4
**yes [12]**  3/22 8/17 10/14 13/12 17/25
18/23 20/9 22/2 22/10 29/1 30/13 31/3
**yet [2]**  9/2 29/15
**you [76]**
**you'll [1]**  15/12
**you're [3]**  3/20 9/16 25/16
**you've [4]**  10/8 10/8 10/9 31/5
**your [54]**

(43 of 152), Page 43 of 152 Case: 24-2229, 08/28/2024, DktEntry: 27.4, Page 43 of 152
Case 3:02-cv-00339-AN    Document 447    Filed 09/21/23    Page 1 of 39

1

```
1              IN THE UNITED STATES DISTRICT COURT

2                 FOR THE DISTRICT OF OREGON

3   OREGON ADVOCACY CENTER,      )
    et al.,                      )
4                                )
              Plaintiffs,        )   Case No. 3:02-cv-00339-MO
5                                )
        v.                       )
6                                )
    BOBBY MINK, et al.,          )
7                                )
              Defendants.        )
8   _____ )
    JAROD BOWMAN, et al.,        )
9                                )
              Plaintiffs,        )   Case No. 3:21-cv-01637-MO
10                               )
        v.                       )
11                               )
    DELORES MATTEUCCI, et al.,   )   September 6, 2023
12                               )
              Defendants.        )   Portland, Oregon
13  _____ )
```

16                     **Oral Argument**

17              TRANSCRIPT OF PROCEEDINGS

18        BEFORE THE HONORABLE MICHAEL W. MOSMAN

19        UNITED STATES DISTRICT COURT SENIOR JUDGE

2

```
 1

 2                              APPEARANCES

 3   FOR PLAINTIFF
     DISABILITY RIGHTS
 4   OREGON:                    Mr. Thomas Stenson
                                Disability Rights Oregon
 5                              511 S.W. Tenth Avenue, Suite 200
                                Portland, OR 97205
 6

 7                              Mr. Jesse A. Merrithew
                                Levi Merrithew Horst LLP
 8                              610 S.W. Alder Street, Suite 415
                                Portland, OR 97205
 9

10
     FOR THE DEFENDANTS:        Ms. Sheila H. Potter
11                              Ms. Carla Scott
                                Oregon Department of Justice
12                              Trial Division
                                100 S.W. Market Street
13                              Portland, OR 97201

14   FOR AMICUS MARION
     COUNTY:                    Ms. Jane E. Vetto
15                              Marion County Legal Counsel
                                P.O. Box 14500
16                              Salem, OR 97124

17
     FOR AMICI JUDGES:          Mr. Keith M. Garza
18                              Law Office of Keith M. Garza
                                P.O. Box 68106
19                              Oak Grove, OR 97268

20

21   FOR AMICUS WASHINGTON
     COUNTY:                    Mr. John Mansfield
22                              Washington County Counsel
                                155 N. First Avenue, Suite 340
23                              Hillsboro, OR 97214

24

25
```

(45 of 152), Page 45 of 152 Case: 24-2229, 08/28/2024, DktEntry: 27.4, Page 45 of 152
Case 3:02-cv-00339-AN   Document 447   Filed 09/21/23   Page 3 of 39

3

```
 1   FOR AMICI DISTRICT
     ATTORNEYS:              Mr. Billy Williams
 2                           Best Best & Krieger
                             360 S.W. Bond Street, Suite 400
 3                           Bend, OR 97702

 4

 5

 6   COURT REPORTER:         Bonita J. Shumway, CSR, RMR, CRR
                             United States District Courthouse
 7                           1000 S.W. Third Ave., Room 301
                             Portland, OR  97204
 8                           (503) 326-8188

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

**ER - 355**

(46 of 152), Page 46 of 152 Case: 24-2229, 08/28/2024, DktEntry: 27.4, Page 46 of 152
Case 3:02-cv-00339-AN    Document 447    Filed 09/21/23    Page 4 of 39

4

1              (P R O C E E D I N G S)

2           (September 6, 2023; 1:35 p.m.)

3                * * * * * * * * *

4           THE COURTROOM DEPUTY:  We are here for oral argument

5     in Case 3:02-cv-339-MO, Oregon Advocacy Center, et al. versus

6     Mink, et al.  And the member case is 3:21-cv-1637-MO.

7              Counsel, please state your name for the record.

8           MR. MERRITHEW:  Good afternoon.  Jesse Merrithew on

9     behalf of the Metropolitan Public Defender.

10          MR. STENSON:  Tom Stenson on behalf of Disability

11    Rights Oregon, Your Honor.

12          MS. SCOTT:  Carla Scott for defendants.

13          MS. POTTER:  Sheila Potter for defendants.

14          MS. VETTO:  Jane Vetto for Marion County Sheriff's

15    Office.

16          MR. WILLIAMS:  Billy Williams on behalf of amici

17    district attorneys.

18          MR. GARZA:  Keith Garza on behalf of amici judges.

19          MR. MANSFIELD:  John Mansfield, Washington County.

20          THE COURT:  Thank you all for being here today.  I've

21    reviewed what little I have in front of me on this subject.

22          I guess I'll start with you, Mr. Stenson.  Anything

23    you wish to add?

24          MR. STENSON:  Sure, Your Honor.  I won't belabor the

25    point --

1          THE COURT:  I'm going to have everyone stay seated.

2          MR. STENSON:  Sure.

3          THE COURT:  I'll hear you a little bit better if you

4     scoot up next to that microphone.

5          MR. STENSON:  Very good.

6          I don't want to add too much more to the briefing.

7     The factual predicates for this order, that in late July OHA

8     sent around a list of individuals who had substantially

9     overstayed the guideline -- the parameters issued by this Court

10    in the September order, and then in the amended July 3rd order

11    of this year.

12         THE COURT:  You started to call them guidelines.  And

13    I don't want to go all Pirates of Penzance here, but it's --

14    Pirates of the Caribbean, sorry -- but actually it's an order

15    not a guideline.

16         MR. STENSON:  They are orders.  And we certainly

17    recognize that, Your Honor.

18         And there were -- I think at that time there were

19    seven different individuals who had overstayed the directives,

20    the calendar, as directed by this Court, and in the interim,

21    some of those matters either resolved by an individual being

22    released to the community or being granted an extension of time

23    under the parameters of the July 3rd order, including extension

24    of time for community restoration, but a large -- a significant

25    number of those individuals remained in custody beyond the

6

1  directives of this Court.  And over the course of a week or so,

2  we tried to inquire if people were interested in mediating

3  that, as indicated in the July 3rd order.

4          THE COURT:  Whom did you make those inquiries to?

5          MR. STENSON:  Those inquiries were extended to the

6  amici counties, the amici -- the counsel for the amici judges,

7  and the counsel for the district attorneys, and defense

8  attorneys as well.

9          THE COURT:  Which counties?

10          MR. STENSON:  I believe both Marion County and

11  Washington County were included on that distribution list, but

12  since the main issue was in Marion County, I made sure to

13  include Marion County in our communications.

14          THE COURT:  All right.

15          MR. STENSON:  There was some tentative indication

16  that people might be open to participating in a mediation on

17  August 3rd, but then there was a subsequent meeting also on

18  August 3rd at which the district attorney for Marion County

19  said that while she was willing to appear, she believed that

20  there was not a substantial point to holding those mediation

21  sessions, because essentially she couldn't do anything to

22  overturn the state court orders, and those were what should

23  preside.  And, Your Honor, that's substantially similar to

24  what's reflected in the Marion County district attorney's

25  declaration on page 5.

(49 of 152), Page 49 of 152 Case: 24-2229, 08/28/2024, DktEntry: 27.4, Page 49 of 152
Case 3:02-cv-00339-AN   Document 447   Filed 09/21/23   Page 7 of 39

7

1          So we learned that that was not -- that the mediation

2    which was tentatively initiated was not going to proceed, and

3    not based on any individualized concern but the global concern

4    about basically whether the mediation was useful in the first

5    place, and whether essentially the Supremacy Clause governs,

6    whether a state court order could supersede an order of the

7    federal court.

8          So we were unable to resolve that, and at no point

9    was a mediation actually scheduled.  At no point did it take

10   place.  And so a week later, we filed our motion -- because it

11   was clear that nobody was going to any mediations -- to ensure

12   that the rights of people in the hospital and the rights of

13   people who are in jail who are waiting to get into the hospital

14   were protected.

15         I reached out several times to counsel for the

16   County, to counsel for the district attorneys, to counsel for

17   the judges.  I spoke on the phone with counsel for --

18         THE COURT:  Does this mean you reached out before you

19   filed the motion or after?

20         MR. STENSON:  Before, Your Honor.

21         THE COURT:  All right.  Thank you.

22         MR. STENSON:  My recollection is that we spoke on the

23   2nd -- counsel can correct me, but I believe that's correct --

24   with the amici judges, and I believe the same thing is true

25   that on August 2nd I spoke with the counsel for the amici

8

1    district attorneys.

2         I extended the same offer to counsel for Marion

3    County, and as you will see in Marion County's Exhibit 4, which

4    I think is document 431-4 in your record, it's an email from me

5    the day before this motion was filed, and it closes with, "If

6    any of you would like to discuss this motion, please give me a

7    call," and my cell phone number is included.

8         And nobody called me, Your Honor.  So I made -- I

9    fulfilled my obligation under the rule, which is that I offered

10   an opportunity to confer, and no one from Marion County called

11   me, Your Honor.

12        So it's all there in black and white.  I don't know

13   what else to say about that.

14        THE COURT:  So that's your position on sort of the

15   predicate issue, and I have you in writing on the substantive

16   issue.

17        MR. STENSON:  You have me in writing on the

18   substantive issue.

19        THE COURT:  Which seemed fairly straightforward.

20        MR. STENSON:  Yes, Your Honor.

21        And I just draw your attention to the declaration

22   filed today, which indicates there are still two more patients

23   who are -- that have overstayed their -- the parameters for

24   their detention, and that there are 37 more with these

25   restrictive court orders imposed on them.

(51 of 152), Page 51 of 152 Case: 24-2229, 08/28/2024, DktEntry: 27.4, Page 51 of 152
Case 3:02-cv-00339-AN   Document 447   Filed 09/21/23   Page 9 of 39

9

1      THE COURT:  As of today, that's two out of the

2  original seven?

3      MR. STENSON:  I believe there's been a swap.  So

4  there's now -- one of them is one of the original seven, and

5  then one of them is someone who has become -- who has gone past

6  his guidelines since the original process began.  And that's --

7  as indicated in the --

8      THE COURT:  There's a history that you've related

9  regarding the original seven, and that entire history applies

10  to one of the people that is in front of me today in terms of

11  your pleading?

12      MR. STENSON:  Correct.

13      THE COURT:  And then there are many others, a dozen,

14  a couple, three dozen or more.  What's your position today

15  about whether those others who are the subject of restrictive

16  orders are in front of me for resolution today or not?

17      MR. STENSON:  Your Honor, I think Your Honor can

18  craft whatever relief seems appropriate after the hearing.

19      THE COURT:  What are you asking for?

20      MR. STENSON:  What we're asking for is a general

21  order declaring the Supremacy Clause issue to be clear on this

22  issue, to hold that the federal court order of July 3rd

23  supersedes the state court orders that apply to any detainees

24  in Marion County, which seems to be the only place where these

25  orders are being issued, Your Honor.

(52 of 152), Page 52 of 152 Case: 24-2229, 08/28/2024, DktEntry: 27.4, Page 52 of 152
Case 3:02-cv-00339-AN    Document 447    Filed 09/21/23    Page 10 of 39

10

1          THE COURT:  All right.  Thank you very much.

2          Anything else?

3          MR. STENSON:  Nothing.  Otherwise, I rest on my

4     pleadings, Your Honor.

5          THE COURT:  Anything from the State on this?

6          MS. SCOTT:  No, Your Honor.  Just that the State does

7     not oppose the motion.  I'm happy to answer any factual

8     questions you may have.

9          THE COURT:  Thank you.

10         I'll start with Marion County.

11         MS. VETTO:  Thank you, Your Honor.

12         While there are a lot of different issues raised in

13    the plaintiffs' motion, I'm here today regarding the motion to

14    compel transport filed against the sheriff.

15         While the recitation today was very muted, their

16    motion was not.  Defiance, thwarting, detaining, seizing.

17    Their motion to compel transport is based on emotional trigger

18    words, not on the facts in this matter, and certainly not on

19    applicable law.

20         I know the Court has read the County's response

21    declarations, so today I would just like to really briefly

22    focus on where we've been on this issue, where we are

23    presently, and what the actual legal issues are regarding

24    transport.

25         First, we've been here before.  They filed this

(53 of 152), Page 53 of 152 Case: 24-2229, 08/28/2024, DktEntry: 27.4, Page 53 of 152
Case 3:02-cv-00339-AN Document 447 Filed 09/21/23 Page 11 of 39

11

1    motion last March.  In our response then, as now, we pointed

2    out there's no federal order to transport, and this Court

3    agreed.  And then the parties mediated for several -- on

4    several different issues over several weeks, and during the

5    mediation, Judge Beckerman drafted a provision in which the

6    parties in an underlying criminal case and the State, through

7    OSH, would mediate directly with Judge Beckerman if a state

8    circuit court judge ordered aid-and-assist patients to stay

9    past the September 1st order time frames.  And this provision

10   provided that if the parties refused to mediate or if mediation

11   failed, that the parties in this case could then file a motion

12   with this Court.

13          So on July 3rd, this Court entered its second amended

14   order, which adopted the mediated issues, including Judge

15   Beckerman's mediation provision.  There's no reference to

16   transport in the July 3rd order, nor is there any transport

17   order in it.

18          In mid July, as counsel indicated, the State

19   requested mediation on seven aid-and-assist individuals who

20   were at or past their September 1st deadlines.  We have

21   submitted very detailed declarations regarding the State's

22   request and DRO's response, but to briefly summarize, the

23   Marion County District Attorney Clarkson agreed to mediate.

24   Both her attorney and I separately informed DRO of this, but

25   DRO ultimately concluded that mediation would be fruitless

(54 of 152), Page 54 of 152 Case: 24-2229, 08/28/2024, DktEntry: 27.4, Page 54 of 152
Case 3:02-cv-00339-AN    Document 447    Filed 09/21/23    Page 12 of 39

12

1  because the DA would not make concessions prior to mediation,

2  which she's not obligated to do.  She didn't do it.

3          THE COURT:  Well, let's take it one step at a time,

4  then.  That's not how it was described.

5          MS. VETTO:  I know, but it is described that way --

6          THE COURT:  I'll ask the question.

7          MS. VETTO:  Oh, I'm sorry Your Honor.

8          THE COURT:  So that's not how it was described.  How

9  it was described is that the concession wasn't so much

10  concession, it was a statement by the DA that while she might

11  be willing to mediate, her hands were tied because she couldn't

12  disobey any state order.  So that may be an agreement to

13  mediate, but it's an agreement to mediate that's empty.

14          Are you saying it was something different than that?

15          MS. VETTO:  I am.

16          THE COURT:  So what happened, in your view?

17          MS. VETTO:  So in her declaration she stated that at

18  the -- a meeting I was not present at that apparently counsel

19  alluded to, that she was asked to petition the district -- the

20  circuit court to withdraw their motions to not -- or their

21  orders to not transport, and she declined to do that.  And so

22  that's what I was referring to when she wouldn't make

23  concessions prior to mediation.  Whether that would come up in

24  mediation, I don't know.  We didn't get to there.

25          So that's kind of where we are now.

(55 of 152), Page 55 of 152 Case: 24-2229, 08/28/2024, DktEntry: 27.4, Page 55 of 152
Case 3:02-cv-00339-AN    Document 447    Filed 09/21/23    Page 13 of 39

13

1          THE COURT:  Did she also say what counsel claims she
2     said?
3          MS. VETTO:  She did.  She said:  I can't tell the
4     circuit court what to do, but I'm not willing to go in and ask
5     them to make an order right now.
6          But again, that's prior to mediation.
7          THE COURT:  All right.  Just a second.  That's not
8     quite my question.  You've described what you say she did say,
9     that she wouldn't seek to have the circuit court essentially
10    reverse its own order.  I'm asking did she also say that while
11    she was willing to mediate, she didn't really know what the
12    point would be because she couldn't disobey a state court
13    order?
14         MS. VETTO:  I do not know.
15         THE COURT:  You haven't asked that?
16         MS. VETTO:  Her declaration does not say that.  She
17    says:  I do not recall referring to it as futile or fruitless.
18    I've never talked to Mr. Stenson.  I specifically agreed to
19    mediation.  I participated in a post-mediation Teams meeting on
20    August 3rd.
21         Let's see.  She talked about the defendants that were
22    still at the State Hospital.
23         I explained to meeting participants that I know how
24    hard Marion County works.
25         And then she said:  I further stated that mediation

 1  would likely soon be moot as the Marion County issues were

 2  being quickly and responsibly resolved.

 3          I communicated that the Marion County judicial orders

 4  were not documents that I could change, nor did I have the

 5  authority to tell Marion County judges how their orders should

 6  read.

 7          At the meeting I was asked by Emily Cooper with DRO

 8  and Carla Scott to file motions with Marion County judges to

 9  change the transport orders.  I declined to do so.

10          I communicated that if the mediation were only to be

11  the DA and defense counsel in the underlying state criminal

12  case, then we were unlikely to be able to resolve the matter.

13  It is my belief that transportation has been an issue for the

14  judges.

15          However, the mediation also requires the State to be

16  there, and with the Court's permission, I'd like to talk a

17  little bit more about that.

18          THE COURT:  Go ahead.

19          MS. VETTO:  Thank you.

20          Before we get to that issue, really quickly LR7

21  requires meaningful conferral.  DRO specifically stated when it

22  talked about this motion that the basis was that the DA refused

23  to mediate.  And when I told them that, in fact, she would

24  mediate, and her attorney confirmed, they sent back emails

25  saying mediation wouldn't work.  That's not meaningful

1    conferral, and I submit that that is the basis for denial here.

2              Flowing from that, this motion is premature.  As a

3    litigator, I mediate cases frequently, and going into

4    mediation, I think we're too far apart to settle.  I had one

5    with Judge Acosta last year that was just like that, but it did

6    settle.  I was wrong.  He was able to resolve the case.  And

7    like Judge Acosta, Judge Beckerman is a skilled mediator.  We

8    all witnessed that this past spring.  Her mediation process

9    outlined in your order should be given a chance to work.

10             I want to highlight to that point a few things that

11   we talked about in our declaration.  First of all, the jail

12   commander Tad Larson states that since September, Marion County

13   has made 222 transports to and from the State Hospital.  That's

14   a lot.  The orders to not transport are the exception not the

15   rule.  Per Debbie Wells with Marion County Behavioral Health,

16   the seven individuals identified in July were all individuals

17   that the State Hospital identified at discharge as needing

18   secured residential treatment facility or residential treatment

19   facility beds after discharge.

20             THE COURT:  I'm going to pause you there for just a

21   moment.  You said a minute ago that you wanted to get into the

22   order requires the State to be there and you wanted to talk

23   more about that.  I haven't heard about that yet.

24             MS. VETTO:  It is coming up, it really is.

25             THE COURT:  Why don't you go ahead and start there.

1          MS. VETTO:   Okay.   Because these beds are managed by

2   the State, the State involvement at mediation is really

3   important.   And Judge Beckerman put State involvement.   So the

4   DA talks about if it's just the defense and the district

5   attorney in there, not much is going to happen.   But your order

6   requires for the State to be present as well, and they manage

7   these beds.   And all the aid-and-assist people that we're

8   seeing being held past their timelines are ones that need these

9   State beds from step-down facilities.

10          And actually, Mr. Stenson is incorrect.   There are

11   currently three aid-and-assist patients, not two, at the State

12   Hospital from Marion County, and again, they all need secured

13   residential treatment facilities per discharge from

14   instructions from the State Hospital, and it's clear from these

15   cases that they don't need a community bed, they need a secured

16   treatment bed.

17          For example, one of the individuals at the State

18   Hospital past your order timelines told the judge at his

19   August 31st hearing that when discharged, he plans to kill his

20   father and then wants the police to kill him.   So yes, I guess

21   the Court ordered him to stay until his hearing in mid

22   September.   We are at the point, though, where placement issues

23   are really triggered by these high-needs aid-and-assist

24   individuals who need these secure step-down facilities that are

25   controlled by the State.   So a mediation process that Judge

(59 of 152), Page 59 of 152 Case: 24-2229, 08/28/2024, DktEntry: 27.4, Page 59 of 152
Case 3:02-cv-00339-AN   Document 447   Filed 09/21/23   Page 17 of 39

17

1   Beckerman designed to include the State, who controls these

2   beds, with the underlying parties is the appropriate place to

3   find placements for these small number of high-needs

4   individuals.  So that mediation process should be allowed to

5   occur.

6           With respect to the plaintiffs' other arguments,

7   their motion to compel transport on the Supremacy Clause is

8   also premature.  A Supremacy Clause determination cannot be

9   made until there are two orders in conflict.  We do not

10  currently have two conflicting transport orders.

11          So that brings me to the legal issue for the Court --

12  before the Court for Marion County.  Have the elements of FRCP

13  65 been met so that nonparty Marion County is subject to an

14  order in this case?  And if so, is the federal order compelling

15  transport the least-intrusive alternatives available?  These

16  are the same issues we addressed last March, and again the

17  answers to these two legal questions are no and no.

18          With respect to FRCP 65, we've briefed this, but

19  briefly, we are not legally identified with the defendants.  We

20  are completely separate governmental entities.  We are not in

21  active concert with the parties.  Not doing something that

22  we're not ordered to do by this Court is not active concert

23  under any applicable law.  Plaintiffs' statement that the

24  sheriff is an active participant because they, quote, must

25  transfer is uncited in their brief because there's no legal

1    authority to support it.  There is no statutory requirement in

2    ORS Chapter 161 or anywhere else that the sheriff's office must

3    conduct transport.  The only reason they do is because they're

4    ordered to by circuit courts.  Until these orders are voided,

5    the sheriff's office has to follow them, and complying with a

6    lawful court order is not active concert per case law.

7    Elements of FRCP 65 have not been met.

8            Finally, even outside that issue, the Court still

9    needs to find that ordering a nonparty to do or not do

10   something is the least-intrusive alternative.  And here it's

11   clearly not.  There are several lesser-intrusive alternatives

12   that can and should be ordered.

13           First, as already discussed, the parties should

14   mediate.  Mediation works.  The cases at issue are few, but can

15   likely be resolved with State participation with the parties in

16   the underlying criminal cases.  The process Judge Beckerman

17   outlined needs to be given a chance to work.

18           And I've said this before.  If the State Hospital

19   feels it's not in compliance, they can arrange for their own

20   transport.  State law doesn't require the sheriffs -- the

21   county sheriffs to transport.  And the State Hospital contracts

22   with other entities for transport in other matters, like if a

23   patient needs to go to a hospital for an X-ray.  They have

24   contracts like that all the time.  There's nothing that

25   precludes them from doing that here.

(61 of 152), Page 61 of 152 Case: 24-2229, 08/28/2024, DktEntry: 27.4, Page 61 of 152
Case 3:02-cv-00339-AN    Document 447    Filed 09/21/23    Page 19 of 39

19

1          Finally, rather than to overrule a state court order,

2    this Court can order the State to intervene directly in

3    criminal cases.  As we detailed in our brief, DOJ has moved to

4    intervene in 40 criminal cases to monitor implementation of

5    Senate Bill 295 since 2021.  There's no reason they can't move

6    to intervene in the small number of criminal cases at issue

7    here.  Federalism requires district courts to allow state

8    courts to address harms in their own process when possible.

9    It's clearly possible here.

10          So in light of the premature nature of this motion,

11    the applicable law, which does not support an order directed at

12    a nonparty, and the multiple less-intrusive alternatives

13    available to the Court, Marion County Sheriff's Office asks

14    that this motion to compel transport be denied.

15          THE COURT:  Thank you very much.

16          Mr. Williams, anything you want to add?

17          MR. WILLIAMS:  Just briefly, Your Honor, two points.

18          We've made very clear from the beginning that the

19    district attorneys are not involved in the transportation

20    issue.  I don't know how much more clear it can be made.  And

21    the fact that the way the argument has been presented by the

22    plaintiffs to incorporate the position of DA Clarkson ignores

23    the fact that we've made very clear we're not involved in that.

24          What we are involved in, and have been involved from

25    the beginning -- and it was at our request that mediation get

(62 of 152), Page 62 of 152    Case: 24-2229, 08/28/2024, DktEntry: 27.4, Page 62 of 152
Case 3:02-cv-00339-AN    Document 447    Filed 09/21/23    Page 20 of 39

20

1    started -- is a very successful mediation engagement over a

2    period of months with Judge Beckerman.  And I, quite frankly,

3    was stunned to receive a challenging phone call from

4    Mr. Stenson a day or two after I talked to Ms. Cooper about the

5    issues raised with the seven Marion County individuals, and

6    talked with Dr. Pinals, who I want to once again compliment of

7    how accessible she has been to talk through issues.  We had a

8    post-mediation convening Teams meeting that's reflected in

9    Ms. Clarkson's declaration.  That occurred.

10          There were attempts to get Ms. Clarkson to do

11   something that she made very clear she wasn't in a position to

12   do, and as the Exhibit 5 of Marion County's response, my email

13   to all involved, including Mr. Stenson, that we were open to

14   engagement in mediation because it had been so successful, and

15   in this period -- and I think the Court needs to know that we

16   had two post-mediation convening sessions with Dr. Pinals and

17   everybody else involved in this.  One was specifically

18   scheduled for some scheduling conflicts with the DAs, the

19   second one the following week with everyone else.  And to be

20   able to talk through the transition period between your order

21   of July 3rd -- mediation, your order of July 3rd, and how this

22   was going to play out, sort of people in that transition, so

23   everyone was working really hard, which I think the

24   declarations from Marion County has laid out very clearly.

25   It's not done yet.  I mean, that's our response.

(63 of 152), Page 63 of 152 Case: 24-2229, 08/28/2024, DktEntry: 27.4, Page 63 of 152
Case 3:02-cv-00339-AN    Document 447    Filed 09/21/23    Page 21 of 39

21

1          I'm going to make it very clear, as much as you want

2    to try and throw DA Clarkson under the bus, we're not involved

3    in the transportation issue.

4          THE COURT:  Let me ask you about that.  I'd prefer

5    you not look at your opponent when you're making an argument to

6    me.  Let's keep it professional.

7          So you say that you're not involved in the transport,

8    but it's from the DAs, or at least the DAs are one of the

9    principal origins of any concerns about transportation, right?

10   It's from the DAs that we get fairly frequently concerns raised

11   about dangerousness and a request to delay release, right?

12         MR. WILLIAMS:  Absolutely.

13         THE COURT:  So you'd very much like to be involved in

14   the mediation, for example, and make your pitch that a

15   particular person shouldn't be released yet, right?

16         MR. WILLIAMS:  Absolutely.

17         THE COURT:  So when it comes to mediating an issue

18   that involves, among other issues, transportation, you want to

19   be at the table?

20         MR. WILLIAMS:  We want to be at the table because

21   it's the DAs who brought the charges to begin with, and so

22   they're impacted by what happens with that individual.

23         THE COURT:  I guess when you say you're not involved

24   in the transport, if you mean that the DAs don't get in a car

25   and drive to OSH and drive people somewhere, then I agree.  But

1    in terms of the issue of whether to transport someone or not,

2    aren't the DAs involved up to their eyeballs in that issue?

3         MR. WILLIAMS:  Your Honor, that's a decision made by

4    the Court.

5         THE COURT:  No, I'm asking you whether your clients

6    intend to be heavily involved in issues about whether

7    particular individuals get released and transported or not.

8         MR. WILLIAMS:  Released, it is certainly the issue

9    that they're concerned with, Your Honor.

10        THE COURT:  I guess I'm trying to figure out what

11   your point is.  If all you're telling me is that your clients

12   don't carry people in their cars from one place to another,

13   then I agree.  But if you're trying to tell me that this

14   cluster of issues that includes release and transport and

15   receipt somewhere else doesn't involve the DAs, I'm at a loss

16   as to what you mean.

17        MR. WILLIAMS:  Well, ultimately, Your Honor, that's a

18   decision made by a state court judge, and obviously it impacts

19   the cases that the DAs have brought.  I just -- it's a position

20   that's a bit odd, I think, for the district attorneys to be

21   asked to file a motion to -- for a court to change its position

22   on the transport issue when we've already committed to this

23   mediation process that was worked out through Judge Beckerman.

24        THE COURT:  Thank you.

25        Mr. Garza?

(65 of 152), Page 65 of 152 Case: 24-2229, 08/28/2024, DktEntry: 27.4, Page 65 of 152
Case 3:02-cv-00339-AN    Document 447    Filed 09/21/23    Page 23 of 39

23

1          MR. GARZA:  Nothing other than what we've already

2    briefed unless I can answer any questions.

3          THE COURT:  Thank you.

4          Do you wish to reply in any way?

5          MR. STENSON:  Not unless Your Honor would like to

6    hear a response.

7          THE COURT:  When you contemplate mediation, and

8    you've been there before, who do you -- well, who has typically

9    been at the table?  I know who the order contemplates should be

10   at the table, but who has been at the table for prior

11   mediations?

12         MR. STENSON:  There haven't been any mediations of

13   individual --

14         MR. MERRITHEW:  I might be better suited to answer

15   that inquiry, Judge.

16         THE COURT:  Go ahead.

17         MR. MERRITHEW:  The mediations that we conducted that

18   led to the proposed order involved all the people that you see

19   in front of you.  The particular --

20         THE COURT:  But that's the overall sort of systemic

21   mediation?

22         MR. MERRITHEW:  Correct.

23         THE COURT:  Have there been no mediations of

24   individual cases through Judge Beckerman at all?

25         MR. MERRITHEW:  That's correct.  After the Court's

(66 of 152), Page 66 of 152 Case: 24-2229, 08/28/2024, DktEntry: 27.4, Page 66 of 152
Case 3:02-cv-00339-AN   Document 447   Filed 09/21/23   Page 24 of 39

24

1  order was issued, the cases that you have in front of you are

2  the only ones that have come up.  So the communications that

3  you have in terms of the declarations are the sum totals of

4  what's going on there.

5        I would only add that that provision was a little

6  strange because we were attempting to figure out a way to

7  mediate a dispute among people that weren't all in front of --

8  involved in the larger systemic mediation.

9        THE COURT:  All right.

10        Mr. Stenson, I'd like to pick up the arguments you've

11  heard just to get your reply to that.

12        MR. STENSON:  Sure.

13        THE COURT:  So one is, of course, that there are not

14  directly conflicting orders between federal court and state

15  court.  So what is your argument about what two specific pieces

16  of specific orders conflict here?

17        MR. STENSON:  So in every case that is at issue in

18  Marion County, Your Honor, there is a restrictive order that

19  contains extra content relative to every other aid-and-assist

20  order issued in the state of Oregon, which specifically

21  precludes anybody removing that individual from the hospital

22  for any reason and transporting them away from it.  So that is

23  one order.

24        And as indicated in the pleadings and my declaration

25  and the prior declaration at ECF 360, I believe, it's clear

1    that the purpose of that restrictive language is explicitly

2    there to impede the release of detainees pursuant to the

3    schedule defined in your September 2022 order and your

4    July 2023 orders.  So the two court orders that are in conflict

5    are that aid-and-assist order in each individual case and your

6    July 3rd order in this case.  So in every individual instance,

7    those two orders are in conflict.

8            I believe I heard Marion County indicate that there

9    are not currently specific orders directed to the Marion County

10   sheriff to transport people from this Court.  My position on

11   that is, first of all, as a matter of course, the Marion County

12   sheriff does all of the transport to and from the Oregon State

13   Hospital.  That is state practice, state custom.  It's embodied

14   in numerous statutes and model court orders around the state

15   which we've provided in prior briefing.  But it is true that

16   this Court has not specifically ordered the Marion County

17   sheriff to transport people pursuant to the schedule, and

18   that's why the model order includes that element in the model

19   order, so that this Court can specifically order Marion County

20   to do so.

21           Plaintiffs assumed that given the existence of the

22   Supremacy Clause, given the obligation of every entity to do a

23   good faith review of the relevant law, that an order from this

24   Court saying that everybody who stays beyond this time frame

25   should be releasable and should be returned, that when it came

(68 of 152), Page 68 of 152 Case: 24-2229, 08/28/2024, DktEntry: 27.4, Page 68 of 152
Case 3:02-cv-00339-AN   Document 447   Filed 09/21/23   Page 26 of 39

26

1    time for someone to be returned, that the Marion County sheriff

2    would fulfill its obligations and play its role.

3           I disagree with the statement from Marion County that

4    OHA could just do this, because as noted in the model language

5    in that order, it prohibits anyone from removing.  It does not

6    prohibit the Marion County sheriff from removing that

7    individual defendant from the hospital.  It prohibits anyone.

8    And so in order to have someone removed from the State Hospital

9    to effectuate the July 3rd order, somebody has got to transport

10   them, and it seems to me to be a semantic issue to say, well,

11   this isn't about transport.  If we're going to have an order

12   for somebody to be released, they must physically move from one

13   place to another, and somebody has got to do that, unless we're

14   asking the detainees to walk themselves from one place to

15   another.  So somebody has to be ordered to move those

16   prisoners, and it certainly seems to me that considering that

17   that is the routine duty of the Marion County sheriff, that

18   they are the most apt party to be ordered to do so.

19          I'll let OHA speak for themselves, but I don't

20   believe they have the capacity, staff, vehicles or other

21   equipment and training to transport people to and from jails or

22   to and from facilities.  It's the routine practice to use

23   sheriffs for that purpose.

24          THE COURT:  Thank you.

25          Ms. Scott.

(69 of 152), Page 69 of 152 Case: 24-2229, 08/28/2024, DktEntry: 27.4, Page 69 of 152
Case 3:02-cv-00339-AN    Document 447    Filed 09/21/23    Page 27 of 39

27

1          MS. SCOTT:  I would just point out that in the

2    declaration of Bill Osborne filed with the Court today,

3    paragraph 7 notes that the hospital has been filing the

4    required 60-day notices by this Court to the committing court,

5    and in response, we have received radio silence.  We have to

6    comply with this Court's order but at the same time there are

7    standing orders that prohibit transport pursuant to the 60-day

8    notices.  So we are stuck between two state court orders right

9    now, and we just want to comply -- we are stuck between this

10   Court's order requiring us to discharge patients at the end of

11   their restoration inpatient limit and the orders from the

12   Marion County Circuit Court prohibiting transport.  There are

13   at least -- more than one patient currently at the State

14   Hospital that we cannot transport out.  More are coming every

15   day.  So it's a live and ripe issue that we are stuck between a

16   federal court order and a state court order.

17         THE COURT:  Thank you all very much.

18         One issue is remarkably simple, and it's disturbing

19   to me that it has been treated as anything other than

20   remarkably simple, and that is that there is a direct conflict

21   between my order setting up a regimen for release and the

22   restrictive orders coming out of Marion County.  And those

23   orders are ex ante.  They are well before the notice and

24   trigger for possible mediation.  They come at the initial

25   point.

1          Those orders, the restrictive clauses in those orders

2     violate my order, and so the way this country is set up, it

3     doesn't -- it's not set up because, you know, I want to be a

4     powerful person or something like that.  It's set up as a

5     federalist society in which states have significant rights and

6     responsibilities, but federal law is supreme, and so those

7     orders violate the Supremacy Clause and should be considered

8     void hereafter.

9          The transport issue has been, I think, left

10    deliberately blank, deliberately because it was at one point,

11    at least in my view, better to leave some flexibility for

12    various law enforcement agencies and counties as to how that

13    might be done.  But it should not, in my view, be the

14    responsibility of the hospital to make this happen if we have a

15    very well-established practice of having sheriffs do it, and

16    they're the right person to move someone from OSH to any

17    facility in the county.

18          I haven't ordered it, and I assumed that it hasn't

19    happened not because the sheriffs won't do it, but because they

20    feel that they're in violation of a state court order, which

21    they no longer are in violation of a state court order to go to

22    OSH and pick these people up and transport them.  So I'm

23    assuming that issue will go away.  If it doesn't go away, then

24    you'll come to me immediately and I reluctantly will have to

25    order sheriffs to go to OSH, but that's exactly what I'll do if

1    it doesn't happen according to the custom and practice.

2         I don't know what to do about mediation.  I know

3    what's not ripe.  What's not ripe is what was never the plan,

4    is that two to three months later we'd still be wondering what

5    to do about people and whether we can successfully mediate all

6    this.  Nor was it the plan to have Judge Beckerman, who is one

7    of the busiest judges in this district, mediating 36 cases in a

8    short span of time.  If you're not OSH or plaintiff or the

9    judges here or the county, and you want to get on her calendar

10   just for a normal mediation, you're going to be told that

11   she'll be free in January.

12        So that's not how this is supposed to play out.  The

13   mediation should be for extraordinary cases, maybe like one you

14   just referenced here earlier.  Maybe that's the one, you know.

15   And it should be not -- that neither side should go into it

16   having set up predicate requirements or mediation doesn't

17   happen.  And it may well be that we'll learn by people sitting

18   down and trying to mediate that that course isn't a good

19   course.  There's flexibility built into how we do this, but

20   it's worth a try, but only worth a try if it's fast and

21   immediate and short, and if the people involved are there ready

22   to take their responsibility.

23        So I'll allow mediation to continue to be tried,

24   although for the cases I have in front of me now in this case,

25   not the ones you've mentioned that are out there, but the one

(72 of 152), Page 72 of 152 Case: 24-2229, 08/28/2024, DktEntry: 27.4, Page 72 of 152
Case 3:02-cv-00339-AN    Document 447    Filed 09/21/23    Page 30 of 39

30

1    or two that are still in front of me from the original seven,

2    I'm not requiring any more mediation.  I'm requiring them to be

3    picked up immediately.

4          But going forward, I'm going to have to just see how

5    mediation goes.  But if it takes forever, if it takes weeks and

6    weeks of back and forth about who will show up and who will

7    agree to be willing to talk about which issues, then it won't

8    work.  You'll have to just all show up quickly with a blank

9    slate and then we'll see.

10          But if it -- if you get notice that someone is going

11   to be released and you really want to fight for non-release of

12   that person, then it's got to happen in days, not months.  If

13   it takes weeks and weeks, then my bad.  I imagined a system

14   that isn't going to work, and I won't keep that system going.

15   We'll do something different.

16          You'll submit an appropriate order?  I know you

17   submitted something already, but I want you to take another

18   stab at it.

19          MR. STENSON:  Absolutely, Your Honor.  I will try to

20   incorporate it, and I'll send the Court a copy if you need to

21   take a look at it.

22          THE COURT:  Thank you.

23          We're in recess.

24          THE COURTROOM DEPUTY:  All rise.  Court is in recess.

25          (Proceedings concluded at 2:15 p.m.)

(73 of 152), Page 73 of 152 Case: 24-2229, 08/28/2024, DktEntry: 27.4, Page 73 of 152
Case 3:02-cv-00339-AN    Document 447    Filed 09/21/23    Page 31 of 39

31

1

2                            --o0o--

3

4        I certify, by signing below, that the foregoing is a

5    correct transcript of the record of proceedings in the

6    above-entitled cause.  A transcript without an original

7    signature or conformed signature is not certified.

8

9

    /s/Bonita J. Shumway                September 15, 2023
10   _____            _____
     BONITA J. SHUMWAY, CSR, RMR, CRR   DATE
11   Official Court Reporter

12

13

14

15

16

17

18

19

20

21

22

23

24

25

MR. GARZA: [2]  4/18 23/1
MR. MANSFIELD: [1]  4/19
MR. MERRITHEW: [5]  4/8 23/14 23/17
23/22 23/25
MR. STENSON: [22]  4/10 4/24 5/2 5/5
5/16 6/5 6/10 6/15 7/20 7/22 8/17 8/20
9/3 9/12 9/17 9/20 10/3 23/5 23/12 24/12
24/17 30/19
MR. WILLIAMS: [8]  4/16 19/17 21/12
21/16 21/20 22/3 22/8 22/17
MS. POTTER: [1]  4/13
MS. SCOTT: [3]  4/12 10/6 27/1
MS. VETTO: [12]  4/14 10/11 12/5 12/7
12/15 12/17 13/3 13/14 13/16 14/19
15/24 16/1
THE COURT: [46]
THE COURTROOM DEPUTY: [2]  4/4
30/24

-

--o0o [1]  31/2

/

/s/Bonita [1]  31/9

1

100 [1]  2/12
1000 [1]  3/7
14500 [1]  2/15
15 [1]  31/9
155 [1]  2/22
161 [1]  18/2
1:35 [1]  4/2
1st [2]  11/9 11/20

2

200 [1]  2/5
2021 [1]  19/5
2022 [1]  25/3
2023 [4]  1/11 4/2 25/4 31/9
222 [1]  15/13
295 [1]  19/5
2:15 [1]  30/25
2nd [2]  7/23 7/25

3

301 [1]  3/7
31st [1]  16/19
326-8188 [1]  3/8
340 [1]  2/22
36 [1]  29/7
360 [2]  3/2 24/25
37 [1]  8/24
3:02-cv-00339-MO [1]  1/4
3:02-cv-339-MO [1]  4/5
3:21-cv-01637-MO [1]  1/9
3:21-cv-1637-MO [1]  4/6
3rd [13]  5/10 5/23 6/3 6/17 6/18 9/22
11/13 11/16 13/20 20/21 25/6 26/9

4

40 [1]  19/4
400 [1]  3/2
415 [1]  2/8

431-4 [1]  8/4

5

503 [1]  3/8
511 [1]  2/5

6

60-day [2]  27/4 27/7
610 [1]  2/8
65 [3]  17/13 17/18 18/7
68106 [1]  2/18

8

8188 [1]  3/8

9

97124 [1]  2/16
97201 [1]  2/13
97204 [1]  3/7
97205 [2]  2/5 2/8
97214 [1]  2/23
97268 [1]  2/19
97702 [1]  3/3

A

able [3]  14/12 15/6 20/20
about [21]  7/4 8/13 9/15 13/21 14/17
14/22 15/11 15/23 15/23 16/4 20/4 21/4
21/9 21/11 22/6 24/15 26/11 29/2 29/5
30/6 30/7
above [1]  31/6
above-entitled [1]  31/6
Absolutely [3]  21/12 21/16 30/19
accessible [1]  20/7
according [1]  29/1
Acosta [2]  15/5 15/7
active [4]  17/21 17/22 17/24 18/6
actual [1]  10/23
actually [3]  5/14 7/9 16/10
add [4]  4/23 5/6 19/16 24/5
address [1]  19/8
addressed [1]  17/16
adopted [1]  11/14
ADVOCACY [2]  1/3 4/5
after [5]  7/19 9/18 15/19 20/4 23/25
afternoon [1]  4/8
again [4]  13/6 16/12 17/16 20/6
against [1]  10/14
agencies [1]  28/12
ago [1]  15/21
agree [3]  21/25 22/13 30/7
agreed [3]  11/3 11/23 13/18
agreement [2]  12/12 12/13
ahead [3]  14/18 15/25 23/16
aid [7]  11/8 11/19 16/7 16/11 16/23
24/19 25/5
al [6]  1/3 1/6 1/8 1/11 4/5 4/6
Alder [1]  2/8
all [25]  4/20 5/13 6/14 7/21 8/12 10/1
13/7 15/8 15/11 15/16 16/7 16/12 18/24
20/13 22/11 23/18 23/24 24/7 24/9 25/11
25/12 27/17 29/5 30/8 30/24
allow [2]  19/7 29/23
allowed [1]  17/4
alluded [1]  12/19

already [4]  18/13 22/22 23/1 30/17
also [5]  6/17 13/1 13/10 14/15 17/8
alternative [1]  18/10
alternatives [3]  17/15 18/11 19/12
although [1]  29/24
am [1]  12/15
amended [2]  5/10 11/13
amici [9]  2/17 3/1 4/16 4/18 6/6 6/6 6/6
7/24 7/25
AMICUS [2]  2/14 2/21
among [2]  21/18 24/7
another [4]  22/12 26/13 26/15 30/17
answer [3]  10/7 23/2 23/14
answers [1]  17/17
ante [1]  27/23
any [15]  7/3 7/11 8/6 9/23 10/7 11/16
12/12 17/23 21/9 23/2 23/4 23/12 24/22
28/16 30/2
anybody [1]  24/21
anyone [2]  26/5 26/7
anything [6]  4/22 6/21 10/2 10/5 19/16
27/19
anywhere [1]  18/2
apart [1]  15/4
apparently [1]  12/18
appear [1]  6/19
APPEARANCES [1]  2/2
applicable [3]  10/19 17/23 19/11
applies [1]  9/9
apply [1]  9/23
appropriate [3]  9/18 17/2 30/16
apt [1]  26/18
are [56]
aren't [1]  22/2
argument [5]  1/16 4/4 19/21 21/5 24/15
arguments [2]  17/6 24/10
around [2]  5/8 25/14
arrange [1]  18/19
as [25]  5/20 6/3 6/8 8/3 9/1 9/7 11/1
11/18 13/17 14/1 15/2 15/17 16/6 18/13
19/3 20/12 21/1 21/1 22/16 24/24 25/11
26/4 27/19 28/4 28/12
ask [3]  12/6 13/4 21/4
asked [4]  12/19 13/15 14/7 22/21
asking [5]  9/19 9/20 13/10 22/5 26/14
asks [1]  19/13
assist [7]  11/8 11/19 16/7 16/11 16/23
24/19 25/5
assumed [2]  25/21 28/18
assuming [1]  28/23
attempting [1]  24/6
attempts [1]  20/10
attention [1]  8/21
attorney [5]  6/18 11/23 11/24 14/24
16/5
attorney's [1]  6/24
attorneys [8]  3/1 4/17 6/7 6/8 7/16 8/1
19/19 22/20
August [5]  6/17 6/18 7/25 13/20 16/19
August 2nd [1]  7/25
August 31st [1]  16/19
August 3rd [3]  6/17 6/18 13/20
authority [2]  14/5 18/1
available [2]  17/15 19/13
Ave [1]  3/7

**A**

**Avenue [2]**  2/5 2/22
**away [3]**  24/22 28/23 28/23

**B**

**back [2]**  14/24 30/6
**bad [1]**  30/13
**based [2]**  7/3 10/17
**basically [1]**  7/4
**basis [2]**  14/22 15/1
**be [51]**
**because [17]**  6/21 7/10 12/1 12/11
  13/12 16/1 17/24 17/25 18/3 20/14 21/20
  24/6 26/4 28/3 28/10 28/19 28/19
**Beckerman [10]**  11/5 11/7 15/7 16/3
  17/1 18/16 20/2 22/23 23/24 29/6
**Beckerman's [1]**  11/15
**become [1]**  9/5
**bed [2]**  16/15 16/16
**beds [5]**  15/19 16/1 16/7 16/9 17/2
**been [18]**  9/3 10/22 10/25 14/13 17/13
  18/7 19/21 19/24 20/7 20/14 23/8 23/9
  23/10 23/12 23/23 27/3 27/19 28/9
**before [10]**  1/18 7/18 7/20 8/5 10/25
  14/20 17/12 18/18 23/8 27/23
**began [1]**  9/6
**begin [1]**  21/21
**beginning [2]**  19/18 19/25
**behalf [4]**  4/9 4/10 4/16 4/18
**Behavioral [1]**  15/15
**being [6]**  4/20 5/21 5/22 9/25 14/2 16/8
**belabor [1]**  4/24
**belief [1]**  14/13
**believe [7]**  6/10 7/23 7/24 9/3 24/25
  25/8 26/20
**believed [1]**  6/19
**below [1]**  31/4
**Bend [1]**  3/3
**Best [2]**  3/2 3/2
**better [3]**  5/3 23/14 28/11
**between [6]**  20/20 24/14 27/8 27/9
  27/15 27/21
**beyond [2]**  5/25 25/24
**Bill [2]**  19/5 27/2
**Billy [2]**  3/1 4/16
**bit [3]**  5/3 14/17 22/20
**black [1]**  8/12
**blank [2]**  28/10 30/8
**BOBBY [1]**  1/6
**Bond [1]**  3/2
**Bonita [3]**  3/6 31/9 31/10
**both [2]**  6/10 11/24
**BOWMAN [1]**  1/8
**Box [2]**  2/15 2/18
**brief [2]**  17/25 19/3
**briefed [2]**  17/18 23/2
**briefing [2]**  5/6 25/15
**briefly [4]**  10/21 11/22 17/19 19/17
**brings [1]**  17/11
**brought [2]**  21/21 22/19
**built [1]**  29/19
**bus [1]**  21/2
**busiest [1]**  29/7

**C**

**calendar [2]**  5/20 29/9
**call [3]**  5/12 8/7 20/3
**called [2]**  8/8 8/10
**came [1]**  25/25
**can [10]**  7/23 9/17 18/12 18/14 18/19
  19/2 19/20 23/2 25/19 29/5
**can't [2]**  13/3 19/5
**cannot [2]**  17/8 27/14
**capacity [1]**  26/20
**car [1]**  21/24
**Caribbean [1]**  5/14
**Carla [2]**  2/11 4/12 14/8
**carry [1]**  22/12
**cars [1]**  22/12
**case [14]**  1/4 1/9 4/5 4/6 11/6 11/11
  14/12 15/6 17/14 18/6 24/17 25/5 25/6
  29/24
**cases [13]**  15/3 16/15 18/14 18/16 19/3
  19/4 19/6 22/19 23/24 24/1 29/7 29/13
  29/24
**cause [1]**  31/6
**cell [1]**  8/7
**CENTER [2]**  1/3 4/5
**certainly [4]**  5/16 10/18 22/8 26/16
**certified [1]**  31/7
**certify [1]**  31/4
**challenging [1]**  20/3
**chance [2]**  15/9 18/17
**change [3]**  14/4 14/9 22/21
**Chapter [1]**  18/2
**charges [1]**  21/21
**circuit [6]**  11/8 12/20 13/4 13/9 18/4
  27/12
**claims [1]**  13/1
**Clarkson [3]**  11/23 19/22 20/10 21/2
**Clarkson's [1]**  20/9
**Clause [6]**  7/5 9/21 17/7 17/8 25/22
  28/7
**clauses [1]**  28/1
**clear [9]**  7/11 9/21 16/14 19/18 19/20
  19/23 20/11 21/1 24/25
**clearly [3]**  18/11 19/9 20/24
**clients [2]**  22/5 22/11
**closes [1]**  8/5
**cluster [1]**  22/14
**come [4]**  12/23 24/2 27/24 28/24
**comes [1]**  21/17
**coming [3]**  15/24 27/14 27/22
**commander [1]**  15/12
**committed [1]**  22/22
**committing [1]**  27/4
**communicated [2]**  14/3 14/10
**communications [2]**  6/13 24/2
**community [3]**  5/22 5/24 16/15
**compel [4]**  10/14 10/17 17/7 19/14
**compelling [1]**  17/14
**completely [1]**  17/20
**compliance [1]**  18/19
**compliment [1]**  20/6
**comply [2]**  27/6 27/9
**complying [1]**  18/5
**concern [2]**  7/3 7/3
**concerned [1]**  22/9
**concerns [1]**  21/9 21/10

**concert [3]**  17/21 17/22 18/6
**concession [2]**  12/9 12/10
**concessions [2]**  12/1 12/23
**concluded [2]**  11/25 30/25
**conduct [1]**  18/3
**conducted [1]**  23/17
**confer [1]**  8/10
**conferral [2]**  14/21 15/1
**confirmed [1]**  14/24
**conflict [5]**  17/9 24/16 25/4 25/7 27/20
**conflicting [2]**  17/10 24/14
**conflicts [1]**  20/18
**conformed [1]**  31/7
**considered [1]**  28/7
**considering [1]**  26/16
**contains [1]**  24/19
**contemplate [1]**  23/7
**contemplates [1]**  23/9
**content [1]**  24/19
**continue [1]**  29/23
**contracts [2]**  18/21 18/24
**controlled [1]**  16/25
**controls [1]**  17/1
**convening [2]**  20/8 20/16
**Cooper [2]**  14/7 20/4
**copy [1]**  30/20
**correct [6]**  7/23 7/23 9/12 23/22 23/25
  31/5
**could [4]**  7/6 11/11 14/4 26/4
**couldn't [2]**  6/21 12/11 13/12
**counsel [16]**  2/15 2/22 4/7 6/6 6/7 7/15
  7/16 7/16 7/17 7/23 7/25 8/2 11/18 12/18
  13/1 14/11
**counties [3]**  6/6 6/9 28/12
**country [1]**  28/2
**county [46]**
**County's [3]**  8/3 10/20 20/12
**couple [1]**  9/14
**course [5]**  6/1 24/13 25/11 29/18 29/19
**court [54]**
**Court's [4]**  14/16 23/25 27/6 27/10
**Courthouse [1]**  3/6
**courts [3]**  18/4 19/7 19/8
**craft [1]**  9/18
**criminal [6]**  11/6 14/11 18/16 19/3 19/4
  19/6
**CRR [2]**  3/6 31/10
**CSR [2]**  3/6 31/10
**currently [4]**  16/11 17/10 25/9 27/13
**custody [1]**  5/25
**custom [2]**  25/13 29/1
**cv [4]**  1/4 1/9 4/5 4/6

**D**

**DA [7]**  12/1 12/10 14/11 14/22 16/4
  19/22 21/2
**dangerousness [1]**  21/11
**DAs [9]**  20/18 21/8 21/8 21/10 21/21
  21/24 22/2 22/15 22/19
**DATE [1]**  31/10
**day [5]**  8/5 20/4 27/4 27/7 27/15
**days [1]**  30/12
**deadlines [1]**  11/20
**Debbie [1]**  15/15
**decision [2]**  22/3 22/18

## D

declaration [9]  6/25 8/21 12/17 13/16 15/11 20/9 24/24 24/25 27/2
declarations [4]  10/21 11/21 20/24 24/3
declaring [1]  9/21
declined [2]  12/21 14/9
defendant [1]  26/7
defendants [7]  1/7 1/12 2/10 4/12 4/13 13/21 17/19
Defender [1]  4/9
defense [3]  6/7 14/11 16/4
Defiance [1]  10/16
defined [1]  25/3
delay [1]  21/11
deliberately [2]  28/10 28/10
DELORES [1]  1/11
denial [1]  15/1
denied [1]  19/14
Department [1]  2/11
described [5]  12/4 12/5 12/8 12/9 13/8
designed [1]  17/1
detailed [2]  11/21 19/3
detainees [3]  9/23 25/2 26/14
detaining [1]  10/16
detention [1]  8/24
determination [1]  17/8
did [8]  6/4 7/9 13/1 13/3 13/8 13/10 14/4 15/5
didn't [3]  12/2 12/24 13/11
different [5]  5/19 10/12 11/4 12/14 30/15
direct [1]  27/20
directed [3]  5/20 19/11 25/9
directives [2]  5/19 6/1
directly [3]  11/7 19/2 24/14
DISABILITY [3]  2/3 2/4 4/10
disagree [1]  26/3
discharge [4]  15/17 15/19 16/13 27/10
discharged [1]  16/19
discuss [1]  8/6
discussed [1]  18/13
disobey [2]  12/12 13/12
dispute [1]  24/7
distribution [1]  6/11
district [18]  1/1 1/2 1/19 3/1 3/6 4/17 6/7 6/18 6/24 7/16 8/1 11/23 12/19 16/4 19/7 19/19 22/20 29/7
disturbing [1]  27/18
Division [1]  2/12
do [29]  6/21 12/2 12/2 12/21 13/4 13/14 13/17 14/9 17/9 17/22 18/3 18/9 18/9 20/10 20/12 23/4 23/8 25/20 25/22 26/4 26/13 26/18 28/15 28/19 28/25 29/2 29/5 29/19 30/15
document [1]  8/4
documents [1]  14/4
does [6]  7/18 10/6 13/16 19/11 25/12 26/5
doesn't [6]  18/20 22/15 28/3 28/23 29/1 29/16
doing [2]  17/21 18/25
DOJ [1]  19/3
don't [11]  5/6 5/13 8/12 12/24 15/25 16/15 19/20 21/24 22/12 26/19 29/2
done [2]  20/25 28/13

down [3]  16/9 16/24 29/18
dozen [2]  9/13 9/14
Dr. [2]  20/6 20/16
Dr. Pinals [2]  20/6 20/16
drafted [1]  11/5
draw [1]  8/21
drive [2]  21/25 21/25
DRO [4]  11/24 11/25 14/7 14/21
DRO's [1]  11/22
during [1]  11/4
duty [1]  26/17

## E

each [1]  25/5
earlier [1]  29/14
ECF [1]  24/25
effectuate [1]  26/9
either [1]  5/21
element [1]  25/18
elements [2]  17/12 18/7
else [6]  8/13 10/2 18/2 20/17 20/19 22/15
email [2]  8/4 20/12
emails [1]  14/24
embodied [1]  25/13
Emily [1]  14/7
emotional [1]  10/17
empty [1]  12/13
end [1]  27/10
enforcement [1]  28/12
engagement [2]  20/1 20/14
ensure [1]  7/11
entered [1]  11/13
entire [1]  9/9
entities [2]  17/20 18/22
entitled [1]  31/6
entity [1]  25/22
equipment [1]  26/21
essentially [3]  6/21 7/5 13/9
established [1]  28/15
et [6]  1/3 1/6 1/8 1/11 4/5 4/6
even [1]  18/8
every [5]  24/17 24/19 25/6 25/22 27/14
everybody [2]  20/17 25/24
everyone [3]  5/1 20/19 20/23
ex [1]  27/23
exactly [1]  28/25
example [2]  16/17 21/14
exception [1]  15/14
Exhibit [1]  8/3 20/12
Exhibit 5 [1]  20/12
existence [1]  25/21
explained [1]  13/23
explicitly [1]  25/1
extended [2]  6/5 8/2
extension [2]  5/22 5/23
extra [1]  24/19
extraordinary [1]  29/13
eyeballs [1]  22/2

## F

facilities [4]  16/9 16/13 16/24 26/22
facility [3]  15/18 15/19 28/17
fact [3]  14/23 19/21 19/23
facts [1]  10/18

factual [2]  5/7 10/7
failed [1]  11/11
fairly [2]  8/19 21/10
faith [1]  25/23
far [1]  15/4
fast [1]  29/20
father [1]  16/20
federal [7]  7/7 9/22 11/2 17/14 24/14 27/16 28/6
Federalism [1]  19/7
federalist [1]  28/5
feel [1]  28/20
feels [1]  18/19
few [2]  15/10 18/14
fight [1]  30/11
figure [2]  22/10 24/6
file [3]  11/11 14/8 22/21
filed [7]  7/10 7/19 8/5 8/22 10/14 10/25 27/2
filing [1]  27/3
Finally [2]  18/8 19/1
find [2]  17/3 18/9
first [6]  2/22 7/4 10/25 15/11 18/13 25/11
flexibility [2]  28/11 29/19
Flowing [1]  15/2
focus [1]  10/22
follow [1]  18/5
following [1]  20/19
foregoing [1]  31/4
forever [1]  30/5
forth [1]  30/6
forward [1]  30/4
frame [1]  25/24
frames [1]  11/9
frankly [1]  20/2
FRCP [3]  17/12 17/18 18/7
free [1]  29/11
frequently [2]  15/3 21/10
front [8]  4/21 9/10 9/16 23/19 24/1 24/7 29/24 30/1
fruitless [1]  11/25 13/17
fulfill [1]  26/2
fulfilled [1]  8/9
further [1]  13/25
futile [1]  13/17

## G

Garza [4]  2/17 2/18 4/18 22/25
general [1]  9/20
get [12]  7/13 12/24 14/20 15/21 19/25 20/10 21/10 21/24 22/7 24/11 29/9 30/10
give [1]  8/6
given [4]  15/9 18/17 25/21 25/22
global [1]  7/3
go [11]  5/13 13/4 14/18 15/25 18/23 23/16 28/21 28/23 28/23 28/25 29/15
goes [1]  30/5
going [16]  5/1 7/2 7/11 15/3 15/20 16/5 20/22 21/1 24/4 26/11 29/10 30/4 30/4 30/10 30/14 30/14
gone [1]  9/5
good [4]  4/8 5/5 25/23 29/18
got [3]  26/9 26/13 30/12
governmental [1]  17/20

(3) declaration - governmental

**G**

governs [1]  7/5
granted [1]  5/22
Grove [1]  2/19
guess [4]  4/22 16/20 21/23 22/10
guideline [1]  5/9 5/15
guidelines [2]  5/12 9/6

**H**

had [6]  5/8 5/19 15/4 20/7 20/14 20/16
hands [1]  12/11
happen [5]  16/5 28/14 29/1 29/17 30/12
happened [2]  12/16 28/19
happens [1]  21/22
happy [1]  10/7
hard [2]  13/24 20/23
harms [1]  19/8
has [19]  9/5 9/5 10/20 14/13 15/13 18/5
19/3 19/21 20/7 20/24 23/8 23/10 25/16
26/9 26/13 26/15 27/3 27/19 28/9
hasn't [1]  28/18
have [31]  4/21 5/1 8/15 8/17 8/23 10/8
11/20 13/9 14/4 17/10 17/12 18/7 18/23
19/24 22/19 23/23 24/1 24/2 24/3 26/8
26/11 26/20 27/5 27/5 28/5 28/14 28/24
29/6 29/24 30/4 30/8
haven't [4]  13/15 15/23 23/12 28/18
having [2]  15/15 29/16
he [2]  15/6 16/19
Health [1]  15/15
hear [2]  5/3 23/6
heard [3]  15/23 24/11 25/8
hearing [3]  9/18 16/19 16/21
heavily [1]  22/6
held [1]  16/8
her [7]  11/24 12/11 12/17 13/16 14/24
15/8 29/9
here [13]  4/4 4/20 5/13 10/13 10/25 15/1
18/10 18/25 19/7 19/9 24/16 29/9 29/14
hereafter [1]  28/8
high [2]  16/23 17/3
high-needs [2]  16/23 17/3
highlight [1]  15/10
Hillsboro [1]  2/23
him [2]  16/20 16/21
his [4]  9/6 16/18 16/19 16/21
history [2]  9/8 9/9
hold [1]  9/22
holding [1]  6/20
Honor [22]  4/11 4/24 5/17 6/23 7/20 8/8
8/11 8/20 9/17 9/17 9/25 10/4 10/6 10/11
12/7 19/17 22/3 22/9 22/17 23/5 24/18
30/19
HONORABLE [1]  1/18
Horst [1]  2/7
hospital [18]  7/12 7/13 13/22 15/13
15/17 16/12 16/14 16/18 18/18 18/21
18/23 24/21 25/13 26/7 26/8 27/3 27/14
28/14
how [12]  12/4 12/8 12/8 13/23 14/5
19/20 20/7 20/21 28/12 29/12 29/19 30/4
However [1]  14/15

**I**

I'd [3]  14/16 21/4 24/10

I'll [8]  4/22 5/3 10/10 12/6 26/19 28/25
29/23 30/20
I'm [15]  5/1 10/7 10/13 12/7 13/4 13/10
15/20 21/1 22/5 22/10 22/15 28/22 30/2
30/2 30/4
I've [3]  4/20 13/18 18/18
identified [3]  15/16 15/17 17/19
ignores [1]  19/22
imagined [1]  30/13
immediate [1]  29/21
immediately [2]  28/24 30/3
impacted [1]  21/22
impacts [1]  22/16
impede [1]  25/2
implementation [1]  19/4
important [1]  16/3
imposed [1]  8/25
include [2]  6/13 17/1
included [2]  6/11 8/7
includes [2]  22/14 25/18
including [3]  5/23 11/14 20/13
incorporate [2]  19/22 30/20
incorrect [1]  16/10
indicate [1]  25/8
indicated [4]  6/3 9/7 11/18 24/24
indicates [1]  8/22
indication [1]  6/15
individual [8]  5/21 21/22 23/13 23/24
24/21 25/5 25/6 26/7
individualized [1]  7/3
individuals [11]  5/8 5/19 5/25 11/19
15/16 15/16 16/17 16/24 17/4 20/5 22/7
informed [1]  11/24
initial [1]  27/24
initiated [1]  7/2
inpatient [1]  27/11
inquire [1]  6/2
inquiries [2]  6/4 6/5
inquiry [1]  23/15
instance [1]  25/6
instructions [1]  16/14
intend [1]  22/6
interested [1]  6/2
interim [1]  5/20
intervene [3]  19/2 19/4 19/6
intrusive [4]  17/15 18/10 18/11 19/12
involve [1]  22/15
involved [15]  19/19 19/23 19/24 19/24
20/13 20/17 21/2 21/7 21/13 21/23 22/2
22/6 23/18 24/8 29/21
involvement [2]  16/2 16/3
involves [1]  21/18
is [61]
isn't [3]  26/11 29/18 30/14
issue [26]  6/12 8/15 8/16 8/18 9/21 9/22
10/22 14/13 14/20 17/11 18/8 18/14 19/6
19/20 21/3 21/17 22/1 22/2 22/8 22/22
24/17 26/10 27/15 27/18 28/9 28/23
issued [4]  5/9 9/25 24/1 24/20
issues [13]  10/12 10/23 11/4 11/14 14/1
16/22 17/16 20/5 20/7 21/18 22/6 22/14
30/7
it [57]
it's [25]  5/13 5/14 8/4 8/12 12/13 16/4
16/14 18/10 18/19 19/9 20/25 21/8 21/10

21/21 22/19 24/25 25/13 26/22 27/15
27/18 28/3 28/4 29/20 29/20 30/12
its [5]  11/13 13/10 22/21 26/2 26/2

**J**

jail [2]  7/13 15/11
jails [1]  26/21
Jane [2]  2/14 4/14
January [1]  29/11
JAROD [1]  1/8
Jesse [2]  2/7 4/8
John [2]  2/21 4/19
judge [18]  1/19 11/5 11/7 11/8 11/14
15/5 15/7 15/7 16/3 16/18 16/25 18/16
20/2 22/18 22/23 23/15 23/24 29/6
judges [10]  2/17 4/18 6/6 7/17 7/24 14/5
14/8 14/14 29/7 29/9
judicial [1]  14/3
July [14]  5/7 5/10 5/23 6/3 9/22 11/13
11/16 11/18 15/16 20/21 20/21 25/4 25/6
26/9
July 2023 [1]  25/4
July 3rd [10]  5/10 5/23 6/3 9/22 11/13
11/16 20/21 20/21 25/6 26/9
just [17]  8/21 10/6 10/21 13/7 15/5
15/20 16/4 19/17 22/19 24/11 26/4 27/1
27/9 29/10 29/14 30/4 30/8
Justice [1]  2/11

**K**

keep [2]  21/6 30/14
Keith [3]  2/17 2/18 4/18
kill [2]  16/19 16/20
kind [1]  12/25
know [15]  8/12 10/20 12/5 12/24 13/11
13/14 13/23 19/20 20/15 23/9 28/3 29/2
29/2 29/14 30/16
Krieger [1]  3/2

**L**

laid [1]  20/24
language [2]  25/1 26/4
large [1]  5/24
larger [1]  24/8
Larson [1]  15/12
last [3]  11/1 15/5 17/16
late [1]  5/7
later [2]  7/10 29/4
law [9]  2/18 10/19 17/23 18/6 18/20
19/11 25/23 28/6 28/12
lawful [1]  18/6
learn [1]  29/17
learned [1]  7/1
least [5]  17/15 18/10 21/8 27/13 28/11
least-intrusive [2]  17/15 18/10
leave [1]  28/11
led [1]  23/18
left [1]  28/9
legal [5]  2/15 10/23 17/11 17/17 17/25
legally [1]  17/19
less [1]  19/12
less-intrusive [1]  19/12
lesser [1]  18/11
lesser-intrusive [1]  18/11
let [2]  21/4 26/19

**L**

let's [3]  12/3 13/21 21/6
Levi [2]  2/7
light [1]  19/10
like [12]  8/6 10/21 14/16 15/5 15/7
18/22 18/24 21/13 23/5 24/10 28/4 29/13
likely [2]  14/1 18/15
limit [1]  27/11
list [2]  5/8 6/11
litigator [1]  15/3
little [4]  4/21 5/3 14/17 24/5
live [1]  27/15
LLP [1]  2/7
longer [1]  28/21
look [2]  21/5 30/21
loss [1]  22/15
lot [2]  10/12 15/14
LR7 [1]  14/20

**M**

made [10]  6/12 8/8 15/13 17/9 19/18
19/20 19/23 20/11 22/3 22/18
main [1]  6/12
make [7]  6/4 12/1 12/22 13/5 21/1 21/14
28/14
making [1]  21/5
manage [1]  16/6
managed [1]  16/1
Mansfield [2]  2/21 4/19
many [1]  9/13
March [2]  11/1 17/16
MARION [40]
Market [1]  2/12
matter [3]  10/18 14/12 25/11
matters [2]  5/21 18/22
MATTEUCCI [1]  1/11
may [3]  10/8 12/12 29/17
maybe [2]  29/13 29/14
me [20]  4/21 7/23 8/4 8/6 8/8 8/11 8/17
9/10 9/16 17/11 21/4 21/6 22/11 22/13
26/10 26/16 27/19 28/24 29/24 30/1
mean [4]  7/18 20/25 21/24 22/16
meaningful [2]  14/21 14/25
mediate [14]  11/7 11/10 11/23 12/11
12/13 12/13 13/11 14/23 14/24 15/3
18/14 24/7 29/5 29/18
mediated [2]  11/3 11/14
mediating [3]  6/2 21/17 29/7
mediation [45]
mediations [5]  7/11 23/11 23/12 23/17
23/23
mediator [1]  15/7
meeting [6]  6/17 12/18 13/19 13/23
14/7 20/8
member [1]  4/6
mentioned [1]  29/25
Merrithew [3]  2/7 2/7 4/8
met [2]  17/13 18/7
Metropolitan [1]  4/9
MICHAEL [1]  1/18
microphone [1]  5/4
mid [2]  11/18 16/21
might [4]  6/16 12/10 23/14 28/13
MINK [2]  1/6 4/6
minute [1]  15/21

**MO** [4]  1/4 1/9 4/5 4/6
model [4]  25/14 25/18 25/18 26/4
moment [1]  15/21
monitor [1]  19/4
months [3]  20/2 29/4 30/12
moot [1]  14/1
more [10]  5/6 8/22 8/24 9/14 14/17
15/23 19/20 27/13 27/14 30/2
MOSMAN [1]  1/18
most [1]  26/18
motion [17]  7/10 7/19 8/5 8/6 10/7
10/13 10/13 10/16 10/17 11/1 11/11
14/22 15/2 17/7 19/10 19/14 22/21
motions [2]  12/20 14/8
move [4]  19/5 26/12 26/15 28/16
moved [1]  19/3
Mr [5]  2/4 2/7 2/17 2/21 3/1
Mr. [8]  4/22 13/18 16/10 19/16 20/4
20/13 22/25 24/10
Mr. Garza [1]  22/25
Mr. Stenson [6]  4/22 13/18 16/10 20/4
20/13 24/10
Mr. Williams [1]  19/16
Ms [3]  2/10 2/11 2/14
Ms. [4]  20/4 20/9 20/10 26/25
Ms. Clarkson [1]  20/10
Ms. Clarkson's [1]  20/9
Ms. Cooper [1]  20/4
Ms. Scott [1]  26/25
much [9]  5/6 10/1 12/9 16/5 19/15 19/20
21/1 21/13 27/17
multiple [1]  19/12
must [3]  17/24 18/2 26/12
muted [1]  10/15
my [14]  7/22 8/7 8/9 10/3 13/8 14/13
20/12 24/24 25/10 27/21 28/2 28/11
28/13 30/13

**N**

name [1]  4/7
nature [1]  19/10
need [6]  16/8 16/12 16/15 16/15 16/24
30/20
needing [1]  15/17
needs [6]  16/23 17/3 18/9 18/17 18/23
20/15
neither [1]  29/15
never [2]  13/18 29/3
next [1]  5/4
no [16]  1/4 1/9 7/8 7/9 8/10 10/6 11/2
11/15 17/17 17/17 17/25 18/1 19/5 22/5
23/23 28/21
nobody [2]  7/11 8/8
non [1]  30/11
non-release [1]  30/11
nonparty [3]  17/13 18/9 19/12
normal [1]  29/10
not [66]
noted [1]  26/4
notes [1]  27/3
nothing [3]  10/3 18/24 23/1
notice [2]  27/23 30/10
notices [2]  27/4 27/8
now [6]  9/4 11/1 12/25 13/5 27/9 29/24
number [4]  5/25 8/7 17/3 19/6

numerous [1]  25/14

**O**

o0o [1]  31/2
Oak [1]  2/19
obligated [1]  12/2
obligation [2]  8/9 25/22
obligations [1]  26/2
obviously [1]  22/18
occur [1]  17/5
occurred [1]  20/9
odd [1]  22/20
offer [1]  8/2
offered [1]  8/9
office [5]  2/18 4/15 18/2 18/5 19/13
Official [1]  31/11
Oh [1]  12/7
OHA [3]  5/7 26/4 26/19
Okay [1]  16/1
once [1]  20/6
one [23]  8/10 9/4 9/4 9/5 9/10 12/3 15/4
16/17 20/17 20/19 21/8 22/12 24/13
24/23 26/12 26/14 27/13 27/18 28/10
29/6 29/13 29/14 29/25
ones [3]  16/8 24/2 29/25
only [6]  9/24 14/10 18/3 24/2 24/5 29/20
open [2]  6/16 20/13
opponent [1]  21/5
opportunity [1]  8/10
oppose [1]  10/7
oral [2]  1/16 4/4
order [58]
ordered [9]  11/8 16/21 17/22 18/4 18/12
25/16 26/15 26/18 28/18
ordering [1]  18/9
orders [29]  5/16 6/22 8/25 9/16 9/23
9/25 12/21 14/3 14/5 14/9 15/14 17/9
17/10 18/4 24/14 24/16 25/4 25/4 25/7
25/9 25/14 27/7 27/8 27/11 27/22 27/23
28/1 28/1 28/7
OREGON [10]  1/2 1/3 1/12 2/4 2/4 2/11
4/5 4/11 24/20 25/12
original [6]  9/2 9/4 9/6 9/9 30/1 31/6
origins [1]  21/9
ORS [1]  18/2
Osborne [1]  27/2
OSH [6]  11/7 21/25 28/16 28/22 28/25
29/8
other [8]  17/6 18/22 18/22 21/18 23/1
24/19 26/20 27/19
others [2]  9/13 9/15
Otherwise [1]  10/3
our [7]  6/13 7/10 11/1 15/11 19/3 19/25
20/25
out [14]  7/15 7/18 9/1 11/2 20/22 20/24
22/10 22/23 24/6 27/1 27/14 27/22 29/12
29/25
outlined [2]  15/9 18/17
outside [1]  18/8
over [3]  6/1 11/4 20/1
overall [1]  23/20
overrule [1]  19/1
overstayed [3]  5/9 5/19 8/23
overturn [1]  6/22
own [3]  13/10 18/19 19/8

**P**

**p.m [2]** 4/2 30/25
**P.O [2]** 2/15 2/18
**page [1]** 6/25
**paragraph [1]** 27/3
**parameters [3]** 5/9 5/23 8/23
**participant [1]** 17/24
**participants [1]** 13/23
**participated [1]** 13/19
**participating [1]** 6/16
**participation [1]** 18/15
**particular [3]** 21/15 22/7 23/19
**parties [8]** 11/3 11/6 11/10 11/11 17/2
 17/21 18/13 18/15
**party [1]** 26/18
**past [6]** 9/5 11/9 11/20 15/8 16/8 16/18
**patient [2]** 18/23 27/13
**patients [4]** 8/22 11/8 16/11 27/10
**pause [1]** 15/20
**Penzance [1]** 5/13
**people [18]** 6/2 6/16 7/12 7/13 9/10 16/7
 20/22 21/25 22/12 23/18 24/7 25/10
 25/17 26/21 28/22 29/5 29/17 29/21
**per [3]** 15/15 16/13 18/6
**period [3]** 20/2 20/15 20/20
**permission [1]** 14/16
**person [4]** 21/15 28/4 28/16 30/12
**petition [1]** 12/19
**phone [3]** 7/17 8/7 20/3
**physically [1]** 26/12
**pick [2]** 24/10 28/22
**picked [1]** 30/3
**pieces [1]** 24/15
**Pinals [2]** 20/6 20/16
**Pirates [2]** 5/13 5/14
**pitch [1]** 21/14
**place [7]** 7/5 7/10 9/24 17/2 22/12 26/13
 26/14
**placement [1]** 16/22
**placements [1]** 17/3
**plaintiff [2]** 2/3 29/8
**plaintiffs [4]** 1/4 1/9 19/22 25/21
**plaintiffs' [3]** 10/13 17/6 17/23
**plan [2]** 29/3 29/6
**plans [1]** 16/19
**play [3]** 20/22 26/2 29/12
**pleading [1]** 9/11
**pleadings [2]** 10/4 24/24
**please [2]** 4/7 8/6
**point [11]** 4/25 6/20 7/8 7/9 13/12 15/10
 16/22 22/11 27/1 27/25 28/10
**pointed [1]** 11/1
**points [1]** 19/17
**police [1]** 16/20
**Portland [5]** 1/12 2/5 2/8 2/13 3/7
**position [7]** 8/14 9/14 19/22 20/11
 22/19 22/21 25/10
**possible [3]** 19/8 19/9 27/24
**post [1]** 13/19 20/8 20/16
**post-mediation [3]** 13/19 20/8 20/16
**Potter [2]** 2/10 4/13
**powerful [1]** 28/4
**practice [4]** 25/13 26/22 28/15 29/1
**precludes [2]** 18/25 24/21
**predicate [2]** 8/15 29/16

**predicates [1]** 5/7
**prefer [1]** 21/4
**premature [3]** 15/2 17/8 19/10
**present [2]** 12/18 16/6
**presented [1]** 19/21
**presently [1]** 10/23
**preside [1]** 6/23
**principal [1]** 21/9
**prior [6]** 12/1 12/23 13/6 23/10 24/25
 25/15
**prisoners [1]** 26/16
**proceed [1]** 7/2
**proceedings [3]** 1/17 30/25 31/5
**process [7]** 9/6 15/8 16/25 17/4 18/16
 19/8 22/23
**professional [1]** 21/6
**prohibit [2]** 26/6 27/7
**prohibiting [1]** 27/12
**prohibits [2]** 26/5 26/7
**proposed [1]** 23/18
**protected [1]** 7/14
**provided [2]** 11/10 25/15
**provision [4]** 11/5 11/9 11/15 24/5
**Public [1]** 4/9
**purpose [2]** 25/1 26/23
**pursuant [3]** 25/2 25/17 27/7
**put [1]** 16/3

**Q**

**question [2]** 12/6 13/8
**questions [3]** 10/8 17/17 23/2
**quickly [2]** 14/2 14/20 30/8
**quite [2]** 13/8 20/2
**quote [1]** 17/24

**R**

**radio [1]** 27/5
**raised [3]** 10/12 20/5 21/10
**rather [1]** 19/1
**ray [1]** 18/23
**reached [2]** 7/15 7/18
**read [2]** 10/20 14/6
**ready [1]** 29/21
**really [8]** 10/21 13/11 14/20 15/24 16/2
 16/23 20/23 30/11
**reason [3]** 18/3 19/5 24/22
**recall [1]** 13/17
**receipt [1]** 22/15
**receive [1]** 20/3
**received [1]** 27/5
**recess [2]** 30/23 30/24
**recitation [1]** 10/15
**recognize [1]** 5/17
**recollection [1]** 7/22
**record [3]** 4/7 8/4 31/5
**reference [1]** 11/15
**referenced [1]** 29/14
**referring [2]** 12/22 13/17
**reflected [1]** 6/24 20/8
**refused [2]** 11/10 14/22
**regarding [4]** 9/9 10/13 10/23 11/21
**regimen [1]** 27/21
**related [1]** 9/8
**relative [1]** 24/19
**releasable [1]** 25/25

**release [5]** 21/11 22/14 25/2 27/21
 30/11
**released [6]** 5/22 21/15 22/7 22/8 26/12
 30/11
**relevant [1]** 25/23
**relief [1]** 9/18
**reluctantly [1]** 28/24
**remained [1]** 5/25
**remarkably [2]** 27/18 27/20
**removed [1]** 26/8
**removing [3]** 24/21 26/5 26/6
**reply [2]** 23/4 24/11
**REPORTER [2]** 3/6 31/11
**request [3]** 11/22 19/25 21/11
**requested [1]** 11/19
**require [1]** 18/20
**required [1]** 27/4
**requirement [1]** 18/1
**requirements [1]** 29/16
**requires [5]** 14/15 14/21 15/22 16/6
 19/7
**requiring [3]** 27/10 30/2 30/2
**residential [3]** 11/5 15/18 16/13
**resolution [1]** 9/16
**resolve [3]** 7/8 14/12 15/6
**resolved [1]** 5/21 14/2 18/15
**respect [2]** 17/6 17/18
**response [7]** 10/20 11/1 11/22 20/12
 20/25 23/6 27/5
**responsibilities [1]** 28/6
**responsibility [2]** 28/14 29/22
**responsibly [1]** 14/2
**rest [1]** 10/3
**restoration [2]** 5/24 27/11
**restrictive [6]** 8/25 9/15 24/18 25/1
 27/22 28/1
**returned [2]** 25/25 26/1
**reverse [1]** 13/10
**review [1]** 25/23
**reviewed [1]** 4/21
**right [11]** 6/14 7/21 10/1 13/5 13/7 21/9
 21/11 21/15 24/9 27/8 28/16
**rights [6]** 2/3 2/4 4/11 7/12 7/12 28/5
**ripe [3]** 27/15 29/3 29/3
**rise [1]** 30/24
**RMR [2]** 3/6 31/10
**role [1]** 26/2
**Room [1]** 3/7
**routine [2]** 26/17 26/22
**rule [2]** 8/9 15/15

**S**

**S.W [5]** 2/5 2/8 2/12 3/2 3/7
**said [6]** 6/19 13/2 13/3 13/25 15/21
 18/18
**Salem [1]** 2/16
**same [4]** 7/24 8/2 17/16 27/6
**say [9]** 8/13 13/1 13/8 13/8 13/10 13/16
 21/7 21/23 26/10
**saying [3]** 12/14 14/25 25/24
**says [1]** 13/17
**schedule [2]** 25/3 25/17
**scheduled [2]** 7/9 20/18
**scheduling [1]** 20/18
**scoot [1]** 5/4

**S**

**Scott [4]**  2/11 4/12 14/8 26/25
**seated [1]**  5/1
**second [3]**  11/13 13/7 20/19
**secure [1]**  16/24
**secured [3]**  15/18 16/12 16/15
**see [5]**  8/3 13/21 23/18 30/4 30/9
**seeing [1]**  16/8
**seek [1]**  13/9
**seemed [1]**  8/19
**seems [4]**  9/18 9/24 26/10 26/16
**seizing [1]**  10/16
**semantic [1]**  26/10
**Senate [1]**  19/5
**send [1]**  30/20
**SENIOR [1]**  1/19
**sent [2]**  5/8 14/24
**separate [1]**  17/20
**separately [1]**  11/24
**September [9]**  1/11 4/2 5/10 11/9 11/20
  15/12 16/22 25/3 31/9
**September 1st [1]**  11/9 11/20
**September 2022 [1]**  25/3
**sessions [2]**  6/21 20/16
**set [4]**  28/2 28/3 28/4 29/16
**setting [1]**  27/21
**settle [2]**  15/4 15/6
**seven [8]**  5/19 9/2 9/4 9/9 11/19 15/16
  20/5 30/1
**several [5]**  7/15 11/3 11/4 11/4 18/11
**she [27]**  6/19 6/19 6/21 12/2 12/10
  12/11 12/17 12/19 12/21 12/22 13/1 13/1
  13/3 13/3 13/8 13/9 13/10 13/11 13/11
  13/12 13/16 13/21 13/25 14/23 20/7
  20/11 20/11
**she'll [1]**  29/11
**she's [1]**  12/2
**Sheila [2]**  2/10 4/13
**sheriff [8]**  10/14 17/24 25/10 25/12
  25/17 26/1 26/6 26/17
**sheriff's [4]**  4/14 18/2 18/5 19/13
**sheriffs [6]**  18/20 18/21 26/23 28/15
  28/19 28/25
**short [2]**  29/8 29/21
**should [14]**  6/22 14/5 15/9 17/4 18/12
  18/13 23/9 25/25 25/25 28/7 28/13 29/13
  29/15 29/15
**shouldn't [1]**  21/15
**show [2]**  30/6 30/8
**Shumway [3]**  3/6 31/9 31/10
**side [1]**  29/15
**signature [2]**  31/7 31/7
**significant [2]**  5/24 28/5
**signing [1]**  31/4
**silence [1]**  27/5
**similar [1]**  6/23
**simple [2]**  27/18 27/20
**since [4]**  6/12 9/6 15/12 19/5
**sitting [1]**  29/17
**skilled [1]**  15/7
**slate [1]**  30/9
**small [2]**  17/3 19/6
**so [51]**
**society [1]**  28/5
**some [4]**  5/21 6/15 20/18 28/11

**somebody [4]**  26/9 26/12 26/13 26/15
**someone [6]**  9/5 22/1 26/1 26/8 28/16
  30/10
**something [7]**  12/14 17/21 18/10 20/11
  28/4 30/15 30/17
**somewhere [2]**  21/25 22/15
**soon [1]**  14/1
**sorry [2]**  5/14 12/7
**sort [3]**  8/14 20/22 23/20
**span [1]**  29/8
**speak [1]**  26/19
**specific [3]**  24/15 24/16 25/9
**specifically [6]**  13/18 14/21 20/17 24/20
  25/16 25/19
**spoke [3]**  7/17 7/22 7/25
**spring [1]**  15/8
**stab [1]**  30/18
**staff [1]**  26/20
**standing [1]**  27/7
**start [3]**  4/22 10/10 15/25
**started [2]**  5/12 20/1
**state [47]**
**State's [1]**  11/21
**stated [3]**  12/17 13/25 14/21
**statement [3]**  12/10 17/23 26/3
**states [5]**  1/1 1/19 3/6 15/12 28/5
**statutes [1]**  25/14
**statutory [1]**  18/1
**stay [3]**  5/1 11/8 16/21
**stays [1]**  25/24
**Stenson [8]**  2/4 4/10 4/22 13/18 16/10
  20/4 20/13 24/10
**step [3]**  12/3 16/9 16/24
**step-down [2]**  16/9 16/24
**still [5]**  8/22 13/22 18/8 29/4 30/1
**straightforward [1]**  8/19
**strange [1]**  24/6
**Street [3]**  2/8 2/12 3/2
**stuck [3]**  27/8 27/9 27/15
**stunned [1]**  20/3
**subject [3]**  4/21 9/15 17/13
**submit [2]**  15/1 30/16
**submitted [2]**  11/21 30/17
**subsequent [1]**  6/17
**substantial [1]**  6/20
**substantially [2]**  5/8 6/23
**substantive [2]**  8/15 8/18
**successful [2]**  20/1 20/14
**successfully [1]**  29/5
**Suite [4]**  2/5 2/8 2/22 3/2
**suited [1]**  23/14
**sum [1]**  24/3
**summarize [1]**  11/22
**supersede [1]**  7/6
**supersedes [1]**  9/23
**support [2]**  18/1 19/11
**supposed [1]**  29/12
**Supremacy [6]**  7/5 9/21 17/7 17/8 25/22
  28/7
**supreme [1]**  28/6
**sure [4]**  4/24 5/2 6/12 24/12
**swap [1]**  9/3
**system [2]**  30/13 30/14
**systemic [2]**  23/20 24/8

**T**

**table [5]**  21/19 21/20 23/9 23/10 23/10
**Tad [1]**  15/12
**take [5]**  7/9 12/3 29/22 30/17 30/21
**takes [3]**  30/5 30/5 30/13
**talk [5]**  14/16 15/22 20/7 20/20 30/7
**talked [6]**  13/18 13/21 14/22 15/11 20/4
  20/6
**talks [1]**  16/4
**Teams [2]**  13/19 20/8
**tell [3]**  13/3 14/5 22/13
**telling [1]**  22/11
**tentative [1]**  6/15
**tentatively [1]**  7/2
**Tenth [1]**  2/5
**terms [3]**  9/10 22/1 24/3
**than [5]**  12/14 19/1 23/1 27/13 27/19
**Thank [12]**  4/20 7/21 10/1 10/9 10/11
  14/19 19/15 22/24 23/3 26/24 27/17
  30/22
**that [178]**
**that's [25]**  6/23 7/23 8/14 9/1 9/6 12/4
  12/8 12/13 12/22 12/25 13/6 13/7 14/25
  15/13 20/8 20/25 22/3 22/17 22/20 23/20
  23/25 25/18 28/25 29/12 29/14
**their [17]**  8/23 8/24 10/15 10/17 11/20
  12/20 12/20 14/5 16/8 17/7 17/25 18/19
  19/8 22/2 22/12 27/11 29/22
**them [12]**  5/12 8/25 9/4 9/5 13/5 14/23
  18/5 18/25 24/22 26/10 28/22 30/2
**themselves [2]**  26/14 26/19
**then [18]**  5/10 6/17 9/5 9/13 11/1 11/3
  11/11 12/4 13/25 14/12 16/20 21/25
  22/13 28/23 30/7 30/9 30/12 30/13
**there [35]**
**there's [9]**  9/3 9/4 9/8 11/2 11/15 17/25
  18/24 19/5 29/19
**these [14]**  8/24 9/24 16/1 16/7 16/8
  16/14 16/23 16/24 17/1 17/3 17/15 17/17
  18/4 28/22
**they [19]**  5/16 10/25 14/24 16/6 16/12
  16/15 16/15 17/24 18/3 18/19 18/23 19/5
  26/12 26/18 26/20 27/23 27/24 28/19
  28/21
**they're [5]**  18/3 21/22 22/9 28/16 28/20
**thing [1]**  7/24
**things [1]**  15/10
**think [8]**  5/18 8/4 9/17 15/4 20/15 20/23
  22/20 28/9
**Third [1]**  3/7
**this [53]**
**Thomas [1]**  2/4
**those [13]**  5/21 5/25 6/4 6/5 6/20 6/22
  9/15 25/7 26/15 27/22 28/1 28/1 28/6
**though [1]**  16/22
**three [3]**  9/14 16/11 29/4
**through [5]**  11/6 20/7 20/20 22/23 23/24
**throw [1]**  21/2
**thwarting [1]**  10/16
**tied [1]**  12/11
**time [10]**  5/18 5/22 5/24 11/9 12/3 18/24
  25/24 26/1 27/6 29/8
**timelines [2]**  16/8 16/18
**times [1]**  7/15
**today [10]**  4/20 8/22 9/1 9/10 9/14 9/16

**T**

**today... [4]** 10/13 10/15 10/21 27/2
**told [3]** 14/23 16/18 29/10
**Tom [1]** 4/10
**too [2]** 5/6 15/4
**totals [1]** 24/3
**training [1]** 26/21
**transcript [3]** 1/17 31/5 31/6
**transfer [1]** 17/25
**transition [2]** 20/20 20/22
**transport [33]**
**transportation [5]** 14/13 19/19 21/3
 21/9 21/18
**transported [1]** 22/7
**transporting [1]** 24/22
**transports [1]** 15/13
**treated [1]** 27/19
**treatment [4]** 15/18 15/18 16/13 16/16
**Trial [1]** 2/12
**tried [2]** 6/2 29/23
**trigger [2]** 10/17 27/24
**triggered [1]** 16/23
**true [2]** 7/24 25/15
**try [4]** 21/2 29/20 29/20 30/19
**trying [3]** 22/10 22/13 29/18
**two [15]** 8/22 9/1 16/11 17/9 17/10
 17/17 19/17 20/4 20/16 24/15 25/4 25/7
 27/8 29/4 30/1
**typically [1]** 23/8

**U**

**ultimately [2]** 11/25 22/17
**unable [1]** 7/8
**uncited [1]** 17/25
**under [4]** 5/23 8/9 17/23 21/2
**underlying [4]** 11/6 14/11 17/2 18/16
**UNITED [3]** 1/1 1/19 3/6
**unless [3]** 23/2 23/5 26/13
**unlikely [1]** 14/12
**until [3]** 16/21 17/9 18/4
**up [15]** 5/4 12/23 15/24 22/2 24/2 24/10
 27/21 28/2 28/3 28/4 28/22 29/16 30/3
 30/6 30/8
**us [1]** 27/10
**use [1]** 26/22
**useful [1]** 7/4

**V**

**various [1]** 28/12
**vehicles [1]** 26/20
**versus [1]** 4/5
**very [14]** 5/5 10/1 10/15 11/21 19/15
 19/18 19/23 20/1 20/11 20/24 21/1 21/13
 27/17 28/15
**Vetto [2]** 2/14 4/14
**view [3]** 12/16 28/11 28/13
**violate [2]** 28/2 28/7
**violation [2]** 28/20 28/21
**void [1]** 28/8
**voided [1]** 18/4

**W**

**waiting [1]** 7/13
**walk [1]** 26/14
**want [13]** 5/6 5/13 15/10 19/16 20/6

21/1 21/18 21/20 27/9 28/3 29/9 30/11
30/17
**wanted [2]** 15/21 15/22
**wants [1]** 16/20
**was [40]**
**WASHINGTON [4]** 2/21 2/22 4/19 6/11
**wasn't [2]** 12/9 20/11
**way [5]** 12/5 19/21 23/4 24/6 28/2
**we [41]**
**we'd [1]** 29/4
**we'll [3]** 29/17 30/9 30/15
**we're [9]** 9/20 15/4 16/7 17/22 19/23
**we've [8]** 10/22 10/25 17/18 19/18 19/23
 22/22 23/1 25/15
**week [3]** 6/1 7/10 20/19
**weeks [5]** 11/4 30/5 30/6 30/13 30/13
**well [9]** 6/8 12/5 16/6 22/17 23/8 26/10
 27/23 28/15 29/17
**well-established [1]** 28/15
**Wells [1]** 15/15
**were [19]** 5/18 5/18 6/2 6/5 6/11 6/22
 7/8 7/14 11/20 12/11 13/21 14/1 14/4
 14/10 14/12 15/16 20/10 20/13 24/6
**weren't [1]** 24/7
**what [23]** 4/21 6/22 8/13 9/19 9/20
 10/23 12/16 12/22 13/1 13/4 13/8 13/11
 19/24 21/22 22/10 22/16 23/1 24/15
 24/15 28/25 29/2 29/3 29/4
**what's [5]** 6/24 9/14 24/4 29/3 29/3
**whatever [1]** 9/18
**when [11]** 12/22 14/21 14/23 16/19 19/8
 21/5 21/17 21/23 22/22 23/7 25/25
**where [5]** 9/24 10/22 10/22 12/25 16/22
**whether [9]** 7/4 7/5 7/6 9/15 12/23 22/1
 22/5 22/6 29/5
**whether those [1]** 9/15
**which [18]** 6/9 6/18 7/2 8/3 8/9 8/19
 8/22 9/24 11/5 11/14 12/2 19/11 20/23
 24/20 25/15 28/5 28/20 30/7
**while [5]** 6/19 10/12 10/15 12/10 13/10
**white [1]** 8/12
**who [21]** 5/8 5/19 7/13 7/13 8/23 9/5 9/5
 9/15 11/19 16/24 17/1 20/6 21/21 23/8
 23/8 23/9 23/10 25/24 29/6 30/6 30/6
**Whom [1]** 6/4
**why [2]** 15/25 25/18
**will [6]** 8/3 28/23 28/24 30/6 30/6 30/19
**Williams [3]** 3/1 4/16 19/16
**willing [5]** 6/19 12/11 13/4 13/11 30/7
**wish [2]** 4/23 23/4
**withdraw [1]** 12/20
**without [1]** 31/6
**witnessed [1]** 15/8
**won't [4]** 4/24 28/19 30/7 30/14
**wondering [1]** 29/4
**words [1]** 10/18
**work [5]** 14/25 15/9 18/17 30/8 30/14
**worked [1]** 22/23
**working [1]** 20/23
**works [2]** 13/24 18/14
**worth [2]** 29/20 29/20
**would [13]** 8/6 10/21 11/7 11/25 12/1
 12/23 13/12 14/1 14/23 23/5 24/5 26/2
 27/1

**wouldn't [3]** 12/22 13/9 14/25
**writing [2]** 8/15 8/17
**wrong [1]** 15/6

**X**

**X-ray [1]** 18/23

**Y**

**year [2]** 5/11 15/5
**yes [2]** 8/20 16/20
**yet [3]** 15/23 20/25 21/15
**you [61]**
**you'd [1]** 21/13
**you'll [3]** 28/24 30/8 30/16
**you're [7]** 21/5 21/7 21/23 22/11 22/13
 29/8 29/10
**you've [5]** 9/8 13/8 23/8 24/10 29/25
**your [44]**

# UNITED STATES DISTRICT COURT

**FOR THE DISTRICT OF** Oregon

### Form 1. Notice of Appeal from a Judgment or Order of a
### United States District Court

U.S. District Court case number: 3:02-cv-00339-AN

Notice is hereby given that the appellant(s) listed below hereby appeal(s) to the United States Court of Appeals for the Ninth Circuit.

Date case was first filed in U.S. District Court: 03/19/2002

Date of judgment or order you are appealing: 04/04/2024

Docket entry number of judgment or order you are appealing: 485

Fee paid for appeal? *(appeal fees are paid at the U.S. District Court)*

⦿ Yes   ○ No   ○ IFP was granted by U.S. District Court

**List all Appellants** *(List **each** party filing the appeal. Do not use "et al." or other abbreviations.)*

Marion County, Oregon

Is this a cross-appeal?  ○ Yes   ⦿ No

If yes, what is the first appeal case number?

Was there a previous appeal in this case?  ⦿ Yes   ○ No

If yes, what is the prior appeal case number? 23-35516

Your mailing address (if pro se):

City:         State:         Zip Code:

Prisoner Inmate or A Number (if applicable):

**Signature** /s/ Jane E. Vetto        **Date** 4/12/2024

*Complete and file with the attached representation statement in the U.S. District Court*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 1**                    **ER - 392**                    *Rev. 06/09/2022*

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT
### Form 6. Representation Statement

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form06instructions.pdf*

**Appellant(s)** *(List **each** party filing the appeal, do not use "et al." or other abbreviations.)*
Name(s) of party/parties:

Marion County, Oregon

Name(s) of counsel (if any):

Jane Vetto, County Counsel

Address: | 555 Court St. N.E., Suite 5242, P.O. Box 14500, Salem, OR 97309

Telephone number(s): | (503) 588-5220

Email(s): | jvetto@co.marion.or.us

Is counsel registered for Electronic Filing in the 9th Circuit?  ◉ Yes   ○ No

**Appellee(s)** *(List only the names of parties and counsel who will oppose you on appeal. List separately represented parties separately.)*
Name(s) of party/parties:

David Baden, in his official capacity as head of the Oregon Health Authority, and Dolores Matteucci, in her official capacity as Superintendent of the Oregon State Hospital

Name(s) of counsel (if any):

Carla A. Scott OSB #054725, Craig M. Johnson OSB #080902, and Sheila H. Potter OSB #993485

Address: | 100 SW Market Street, Portland, OR 97201

Telephone number(s): | (971) 673-1880

Email(s): | Carla.A.Scott@doj.state.or.us; Sheila.Potter@doj.state.or.us
Craig.M.Johnson@doj.state.or.us

*To list additional parties and/or counsel, use next page.*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 6**                    ER - 393                    *New 12/01/2018*

Continued list of parties and counsel: *(attach additional pages as necessary)*

**<u>Appellants</u>**

Name(s) of party/parties:

Name(s) of counsel (if any):

Address:

Telephone number(s):

Email(s):

Is counsel registered for Electronic Filing in the 9th Circuit?    ○ Yes    ○ No

**<u>Appellees</u>**

Name(s) of party/parties:

Disability Rights Oregon

Name(s) of counsel (if any):

Emily Cooper OSB #182254; Thomas Stenson OSB #152894; Jesse Merrithew OSB #074564

Address: 511 SW 10th Avenue, Suite 200, Portland, OR 97205;  610 SW Alder Street, Suite 415, Portland, OR 97205

Telephone number(s): (503) 243-2081; (971) 229-1241

Email(s): ecooper@droregon.org; tstenson@droregon.org; jesse@lmhlegal.com

Name(s) of party/parties:

Metropolitan Public Defender Services, Inc.; A.J. Madison

Name(s) of counsel (if any):

Jesse Merrithew OSB #074564

Address: 610 SW Alder Street, Suite 415, Portland, OR 97205

Telephone number(s): (971) 229-1241

Email(s): jesse@lmhlegal.com

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

Form 6                                  ER 2 394                        *New 12/01/2018*

# UNITED STATES DISTRICT COURT

**FOR THE DISTRICT OF** Oregon

### Form 1. Notice of Appeal from a Judgment or Order of a
### United States District Court

U.S. District Court case number: 3:02-cv-00339-AN

Notice is hereby given that the appellant(s) listed below hereby appeal(s) to the United States Court of Appeals for the Ninth Circuit.

Date case was first filed in U.S. District Court: 03/19/2002

Date of judgment or order you are appealing: 3/6/24; 7/3/23; 5/10/23; 9/1/22

Docket entry number of judgment or order you are appealing: 475, 416, 387,271

Fee paid for appeal? *(appeal fees are paid at the U.S. District Court)*

⦿ Yes    ○ No    ○ IFP was granted by U.S. District Court

**List all Appellants** *(List **each** party filing the appeal. Do not use "et al." or other abbreviations.)*

Marion County, Oregon

Is this a cross-appeal?  ○ Yes    ⦿ No

If yes, what is the first appeal case number?

Was there a previous appeal in this case?  ⦿ Yes    ○ No

If yes, what is the prior appeal case number? 23-35516

Your mailing address (if pro se):

City:                State:            Zip Code:

Prisoner Inmate or A Number (if applicable):

**Signature** /s/ Jane E. Vetto        **Date** 4/12/2024

*Complete and file with the attached representation statement in the U.S. District Court*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 1**            ER - 395            *Rev. 06/09/2022*

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT
### Form 6. Representation Statement

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form06instructions.pdf*

**Appellant(s)** *(List **each** party filing the appeal, do not use "et al." or other abbreviations.)*

Name(s) of party/parties:

Marion County, Oregon

Name(s) of counsel (if any):

Jane Vetto, County Counsel

Address: | 555 Court St. N.E., Suite 5242, P.O. Box 14500, Salem, OR 97309

Telephone number(s): | (503) 588-5220

Email(s): | jvetto@co.marion.or.us

Is counsel registered for Electronic Filing in the 9th Circuit?  ⦿ Yes   ◯ No

**Appellee(s)** *(List only the names of parties and counsel who will oppose you on appeal. List separately represented parties separately.)*

Name(s) of party/parties:

David Baden, in his official capacity as head of the Oregon Health Authority, and Dolores Matteucci, in her official capacity as Superintendent of the Oregon State Hospital

Name(s) of counsel (if any):

Carla A. Scott OSB #054725, Craig M. Johnson OSB #080902, and Sheila H. Potter OSB  #993485

Address: | 100 SW Market Street, Portland, OR 97201

Telephone number(s): | (971) 673-1880

Email(s): | Carla.A.Scott@doj.state.or.us; Sheila.Potter@doj.state.or.us
Craig.M.Johnson@doj.state.or.us

*To list additional parties and/or counsel, use next page.*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 6**                           ER - 396                           *New 12/01/2018*

Continued list of parties and counsel: *(attach additional pages as necessary)*

### Appellants

Name(s) of party/parties:

Name(s) of counsel (if any):

Address:

Telephone number(s):

Email(s):

Is counsel registered for Electronic Filing in the 9th Circuit?    ○ Yes    ○ No

### Appellees

Name(s) of party/parties:

Disability Rights Oregon

Name(s) of counsel (if any):

Emily Cooper OSB #182254; Thomas Stenson OSB #152894; Jesse Merrithew OSB #074564

Address: 511 SW 10th Avenue, Suite 200, Portland, OR 97205 ; 610 SW Alder Street, Suite 415, Portland, OR 97205

Telephone number(s): (503) 243-2081; (971) 229-1241

Email(s): ecooper@droregon.org; tstenson@droregon.org ; jesse@lmhlegal.com

Name(s) of party/parties:

Metropolitan Public Defender Services, Inc.; A.J. Madison

Name(s) of counsel (if any):

Jesse Merrithew OSB #074564

Address: 610 SW Alder Street, Suite 415, Portland, OR 97205

Telephone number(s): (971) 229-1241

Email(s): jesse@lmhlegal.com

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 6**                                    **ER 2 397**                                    *New 12/01/2018*

# UNITED STATES DISTRICT COURT

**FOR THE DISTRICT OF** Oregon

**Form 1. Notice of Appeal from a Judgment or Order of a
United States District Court**

U.S. District Court case number: 3:02-cv-00339-AN

Notice is hereby given that the appellant(s) listed below hereby appeal(s) to the United States Court of Appeals for the Ninth Circuit.

Date case was first filed in U.S. District Court: 03/19/2002

Date of judgment or order you are appealing: 04/04/2024

Docket entry number of judgment or order you are appealing: 485

Fee paid for appeal? *(appeal fees are paid at the U.S. District Court)*

⦿ Yes  ○ No  ○ IFP was granted by U.S. District Court

**List all Appellants** *(List **each** party filing the appeal. Do not use "et al." or other abbreviations.)*

Marion County, Oregon

Is this a cross-appeal? ○ Yes  ⦿ No

If yes, what is the first appeal case number?

Was there a previous appeal in this case? ⦿ Yes  ○ No

If yes, what is the prior appeal case number? 23-5516

Your mailing address (if pro se):

City:          State:          Zip Code:

Prisoner Inmate or A Number (if applicable):

**Signature** /s/ Jane E. Vetto  **Date** 04/05/2024

*Complete and file with the attached representation statement in the U.S. District Court*

Feedback or questions about this form? Email us at forms@ca9.uscourts.gov

**Form 1**          **ER - 398**          *Rev. 06/09/2022*

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT
### Form 6. Representation Statement

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form06instructions.pdf*

**Appellant(s)** *(List **each** party filing the appeal, do not use "et al." or other abbreviations.)*

Name(s) of party/parties:

Marion County, Oregon

Name(s) of counsel (if any):

Jane Vetto, County Counsel

Address: 555 Court St. N.E., P.O. Box 14500, Salem, OR 97309

Telephone number(s): (503) 588-5220

Email(s): jvetto@co.marion.or.us

Is counsel registered for Electronic Filing in the 9th Circuit?  ⦿ Yes  ◯ No

**Appellee(s)** *(List only the names of parties and counsel who will oppose you on appeal. List separately represented parties separately.)*

Name(s) of party/parties:

Patrick Allen
Dolores Matteucci

Name(s) of counsel (if any):

ELLEN F. ROSENBLUM
Attorney General
CARLA A. SCOTT #054725

Address: 100 SW Market Street, Portland, OR 97201

Telephone number(s): (971) 673-1880

Email(s): Carla.A.Scott@doj.state.or.us; Sheila.Potter@doj.state.or.us; Craig.M.J

*To list additional parties and/or counsel, use next page.*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 6**                    ER - 399                    *New 12/01/2018*

Continued list of parties and counsel: *(attach additional pages as necessary)*

## **Appellants**

Name(s) of party/parties:

Marion County, Oregon

Name(s) of counsel (if any):

Jane Vetto, County Counsel

Address: 555 Court St. N.E., P.O. Box 14500, Salem, OR 97309

Telephone number(s): (503) 588-5220

Email(s): jvetto@co.marion.or.us

Is counsel registered for Electronic Filing in the 9th Circuit?    ○ Yes    ○ No

## **Appellees**

Name(s) of party/parties:

Disability Rights Oregon

Name(s) of counsel (if any):

Emily Cooper OSB #182254; Thomas Stenson OSB #152894

Address: 511 SW 10th Avenue, Suite 200, Portland, OR 97205

Telephone number(s): (503) 243-2081

Email(s): ecooper@droregon.org; tstenson@droregon.org

Name(s) of party/parties:

Metropolitan Public Defender Services, Inc.; A.J. Madison

Name(s) of counsel (if any):

Jesse Merrithew OSB #074564

Address: 610 SW Alder Street, Suite 415, Portland, OR 97205

Telephone number(s): (971) 229-1241

Email(s): jesse@lmhlegal.com

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

# UNITED STATES DISTRICT COURT

**FOR THE DISTRICT OF** Oregon

### Form 1. Notice of Appeal from a Judgment or Order of a
### United States District Court

U.S. District Court case number: 3:02-cv-00339-AN

Notice is hereby given that the appellant(s) listed below hereby appeal(s) to the United States Court of Appeals for the Ninth Circuit.

Date case was first filed in U.S. District Court: 03/19/2002

Date of judgment or order you are appealing: 3/6/24; 7/3/23; 9/1/22

Docket entry number of judgment or order you are appealing: 475, 271, 204

Fee paid for appeal? *(appeal fees are paid at the U.S. District Court)*

◉ Yes  ○ No  ○ IFP was granted by U.S. District Court

**List all Appellants** *(List **each** party filing the appeal. Do not use "et al." or other abbreviations.)*

Marion County, Oregon

Is this a cross-appeal?  ○ Yes  ◉ No

If yes, what is the first appeal case number?

Was there a previous appeal in this case?  ◉ Yes  ○ No

If yes, what is the prior appeal case number? 23-5516

Your mailing address (if pro se):

City:              State:        Zip Code:

Prisoner Inmate or A Number (if applicable):

**Signature** /s/ Jane E. Vetto   **Date** 4/4/2024

*Complete and file with the attached representation statement in the U.S. District Court*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 1**                    **ER - 401**                    *Rev. 06/09/2022*

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT
## Form 6. Representation Statement

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form06instructions.pdf*

**Appellant(s)** *(List **each** party filing the appeal, do not use "et al." or other abbreviations.)*

Name(s) of party/parties:

Marion County, Oregon

Name(s) of counsel (if any):

Jane Vetto, County Counsel

Address: 555 Court St. N.E., P.O. Box 14500, Salem, OR 97309

Telephone number(s): (503) 588-5220

Email(s): jvetto@co.marion.or.us

Is counsel registered for Electronic Filing in the 9th Circuit?  ⦿ Yes  ◯ No

**Appellee(s)** *(List only the names of parties and counsel who will oppose you on appeal. List separately represented parties separately.)*

Name(s) of party/parties:

David Baden
Dolores Matteucci

Name(s) of counsel (if any):

ELLEN F. ROSENBLUM
Attorney General
CARLA A. SCOTT #054725

Address: 100 SW Market Street, Portland, OR 97201

Telephone number(s): (971) 673-1880

Email(s): Carla.A.Scott@doj.state.or.us; Sheila.Potter@doj.state.or.us; Craig.M.J

*To list additional parties and/or counsel, use next page.*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 6**          ER - 402          *New 12/01/2018*

Continued list of parties and counsel: *(attach additional pages as necessary)*

## **Appellants**

Name(s) of party/parties:

Marion County, Oregon

Name(s) of counsel (if any):

Jane Vetto, County Counsel

Address: 555 Court St. N.E., P.O. Box 14500, Salem, OR 97309

Telephone number(s): (503) 588-5220

Email(s): jvetto@co.marion.or.us

Is counsel registered for Electronic Filing in the 9th Circuit?  ○ Yes  ○ No

## **Appellees**

Name(s) of party/parties:

Disability Rights Oregon

Name(s) of counsel (if any):

Emily Cooper OSB #182254; Thomas Stenson OSB #152894

Address: 511 SW 10th Avenue, Suite 200, Portland, OR 97205

Telephone number(s): (503) 243-2081

Email(s): ecooper@droregon.org; tstenson@droregon.org

Name(s) of party/parties:

Metropolitan Public Defender Services, Inc.; A.J. Madison

Name(s) of counsel (if any):

Jesse Merrithew OSB #074564

Address: 610 SW Alder Street, Suite 415, Portland, OR 97205

Telephone number(s): (971) 229-1241

Email(s): jesse@lmhlegal.com

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

# U.S. District Court
## District of Oregon (Portland (3))
## CIVIL DOCKET FOR CASE #: 3:02-cv-00339-AN

Oregon Advocacy Center et al v. Mink et al
Assigned to: Judge Adrienne Nelson
Case in other court: 9th Circuit Court of Appeals, 19-35519
                 9th Circuit Court of Appeals, 20-35540
                 Ninth Circuit Court of Appeals, 23-35516
                 Ninth Circuit Court of Appeals, 24-02229
Cause: 28:1331 Federal Question: Other Civil Rights

Date Filed: 03/19/2002
Jury Demand: None
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**Oregon Advocacy Center**             represented by    **Emily R. Cooper**
Disability Rights Oregon
511 SW 10th Avenue
Suite 200
Portland, OR 98104
503-243-2081
Email: ecooper@droregon.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jesse A. Merrithew**
Levi Merrithew Horst LLP
610 SW Alder St.
Suite 415
Portland, OR 97205
971-229-1241
Fax: 971-544-7092
Email: jesse@lmhlegal.com
*ATTORNEY TO BE NOTICED*

**Kathleen L. Wilde**
Disability Rights Oregon
610 S.W. Broadway
Suite 200
Portland, OR 97205
503-243-2081
Fax: 503-243-1738
Email: kwilde@droregon.org
*TERMINATED: 05/09/2019*

**Sarah Dora Radcliffe**
Disability Rights Oregon
511 SW 10th Avenue
#516
Portland, OR 97205
5032432081

**ER - 404**

Fax: (503) 295-0676
Email: sradcliffe@droregon.org
*TERMINATED: 01/06/2021*

**Thomas Stenson**
Disability Rights Oregon
511 SW 10th Avenue
Suite 200
Portland, OR 97205
503-243-2081
Fax: 503-243-1738
Email: tstenson@droregon.org
*ATTORNEY TO BE NOTICED*

**David Boyer**
Disability Rights Oregon
511 SW 10th Avenue
Suite 200
Portland, OR 97205
503-243-2081
Fax: 503-243-1738
Email: dboyer@droregon.org
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Metropolitan Public Defenders Incorporated**             represented by **Jesse A. Merrithew**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kathleen L. Wilde**
(See above for address)
*TERMINATED: 05/09/2019*

**Plaintiff**

**A.J. Madison**             represented by **Jesse A. Merrithew**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kathleen L. Wilde**
(See above for address)
*TERMINATED: 05/09/2019*

V.

**Defendant**

**Bobby Mink**             represented by **Carla Scott**
*Director of the Department of Human*             Oregon Department of Justice
*Services, in his official capacity*             100 SW Market Street
*TERMINATED: 05/20/2019*             Portland, OR 97201
971-673-1880
Fax: 971-673-5000
Email: carla.a.scott@doj.state.or.us

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Craig M. Johnson**
Oregon Department of Justice
Assistant Attorney General
1162 Court St. NE
Salem, OR 97301
503-947-4700
Fax: 503-947-4792
Email: craig.m.johnson@doj.state.or.us
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Katherine Greene Georges**
Oregon Department of Justice
Trial Division / Special Litigation Unit
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700
Fax: (503) 947-4793
*TERMINATED: 05/17/2019*

**Renee R. Stineman**
Oregon Department of Justice
Trial Division
100 SW Market Street
Portland, OR 97201
971- 673-1880
Fax: 971-673-5000
Email: renee.stineman@doj.state.or.us
*TERMINATED: 01/03/2020*

**Richard D. Wasserman**
Department of Justice
Appellate Division
1162 Court Street, NE
Salem, OR 97310-4096
(503) 378-4402
Fax: (503) 378-4430
Email: richard.wasserman@doj.state.or.us
*TERMINATED: 05/17/2019*

**Sheila H. Potter**
Oregon Department of Justice
Trial Division
100 SW Market Street
Portland, OR 97201
971-673-1880
Fax: 971-673-5000
Email: sheila.potter@doj.state.or.us
*ATTORNEY TO BE NOTICED*

**Defendant**

**Stanley Mazur-Hart**
*Superintendent of Oregon State Hospital,*
*in his official capacity*
*TERMINATED: 05/20/2019*

represented by **Carla Scott**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Craig M. Johnson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Katherine Greene Georges**
(See above for address)
*TERMINATED: 05/19/2019*

**Renee R. Stineman**
(See above for address)
*TERMINATED: 01/03/2020*

**Richard D. Wasserman**
(See above for address)
*TERMINATED: 05/17/2019*

**Sheila H. Potter**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Patrick Allen**
*Director of the Department of Human*
*Services, in his official capacity*

represented by **Carla Scott**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Craig M. Johnson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Katherine Greene Georges**
(See above for address)
*TERMINATED: 05/17/2019*

**Renee R. Stineman**
(See above for address)
*TERMINATED: 01/03/2020*

**Sheila H. Potter**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Dolores Matteucci**
*Superintendent of Oregon State Hospital,*
*in his official capacity*

represented by **Carla Scott**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**ER - 407**

**Craig M. Johnson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Katherine Greene Georges**
(See above for address)
*TERMINATED: 05/17/2019*

**Renee R. Stineman**
(See above for address)
*TERMINATED: 01/03/2020*

**Sheila H. Potter**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**James Schroeder**                    represented by **Carla Scott**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Laurie Miller**                      represented by **Erin K. Olson**
*TERMINATED: 04/04/2024*                Law Office of Erin Olson, P.C.
1631 N.E. Broadway Street #816
Portland, OR 97232-1425
503-546-3150
Email: eolson@erinolsonlaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Ashley Rochetto**                    represented by **Erin K. Olson**
*TERMINATED: 04/04/2024*                (See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Andrew Limbeck**                     represented by **Erin K. Olson**
*TERMINATED: 04/04/2024*                (See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Washington County**                  represented by **John Mansfield**
Washington County Counsel
155 N First Ave, MS24
Ste 340
Hillsboro, OR 97124
503-846-8747
Email:
john_mansfield@washingtoncountyor.gov
*LEAD ATTORNEY*

**ER - 408**

*ATTORNEY TO BE NOTICED*

**Thomas A. Carr**
Washington County Counsel
155 N First Avenue
MS 24
Suite 340
Hillsboro, OR 97124
503-846-8605
Fax: 503-846-8636
Email: tom_carr@washingtoncountyor.gov
*TERMINATED: 09/01/2023*

<u>Amicus</u>

**Marion County**                    represented by **Scott A. Norris**
Marion County Legal Counsel
555 Court Street NE
PO Box 14500
Ste 5242
Salem, OR 97309
503-588-5220
Fax: 503-373-4367
Email: snorris@co.marion.or.us
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jane E. Vetto**
Marion County Legal Counsel
PO Box 14500
Salem, OR 97309
503-588-5220
Fax: 503-373-4367
Email: jvetto@co.marion.or.us
*TERMINATED: 06/10/2024*

<u>Amicus</u>

**Washington County District Attorney**    represented by **Billy Williams**
Best Best & Krieger LLP
360 SW Bond Street
Suite 400
Bend, OR 97702
541-382-3011
Email: billy.williams@bbklaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Josh Newton**
Best Best & Krieger LLP
360 SW Bond St., Ste. 400
Bend, OR 97702
541-382-3011
Fax: 541-388-5410
Email: josh.newton@bbklaw.com
*ATTORNEY TO BE NOTICED*

**Amicus**

**Clackamas County District Attorney**     represented by   **Billy Williams**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Josh Newton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Marion County District Attorney**     represented by   **Billy Williams**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Josh Newton**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Judge Matthew J. Donohue**     represented by   **Keith M. Garza**
Law Office of Keith M. Garza
PO Box 68106
Oak Grove, OR 97268
503-344-4766
Fax: 503-344-4767
Email: keithgarza@comcast.net
*ATTORNEY TO BE NOTICED*

**Amicus**

**Judge Audrey J. Broyles**     represented by   **Keith M. Garza**
*TERMINATED: 08/16/2023*                     (See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Judge Jonathan R. Hill**     represented by   **Keith M. Garza**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Judge Kathleen Proctor**     represented by   **Keith M. Garza**
*TERMINATED: 01/02/2024*                     (See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Judge Nan G. Waller**     represented by   **Keith M. Garza**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Legacy Emanuel Hospital & Health Center**

*assumed business name*
Unity Center for Behavioral Health

represented by **Emma P. Pelkey**
Epstein Becker & Green, P.C.
1050 SW 6th Avenue
Suite 1530
Portland, OR 97204
503-343-6478
Fax: 503-343-6476
Email: epelkey@ebglaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Eric J. Neiman**
Epstein Becker & Green, P.C.
1050 SW 6th Avenue
Suite 1530
Portland, OR 97204
503-343-6477
Fax: 503-343-6476
Email: eneiman@ebglaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas R. Johnson**
Stoel Rives LLP
760 S.W. Ninth Ave.
Suite 3000
Portland, OR 97205
503-220-2480
Email: tom.johnson@stoel.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alex Van Rysselberghe**
Stoel Rives LLP
760 S.W. Ninth Ave.
Suite 3000
Portland, OR 97205
503-294-9458
Email: alex.vanrysselberghe@stoel.com
*TERMINATED: 02/08/2023*

**Misha Isaak**
Stoel Rives LLP
760 S.W. Ninth Ave.
Suite 3000
Portland, OR 97205
503-224-3380
Fax: 503-220-2480
Email: misha.isaak@stoel.com
*TERMINATED: 10/24/2022*

**Amicus**

**Providence Health & Services - Oregon**

represented by **Emma P. Pelkey**
(See above for address)

ER - 411

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Eric J. Neiman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas R. Johnson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alex Van Rysselberghe**
(See above for address)
*TERMINATED: 02/08/2023*

**Misha Isaak**
(See above for address)
*TERMINATED: 10/24/2022*

<u>Amicus</u>

**Legacy Health Systems**                    represented by    **Emma P. Pelkey**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Eric J. Neiman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas R. Johnson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alex Van Rysselberghe**
(See above for address)
*TERMINATED: 02/08/2023*

**Misha Isaak**
(See above for address)
*TERMINATED: 10/24/2022*

<u>Amicus</u>

**PeaceHealth**                    represented by    **Emma P. Pelkey**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Eric J. Neiman**
(See above for address)
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Thomas R. Johnson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alex Van Rysselberghe**
(See above for address)
*TERMINATED: 02/08/2023*

**Misha Isaak**
(See above for address)
*TERMINATED: 10/24/2022*

<u>Amicus</u>

**St. Charles Health System, Inc.**                     represented by  **Emma P. Pelkey**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas R. Johnson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alex Van Rysselberghe**
(See above for address)
*TERMINATED: 02/08/2023*

**Eric J. Neiman**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>Amicus</u>

**Deschutes County**                     represented by  **David Doyle**
*TERMINATED: 05/30/2023*                     Deschutes County Legal Counsel
1300 NW Wall Street
Suite 205
Bend, OR 97701
541-388-6625
Fax: 541-617-4748
Email: david.doyle@deschutes.org
*LEAD ATTORNEY*

<u>Amicus</u>

**Clackamas County**                     represented by  **Kathleen J. Hansa Rastetter**
*TERMINATED: 05/30/2023*                     Clackamas County Counsel
2051 Kaen Road
Oregon City, OR 97045
(503) 655-8362
Fax: (503) 742-5397

Email: KathleenRas@co.clackamas.or.us
*LEAD ATTORNEY*

**Amicus**

**Yamhill County**                           represented by  **Christian F. Boenisch**
*TERMINATED: 05/30/2023*                                    Yamhill County, Office of County Counsel
                                                           434 NE Evans
                                                           McMinnville, OR 97128
                                                           503-434-7502
                                                           Email: boenischc@co.yamhill.or.us
                                                           *LEAD ATTORNEY*

**Amicus**

**Oregon Crime Victims Law Center**          represented by  **Erin K. Olson**
                                                           (See above for address)
                                                           *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/19/2002 | 1 | Verified Complaint Filing Fee collected. Receipt #: 443045 issued. Filed by A.J. Madison, Metropolitan Public Defenders Incorporated, Oregon Advocacy Center against Stanley Mazur-Hart, Bobby Mink. (pvh, ) (Entered: 03/19/2002) |
| 03/19/2002 | 2 | Motion for Temporary Restraining Order *and Preliminary Injunction*. Filed by all plaintiffs. (pvh, ) (Entered: 03/19/2002) |
| 03/19/2002 | 3 | Memorandum in Support *of Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction*. Filed by all plaintiffs. (Related document(s) 2 ) (pvh, ) (Entered: 03/19/2002) |
| 03/19/2002 | 4 | Affidavit of *Notification*. Filed by all plaintiffs. (pvh, ) (Entered: 03/19/2002) |
| 03/19/2002 | 5 | Discovery and Pretrial Scheduling Order and Notice of Case Assignment: Case assigned to the Honorable Garr M. King. Discovery to be completed by 7/18/2002. Joint Alternate Dispute Resolution Report due by 8/19/2002. Pretrial Order due by 8/19/2002. (pvh, ) (Entered: 03/19/2002) |
| 03/19/2002 | 6 | **CIVIL MINUTES:**Record of Order setting hearing on plaintiff's motion for temporary restraining order for Friday, March 22,2002 at 10:00AM. ORDER that defendant's opposition papers be filed by March 21,2002 by NOON. Response due by 3/21/2002. Hearing set for 3/22/2002 at 10:00 AM. (Related documents(s) 2 ) Ordered by Judge Ancer L.Haggerty. (md, ) (Entered: 03/20/2002) |
| 03/21/2002 | 7 | Memorandum in Opposition *to Plaintiff's Motion for Temporary Restraining Order*. Filed by Stanley Mazur-Hart, Bobby Mink. (Related motion(s) 2 ) (pvh, ) (Entered: 03/22/2002) |
| 03/21/2002 | 8 | Affidavit of *Stanley Mazur-Hart, Ph.D.*. Filed by Stanley Mazur-Hart, Bobby Mink. (Related document(s) 7 ) (pvh, ) (Entered: 03/22/2002) |
| 03/21/2002 | 9 | Reply Brief *in Support of Motion for Temporary Restraining Order*. Filed by A.J. Madison, Metropolitan Public Defenders Incorporated, Oregon Advocacy Center. (Related document(s) 2 ) (pvh, ) (Entered: 03/22/2002) |
| 03/22/2002 | 10 | **CIVIL MINUTES:**Record of time set for hearing on Plaintiff's motion for temporary restraining order. After counsel for defendant stated that she had some concerns that one of the plaintiffs (Metropolitan Defenders Office) was a former employer of Judge |

| | | |
|---|---|---|
| | | Haggerty, Judge Haggerty recused himself from this hearing. ORDER resetting thehearing on plaintiff's motion for temporary restraining order (2) before Judge Owen Panner at 2:00PM, Monday, March 25,2002. (Related documents(s) 2 ) Ordered by Judge Ancer L.Haggerty. Counsel Present for Plaintiff: Kathy Wilde. Counsel Present for Defendant: Kathryn Georges. Court Reporter: Nancy Walker. (md, ) (Entered: 03/22/2002) |
| 03/22/2002 | 11 | Affidavit of *Stanley Mazur-Hart, Ph.D*. Filed by Stanley Mazur-Hart. (pvh, ) (Entered: 03/22/2002) |
| 03/22/2002 | 12 | Declaration of *Barry Engle*. Filed by Oregon Advocacy Center. (pvh, ) (Entered: 04/01/2002) |
| 03/25/2002 | 13 | Supplemental Affidavit of *Leslie Martinez*. Filed by all defendants. (pvh, ) (Entered: 04/01/2002) |
| 03/25/2002 | 16 | **CIVIL MINUTES:**Record of Hearing: Plaintiffs Motion for Temporary Restraining Order & Preliminary Injunction is Denied; Court Trial set for 4/8/2002 at 02:00PM in Portland. (Related documents(s) 2 ) Ordered by Judge Owen M. Panner. Court Reporter: Dennis Apodaca. (Kirk, ) (Entered: 04/02/2002) |
| 03/26/2002 | 17 | Order Establishing Trial Date & Procedures. Signed 3/25/02 by Judge Owen M. Panner. (Kirk, ) (Entered: 04/02/2002) |
| 03/29/2002 | 14 | Motion for Protective Order . *(Expedited Decision requested)*. Filed by all defendants. (pvh, ) (Entered: 04/01/2002) |
| 03/29/2002 | 18 | **ORDER:**Record of Telephone Conference: Order Denying Defendants Motion for a Protective Order (Related Doc # 14 ) except as to the deposition of Dr. Steven Fritz. by Judge Owen M. Panner. (Kirk, ) (Entered: 04/02/2002) |
| 04/01/2002 | 15 | Order Requiring the Release of Confidential Psychiatric Records & Information. Signed 4/1/02 by Judge James A. Redden. (Kirk, ) (Entered: 04/01/2002) |
| 04/01/2002 | 19 | Motion for Order *Requiring the Release of Confidential Psychiatric Records & Information*. Filed by all plaintiffs. (Kirk, ) (Entered: 04/02/2002) |
| 04/03/2002 | 20 | Answer to Complaint *& Affirmative Defenses* (Related Doc # 1 ). Filed by all defendants. (Kirk, ) (Entered: 04/04/2002) |
| 04/03/2002 | 21 | Motion in limine. Filed by all defendants. (Kirk, ) (Entered: 04/04/2002) |
| 04/03/2002 | 22 | Trial Brief Filed by all defendants. (Kirk, ) (Entered: 04/04/2002) |
| 04/03/2002 | 23 | Affidavit of *Leslie Martinez*. Filed by all defendants. (Kirk, ) (Entered: 04/04/2002) |
| 04/03/2002 | 24 | Affidavit of *John Keogh*. Filed by all defendants. (Kirk, ) (Entered: 04/04/2002) |
| 04/03/2002 | 25 | Affidavit of *Linda Brandeberry*. Filed by all defendants. (Kirk, ) (Entered: 04/04/2002) |
| 04/03/2002 | 26 | Witness List. Filed by all defendants. (Kirk, ) (Entered: 04/04/2002) |
| 04/03/2002 | 27 | Affidavit of *Stanley Mazur-Hart, PhD*. Filed by all defendants. (Kirk, ) (Entered: 04/04/2002) |
| 04/03/2002 | 28 | Exhibit List. Filed by all defendants. (Kirk, ) (Entered: 04/04/2002) |
| 04/04/2002 | 29 | Transcript of TRO Hearing held on 3/25/02 before Judge Owen M. Panner. Court Reporter: Dennis W. Apodaca. (Kirk, ) (Entered: 04/05/2002) |
| 04/05/2002 | 30 | Response *to Issues Raised in Defendants Trial Brief*. Filed by all plaintiffs. (Related |

| | | document(s) 22 ) (Kirk, ) (Entered: 04/09/2002) |
|---|---|---|
| 04/05/2002 | 31 | Supplemental Exhibit List. Filed by all plaintiffs. (Kirk, ) (Entered: 04/09/2002) |
| 04/05/2002 | 32 | Supplemental Witness Statement. Filed by all plaintiffs. (Kirk, ) (Entered: 04/09/2002) |
| 04/08/2002 | 33 | Objection(s) *to Testimony of Plaintiffs Witnesses*. Filed by all defendants. (Kirk, ) (Entered: 04/10/2002) |
| 04/08/2002 | 34 | Objection(s) *to Plaintiffs Exhibits*. Filed by all defendants. (Kirk, ) (Entered: 04/10/2002) |
| 04/08/2002 | 35 | Defendants Proposed Findings of Fact & Conclusions of Law (Kirk, ) (Entered: 04/10/2002) |
| 04/08/2002 | 36 | Motion for Protective Order. Filed by all defendants. (Kirk, ) (Entered: 04/10/2002) |
| 04/08/2002 | 37 | **CIVIL MINUTES:** Record of first day of court trial: Evidence adduced; Findings & Conclusions to Follow. Defendants Motions in Limine are Denied. Plaintiffs & Defendants exhibits received. (Related documents(s) 21 ) Ordered by Judge Owen M. Panner. Court Reporter: Dennis Grube. (Kirk, ) (Entered: 04/10/2002) |
| 04/08/2002 | 38 | Memorandum in Support *of Motion for Protective Order*. Filed by all defendants. (Related document(s) 36 ) (Kirk, ) (Entered: 04/10/2002) |
| 04/12/2002 | 39 | Brief *Plaintiffs Post-Trial Brief*. Filed by all plaintiffs. (Kirk, ) (Entered: 04/12/2002) |
| 04/15/2002 | 42 | Brief *Post-Trial Brief*. Filed by all defendants. (Kirk, ) (Entered: 04/18/2002) |
| 04/16/2002 | 40 | Response *to Defendants Post-Trial Brief*. Filed by all plaintiffs. (Kirk, ) (Entered: 04/16/2002) |
| 04/17/2002 | 41 | Notice of Case Reassignment by Judge Garr M. King: Case reassigned from Garr M. King to Owen M. Panner. (pvh, ) (Entered: 04/17/2002) |
| 04/17/2002 | 44 | Response *to Plaintiffs Post-Trial Brief*. Filed by all defendants. (Kirk, ) (Entered: 04/18/2002) |
| 04/18/2002 | 43 | Stipulated Protective Order: Signed 4/16/02 by Judge Owen M. Panner. (Kirk, ) (Entered: 04/18/2002) |
| 05/03/2002 | 45 | Supplemental Brief *Supplemental Post-Trial Brief*. Filed by all defendants. (Kirk, ) (Entered: 05/06/2002) |
| 05/09/2002 | 46 | Supplemental Brief *on the Issue of Remedy*. Filed by all plaintiffs. (Kirk, ) (Entered: 05/13/2002) |
| 05/10/2002 | 47 | Findings of Fact & Conclusions of Law: Signed 5/9/02 by Judge Owen M.Panner. (See formal 14-Page document) (Kirk, ) (Entered: 05/13/2002) |
| 05/14/2002 | 48 | Notice of Appeal to USCA from Findings of Fact & Conclusion of Law # 47 entered on 5/13/02 Filing fee collected. Receipt # 444144 issued.. Filed by all defendants. Transcript due by 7/15/2002. (Related document(s) 47 ) (Kirk, ) (Entered: 05/15/2002) |
| 05/14/2002 | 49 | Motion for Stay *Judgment & Injunction Pending Appeal (Expedited Consideration Requested)*. Filed by all defendants. (Kirk, ) (Entered: 05/15/2002) |
| 05/14/2002 | 50 | Memorandum in Support *of Motion for a Stay of Judgment & Injunction Pending Appeal*. Filed by all defendants. (Related document(s) 49 ) (Kirk, ) (Entered: 05/15/2002) |

| 05/15/2002 | 51 | Judgment:Based on this court's findings of fact & conclusions of law, judgment is entered for Plaintiffs. This court retains continuing jurisdiction to enforce the injunction entered. Signed 5/15/02 by Judge Owen M. Panner. (See formal 2-Page Judgment) (Kirk, ) (Entered: 05/16/2002) |
| 05/15/2002 | 52 | Motion for Attorney Fees & Costs. Filed by all plaintiffs. (Kirk, ) (Entered: 05/16/2002) |
| 05/15/2002 | 53 | Memorandum in Support of Motion for an Award of Fees. Filed by all plaintiffs. (Related document(s) 52 ) (Kirk, ) (Entered: 05/16/2002) |
| 05/15/2002 | 54 | Declaration of Kathleeen L. Wilde in Support of Plaintiffs Motion for An Award of Attorneys Fees. Filed by all plaintiffs. (Related document(s) 52 ) (Kirk, ) (Entered: 05/16/2002) |
| 05/15/2002 | 55 | Response to Plaintiffs Supplemental Brief on the Issue of Remedy. Filed by all defendants. (Kirk, ) (Entered: 05/16/2002) |
| 05/16/2002 | 57 | Memorandum in Opposition to Defendants Motion for A Stay Pending Appeal (Document filed as a Brief). Filed by all plaintiffs. (Related motion(s) 49 ) (Kirk, ) (Entered: 05/20/2002) |
| 05/16/2002 | 58 | Motion for Clarification & Modify Injunction. Filed by all defendants. (Kirk, ) (Entered: 05/20/2002) |
| 05/17/2002 | 56 | Reply to Motion in Support of Motion to Stay Judgment & Injunction Pending Appeal. Filed by all defendants. (Related motion(s) 49 ) (Kirk, ) (Entered: 05/20/2002) |
| 05/17/2002 | 59 | Memorandum in Opposition to Defendants Motion to Clarify & Modify Injunction. Filed by all plaintiffs. (Related motion(s) 58 ) (Kirk, ) (Entered: 05/20/2002) |
| 05/20/2002 | 60 | Amended Reply In Support Of Motion To Stay Judgment And Injunction Pending Appeal. Filed by all defendants. (Related document(s) 49 ) (tomg, ) (Entered: 05/22/2002) |
| 05/20/2002 | 61 | Supplemental Brief In Support Of Motion To Stay. Filed by all defendants. (Related document(s) 49 ) (tomg, ) (Entered: 05/22/2002) |
| 05/21/2002 | 62 | Affidavit of Stanley Mazur-Hart, PH.D. In Support of Defendants' Motion To Stay Judgment And Injunction Pending Appeal. Filed by all defendants. (Related document(s) 49 ) (tomg, ) (Entered: 05/22/2002) |
| 05/23/2002 | 63 | Supplemental Memorandum in Support of Motion for an Award of Attorneys Fees. Filed by all plaintiffs. (Related document(s) 52 ) (Kirk, ) (Entered: 05/29/2002) |
| 05/24/2002 | 64 | Response to Discovery Motion Response to Defendants Supplemental Briefs in Support of Motion for a Stay. Filed by all plaintiffs. (Related motion(s) 49 ) (Kirk, ) (Entered: 05/29/2002) |
| 05/28/2002 | 65 | **ORDER:**Order: Denying Defendants Motion for a Stay (Related Doc # 49 & Motion for Clarification (Related Doc # 58 ). (See formal 4-Page Order) Signed on 5/27/02 by Judge Owen M. Panner. (Kirk, ) (Entered: 05/29/2002) |
| 05/30/2002 | 66 | Amended Notice of Appeal to USCA from the Judgment # 51 entered on 5/16/02. Filed by Bobby Mink. Transcript due by 7/29/2002. (Related document(s) 51 ) (Kirk, ) (Entered: 06/03/2002) |
| 06/03/2002 | | Notification of Amended Appeal mailed to USCA for the Ninth Circuit and to counsel along with copy of appealed document and docket sheet. (FRAP 3(d)((3)) USDC |

| | | |
|---|---|---|
| | | Notice of Appeal Doc. # 51 , 66 . (CADS included) (Related document(s) 51 , 66 ) (Kirk, ) (Entered: 06/03/2002) |
| 06/03/2002 | 67 | Docket number 02-35530 assigned by the United States Court of Appeals. USDC Notice of Appeal Doc. # 48 .. (Related document(s) 48 ) (Kirk, ) (Entered: 06/04/2002) |
| 06/03/2002 | 68 | Time Schedule Order from Ninth Circuit Court of Appeals: Appellant to file transcript order form by 6/13/02; Transcripts to be filed by 7/15/02; Appellants opening bried is due 8/30/02; Appellees brief is due 9/30/02. USDC Notice of Appeal Doc. # 48 and USCA #02-35530... Transcript due by 7/15/2002. (Related document(s) 48 ) (Kirk, ) (Entered: 06/04/2002) |
| 06/03/2002 | 69 | Motion for Extension of Time *to Respond to Motions*. Filed by all plaintiffs. (Kirk, ) (Entered: 06/10/2002) |
| 06/03/2002 | 70 | Memorandum in Opposition *Objections to Plaintiffs Motion for an Award of Fees*. Filed by all defendants. (Related motion(s) 52 ) (Kirk, ) (Entered: 06/10/2002) |
| 06/14/2002 | 71 | Transcript Ordering form for Transcript(s) of Proceedings held on 4/8/02 & 5/25/02.. Filed by all defendants. (Kirk, ) (Entered: 06/21/2002) |
| 06/24/2002 | 72 | Docket number 02-35530 assigned by the United States Court of Appeals. USDC Amended Notice of Appeal Doc. # 66 .. (Related document(s) 66 ) (Kirk, ) (Entered: 06/25/2002) |
| 06/27/2002 | 73 | Second Amended Notice of Appeal to USCA from order # 48 , 66 entered on 5/28/02. Filed by all defendants. Transcript due by 8/26/2002. (Related document(s) 48 , 66 ) (Kirk, ) (Entered: 07/10/2002) |
| 07/15/2002 | | Notification of Second Amended Notice of Appeal mailed to USCA for the Ninth Circuit and to counsel along with copy of appealed document and docket sheet. (FRAP 3(d)((3)) USDC Notice of Appeal Doc. # 66 , 73 , 48 .. (Related document(s) 66 , 73 , 48 ) (Kirk, ) (Entered: 07/15/2002) |
| 07/31/2002 | | Clerks Record on Appeal transmitted to USCA. USDC Notice of Appeal Doc. # 66 , 73 , 48 and USCA # 02-35530. 2 Original volumes of case file & 1 transcript sent. (Related document(s) 66 , 73 , 48 ) (Kirk, ) (Entered: 07/31/2002) |
| 08/02/2002 | 74 | Transcript of Proceedings held on 4/8/02 (Court Trial) before Judge Owen M. Panner. Court Reporter: Dennis R. Grube. (Kirk, ) (Entered: 08/02/2002) |
| 12/16/2002 | 75 | Certificate of Record transmitted to USCA. USDC Notice of Appeal Doc. # 73 , 48 and USCA # 02-35550. (fh, ) (Entered: 12/16/2002) |
| 04/01/2003 | 76 | Mandate from US Court of Appeals: The Decision of the District Court is AFFIRMED USDC Notice of Appeal Doc. # 66 , 48 and USCA # 02-35530. (fh, ) (Entered: 04/16/2003) |
| 05/14/2003 | | Clerks Record on Appeal( orig clerks file 2 vols., 1 transcript #29) returned from USCA. USDC Notice of Appeal Doc. # [], 66 , 48 and USCA # 02-35530.. . (fh, ) (Entered: 05/14/2003) |
| 05/29/2003 | 77 | **ORDER:**Order: Granting Plaintiffs Motion for Attorney Fees (Related Doc # 52 ); Plaintiffs are awarded $53,062.50 in attorney fees & $600.86 in costs. Signed on 5/29/03 by Judge Owen M. Panner. (Kirk, ) (Entered: 05/30/2003) |
| 07/09/2003 | 78 | Satisfaction of Judgment: $53,663.36 has been paid to plaintiffs. Filed by all plaintiffs. (Related document(s) 51 ) (Kirk, ) (Entered: 07/11/2003) |

| 08/01/2003 | 79 | Order from Ninth Circuit Court of Appeals: Appellees unopposed motion for attorneys fees is granted. A certified copy of this order sent to the districtcourt shall serve to amend this courts mandate. USDC Notice of Appeal Doc. # 76 , 48 and USCA #02-35530.. . (fh, ) (Entered: 08/06/2003) |
| --- | --- | --- |
| 08/15/2003 | 80 | Satisfaction of Judgment: Attorneys fees in the amount of $31,252.50. Filed by all plaintiffs. (Related document(s) 51 ) (Kirk, ) (Entered: 08/19/2003) |
| 08/18/2003 | 81 | **ORDER:**Record of Order: Mooting Motion for Extension of Time (Related Doc # 69 ) by Judge Owen M. Panner. (Kirk, ) (Entered: 08/19/2003) |
| 05/09/2019 | 82 | Notice of Attorney Substitution:Attorney Jesse Merrithew is substituted as counsel of record in place of Attorney Kathleen L. Wilde Filed by Metropolitan Public Defenders Incorporated. (Merrithew, Jesse) (Entered: 05/09/2019) |
| 05/09/2019 | 83 | Notice of Appearance of Thomas Stenson appearing on behalf of Oregon Advocacy Center Filed by on behalf of Oregon Advocacy Center. (Stenson, Thomas) (Entered: 05/09/2019) |
| 05/10/2019 | 84 | Unopposed Motion to Substitute a Party . Filed by Metropolitan Public Defenders Incorporated. (Merrithew, Jesse) (Entered: 05/10/2019) |
| 05/10/2019 | 85 | Motion for Order to Show Cause *for Finding of Contempt, and for Discovery*. Oral Argument requested.Expedited Hearing requested. Filed by Metropolitan Public Defenders Incorporated. (Merrithew, Jesse) (Entered: 05/10/2019) |
| 05/10/2019 | 86 | Declaration of Carl Macpherson . Filed by Metropolitan Public Defenders Incorporated. (Related document(s): Motion for Order to Show Cause 85 .) (Merrithew, Jesse) (Entered: 05/10/2019) |
| 05/10/2019 | 87 | Declaration of Jesse Merrithew . Filed by Metropolitan Public Defenders Incorporated. (Related document(s): Motion for Order to Show Cause 85 .) (Attachments: # 1 Exhibit A) (Merrithew, Jesse) (Entered: 05/10/2019) |
| 05/14/2019 | 88 | Notice of Association of Attorney Kathleen L. Wilde. Filed by Oregon Advocacy Center. (Stenson, Thomas) Modified to correct appearing attorney name on 5/22/2019 (sss). (Entered: 05/14/2019) |
| 05/14/2019 | 89 | Notice of Association of Attorney Thomas Stenson,Emily R. Cooper for Oregon Advocacy Center. Filed by Oregon Advocacy Center. (Stenson, Thomas) (Entered: 05/14/2019) |
| 05/14/2019 | 90 | Notice of Association of Attorney Thomas Stenson,Sarah Dora Radcliffe for Oregon Advocacy Center. Filed by Oregon Advocacy Center. (Stenson, Thomas) (Entered: 05/14/2019) |
| 05/14/2019 | 91 | Motion for Order to Show Cause . Oral Argument requested.Expedited Hearing requested. Filed by Oregon Advocacy Center. (Stenson, Thomas) (Entered: 05/14/2019) |
| 05/14/2019 | 92 | Declaration of Sarah Radcliffe . Filed by Oregon Advocacy Center. (Related document(s): Motion for Order to Show Cause 85 , Motion for Order to Show Cause 91 .) (Attachments: # 1 Exhibit A- April Letter, # 2 Exhibit B - May 7 Letter, # 3 Exhibit C - May 9 Letter, # 4 Exhibit D - Recent 370 Status) (Stenson, Thomas) (Entered: 05/14/2019) |
| 05/14/2019 | 93 | Declaration of Tami Long . Filed by Oregon Advocacy Center. (Related document(s): Motion for Order to Show Cause 85 , Motion for Order to Show Cause 91 .) (Stenson, Thomas) (Entered: 05/14/2019) |

| 05/14/2019 | 94 | Proposed Order for a Hearing to Show Cause . Filed by Oregon Advocacy Center. (Stenson, Thomas) (Entered: 05/14/2019) |
| 05/16/2019 | 95 | Amended Declaration of Sarah Radcliffe . Filed by Oregon Advocacy Center. (Related document(s): Motion for Order to Show Cause 85 , Motion for Order to Show Cause 91 .) (Stenson, Thomas) (Additional attachment(s) added on 5/22/2019: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D) (cw). (Entered: 05/16/2019) |
| 05/17/2019 | 96 | Notice of Attorney Substitution:Attorney Carla A Scott is substituted as counsel of record in place of Attorney Richard D. Wasserman Filed by All Defendants. (Scott, Carla) (Entered: 05/17/2019) |
| 05/20/2019 | 97 | **ORDER:** Granting Motion to Substitute a Party 84 . Patrick Allen substituted for Bobby Mink (Director of the Department of Human Services, in his official capacity). Dolores Matteucci substituted for Stanley Mazur-Hart (Superintendent of Oregon State Hospital, in his official capacity). Ordered by Judge Michael W. Mosman. (kms) (Entered: 05/20/2019) |
| 05/20/2019 | 98 | Scheduling Order by Judge Michael W. Mosman regarding Motion for Order to Show Cause 91 , Motion for Order to Show Cause *for Finding of Contempt, and for Discovery* 85 . Responses are due by 5/23/2019 and Replies are due by 5/29/2019. Oral Argument is set for 6/11/2019 at 9:00AM-10:30AM in Portland Courtroom 16 before Judge Michael W. Mosman. Ordered by Judge Michael W. Mosman. (kms) (Entered: 05/20/2019) |
| 05/21/2019 | 99 | Notice of Case Reassignment: This case has been reassigned from Judge Owen M. Panner to Judge Michael W. Mosman. (eo) (Entered: 05/21/2019) |
| 05/22/2019 | 100 | Scheduling Order by Judge Michael W. Mosman: At the June 11, 2019, hearing, the Court will determine whether the state has violated Judge Panners Order requiring defendants to admit patients not later than seven days after the issuance of an order committing them to a state hospital and if necessary, determine necessary sanctions and/or remedies. In its Responses to Plaintiffs Motions, which are due this Thursday, the state should address Plaintiffs claims that it is in violation of Judge Panners Order. Additionally, Plaintiff Metropolitan Public Defender Services is directed to notify the Court, in writing, by Friday, May 24 what limited discovery it seeks to obtain in advance of the June 11 hearing. The states response to the request for limited discovery before the June 11 hearing is due on or before May 29, 2019. Ordered by Judge Michael W. Mosman. (kms) (Entered: 05/22/2019) |
| 05/22/2019 | 101 | Clerk's Notice of Docket Correction regarding 95 Declaration. Exhibits A-D has been uploaded and added as attachments. The Notice of Electronic Filing will be regenerated to all parties. (cw) (Entered: 05/22/2019) |
| 05/23/2019 | 102 | Notice *of Substitution of Counsel* Filed by All Defendants. (Johnson, Craig) (Entered: 05/23/2019) |
| 05/23/2019 | 103 | Response to Motion for Order to Show Cause 91 , Motion for Order to Show Cause *for Finding of Contempt, and for Discovery* 85 . Filed by All Defendants. (Scott, Carla) (Entered: 05/23/2019) |
| 05/24/2019 | 104 | ORDER: In a May 23, 2019, email, the State indicated it needed more than the 1.5 hours allotted for the June 11 hearing on Plaintiffs Motions. After reviewing the States Response, the Court increases the hearing by 1 hour; Oral argument is now set for 6/11/19 at 9:00AM- 11:30AM in Portland Courtroom 16 before Judge Michael W. Mosman. Ordered by Judge Michael W. Mosman. (kms) (Entered: 05/24/2019) |

| 05/24/2019 | 105 | Motion to Produce *Documents Prior to Hearing*. Filed by Metropolitan Public Defenders Incorporated. (Attachments: # 1 Attachment Request for Production) (Merrithew, Jesse) (Entered: 05/24/2019) |
| 05/29/2019 | 106 | Joint Reply to Motion for Order to Show Cause *for Finding of Contempt, and for Discovery* 85 , Motion for Order to Show Cause 91 . Filed by Metropolitan Public Defenders Incorporated, Oregon Advocacy Center. (Merrithew, Jesse) (Entered: 05/29/2019) |
| 05/29/2019 | 107 | Declaration of Thomas Stenson . Filed by Oregon Advocacy Center. (Related document(s): Motion for Order to Show Cause 91 .) (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K) (Merrithew, Jesse) (Entered: 05/29/2019) |
| 05/30/2019 | 108 | Response *to Plaintiff MPD's First Request for Production of Documents*. Filed by All Defendants. (Scott, Carla) (Entered: 05/30/2019) |
| 05/30/2019 | 109 | **ORDER:** Defendant did not file any objections to Plaintiff Metropolitan Public Defender Services, Inc.s (MPD) First Request for Production of Documents by the May 29, 2019, deadline. Accordingly, the Court GRANTS MPDs Motion 105 for Pre-Hearing Discovery. Any documents responsive to MPDs First Request for Production that were not already produced must be produced at the office of Levi Merrithew Horst PC, 610 SW Alder Street, Suite 415, Portland, Oregon 97205 by 5pm on Friday, May 31, 2019. Ordered by Judge Michael W. Mosman. (kms) (Entered: 05/30/2019) |
| 05/30/2019 | 110 | Notice of Association of Attorney Renee R. Stineman,Renee R. Stineman for Bobby Mink,Renee R. Stineman for Patrick Allen,Renee R. Stineman for Stanley Mazur-Hart,Renee R. Stineman for Dolores Matteucci. Filed by All Defendants. (Stineman, Renee) (Entered: 05/30/2019) |
| 05/31/2019 | 111 | ORDER: In light of the objections to Plaintiff Metropolitan Public Defender Services, Inc.s (MPD) requests for production the State filed on May 30, 2019 and the States May 30, 2019 email to the Court in which the State represents that it reached an agreement with MPD to exchange discovery by June 4, 2019, the Court orders the parties to file a stipulated agreement regarding exchange of discovery. Upon filing of such an agreement, the Court will modify its May 30 order requiring production of documents. The parties are advised that they may divide the time allotted for oral argument as they see fit. Ordered by Judge Michael W. Mosman. (kms) (Entered: 05/31/2019) |
| 05/31/2019 | 112 | Stipulation *Regarding Exchange of Discovery* by All Defendants. Filed by All Defendants. (Scott, Carla) (Entered: 05/31/2019) |
| 06/04/2019 | 113 | Amended Motion for Protective Order *[Proposed Stipulated]*. Filed by All Defendants. (Scott, Carla) (Entered: 06/04/2019) |
| 06/04/2019 | 114 | Order: The State is ordered to supplement the record in this case by filing copies of Washington County Circuit Court Judge D. Charles Bailey's orders issued in four felony cases on Tuesday, June 4, 2019, that found that the Oregon State Hospital leaders "willfully violated" court orders to quickly admit defendants in need of mental health evaluations and treatment. The State is ordered to file copies of the orders by 5:00 p.m. on Thursday, June 6, 2019. Ordered by Judge Michael W. Mosman. (cw) (Entered: 06/04/2019) |
| 06/05/2019 | 115 | Notice of Association of Attorney Sheila H. Potter,Sheila H. Potter for Bobby Mink,Sheila H. Potter for Patrick Allen,Sheila H. Potter for Stanley Mazur-Hart,Sheila |

| | | H. Potter for Dolores Matteucci. Filed by All Defendants. (Potter, Sheila) (Entered: 06/05/2019) |
|---|---|---|
| 06/05/2019 | 116 | STIPULATED AMENDED PROTECTIVE ORDER. Signed on 6/5/2019 by Judge Michael W. Mosman. (kms) (Entered: 06/05/2019) |
| 06/05/2019 | 117 | Supplement *Submittal of State Court Decision*. Filed by Patrick Allen, Dolores Matteucci. (Scott, Carla) (Entered: 06/05/2019) |
| 06/07/2019 | 118 | Declaration of Pat Garrett . Filed by Metropolitan Public Defenders Incorporated, Oregon Advocacy Center. (Related document(s): Motion for Order to Show Cause 85 , Motion for Order to Show Cause 91 .) (Stenson, Thomas) (Entered: 06/07/2019) |
| 06/07/2019 | 119 | Declaration of Christopher Bouneff . Filed by Metropolitan Public Defenders Incorporated, Oregon Advocacy Center. (Related document(s): Motion for Order to Show Cause 85 , Motion for Order to Show Cause 91 .) (Stenson, Thomas) (Entered: 06/07/2019) |
| 06/07/2019 | 120 | Declaration of Chris Wright . Filed by Metropolitan Public Defenders Incorporated, Oregon Advocacy Center. (Related document(s): Motion for Order to Show Cause 85 , Motion for Order to Show Cause 91 .) (Stenson, Thomas) (Entered: 06/07/2019) |
| 06/07/2019 | 121 | Declaration of Danna Mauch . Filed by Metropolitan Public Defenders Incorporated, Oregon Advocacy Center. (Related document(s): Motion for Order to Show Cause 85 , Motion for Order to Show Cause 91 .) (Merrithew, Jesse) (Entered: 06/07/2019) |
| 06/07/2019 | 122 | Declaration of Lisa Naito . Filed by Metropolitan Public Defenders Incorporated, Oregon Advocacy Center. (Related document(s): Motion for Order to Show Cause 85 , Motion for Order to Show Cause 91 .) (Merrithew, Jesse) (Entered: 06/07/2019) |
| 06/07/2019 | 123 | Declaration of Patrick Allen . Filed by All Defendants. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit) (Scott, Carla) (Entered: 06/07/2019) |
| 06/10/2019 | 124 | Stipulation *of Fact for Hearing* by All Plaintiffs. Filed by All Plaintiffs. (Attachments: # 1 Exhibit A) (Merrithew, Jesse) (Entered: 06/10/2019) |
| 06/11/2019 | 125 | **MINUTES of Proceedings:** Oral Argument held and the Court took this matter under advisement. Defendants Witness Patrick Allen sworn and evidenced adduced. Defendants Exhibits Exhibit #1 - 113, offered and received. Emily R. Cooper, Kathleen L. Wilde, Sarah D. Radcliffe and Thomas Stenson present as counsel for plaintiff(s). Carla Scott, Craig M. Johnson and Renee R. Stineman present as counsel for defendant(s). (Court Reporter Bonita Shumway.) Judge Michael W. Mosman presiding. (dls) Modified on 6/12/2019 (dls). (Entered: 06/11/2019) |
| 06/12/2019 | 126 | Amended Declaration of *Lisa Naito*. Filed by Metropolitan Public Defenders Incorporated, Oregon Advocacy Center. (Related document(s): Motion for Order to Show Cause 85 , Motion for Order to Show Cause 91 .) (Stenson, Thomas) (Entered: 06/12/2019) |
| 06/12/2019 | 127 | **ORDER:** The Court makes no current finding of contempt but will revisit this issue at a compliance hearing to be scheduled approximately ninety days from the date of this Order. Accordingly, the Court DENIES Plaintiffs' Motions [85 and 91] with leave to renew. At the compliance hearing, the Court expects a report on: (1) the Attorney General's efforts to enforce 6(b) letters sent to Oregon state courts notifying them that aid and assist patients are ready for community restoration; (2) the status of proposed senate bill 24 and senate bill 25; (3) Defendants' efforts to expand community-based aid and assist services; and (4)Defendants' efforts to place aid and assist patients at the |

| | | Northwest Regional Re-entry Center. Ordered by Judge Michael W. Mosman. (dls) (Entered: 06/12/2019) |
|---|---|---|
| 06/12/2019 | 128 | Scheduling Order by Judge Michael W. Mosman. Compliance Hearing is set for 9/12/2019 at 09:00AM - 12:00pm in Portland Courtroom 16 before Judge Michael W. Mosman. Ordered by Judge Michael W. Mosman. (dls) (Entered: 06/12/2019) |
| 06/17/2019 | 129 | Notice of Appeal to the 9th Circuit from Order on motion for order to show cause,,,,,,, 127 Filing fee $505 collected; Agency Tracking ID 0979-5891296: . Filed by Metropolitan Public Defenders Incorporated. (Merrithew, Jesse) (Entered: 06/17/2019) |
| 06/18/2019 | 130 | OFFICIAL COURT TRANSCRIPT OF PROCEEDINGS FILED Oral Argument held on 6/11/2019 before Chief Judge Michael W. Mosman, Court Reporter Bonita J. Shumway, telephone number 503-326-8188 or bonita_shumway@ord.uscourts.gov. <span style="color:red">Transcript may be viewed at Court's public terminal or purchased from the Court Reporter before the deadline for Release of Transcript Restriction. Afterwards it may be obtained through the Court Reporter or PACER-See Policy at ord.uscourts.gov.</span> Notice of Intent to Redact Transcript is due by 6/25/2019. Redaction Request due 7/9/2019. Redacted Transcript Deadline set for 7/19/2019. Release of Transcript Restriction set for 9/16/2019. (Shumway, Bonita) (Entered: 06/18/2019) |
| 06/18/2019 | 131 | ORDER: The parties' initial briefing, if any, regarding the September 12, 2019, compliance hearing is due on or before August 23, 2019. Responses, if any, are due on or before August 30, 2019. All declarations in support of the parties' briefing must be filed with the briefing. No replies are allowed without leave of the Court. Any joint stipulations of fact must be filed on or before September 6, 2019. Ordered by Judge Michael W. Mosman. (dls) (Entered: 06/18/2019) |
| 06/18/2019 | | USCA Case Number and Notice confirming Docketing Record on Appeal re Notice of Appeal 129 . **Case Appealed to 9th Circuit Court of Appeals Case Number 19-35519** assigned. (sss) (Entered: 06/18/2019) |
| 06/27/2019 | 132 | Order from USCA for the 9th Circuit, USCA # 19-35519 re Notice of Appeal[ 129]. Appellant's emergency motion to expedite is denied (Docket Entry No. 6 ). A review of the record suggests that, in light of the compliance hearing scheduled for September 12, 2019 in the district court, this court may lack jurisdiction over this appeal of the district courts June 12, 2019 minute order. See 28 U.S.C. §1291. Within 7 days after the date of this order, appellant shall move for voluntary dismissal of the appeal or show cause why it should not be dismissed for lack of jurisdiction. If appellant elects to show cause, a response may be filed within 7 days after service of the memorandum. If appellant does not comply with this order, the Clerk shall dismiss this appeal pursuant to Ninth Circuit Rule 42-1. The opening brief has been filed. The previously established briefing schedule remains in effect. (jtj) (Entered: 06/27/2019) |
| 08/23/2019 | 133 | Status Report *Defendants' Report of Compliance* by All Defendants. Filed by All Defendants. (Stineman, Renee) (Entered: 08/23/2019) |
| 08/23/2019 | 134 | Status Report by All Plaintiffs. Filed by All Plaintiffs. (Cooper, Emily) (Entered: 08/23/2019) |
| 08/23/2019 | 135 | Declaration of Emily Cooper . Filed by All Plaintiffs. (Related document(s): Status Report 134 .) (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F) (Cooper, Emily) (Entered: 08/23/2019) |
| 08/29/2019 | 136 | Order from USCA for the 9th Circuit, USCA # 19-35519 re Notice of Appeal 129 . This appeal is referred to the Circuit Mediator to explore possible resolution. See 9th Cir. R. 33-1; 9th Cir. Gen. Ord. 7.3. Disposition of the June 25, 2019 order to show |

| | | |
|---|---|---|
| | | cause is deferred pending outcome of the mediation. The parties shall file mediation questionnaires in this court within three days after the filing date of this order. Briefing remains suspended pending further order of the court. (jtj) (Entered: 08/29/2019) |
| 08/30/2019 | 137 | Response *to Plaintiffs' Briefing for September Compliance Hearing*. Filed by Patrick Allen, Dolores Matteucci. (Stineman, Renee) (Entered: 08/30/2019) |
| 09/05/2019 | 138 | Order of USCA for the 9th Circuit, **USCA # 19-35519**, re Notice of Appeal 129 . This appeal is dismissed pursuant to the joint agreement for voluntary dismissal filed on September 3, 2019 (Docket Entry No. 20). See Fed. R. App. P. 42(b). This order served on the district court shall act as and for the mandate of this court. (jtj) (Entered: 09/05/2019) |
| 09/12/2019 | 139 | **MINUTES of Proceedings:** Compliance hearing held. Plaintiffs to provide supplemental briefing on their request to be declared the prevailing party by Friday, September 20, 2019. Defendants reply to Plaintiffs supplemental briefing is due by Friday, September 27, 2019. The Court took Plaintiffs request to be declared the prevailing party and for additional monitoring of Defendants under advisement. Emily R. Cooper, Jesse Merrithew, Sarah D. Radcliffe, and Thomas Stenson present as counsel for plaintiff(s). Renee R. Stineman present as counsel for defendant(s). (Court Reporter Bonita Shumway.) Judge Michael W. Mosman presiding (kms) (Entered: 09/12/2019) |
| 09/20/2019 | 140 | Motion for Attorney Fees . Filed by All Plaintiffs. (Cooper, Emily) (Entered: 09/20/2019) |
| 09/20/2019 | 141 | Affidavit of Sarah Radcliffe in Support of Motion *for Attorneys' Fees*. Filed by All Plaintiffs. (Related document(s): Motion for Attorney Fees 140 .) (Attachments: # 1 Exhibit 1) (Cooper, Emily) (Entered: 09/20/2019) |
| 09/20/2019 | 142 | Affidavit of Carl Macpherson in Support of Motion *for Attorneys' Fees*. Filed by All Plaintiffs. (Related document(s): Motion for Attorney Fees 140 .) (Cooper, Emily) (Entered: 09/20/2019) |
| 09/27/2019 | 143 | OFFICIAL COURT TRANSCRIPT OF PROCEEDINGS FILED Oral Argument held on 9/12/2019 before Chief Judge Michael W. Mosman, Court Reporter Bonita J. Shumway, telephone number 503-326-8188 or bonita_shumway@ord.uscourts.gov. Transcript may be viewed at Court's public terminal or purchased from the Court Reporter before the deadline for Release of Transcript Restriction. Afterwards it may be obtained through the Court Reporter or PACER-See Policy at ord.uscourts.gov. Notice of Intent to Redact Transcript is due by 10/4/2019. Redaction Request due 10/18/2019. Redacted Transcript Deadline set for 10/28/2019. Release of Transcript Restriction set for 12/26/2019. (Shumway, Bonita) (Entered: 09/27/2019) |
| 09/27/2019 | 144 | Response in Opposition to Plaintiffs' Request for Attorney Fees and Costs 140 . Filed by Patrick Allen, Dolores Matteucci, Stanley Mazur-Hart, Bobby Mink. (Stineman, Renee) Modified to correct text and add link on 9/30/2019 (sss). (Entered: 09/27/2019) |
| 09/27/2019 | 145 | Declaration of Patrick Allen *in Support of Opposition to Motion for Fees and Costs 144* . Filed by All Defendants. (Stineman, Renee) Modified to add link on 9/30/2019 (sss). (Entered: 09/27/2019) |
| 09/30/2019 | 146 | Notice of Correction by Clerk regarding 144 Objections to Bill of Costs. A Clerical error has been discovered in the case record: The incorrect event was used. The following corrections were made to the record: The incorrect event was selected at filing, the event has been changed and docket text and deadlines have been corrected. |

| | | The Notice of Electronic Filing will be regenerated to all parties. (sss) (Entered: 09/30/2019) |
|---|---|---|
| 10/28/2019 | 147 | **OPINION AND ORDER:** I DENY Plaintiffs' requests 134 to modify the injunction, hold a status hearing in six months, and be declared the prevailing party under 42 U.S.C. § 1988 and their Motion 140 for attorney fees. Signed on 10/28/19 by Judge Michael W. Mosman. (dls) (Entered: 10/29/2019) |
| 01/03/2020 | 148 | Notice of Attorney Withdrawal: *Renee Stineman* Filed by on behalf of Patrick Allen, Dolores Matteucci. (Scott, Carla) Modified to correct docket text on 1/8/2020 . NEF Regenerated.(sss). (Entered: 01/03/2020) |
| 04/03/2020 | 149 | Scheduling Order by Judge Michael W. Mosman. Telephone Status Conference is set for 4/9/2020 at 09:00AM in Portland before Judge Michael W. Mosman. Parties are to call the conference line. Ordered by Judge Michael W. Mosman. (kms) (Entered: 04/03/2020) |
| 04/09/2020 | 150 | **MINUTES of Proceedings:** Telephone status conference held. The court set a briefing schedule to address a motion to modify the injunction 51 in light of the COVID-19 pandemic. Defendants brief is due 4/17/2020. Plaintiffs response is due 4/24/2020. No reply brief will be filed. The court will set oral argument upon receipt of Plaintiffs response brief. Jesse Merrithew, Sarah Radcliffe, Thomas Stenson present as counsel for plaintiff(s). Carla Scott, Sheila Potter present as counsel for defendant(s). Court Reporter: Bonita Shumway. Judge Michael W. Mosman presiding. (kms) (Entered: 04/09/2020) |
| 04/17/2020 | 151 | Motion *for Modification to Injunction*. Filed by Patrick Allen, Dolores Matteucci. (Scott, Carla) (Entered: 04/17/2020) |
| 04/17/2020 | 152 | Declaration of Carla A. Scott *In Support of Motion for Modification to Injunction*. Filed by Patrick Allen, Dolores Matteucci. (Related document(s): Motion - Miscellaneous 151 .) (Scott, Carla) (Entered: 04/17/2020) |
| 04/17/2020 | 153 | Declaration of Tyler Jones *In Support of Motion for Modification to Injunction*. Filed by Patrick Allen, Dolores Matteucci. (Related document(s): Motion - Miscellaneous 151 .) (Scott, Carla) (Entered: 04/17/2020) |
| 04/17/2020 | 154 | Declaration of Derek Wehr *In Support of Motion for Modification to Injunction*. Filed by Patrick Allen, Dolores Matteucci. (Related document(s): Motion - Miscellaneous 151 .) (Scott, Carla) (Entered: 04/17/2020) |
| 04/20/2020 | 155 | Response to Motion *for Modification to Injunction* 151 . Filed by Metropolitan Public Defenders Incorporated, Oregon Advocacy Center. (Merrithew, Jesse) (Entered: 04/20/2020) |
| 04/20/2020 | 156 | Declaration of Emily Cooper . Filed by Metropolitan Public Defenders Incorporated, Oregon Advocacy Center. (Related document(s): Response to Motion 155 .) (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C) (Merrithew, Jesse) (Entered: 04/20/2020) |
| 04/20/2020 | 157 | Declaration of Cameron Taylor . Filed by Metropolitan Public Defenders Incorporated, Oregon Advocacy Center. (Related document(s): Response to Motion 155 .) (Merrithew, Jesse) (Entered: 04/20/2020) |
| 04/20/2020 | 158 | Declaration of Katie Stanford . Filed by Metropolitan Public Defenders Incorporated, Oregon Advocacy Center. (Related document(s): Response to Motion 155 .) (Merrithew, Jesse) (Entered: 04/20/2020) |

| | | |
|---|---|---|
| 04/20/2020 | 159 | Declaration of Jennifer Robins . Filed by Metropolitan Public Defenders Incorporated, Oregon Advocacy Center. (Related document(s): Response to Motion 155 .) (Merrithew, Jesse) (Entered: 04/20/2020) |
| 04/23/2020 | 160 | Scheduling Order by Judge Michael W. Mosman regarding Motion *for Modification to Injunction* 151 . Telephone Oral Argument is set for 5/6/2020 at 11:00AM-12:00PM in Portland before Judge Michael W. Mosman. The parties are to call the conference line. Ordered by Judge Michael W. Mosman. (kms) (Entered: 04/23/2020) |
| 05/06/2020 | 161 | **MINUTES of Proceedings:** : Telephone oral argument held. After hearing arguments from both parties, the Court ORDERS Defendants to produce further briefing that provides the following information: (1) what steps the Oregon State Hospital/Oregon Health Authority have taken to provide maximum space for criminal defendants with a.370 designation; (2) what steps OSH/OHA have taken to identify.370 patients who could be placed in community care; (3) the status of COVID-19 test kits that have been made available to OSH/OHA; (4) whether this court should order the State of Oregon to provide tests to OSH and, relatedly, (5) whether this court should order OSH to implement testing protocols in lieu of quarantine; (6) whether testing, if ordered, could be done in a jail setting for.370 patients awaiting transport and if not, why not; and (7) a new proposed modification to the injunction that includes a specific time frame for transportation of.370 patients to OSH. Defendants' report is due to the court by 5 p.m. on 5/11/20. Plaintiffs indicated they would respond orally to Defendants' report. A hearing is scheduled for for 5/12/2020 at 10:00AM in Portland by telephone before Judge Michael W. Mosman. The parties to call the court's conference line. Emily R. Cooper, Jesse a. Merrithew and Thomas Stenson present as counsel for plaintiff(s). Carla Scott and Sheila H. Potter present as counsel for defendant(s).(Court Reporter Bonita Shumway.)Judge Michael W. Mosman presiding. (dls) (Entered: 05/06/2020) |
| 05/11/2020 | 162 | Supplemental Brief *in Support of Motion for Modification of Injunction*. Filed by Patrick Allen, Dolores Matteucci. (Related document(s): Motion - Miscellaneous 151 .) (Scott, Carla) (Entered: 05/11/2020) |
| 05/11/2020 | 163 | Declaration of Derek Wehr *in Support of Supplemental Brief in Support of Motion for Modification of Injunction*. Filed by Patrick Allen, Dolores Matteucci. (Related document(s): Brief 162 .) (Attachments: # 1 Exhibit 1 to Derek Wehr Decl.- OSH Aid and Assist.370 Admission List_2020.05.11) (Scott, Carla) (Entered: 05/11/2020) |
| 05/11/2020 | 164 | Declaration of Dr. Tyler Jones *in Support of Supplemental Brief in Support of Motion for Modification of Injunction*. Filed by Patrick Allen, Dolores Matteucci. (Related document(s): Brief 162 , Declaration, 163 .) (Scott, Carla) (Entered: 05/11/2020) |
| 05/11/2020 | 165 | Declaration of Dr. Thomas Jeanne *in Support of Supplemental Brief in Support of Motion for Modification of Injunction*. Filed by Patrick Allen, Dolores Matteucci. (Related document(s): Brief 162 , Declaration, 163 , Declaration 164 .) (Scott, Carla) (Entered: 05/11/2020) |
| 05/12/2020 | 166 | **MINUTES of Proceedings:** Telephone Motion Hearing Held. Order GRANTING Motion for Modification to Injunction 151 . Formal Order to follow. Status Conference is set for 8/3/2020 at 10:30AM in Portland by telephone before Judge Michael W. Mosman. Progress Reports due every three weeks from the date of this order, as stated on the record. Emily R. Cooper, Jesse a. Merrithew and Thomas Stenson present as counsel for plaintiff(s). Carla Scott and Sheila H. Potter present as counsel for defendant(s).(Court Reporter Bonita Shumway.)Judge Michael W. Mosman presiding. (dls) (Entered: 05/12/2020) |
| 05/13/2020 | 167 | ORDER OF MODIFICATION TO INJUNCTION. Signed on 5/13/2020 by Judge Michael W. Mosman. (kms) (Entered: 05/13/2020) |

| | | |
|---|---|---|
| 05/15/2020 | 168 | OFFICIAL COURT TRANSCRIPT OF PROCEEDINGS FILED Telephone Oral Argument held on 5/12/2020 before Judge Michael W. Mosman, Court Reporter Bonita J. Shumway, telephone number 503-326-8188 or bonita_shumway@ord.uscourts.gov. Transcript may be viewed at Court's public terminal or purchased from the Court Reporter before the deadline for Release of Transcript Restriction. Afterwards it may be obtained through the Court Reporter (503-326-8188 or bonita_shumway@ord.uscourts.gov) or PACER. See Policy at ord.uscourts.gov. Notice of Intent to Redact Transcript is due by 5/22/2020. Redaction Request due 6/5/2020. Redacted Transcript Deadline set for 6/15/2020. Release of Transcript Restriction set for 8/13/2020. (Shumway, Bonita) (Entered: 05/15/2020) |
| 06/05/2020 | 169 | OFFICIAL COURT TRANSCRIPT OF PROCEEDINGS FILED Telephone Oral Argument held on 5/6/2020 before Judge Michael W. Mosman, Court Reporter Bonita J. Shumway, telephone number (503)326-8188 or bonita_shumway@ord.uscourts.gov. Transcript may be viewed at Court's public terminal or purchased from the Court Reporter before the deadline for Release of Transcript Restriction. Afterwards it may be obtained through the Court Reporter or PACER. See Policy at ord.uscourts.gov. Notice of Intent to Redact Transcript is due by 6/12/2020. Redaction Request due 6/26/2020. Redacted Transcript Deadline set for 7/6/2020. Release of Transcript Restriction set for 9/3/2020. (Shumway, Bonita) (Entered: 06/05/2020) |
| 06/12/2020 | 170 | Notice of Appeal to the 9th Circuit from Order on Motion - Miscellaneous,,,, Motion Hearing Held,, 166 , Permanent Injunction 167 Filing fee $505 collected; Agency Tracking ID AORDC-6833748: . Filed by Metropolitan Public Defenders Incorporated, Oregon Advocacy Center. (Stenson, Thomas) (Entered: 06/12/2020) |
| 06/16/2020 | | USCA Case Number and Notice confirming Docketing Record on Appeal re Notice of Appeal 170 . **Case Appealed to 9th Circuit Court of Appeals Case Number 20-35540** assigned. (jtj) (Entered: 06/16/2020) |
| 06/25/2020 | 171 | First Report - *Progress Report June 2, 2020*. Filed by Patrick Allen, Dolores Matteucci. (Attachments: # 1 Attachment Progress Report June 2, 2020) (Scott, Carla) (Entered: 06/25/2020) |
| 06/25/2020 | 172 | Second Report - *Progress Report June 21, 2020*. Filed by Patrick Allen, Dolores Matteucci. (Attachments: # 1 Attachment Progress Report June 21, 2020) (Scott, Carla) (Entered: 06/25/2020) |
| 07/14/2020 | 173 | Third Report *July 13, 2020*. Filed by Patrick Allen, Dolores Matteucci. (Attachments: # 1 Attachment July 13,2020 Progress Report) (Potter, Sheila) (Entered: 07/14/2020) |
| 08/03/2020 | 174 | **MINUTES of Proceedings:** Telephone Status Conference held. The court's Order of Modification to the Injunction 167 remains in place. Status Conference is set for 11/2/2020 at 11:30AM in Portland by telephone before Judge Michael W. Mosman. Defendants' next status report is due 8/4/20, and its following report is due 10/30/20. Jesse A. Merrithew, Sarah Dora Radcliffe and Thomas Stenson present as counsel for plaintiff(s). Sheila H. Potter present as counsel for defendant(s). Court Reporter: Bonita Shumway. Judge Michael W. Mosman presiding. (dls) (Entered: 08/03/2020) |
| 08/03/2020 | 175 | Transcript Designation and Order Form for the hearing held on 8/3/20, 5/12/20, 05/06/20, 04/09/20 before Judge Michael Mosman. Court Reporter: Bonita Shumway. Tape Number: 174, 166, 161, 150. regarding Notice of Appeal, 170 . Filed by Metropolitan Public Defenders Incorporated, Oregon Advocacy Center. Transcript is due by 9/2/2020. (Merrithew, Jesse) (Entered: 08/03/2020) |

| 08/04/2020 | 176 | Fourth Report -*Progress Report July 31, 2020*. Filed by Patrick Allen, Dolores Matteucci. (Attachments: # 1 Attachment Progress Report July 31, 2020) (Potter, Sheila) (Entered: 08/04/2020) |
|---|---|---|
| 08/10/2020 | 177 | OFFICIAL COURT TRANSCRIPT OF PROCEEDINGS FILED Telephone Status Conference held on 4/9/2020 before Judge Michael W. Mosman, Court Reporter Bonita J. Shumway, telephone number 503-326-8188 or bonita_shumway@ord.uscourts.gov. Transcript may be viewed at Court's public terminal or purchased from the Court Reporter before the deadline for Release of Transcript Restriction. Afterwards it may be obtained through the Court Reporter or PACER. See Policy at ord.uscourts.gov. Notice of Intent to Redact Transcript is due by 8/17/2020. Redaction Request due 8/31/2020. Redacted Transcript Deadline set for 9/10/2020. Release of Transcript Restriction set for 11/9/2020. (Shumway, Bonita) (Entered: 08/10/2020) |
| 08/10/2020 | 178 | OFFICIAL COURT TRANSCRIPT OF PROCEEDINGS FILED Telephone Status Conference held on 8/3/2020 before Judge Michael W. Mosman, Court Reporter Bonita J. Shumway, telephone number 503-326-8188 or bonita_shumway@ord.uscourts.gov. Transcript may be viewed at Court's public terminal or purchased from the Court Reporter before the deadline for Release of Transcript Restriction. Afterwards it may be obtained through the Court Reporter or PACER. See Policy at ord.uscourts.gov. Notice of Intent to Redact Transcript is due by 8/17/2020. Redaction Request due 8/31/2020. Redacted Transcript Deadline set for 9/10/2020. Release of Transcript Restriction set for 11/9/2020. (Shumway, Bonita) (Entered: 08/10/2020) |
| 10/23/2020 | 179 | Scheduling Order by Judge Michael W. Mosman. Due to a conflict in the courts schedule, the Status Conference set for 11/2/2020 at 11:30AM is continued to 11/17/2020 at 01:30PM in Portland by telephone before Judge Michael W. Mosman. Ordered by Judge Michael W. Mosman. (kms) (Entered: 10/23/2020) |
| 10/26/2020 | 180 | Pursuant to the Courts 10/23/20 Scheduling Order, Defendants next status report is now due 11/13/20. Ordered by Judge Michael W. Mosman. (kms) (Entered: 10/26/2020) |
| 11/13/2020 | 181 | Fifth Report - *Progress Report - November 13, 2020*. Filed by Patrick Allen, Dolores Matteucci. (Attachments: # 1 Attachment 1 - Progress Report November 13, # 2 Attachment 2 - OSH Admissions Table for November 13 report) (Potter, Sheila) (Entered: 11/13/2020) |
| 11/17/2020 | 182 | **MINUTES of Proceedings:** Telephone Status Conference held before Judge Michael W. Mosman. Status Conference is set for 5/17/2021 at 01:30PM in Portland by telephone before Judge Michael W. Mosman. Emily R. Cooper, Jesse A. Merrithew and Thomas Stenson present as counsel for plaintiff(s). Sheila H. Potter present as counsel for defendant(s). Court Reporter: Bonita Shumway. Judge Michael W. Mosman presiding. (dls) (Entered: 11/17/2020) |
| 11/18/2020 | 183 | Report *With Detailed Waitlist Data*. Filed by Oregon Advocacy Center. (Attachments: # 1 Exhibit A_November 2019 OSH Admission List, # 2 Exhibit B_December 2019 OSH Admission List, # 3 Exhibit C_January 2020 OSH Admission List, # 4 Exhibit D_February 2020OSH Admission List, # 5 Exhibit E_September 2020 OSHAdmission List, # 6 Exhibit F_October 2020OSH Admission List) (Cooper, Emily) (Entered: 11/18/2020) |
| 12/01/2020 | 184 | Emergency Request *for leave to Suspend Admissions Temporarily*. Filed by Patrick Allen, Dolores Matteucci. (Potter, Sheila) Modified on 12/2/2020 (dls). (Entered: 12/01/2020) |

| 12/01/2020 | 185 | Declaration of Sara Walker *in Support of Defendants' Emergency Request for Leave to Suspend Admissions Temporarily*. Filed by Patrick Allen, Dolores Matteucci. (Related document(s): Request 184 .) (Potter, Sheila) (Entered: 12/01/2020) |
| --- | --- | --- |
| 12/02/2020 | 186 | **ORDER:** Defendants' Emergency Request to Suspend Admissions 184 is GRANTED. Oregon State Hospital admissions may be suspended until 12/7/20. Ordered by Judge Michael W. Mosman. (dls) (Entered: 12/02/2020) |
| 12/04/2020 | 187 | Request *to Pause Admissions Further and Progress Report*. Filed by Patrick Allen, Dolores Matteucci. (Potter, Sheila) (Entered: 12/04/2020) |
| 12/04/2020 | 188 | Declaration of Derek Wehr *in Support of Defendants' Request to Pause Admissions Further*. Filed by Patrick Allen, Dolores Matteucci. (Related document(s): Request 187 .) (Potter, Sheila) (Entered: 12/04/2020) |
| 12/07/2020 | 189 | ORDER: Defendants' Request to Pause Admissions Further 187 is GRANTED. Oregon State Hospital admissions may be suspended until 12/15/20. Ordered by Judge Michael W. Mosman. (dls) (Entered: 12/07/2020) |
| 12/28/2020 | 190 | Transcript Designation and Order Form for the hearing held on 11/17/20 before Judge Michael Mosman. Court Reporter: Bonita Shumway. Tape Number: 182. . Filed by Oregon Advocacy Center. Transcript is due by 1/27/2021. (Merrithew, Jesse) (Entered: 12/28/2020) |
| 12/28/2020 | 191 | Request - *Defendants' Request to Pause Admissions to the Oregon State Hospital*. Filed by Patrick Allen, Dolores Matteucci. (Potter, Sheila) (Entered: 12/28/2020) |
| 12/28/2020 | 192 | Declaration of Sara Walker *in Support of Defendants' Request to Pause Admissions to the Oregon State Hospital*. Filed by Patrick Allen, Dolores Matteucci. (Related document(s): Request 191 .) (Potter, Sheila) (Entered: 12/28/2020) |
| 12/29/2020 | 193 | ORDER: Defendants' Request to Pause Admissions 191 is GRANTED. Oregon State Hospital admissions may be suspended until 1/4/21. Ordered by Judge Michael W. Mosman. (dls) (Entered: 12/29/2020) |
| 01/04/2021 | 194 | Request - *Defendants' Request to Pause Admissions Further*. Filed by Patrick Allen, Dolores Matteucci. (Potter, Sheila) (Entered: 01/04/2021) |
| 01/04/2021 | 195 | Declaration of Sara Walker *in Support of Defendants' Request to Pause Admissions Further*. Filed by Patrick Allen, Dolores Matteucci. (Related document(s): Request 194 .) (Potter, Sheila) (Entered: 01/04/2021) |
| 01/05/2021 | 196 | **ORDER -** Defendants' Request to Pause Admissions 195 is GRANTED. Oregon State Hospital admissions may be suspended until 1/15/2021. Ordered by Judge Michael W. Mosman. (pg) (Entered: 01/05/2021) |
| 01/13/2021 | 197 | OFFICIAL COURT TRANSCRIPT OF PROCEEDINGS FILED Telephone Status Conference held on 11/17/2020 before Judge Michael W. Mosman, Court Reporter Bonita J. Shumway, telephone number 503-326-8188 or bonita_shumway@ord.uscourts.gov. Transcript may be viewed at Court's public terminal or purchased from the Court Reporter before the deadline for Release of Transcript Restriction. Afterwards it may be obtained through the Court Reporter or PACER. See Policy at ord.uscourts.gov. Notice of Intent to Redact Transcript is due by 1/20/2021. Redaction Request due 2/3/2021. Redacted Transcript Deadline set for 2/16/2021. Release of Transcript Restriction set for 4/13/2021. (Shumway, Bonita) (Entered: 01/13/2021) |
| 04/13/2021 | 198 | Request *to Pause Admissions Further*. Filed by Patrick Allen, Dolores Matteucci. |

**ER - 429**

| | | (Potter, Sheila) (Entered: 04/13/2021) |
|---|---|---|
| 04/13/2021 | 199 | Declaration of Derek Wehr *in Support of Defendants' Request to Pause Admissions Further*. Filed by Patrick Allen, Dolores Matteucci. (Related document(s): Request 198 .) (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4) (Potter, Sheila) (Entered: 04/13/2021) |
| 04/13/2021 | 200 | Declaration of Patrick Allen *in Support of Defendants' Request to Pause Admissions Further*. Filed by Patrick Allen, Dolores Matteucci. (Related document(s): Declaration, 199 , Request 198 .) (Potter, Sheila) (Entered: 04/13/2021) |
| 04/14/2021 | 201 | Memorandum in Opposition *to Request to Pause Admission*. Filed by Metropolitan Public Defenders Incorporated, Oregon Advocacy Center. (Stenson, Thomas) (Entered: 04/14/2021) |
| 04/19/2021 | 202 | ORDER: Defendants Request to Pause Admissions 198 is GRANTED. Oregon State Hospital admissions may be paused until 4/26/21. OSH shall submit a status report on 4/26/21 to inform the court of its ability to admit new cohorts. Ordered by Judge Michael W. Mosman. (kms) (Entered: 04/19/2021) |
| 04/26/2021 | 203 | Status Report by Patrick Allen, Dolores Matteucci. Filed by Patrick Allen, Dolores Matteucci. (Attachments: # 1 Attachment OSH Census by Unit Type 4.26.21) (Potter, Sheila) (Entered: 04/26/2021) |
| 05/10/2021 | 204 | Order from USCA for the 9th Circuit, USCA # 20-35540 re Notice of Appeal 170 . The panel believes this case may be appropriate for mediation and therefore refers this matter to the court's Mediation Office. The Circuit Mediator will contact the parties to explore mediation and provide a status report to the panel within twenty (20) days of the date of this order. Submission is withdrawn pending further order of the court. (jtj) (Entered: 05/10/2021) |
| 05/12/2021 | 205 | Status Report by Patrick Allen, Dolores Matteucci. Filed by Patrick Allen, Dolores Matteucci. (Attachments: # 1 Attachment Progress Report May 12, 2021) (Potter, Sheila) (Entered: 05/12/2021) |
| 05/17/2021 | 206 | **MINUTES of Proceedings:** Telephone Status Conference held before Judge Michael W. Mosman. The parties are directed to a judicial settlement conference with Judge Stacie F. Beckerman. Emily R. Cooper, Jesse A. Merrithew and Tomahs Stenson present as counsel for plaintiff(s). Sheila H. Potter present as counsel for defendant(s). Eric Neiman present as counsel for interested party. Court Reporter: Bonita Shumway. Judge Michael W. Mosman presiding. (dls) Modified text to reflect what occurred at the hearing on 5/18/2021 modified on 5/19/2021 (dls). (Entered: 05/17/2021) |
| 05/24/2021 | 207 | Request *to Pause Admissions for the Week of May 24, 2021*. Filed by Patrick Allen, Dolores Matteucci. (Potter, Sheila) (Entered: 05/24/2021) |
| 05/24/2021 | 208 | Declaration of Derek Wehr *in Support of Defendants' Request to Pause Admissions*. Filed by Patrick Allen, Dolores Matteucci. (Related document(s): Request 207 .) (Attachments: # 1 Exhibit 1 - OSH Census by Unit Type 2021.05.24) (Potter, Sheila) (Entered: 05/24/2021) |
| 05/25/2021 | 209 | ORDER: Defendants Request to Pause Admissions 207 is GRANTED. Oregon State Hospital admissions may be paused until 5/31/21. Ordered by Judge Michael W. Mosman. (kms) (Entered: 05/25/2021) |
| 06/03/2021 | 210 | **SETTLEMENT CONFERENCE ORDER.** Settlement Conference is set for **Wednesday, 6/16/2021, and Wednesday, 6/23/2021,** in Portland chambers before Magistrate Judge Stacie F. Beckerman, 9th floor of the Mark O. Hatfield U.S. Courthouse, 1000 S.W. Third Avenue, Portland. Plaintiffs to arrive at 9:00 AM, |

| | | |
|---|---|---|
| | | Defendants at 9:30 AM. Please see attached order. Ordered on 6/3/2021 by Magistrate Judge Stacie F. Beckerman. (gw) (Entered: 06/03/2021) |
| 06/16/2021 | 211 | **MINUTES of Proceedings:** Settlement Conference held before Magistrate Judge Stacie F. Beckerman on 6/16/2021. The conference will continue on Wednesday, 6/23/2021. Emily R. Cooper, Jesse A. Merrithew and Thomas Stenson present as counsel for plaintiffs. Sheila H. Potter and Craig M. Johnson present as counsel for defendants. Magistrate Judge Stacie F. Beckerman presiding. (gw) (Entered: 06/16/2021) |
| 06/23/2021 | 212 | **MINUTES of Proceedings:** Settlement Conference (continued from 6/16/2021) held before Magistrate Judge Stacie F. Beckerman on 6/23/2021. Negotiations continue. Emily R. Cooper, Jesse A. Merrithew and Thomas Stenson present as counsel for plaintiffs. Sheila H. Potter and Craig M. Johnson present as counsel for defendants. Magistrate Judge Stacie F. Beckerman presiding. (gw) (Entered: 06/23/2021) |
| 08/06/2021 | 213 | **MINUTES of Proceedings:** Settlement Conference (continued from 6/23/2021) held by telephone before Magistrate Judge Stacie F. Beckerman on 8/6/2021. Settlement conference concludes without dispute resolution. Emily R. Cooper present as counsel for plaintiffs. Sheila H. Potter present as counsel for defendants. Magistrate Judge Stacie F. Beckerman presiding. (gw) (Entered: 08/06/2021) |
| 08/16/2021 | 214 | USCA Memorandum for the 9th Circuit, USCA #20-35540, re Notice of Appeal 170 . The decision of the District Court is: VACATED and REMANDED. (jtj) (Additional attachment(s) added on 8/16/2021: # 1 Post Judgment Form) (jtj). (Entered: 08/16/2021) |
| 08/18/2021 | 215 | Motion for Permanent Injunction . Oral Argument requested. Filed by Metropolitan Public Defenders Incorporated, Oregon Advocacy Center. (Stenson, Thomas) (Entered: 08/18/2021) |
| 08/18/2021 | 216 | Declaration of *KC Lewis*. Filed by Metropolitan Public Defenders Incorporated, Oregon Advocacy Center. (Related document(s): Motion for Permanent Injunction 215 .) (Attachments: # 1 Exhibit Exh A, # 2 Exhibit Exh B, # 3 Exhibit Exh C, # 4 Exhibit Exh D) (Stenson, Thomas) (Entered: 08/18/2021) |
| 08/30/2021 | 217 | Motion *(Titled "Defendants' Motion for a New Temporary Modification of Injunction and Opposition to Plaintiffs' Motion to Restore Original Injunction")*. Oral Argument requested. Filed by Patrick Allen, Dolores Matteucci. (Attachments: # 1 Appendix Proposed Temporary Modification) (Potter, Sheila) (Entered: 08/30/2021) |
| 08/30/2021 | 218 | Declaration of Derek Wehr *in Support of Defendants' Motion for a New Temporary Modification of Injunction and Opposition to Plaintiffs' Motion to Restore Original Injunction*. Filed by Patrick Allen, Dolores Matteucci. (Related document(s): Motion - Miscellaneous, 217 .) (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5) (Potter, Sheila) (Entered: 08/30/2021) |
| 08/30/2021 | 219 | Declaration of Sheila H. Potter *in Support of Defendants' Motion for a New Temporary Modification of Injunction and Opposition to Plaintiffs' Motion to Restore Original Injunction*. Filed by Patrick Allen, Dolores Matteucci. (Related document(s): Motion - Miscellaneous, 217 , Declaration, 218 .) (Potter, Sheila) (Entered: 08/30/2021) |
| 09/03/2021 | 220 | Scheduling Order by Judge Michael W. Mosman regarding Motion for Permanent Injunction 215 and Motion *(Titled "Defendants' Motion for a New Temporary Modification of Injunction and Opposition to Plaintiffs' Motion to Restore Original Injunction")* 217 . Oral Argument is set for 9/16/2021 at 01:30PM-2:30PM in Portland Courtroom 16 before Judge Michael W. Mosman. Ordered by Judge Michael W. Mosman. (kms) (Entered: 09/03/2021) |

| 09/07/2021 | 221 | MANDATE Issued regarding *( 214 USCA Memorandum for the 9th Circuit, USCA #20-35540, re Notice of Appeal 170 . The decision of the District Court is: VACATED and REMANDED.)* (jtj) (Entered: 09/07/2021) |
|---|---|---|
| 09/13/2021 | 222 | Reply to Motion *(Titled "Defendants' Motion for a New Temporary Modification of Injunction and Opposition to Plaintiffs' Motion to Restore Original Injunction")* 217 , Response in Opposition to Motion for Permanent Injunction 215 . Filed by Oregon Advocacy Center. (Attachments: # 1 Attachment, # 2 Exhibit) (Cooper, Emily) (Entered: 09/13/2021) |
| 09/16/2021 | 223 | Order from USCA for the 9th Circuit, USCA # 20-35540 re Notice of Appeal 170 . Appellants' motion for an extension of time within which to request attorneys' fees is GRANTED. Any request for attorneys fees must be filed no later than September 21, 2021. (jtj) (Entered: 09/16/2021) |
| 09/16/2021 | 224 | Scheduling Order by Judge Michael W. Mosman regarding Motion for Permanent Injunction 215 , Motion *(Titled "Defendants' Motion for a New Temporary Modification of Injunction and Opposition to Plaintiffs' Motion to Restore Original Injunction")* 217 . Oral Argument set for 9/16/2021 at 1:30PM-2:30PM is continued to 9/22/2021 at 10:00AM-11:00AM in Portland Courtroom 16 before Judge Michael W. Mosman. Ordered by Judge Michael W. Mosman. (kms) (Entered: 09/16/2021) |
| 09/22/2021 | 225 | **MINUTES of Proceedings:** Injunction Hearing Held. Defendant Patrick Allen was sworn in and provided testimony. Plaintiffs' Motion for Permanent Injunction 215 is DENIED with leave to renew for reasons stated on the record. Defendants' Motion for a Temporary Modification of Injunction 217 is GRANTED in part and DENIED in part for reasons stated on the record. Formal order to follow. Emily R. Cooper and Jesse A. Merrithew present as counsel for plaintiff(s). Sheila H. Potter present as counsel for defendant(s). Court Reporter: Kellie Humiston. Judge Michael W. Mosman presiding. (dls) (Entered: 09/22/2021) |
| 09/22/2021 | 226 | ORDER OF MODIFICATION TO INJUNCTION. Signed on 9/22/21 by Judge Michael W. Mosman. (dls) (Entered: 09/22/2021) |
| 09/30/2021 | 227 | Order from USCA for the 9th Circuit, USCA # 20-35540 re Notice of Appeal 170 . Appellees' motion for an extension of time within which to file a response to Appellants' application for attorneys' fees is GRANTED. Any response must be filed no later than October 7, 2021. (jtj) (Entered: 09/30/2021) |
| 10/06/2021 | 228 | Status Report by Patrick Allen, Dolores Matteucci. Filed by Patrick Allen, Dolores Matteucci. (Attachments: # 1 Attachment Progress Report October 6, 2021) (Potter, Sheila) (Entered: 10/06/2021) |
| 10/19/2021 | 229 | Order from USCA for the 9th Circuit, USCA # 20-35540 re Notice of Appeal 170 . Appellants' motion for attorneys' fees (Dkt. 49) is GRANTED IN PART. Appellants are awarded attorneys' fees in the amount equal to the lodestar calculated in their motion ($53,005) less the amount billed for settlement talks before the district court following release from this court's Mediation Program on June 7, 2021 ($9,460), for a total award of $43,545. GRANTED IN PART. (jtj) (Entered: 10/19/2021) |
| 10/22/2021 | 230 | Proposed Status Report by All Plaintiffs. Filed by All Plaintiffs. (Attachments: # 1 Attachment Plaintiffs' Response to Defendants' October Status Report) (Cooper, Emily) (Entered: 10/22/2021) |
| 10/27/2021 | 231 | Status Report by Patrick Allen, Dolores Matteucci. Filed by Patrick Allen, Dolores Matteucci. (Attachments: # 1 Attachment Progress Report October 27, 2021) (Potter, Sheila) (Entered: 10/27/2021) |

| 11/17/2021 | 232 | Status Report by Patrick Allen, Dolores Matteucci. Filed by Patrick Allen, Dolores Matteucci. (Attachments: # 1 Attachment Progress Report November 17, 2021) (Potter, Sheila) (Entered: 11/17/2021) |
| --- | --- | --- |
| 12/01/2021 | 233 | **SCHEDULING ORDER.** Settlement Conference is set for **Friday, 12/10/2021, from 9:00 AM to 3:00 PM** in Portland chambers and by videoconference before Magistrate Judge Stacie F. Beckerman. Each side is to submit a short letter summarizing the current status of the case and clients' positions on how to resolve these matters, to SBpropdoc@ord.uscourts.gov, by 5:00 PM on Wednesday, 12/8/2021. The court will distribute videoconference information no later than 12/9/2021. Ordered by Magistrate Judge Stacie F. Beckerman. (gw) (Entered: 12/01/2021) |
| 12/03/2021 | 234 | Status Report *(Titled "Progress Report December 3, 2021")* by Patrick Allen, Dolores Matteucci. Filed by Patrick Allen, Dolores Matteucci. (Potter, Sheila) (Entered: 12/03/2021) |
| 12/03/2021 | 235 | Declaration of Derek Wehr . Filed by Patrick Allen, Dolores Matteucci. (Related document(s): Status Report 234 .) (Potter, Sheila) (Entered: 12/03/2021) |
| 12/10/2021 | 236 | **MINUTES of Proceedings:** Settlement Conference held before Magistrate Judge Stacie F. Beckerman on 12/10/2021. The parties will file a joint stipulation and order on or before December 15, 2021, regarding the interim agreement reached at the settlement conference. Emily R. Cooper, Jesse A. Merrithew and Thomas Stenson present as counsel for plaintiffs. Sheila H. Potter and Carla Scott present as counsel for defendants. Magistrate Judge Stacie F. Beckerman presiding. (gw) (Entered: 12/10/2021) |
| 12/17/2021 | 237 | **SCHEDULING ORDER.** Extending the deadline for the parties to file a joint stipulation and order regarding the interim agreement reached at the 12/10/2021 settlement conference, from 12/15/2021 to Friday, 12/17/2021. Ordered by Magistrate Judge Stacie F. Beckerman. (gw) (Entered: 12/17/2021) |
| 12/17/2021 | 238 | Stipulated Motion to Appoint Neutral Expert . Filed by Patrick Allen, Dolores Matteucci. (Attachments: # 1 Exhibit 1 - Mink and Bowman Interim Agreement) (Scott, Carla) (Entered: 12/17/2021) |
| 12/17/2021 | 239 | Proposed Form of Order Submitted - *Order Appointing a Neutral Expert*. Filed by Patrick Allen, Dolores Matteucci. (Scott, Carla) (Entered: 12/17/2021) |
| 12/21/2021 | 240 | **ORDER CONSOLIDATING CASES AND APPOINTING A NEUTRAL EXPERT:** Granting Motion to Appoint ((18)) in case 3:21-cv-01637-MO; Granting Motion to Appoint ((238)) in case 3:02-cv-00339-MO. Signed on 12/21/2021 by Judge Michael W. Mosman. Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (kms) (Entered: 12/21/2021) |
| 02/22/2022 | 241 | Amended Motion for Protective Order - *(Second Amended Stipulated Protective Order)*. Filed by Patrick Allen, Dolores Matteucci.Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (Scott, Carla) (Entered: 02/22/2022) |
| 02/23/2022 | 242 | **SECOND AMENDED PROTECTIVE ORDER:** Granting Motion for a Protective Order (27) in case 3:21-cv-01637-MO; Granting Motion for a Protective Order (241) in case 3:02-cv-00339-MO. Signed on 2/23/2022 by Judge Michael W. Mosman. Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (kms) (Entered: 02/23/2022) |
| 03/23/2022 | 243 | Motion for Stay *of Deadlines*. Filed by Patrick Allen, Delores Matteucci.Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (Scott, Carla) (Entered: 03/23/2022) |

| 03/24/2022 | 244 | **ORDER:** Defendants Motion for Stay of Deadlines ( 243 in lead case, 29 in trailing case) is GRANTED. Case deadlines are STAYED. The parties shall provide the Court with a joint status report by 5/9/2022. Ordered by Judge Michael W. Mosman. Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (kms) (Entered: 03/24/2022) |
|---|---|---|
| 04/20/2022 | 245 | Unopposed Motion for Extension of Time . Filed by All Defendants.Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (Scott, Carla) (Entered: 04/20/2022) |
| 04/21/2022 | 246 | **ORDER:** Defendants Unopposed Motion for Extension of Time ( 245 in lead case, 31 in trailing case) is GRANTED. Accordingly, the deadline for the Neutral Experts next report is continued from 4/29/2022 to 5/16/2022. Ordered by Judge Michael W. Mosman. Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (kms) (Entered: 04/21/2022) |
| 04/28/2022 | 247 | **SCHEDULING ORDER.** Continued Settlement Conference is set for **Wednesday, June 8, 2022 at 09:00 AM** by videoconference and in Portland Courtroom 13B before Magistrate Judge Stacie F. Beckerman. Plaintiffs and defendants are to submit settlement letters (with status updates) to SBpropdoc@ord.uscourts.gov no later than June 3, 2022. The Court will distribute the videoconference information at least one day in advance. Ordered by Magistrate Judge Stacie F. Beckerman. Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (gw) (Entered: 04/28/2022) |
| 05/09/2022 | 248 | Joint Status Report by All Defendants. Filed by All Defendants. Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (Scott, Carla) (Entered: 05/09/2022) |
| 06/03/2022 | 249 | **ORDER.** At the request of the parties (by e-mails dated 6/3/2022), CANCELING the continued settlement conference previously set for June 8, 2022 before Magistrate Judge Stacie F. Beckerman. The parties may contact Judge Beckerman's courtroom deputy clerk to reschedule, if desired. Ordered by Magistrate Judge Stacie F. Beckerman. Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (gw) (Entered: 06/03/2022) |
| 06/07/2022 | 250 | Stipulated Motion to Continue *(Titled "Joint Stipulation to Continue Appointment of Neutral Expert")*. Filed by Patrick Allen, Dolores Matteucci.Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (Scott, Carla) (Entered: 06/07/2022) |
| 06/07/2022 | 251 | **ORDER:** Granting Motion to Continue (36) re Joint Stipulation to Continue Appointment of Neutral Expert. Granting Motion to Continue (250) re Joint Stipulation to Continue Appointment of Neutral Expert (36 in 3:21-cv-01637-MO, 250 in 3:02-cv-00339-MO). Signed on 6/7/2022 by Judge Michael W. Mosman. Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (kms) (Entered: 06/07/2022) |
| 08/15/2022 | 252 | Unopposed Motion for Order *to Implement Neutral Expert's Recommendations*. Filed by Metropolitan Public Defender Services Inc., Metropolitan Public Defenders Incorporated, Oregon Advocacy Center. (Attachments: # 1 Proposed Order)Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (Merrithew, Jesse) (Entered: 08/15/2022) |
| 08/15/2022 | 253 | Unopposed Request for Judicial Notice *Relating to Plaintiffs' Motion to Implement Neutral Expert's Recommendations*. **(DOCUMENT RESTRICTED ACCORDING TO PROTECTIVE ORDER)** Filed by Patrick Allen, Delores Matteucci, Patrick Allen, Dolores Matteucci. (Attachments: # 1 Exhibits 1-19)Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (Scott, Carla) (Entered: 08/15/2022) |
| 08/16/2022 | 254 | Scheduling Order. Videoconference Hearing is set for 8/16/2022 at 12:30PM in Portland by before Judge Michael W. Mosman. Ordered by Judge Michael W. Mosman. |

(joha) (Entered: 08/16/2022)

| | | |
|---|---|---|
| 08/16/2022 | 255 | **MINUTES of Proceedings:** Oral argument heard on 08/16/2022 before Judge Michael W. Mosman. Defendants' Request for Judicial Notice 253 is GRANTED. Plaintiffs' Motion for Order to Implement Neutral Experts Recommendations 252 is GRANTED IN PART and DENIED IN PART. Hearing to be set in separate order. Emily Cooper, Jesse Merrithew, Thomas Stenson, present as counsel for plaintiff(s). Carla Scott present as counsel for defendant(s). Court Reporter: Bonita Shumway. Judge Michael W. Mosman presiding. (joha) (Entered: 08/16/2022) |
| 08/16/2022 | 256 | **OPINION AND ORDER:** Defendant's Request for Judicial Notice [ECF 252 ] is GRANTED. I take judicial notice of the materials provided. Plaintiffs' Motion for Order to Implement Neutral Expert's Recommendations [ECF 253] is GRANTED IN PART and DENIED IN PART. The Parties shall implement the recommendations in the Court's Neutral Expert's January and June 2022 reports. Dr. Pinals may grant extensions of other deadlines in her recommendations after conferring with the parties. Any such extensions shall be documented in Defendants' monthly progress reports. To the extent contempt proceedings arise out of the efforts state litigants are making in this case, I ENJOIN any action that seeks to hold those associated with this case in contempt for their efforts to comply with the permanent injunction. Signed on 8/16/2022 by Judge Michael W. Mosman. (joha) (Main Document 256 replaced on 8/16/2022) (cw). (Entered: 08/16/2022) |
| 08/16/2022 | 257 | Order for Administrative Correction of the Record pursuant to Fed. R. Civ. P. 60(a) regarding (256 in 3:02-cv-00339-MO) Opinion and Order. A Clerical error has been discovered in the case record: The document footers were incorrect. The following corrections were made to the record: A corrected PDF has been uploaded and has replaced the incorrect attachment.The Notice of Electronic Filing will be regenerated to all parties.Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (cw) (Entered: 08/16/2022) |
| 08/18/2022 | 258 | Scheduling Order. Hearing is set for 8/29/2022 at 1:30PM-2:30PM in Portland Courtroom 16 before Judge Michael W. Mosman. Ordered by Judge Michael W. Mosman. Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO. (joha) (Entered: 08/18/2022) |
| 08/25/2022 | 259 | Motion to Appear as Amicus Curiae . Filed by Washington County, Marion County. (Attachments: # 1 Attachment Proposed Amicus Brief)Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (Carr, Thomas) (Entered: 08/25/2022) |
| 08/26/2022 | 260 | Supplement *Plaintiffs' Supplemental Memorandum*. Filed by Jarod Bowman, Joshawn Douglas-Simpson, Metropolitan Public Defender Services Inc.. Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (Merrithew, Jesse) (Entered: 08/26/2022) |
| 08/26/2022 | 261 | Declaration of Carla Scott . Filed by Patrick Allen, Delores Matteucci. Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (Scott, Carla) (Entered: 08/26/2022) |
| 08/26/2022 | 262 | Declaration of Emily Cooper . Filed by Jarod Bowman, Joshawn Douglas-Simpson, Metropolitan Public Defender Services Inc.. (Related document(s): Supplement(46 in 3:21-cv-01637-MO).) (Attachments: # 1 Exhibit A, # 2 Exhibit B)Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (Merrithew, Jesse) (Entered: 08/26/2022) |
| 08/26/2022 | 263 | Supplemental Brief *Regarding Plaintiffs' Motion for Order to Implement Neutral Expert's Recommendations*. Filed by Patrick Allen, Delores Matteucci. Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (Scott, Carla) (Entered: 08/26/2022) |
| 08/26/2022 | 264 | Declaration of Derek Wehr . Filed by Patrick Allen, Delores Matteucci. Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (Scott, Carla) (Entered: 08/26/2022) |

| | | |
|---|---|---|
| 08/26/2022 | 265 | Amended Supplement *Plaintiffs' Amended Supplemental Memorandum*. Filed by Jarod Bowman, Joshawn Douglas-Simpson, Metropolitan Public Defender Services Inc.. (Related document(s): Supplement(260 in 3:02-cv-00339-MO, 46 in 3:21-cv-01637-MO).)Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (Merrithew, Jesse) (Entered: 08/26/2022) |
| 08/26/2022 | 266 | Reply *in Rebuttal to Supplemental Brief relating* to Unopposed Motion for Order *to Implement Neutral Expert's Recommendations*(38 in 3:21-cv-01637-MO, 252 in 3:02-cv-00339-MO). Filed by Marion County, Washington County.Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (Carr, Thomas) (Entered: 08/26/2022) |
| 08/26/2022 | 267 | Motion to Appear as Amicus Curiae *For District Attorneys for Washington, Clackamas, and Marion Counties*. Filed by Washington County District Attorney, Clackamas County District Attorney, Marion County District Attorney.Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (Newton, Josh) (Entered: 08/26/2022) |
| 08/26/2022 | 268 | Declaration of Billy J. Williams *In Support of Motion to Appear as Amici Curiae for District Attorneys for Washington, Clackamas and Marion Counties*. Filed by Clackamas County District Attorney, Marion County District Attorney, Washington County District Attorney. (Related document(s): Motion to appear as amicus curiae, (267 in 3:02-cv-00339-MO, 56 in 3:21-cv-01637-MO).)Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (Newton, Josh) (Entered: 08/26/2022) |
| 08/29/2022 | 269 | **MINUTES of Proceedings:** Hearing held before Judge Michael W. Mosman on Plaintiffs' Amended Supplemental Memorandum 265 in support of Plaintiffs' Unopposed Motion for Order to Implement Neutral Expert's Recommendations 252 held. Washington and Marion Counties' Motion to Appear as Amicus Curiae 259 and District Attorneys for Washington, Clackamas, and Marion Counties' Motion to Appear as Amicus Curiae 267 are GRANTED. Upon consideration of Plaintiffs' Amended Supplemental Memorandum 265 , Defendants' Supplemental Brief 263 , and Washington and Marion Counties' Amicus Brief [259-1] and Rebuttal Brief 266 , the Court GRANTS in full Plaintiffs' Unopposed Motion for Order to Implement Neutral Expert's Recommendations 252 for the reasons stated on the record. Formal order to follow. As discussed on the record, the deadline for Amici to file any brief addressing legal issues is set for September 28, 2022. The deadline for Plaintiffs' and Defendants' response is set for October 11, 2022. The deadline for Amici to file any brief addressing factual issues is set for January 13, 2023. The deadline for Plaintiffs' and Defendants' response is set for February 3, 2023. Emily Cooper, Jesse Merrithew present as counsel for plaintiff(s). Sheila Potter, Carla Scott present as counsel for defendant(s). Billy Williams, Thomas Carr, Jane Vetto present as counsel for amici. Court Reporter: Bonita Shumway. Judge Michael W. Mosman presiding. Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO. (joha) Modified to add counsel for amici on 8/29/2022 (joha). (Entered: 08/29/2022) |
| 08/30/2022 | 270 | Amended Proposed Form of Order Submitted . Filed by All Plaintiffs. Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (Merrithew, Jesse) (Entered: 08/30/2022) |
| 09/01/2022 | 271 | **ORDER TO IMPLEMENT NEUTRAL EXPERT'S RECOMMENDATIONS.** See Order for further details. Signed on 9/1/2022 by Judge Michael W. Mosman. Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (joha) (Entered: 09/02/2022) |
| 09/15/2022 | 272 | OFFICIAL COURT TRANSCRIPT OF PROCEEDINGS FILED Hearing held on 8/29/2022 before Judge Michael W. Mosman, Court Reporter Bonita J. Shumway, telephone number (503)326-8188 or bonita_shumway@ord.uscourts.gov. Transcript |

**ER - 436**

| | | |
|---|---|---|
| | | may be viewed at Court's public terminal or purchased from the Court Reporter before the deadline for Release of Transcript Restriction. Afterwards it may be obtained through the Court Reporter or PACER. See Policy at ord.uscourts.gov. Notice of Intent to Redact Transcript is due by 9/22/2022. Redaction Request due 10/6/2022. Redacted Transcript Deadline set for 10/17/2022. Release of Transcript Restriction set for 12/14/2022. Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (Shumway, Bonita) (Entered: 09/15/2022) |
| 09/15/2022 | 273 | OFFICIAL COURT TRANSCRIPT OF PROCEEDINGS FILED Oral Argument (By Videoconference) held on 8/16/2022 before Judge Michael W. Mosman, Court Reporter Bonita J. Shumway, telephone number (503)326-8188 or bonita_shumway@ord.uscourts.gov. Transcript may be viewed at Court's public terminal or purchased from the Court Reporter before the deadline for Release of Transcript Restriction. Afterwards it may be obtained through the Court Reporter or PACER. See Policy at ord.uscourts.gov. Notice of Intent to Redact Transcript is due by 9/22/2022. Redaction Request due 10/6/2022. Redacted Transcript Deadline set for 10/17/2022. Release of Transcript Restriction set for 12/14/2022. Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (Shumway, Bonita) (Entered: 09/15/2022) |
| 09/23/2022 | 274 | Motion to Intervene . Oral Argument requested. Filed by Jonathan R. Hill, Kathleen Proctor, Nan G. Waller, Audrey J. Broyles, Matthew J. Donohue. (Attachments: # 1 Exhibit Proposed Complaint in Intervention, # 2 Exhibit Oregon Ct of Appeals Order)Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (Garza, Keith) (Entered: 09/23/2022) |
| 09/26/2022 | 275 | **ORDER:** The Court ORDERS any response by any party to the Motion to Intervene 274 to be filed by October 7, 2022. Ordered by Judge Michael W. Mosman. Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (joha) (Entered: 09/26/2022) |
| 09/28/2022 | 276 | Brief *REGADING JUDICIAL AUTHORITY*. Filed by Marion County, Washington County. (Related document(s): Order on motion to appear as amicus curiae,,,,,,,,,,,,,, Status Conference,,,,,, (269 in 3:02-cv-00339-MO, 269 in 3:02-cv-00339-MO, 269 in 3:02-cv-00339-MO, 58 in 3:21-cv-01637-MO, 58 in 3:21-cv-01637-MO, 58 in 3:21-cv-01637-MO).)Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (Carr, Thomas) (Entered: 09/28/2022) |
| 09/28/2022 | 277 | Declaration of Ryan Matthews . Filed by Marion County, Washington County. (Related document(s): Brief, (65 in 3:21-cv-01637-MO).)Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (Carr, Thomas) (Entered: 09/28/2022) |
| 09/28/2022 | 278 | Declaration of Nicholas Ocon . Filed by Marion County, Washington County. (Related document(s): Brief, (65 in 3:21-cv-01637-MO, 276 in 3:02-cv-00339-MO).)Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (Carr, Thomas) (Entered: 09/28/2022) |
| 09/28/2022 | 279 | Request for Judicial Notice *in relation to* Brief, (276 in 3:02-cv-00339-MO, 65 in 3:21-cv-01637-MO). Filed by Marion County, Washington County. (Attachments: # 1 Exhibit Exhibits A-D)Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (Carr, Thomas) (Entered: 09/28/2022) |
| 09/28/2022 | 280 | Motion to Appear as Amicus Curiae . Filed by Audrey J. Broyles, Matthew J. Donohue, Jonathan R. Hill, Kathleen Proctor, Nan G. Waller. (Attachments: # 1 Attachment Amici Curiae Brief)Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (Garza, Keith) (Entered: 09/28/2022) |
| 09/28/2022 | 281 | Motion to Intervene . Oral Argument requested. Filed by Legacy Emanuel Hospital & Health Center, Providence Health & Services - Oregon, Legacy Health Systems, |

| | | |
|---|---|---|
| | | PeaceHealth.Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (Isaak, Misha) (Entered: 09/28/2022) |
| 09/28/2022 | 282 | Declaration of Alicia Beymer *in support of*. Filed by Legacy Emanuel Hospital & Health Center, Legacy Health Systems, PeaceHealth, Providence Health & Services - Oregon. (Related document(s): Motion to intervene(70 in 3:21-cv-01637-MO).) (Attachments: # 1 Exhibit, # 2 Exhibit)Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (Isaak, Misha) (Entered: 09/28/2022) |
| 09/28/2022 | 283 | Declaration of Eric Neiman *in support of*. Filed by Legacy Emanuel Hospital & Health Center, Legacy Health Systems, PeaceHealth, Providence Health & Services - Oregon. (Related document(s): Motion to intervene(70 in 3:21-cv-01637-MO).)Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (Isaak, Misha) (Entered: 09/28/2022) |
| 09/28/2022 | 284 | Motion *to Dissolve the Aug 16, 2022 Injunction, and Dissolve or Modify the Sept 1, 2022 Injunction*. Oral Argument requested. Filed by Legacy Emanuel Hospital & Health Center, Legacy Health Systems, PeaceHealth, Providence Health & Services - Oregon.Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (Isaak, Misha) (Entered: 09/28/2022) |
| 09/28/2022 | 285 | Corporate Disclosure Statement . Filed by Legacy Health Systems. Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (Isaak, Misha) (Entered: 09/28/2022) |
| 09/28/2022 | 286 | Corporate Disclosure Statement . Filed by Legacy Emanuel Hospital & Health Center. Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (Isaak, Misha) (Entered: 09/28/2022) |
| 09/28/2022 | 287 | Corporate Disclosure Statement . Filed by PeaceHealth. Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (Isaak, Misha) (Entered: 09/28/2022) |
| 09/28/2022 | 288 | Corporate Disclosure Statement . Filed by Providence Health & Services - Oregon. Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (Isaak, Misha) (Entered: 09/28/2022) |
| 09/29/2022 | 289 | **ORDER:** The Counties' Request for Judicial Notice 279 is GRANTED. The Court ORDERS any response by any party to the Health Systems' Motion to Intervene 281 and Motion to Dissolve or Modify Injunctions 284 to be filed by October 12, 2022. The Judges' Motion to Appear as Amicus Curiae 280 is TAKEN UNDER ADVISEMENT in connection with their Motion to Intervene 274 . Ordered by Judge Michael W. Mosman. Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (joha) (Entered: 09/29/2022) |
| 09/30/2022 | 290 | Corrected Brief *REGADING JUDICIAL AUTHORITY*. Filed by Marion County, Washington County. (Related document(s): Brief, (65 in 3:21-cv-01637-MO, 276 in 3:02-cv-00339-MO).)Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (Carr, Thomas) (Entered: 09/30/2022) |
| 10/03/2022 | 291 | Scheduling Order by Judge Michael W. Mosman regarding Motion to Intervene 274 , Brief REGADING JUDICIAL AUTHORITY 276 , Motion to Appear as Amicus Curiae 280 , Motion to Intervene 281 , and Motion to Dissolve the Aug 16, 2022 Injunction, and Dissolve or Modify the Sept 1, 2022 Injunction 284 . Oral Argument is set for 11/21/2022 at 01:30PM-3:30PM in Portland Courtroom 16 before Judge Michael W. Mosman. Ordered by Judge Michael W. Mosman. Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO. (joha) (Entered: 10/03/2022) |
| 10/07/2022 | 292 | Response in Opposition to Motion to Intervene (274 in 3:02-cv-00339-MO, 63 in 3:21-cv-01637-MO, 63 in 3:21-cv-01637-MO, 274 in 3:02-cv-00339-MO). Filed by All |

| | | |
|---|---|---|
| | | Plaintiffs.Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (Merrithew, Jesse) (Entered: 10/07/2022) |
| 10/11/2022 | 293 | Memorandum in Opposition *to Counties' Amicus Brief*. Filed by All Plaintiffs.Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (Merrithew, Jesse) (Entered: 10/11/2022) |
| 10/12/2022 | 294 | Individual Party Consent to Jurisdiction by U.S. Magistrate Judge. (Entered: 10/12/2022) |
| 10/12/2022 | 295 | Individual Party Consent to Jurisdiction by U.S. Magistrate Judge. (Entered: 10/12/2022) |
| 10/12/2022 | 296 | Response in Opposition to Motion to Intervene (281 in 3:02-cv-00339-MO, 70 in 3:21-cv-01637-MO, 70 in 3:21-cv-01637-MO, 281 in 3:02-cv-00339-MO). Filed by Jarod Bowman, Joshawn Douglas-Simpson, Metropolitan Public Defender Services Inc., Metropolitan Public Defenders Incorporated, Oregon Advocacy Center.Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (Stenson, Thomas) (Entered: 10/12/2022) |
| 10/12/2022 | 297 | Declaration of Emily Cooper . Filed by Jarod Bowman, Joshawn Douglas-Simpson, Metropolitan Public Defender Services Inc., Metropolitan Public Defenders Incorporated, Oregon Advocacy Center. (Related document(s): Motion to intervene(70 in 3:21-cv-01637-MO, 281 in 3:02-cv-00339-MO).) (Attachments: # 1 Exhibit A, # 2 Exhibit B)Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (Stenson, Thomas) (Entered: 10/12/2022) |
| 10/12/2022 | 298 | Response in Opposition to Motion *to Dissolve the Aug 16, 2022 Injunction, and Dissolve or Modify the Sept 1, 2022 Injunction*(284 in 3:02-cv-00339-MO, 73 in 3:21-cv-01637-MO, 284 in 3:02-cv-00339-MO, 73 in 3:21-cv-01637-MO). Filed by Jarod Bowman, Joshawn Douglas-Simpson, Metropolitan Public Defender Services Inc., Metropolitan Public Defenders Incorporated, Oregon Advocacy Center.Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (Stenson, Thomas) (Entered: 10/12/2022) |
| 10/13/2022 | 299 | **ORDER:** The Health Systems' Motion to Intervene 281 is GRANTED. The Judges' Motion to Appear as Amicus Curiae 280 is GRANTED. The arguments as to the merits of the Court's prior orders in the Judges' Motion to Intervene 274 and exhibits thereto shall be considered in connection with their status as amici, so the Judges' Motion to Intervene 274 is itself DENIED AS MOOT. Plaintiffs and Defendants are directed to file any responses to the Health Systems' Motion to Dissolve or Modify Injunctions 284 and the Judges' Amicus Brief [280-1] by November 3, 2022. With regards to the Counties' Brief Regarding Judicial Authority 276 (as corrected, 290 ), Plaintiffs are directed to respond more fully to the Counties' arguments by November 3, 2022. Oral Argument on November 21, 2022, shall consider the merits of the Judges', Health Systems', and Counties' arguments regarding modifying or dissolving the Court's August 16 Order [ECF 256] and September 1 Order [ECF 271]. Ordered by Judge Michael W. Mosman. Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (joha) (Entered: 10/13/2022) |
| 10/13/2022 | 300 | Individual Party Consent to Jurisdiction by U.S. Magistrate Judge. (Entered: 10/13/2022) |
| 10/14/2022 | 301 | Motion to Consolidate *Pursuant to FRCP 42*. Filed by Patrick Allen, Delores Matteucci, Patrick Allen, Dolores Matteucci.Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (Scott, Carla) (Entered: 10/14/2022) |

| | | |
|---|---|---|
| 10/14/2022 | 302 | Motion for Reconsideration of Scheduling Order,,,,,,,,,, (299 in 3:02-cv-00339-MO, 299 in 3:02-cv-00339-MO, 87 in 3:21-cv-01637-MO, 87 in 3:21-cv-01637-MO). Filed by Audrey J. Broyles, Matthew J. Donohue, Jonathan R. Hill, Kathleen Proctor, Nan G. Waller.Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (Garza, Keith) (Entered: 10/14/2022) |
| 10/19/2022 | 303 | **ORDER:** Judges' Motion for Reconsideration 302 is GRANTED. Telephonic Hearing regarding Judges' Motion to Intervene 274 and Plaintiffs' Response to Judges' Motion to Intervene 296 is set for 10/25/2022 at 9:00AM-10:30AM in Portland before Judge Michael W. Mosman. Ordered by Judge Michael W. Mosman. Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (joha) (Entered: 10/19/2022) |
| 10/21/2022 | 304 | Reply *of Proposed Judge Intervenors* to Motion to Intervene (63 in 3:21-cv-01637-MO, 274 in 3:02-cv-00339-MO) Oral Argument requested. Filed by Audrey J. Broyles, Matthew J. Donohue, Jonathan R. Hill, Kathleen Proctor, Nan G. Waller. (Attachments: # 1 Attachment Declaration of Nancy J. Cozine in Support of Motion for Limited Intervention)Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (Garza, Keith) (Entered: 10/21/2022) |
| 10/24/2022 | 305 | Notice of Attorney Substitution: Thomas R. Johnson is substituted as counsel of record in place of Attorney Misha Isaak . Filed by on behalf of Legacy Emanuel Hospital & Health Center, Legacy Health Systems, PeaceHealth, Providence Health & Services - Oregon.Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (Johnson, Thomas) (Entered: 10/24/2022) |
| 10/25/2022 | 306 | **MINUTES of Proceedings:** Oral Argument on Judges' Motion to Intervene 274 held before Judge Michael W. Mosman on October 25, 2022. As stated on the record, the Court's September 1 Order 271 is a comprehensive order that imposes legal requirements on OHA. OHA employees and officials cannot be held in contempt for complying with that order. I therefore DISSOLVE the Court's August 16 Order 256 in its entirety - both its procedural aspects and its injunction. The Judges' Motion to Intervene 274 is for that reason DENIED AS MOOT. Ordered by Judge Michael W. Mosman. Emily R. Cooper present as counsel for Plaintiff Oregon Advocacy Center. Jesse A. Merrithew present as counsel for Plaintiff Metropolitan Public Defenders. Carla Scott present as counsel for Defendants. Thomas Carr present as counsel for Amicus Washington County. Jane E. Vetto present as counsel for Amicus Marion County. Billy Williams present as counsel for Amici District Attorneys. Keith M. Garza present as counsel for Amici and Proposed Intervenors Judges. Eric J. Neiman present as counsel for Intervenor Health Systems. Court Reporter: Bonita Shumway. Judge Michael W. Mosman presiding. (joha) Modified to move Scheduling Order to separate docket entry on 10/25/2022 (joha). (Entered: 10/25/2022) |
| 10/25/2022 | 307 | Scheduling Order by Judge Michael W. Mosman regarding Oral Argument set for 11/21/2022 at 01:30PM-3:30PM in Portland Courtroom 16 before Judge Michael W. Mosman. Amici Counties, Amici District Attorneys, Amici Judges, and Intervenor Health Systems shall each have 15 minutes for their arguments in favor of modifying or dissolving the Court's September 1 Order 271 . Plaintiffs and Defendants shall have 15 minutes to respond. The balance of the hearing shall be used for questions and further argument as the Court sees fit. Ordered by Judge Michael W. Mosman. Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (joha) (Entered: 10/25/2022) |
| 10/28/2022 | 308 | Response to Motion to Consolidate *Pursuant to FRCP 42*(301 in 3:02-cv-00339-MO, 88 in 3:21-cv-01637-MO) Oral Argument requested. Filed by Legacy Emanuel Hospital & Health Center, Legacy Health Systems, PeaceHealth, Providence Health & |

| | | |
|---|---|---|
| | | Services - Oregon.Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (Neiman, Eric) (Entered: 10/28/2022) |
| 11/03/2022 | 309 | Response to Motion *to Dissolve the Aug 16, 2022 Injunction, and Dissolve or Modify the Sept 1, 2022 Injunction* ( 284 in 3:02-cv-00339-MO, 73 in 3:21-cv-01637-MO). Filed by Patrick Allen, Delores Matteucci, Patrick Allen, Patrick Allen, Dolores Matteucci. Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO, 6:22-cv-01460-MO (Scott, Carla) Modified on 11/4/2022 to add document link (dino). (Entered: 11/03/2022) |
| 11/03/2022 | 310 | Response in Opposition to Motion *to Dissolve the Aug 16, 2022 Injunction, and Dissolve or Modify the Sept 1, 2022 Injunction*(284 in 3:02-cv-00339-MO, 73 in 3:21-cv-01637-MO, 284 in 3:02-cv-00339-MO, 73 in 3:21-cv-01637-MO). Filed by Metropolitan Public Defender Services Inc., Metropolitan Public Defenders Incorporated, Oregon Advocacy Center.Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO, 6:22-cv-01460-MO (Stenson, Thomas) (Entered: 11/03/2022) |
| 11/03/2022 | 311 | Declaration of Derek Wehr . Filed by Patrick Allen, Delores Matteucci, Patrick Allen, Dolores Matteucci. (Related document(s): Response in Opposition to Motion, (99 in 3:21-cv-01637-MO, 13 in 6:22-cv-01460-MO, 312 in 3:02-cv-00339-MO).)Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO, 6:22-cv-01460-MO (Scott, Carla) Modified docket text to reflect the correct response linkage in lead and trailing cases on 11/3/2022. (eo) (Entered: 11/03/2022) |
| 11/03/2022 | 312 | Response *in Opposition to Counties Brief Regarding Judicial Authority*. Filed by Oregon Advocacy Center.Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO, 6:22-cv-01460-MO (Cooper, Emily) (Entered: 11/03/2022) |
| 11/03/2022 | 313 | Declaration of Emily Cooper *In Support of Plaintiffs Response in Opposition to Counties Brief*. Filed by Oregon Advocacy Center. (Related document(s): Response to Motion ( 312 in 3:02-cv-00339-MO, 13 in 6:22-cv-01460-MO, 99 in 3:21-cv-01637-MO).) (Attachments: # 1 Attachment Dr. Pinals Third Report) Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO, 6:22-cv-01460-MO (Cooper, Emily) Modified on 11/4/2022 to add document link (dino). (Entered: 11/03/2022) |
| 11/03/2022 | 314 | Notice of Correction by Clerk regarding (12 in 6:22-cv-01460-MO, 311 in 3:02-cv-00339-MO, 98 in 3:21-cv-01637-MO) Declaration of Derek Wehr. A Clerical error has been discovered in the case record: The declaration was inadvertently filed before the response to which it should have been linked. The following corrections were made to the record: The docket text and linkage has been corrected in the lead case. The Notice of Electronic Filing (NEF) will be regenerated to all parties.Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO, 6:22-cv-01460-MO (eo) (Entered: 11/03/2022) |
| 11/04/2022 | 315 | **ORDER:** In accordance with Judge McShane's Order [ECF 8 ] in No. 22-1460, Legacy Health System et al v. Allen, and the reasoning therein, Defendants' Motion to Consolidate 301 in this case is GRANTED. I consolidate Legacy (6:22-cv-01460-MO) with the previously consolidated Mink (3:02-cv-00339-MO) and Bowman (3:21-cv-01637-MO) cases. Fed. R. Civ. P. 42(a)(2). Mink is designated as the lead case of the three. LR 42-4(a). Any future filings or other docket activities related to any of the cases must appear in the Mink CM/ECF docket. Pursuant to LR 42-4(b), the case number and designation of the lead case must be listed first in the document title of every document filed in consolidated cases. Ordered by Judge Michael W. Mosman. Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO, 6:22-cv-01460-MO (joha) (Entered: 11/04/2022) |
| 11/17/2022 | 316 | Reply *in Support of Motion to Dissolve or Modify the September 1, 2022 Injunction* to Motion *to Dissolve the Aug 16, 2022 Injunction, and Dissolve or Modify the Sept 1,* |

| | | |
|---|---|---|
| | | *2022 Injunction* (73 in 3:21-cv-01637-MO) Oral Argument requested. Filed by Legacy Emanuel Hospital & Health Center, Legacy Health Systems, PeaceHealth, Providence Health & Services - Oregon. Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO, 6:22-cv-01460-MO (Johnson, Thomas) (Entered: 11/17/2022) |
| 11/17/2022 | 317 | Declaration of Ron Lagergren *in Support of Intervenors' Motion to Dissolve or Modify the September 1, 2022 Injunction*. Filed by Legacy Emanuel Hospital & Health Center, Legacy Health Systems, PeaceHealth, Providence Health & Services - Oregon. (Related document(s): Reply to Motion, (103 in 3:21-cv-01637-MO, 316 in 3:02-cv-00339-MO, 17 in 6:22-cv-01460-MO).)Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO, 6:22-cv-01460-MO (Johnson, Thomas) (Entered: 11/17/2022) |
| 11/17/2022 | 318 | Declaration of Robin Henderson *in Support of Motion to Dissolve or Modify the September 1, 2022 Injunction*. Filed by Legacy Emanuel Hospital & Health Center, Legacy Health Systems, PeaceHealth, Providence Health & Services - Oregon. (Related document(s): Reply to Motion, (103 in 3:21-cv-01637-MO, 316 in 3:02-cv-00339-MO, 17 in 6:22-cv-01460-MO).) (Attachments: # 1 Exhibit 1)Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO, 6:22-cv-01460-MO (Johnson, Thomas) (Entered: 11/17/2022) |
| 11/18/2022 | 319 | Memorandum in Opposition *Objecting to Evidence* to Motion *to Dissolve the Aug 16, 2022 Injunction, and Dissolve or Modify the Sept 1, 2022 Injunction* ( 284 in 3:02-cv-00339-MO, 73 in 3:21-cv-01637-MO). Filed by Jarod Bowman, Metropolitan Public Defenders Incorporated, Oregon Advocacy Center. Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO, 6:22-cv-01460-MO (Stenson, Thomas) Modified on 11/22/2022 to add document link (dino). (Entered: 11/18/2022) |
| 11/21/2022 | 320 | Response *to New Allegations Regarding September 1 Order* to Motion *to Dissolve the Aug 16, 2022 Injunction, and Dissolve or Modify the Sept 1, 2022 Injunction* (284 in 3:02-cv-00339-MO, 73 in 3:21-cv-01637-MO). Filed by Patrick Allen, Dolores Matteucci. (Attachments: # 1 Attachment Declaration of Derek Wehr)Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO, 6:22-cv-01460-MO (Potter, Sheila) (Entered: 11/21/2022) |
| 11/21/2022 | 322 | **MINUTES of Proceedings:** Hearing held before Judge Michael W. Mosman on Intervenors' Motion to Dissolve or Modify the September 1 Order 284 and related filings by Plaintiffs, Defendants, and Amici. As discussed on the record, formal opinion to follow. Thomas Stenson, Emily Cooper, Jesse Merrithew present as counsel for Plaintiffs. Sheila Potter present as counsel for Defendants. Eric Neiman present as counsel for Intervenors. Keith Garza, Billy Williams, Thomas Carr, Jane Vetto present as counsel for Amici. Court Reporter: Bonita Shumway. Judge Michael W. Mosman presiding. Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO, 6:22-cv-01460-MO. (joha) (Entered: 11/22/2022) |
| 11/22/2022 | 321 | OFFICIAL COURT TRANSCRIPT OF PROCEEDINGS FILED Telephonic Oral Argument held on 10/25/2022 before Judge Michael W. Mosman, Court Reporter Bonita J. Shumway, telephone number (503)326-8188 or bonita_shumway@ord.uscourts.gov. Transcript may be viewed at Court's public terminal or purchased from the Court Reporter before the deadline for Release of Transcript Restriction. Afterwards it may be obtained through the Court Reporter or PACER. See Policy at ord.uscourts.gov. Notice of Intent to Redact Transcript is due by 11/29/2022. Redaction Request due 12/13/2022. Redacted Transcript Deadline set for 12/27/2022. Release of Transcript Restriction set for 2/21/2023. Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO, 6:22-cv-01460-MO (Shumway, Bonita) (Entered: 11/22/2022) |

| 11/28/2022 | 323 | Motion *STIPULATED CASE MANAGEMENT SCHEDULE*. Filed by Patrick Allen, Delores Matteucci, Patrick Allen, Patrick Allen, Delores Matteucci.Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO, 6:22-cv-01460-MO (Scott, Carla) (Entered: 11/28/2022) |
| --- | --- | --- |
| 11/29/2022 | 324 | Corrected Proposed Joint Case Management Schedule . Filed by Patrick Allen, Delores Matteucci, Patrick Allen, Patrick Allen, Delores Matteucci. Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO, 6:22-cv-01460-MO (Scott, Carla) (Entered: 11/29/2022) |
| 11/29/2022 | 325 | **ORDER:** The Parties' Stipulated Motion to Set the Case Management Schedule 323 is GRANTED. The deadline for the First Amended Complaint is set for December 1, 2022. The deadline for the Motion to Dismiss the First Amended Complaint is set for December 22, 2022. The deadline for the Response to the Motion to Dismiss is set for January 26, 2023. The deadline for the Reply in support of the Motion to Dismiss is set for February 16, 2023. Ordered by Judge Michael W. Mosman. Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO, 6:22-cv-01460-MO (joha) (Entered: 11/29/2022) |
| 12/01/2022 | 326 | Scheduling Order. Status Conference is set for 4/24/2023 at 10:00AM-11:00AM in Portland Courtroom 16 before Judge Michael W. Mosman. Ordered by Judge Michael W. Mosman. Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO, 6:22-cv-01460-MO (joha) (Entered: 12/01/2022) |
| 12/01/2022 | 327 | Unopposed Amended Complaint *for Declaratory and Injunctive Relief*. Filed by PeaceHealth, Legacy Health Systems, Legacy Emanuel Hospital & Health Center, Providence Health & Services - Oregon, St. Charles Health System, Inc. against Patrick Allen. (Neiman, Eric) (Entered: 12/01/2022) |
| 12/06/2022 | 328 | OFFICIAL COURT TRANSCRIPT OF PROCEEDINGS FILED Oral Argument held on 11/21/2022 before Judge Michael W. Mosman, Court Reporter Bonita J. Shumway, telephone number (503)326-8188 or bonita_shumway@ord.uscourts.gov. Transcript may be viewed at Court's public terminal or purchased from the Court Reporter before the deadline for Release of Transcript Restriction. Afterwards it may be obtained through the Court Reporter or PACER. See Policy at ord.uscourts.gov. Notice of Intent to Redact Transcript is due by 12/13/2022. Redaction Request due 12/27/2022. Redacted Transcript Deadline set for 1/6/2023. Release of Transcript Restriction set for 3/6/2023. Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO, 6:22-cv-01460-MO (Shumway, Bonita) (Entered: 12/06/2022) |
| 12/22/2022 | 329 | Motion to Dismiss . Filed by Patrick Allen.Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO, 6:22-cv-01460-MO (Scott, Carla) (Entered: 12/22/2022) |
| 12/22/2022 | 330 | Request for Judicial Notice Motion to Dismiss(30 in 6:22-cv-01460-MO, 329 in 3:02-cv-00339-MO, 116 in 3:21-cv-01637-MO). Filed by Patrick Allen. (Attachments: # 1 Exhibit 1-29)Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO, 6:22-cv-01460-MO (Scott, Carla) (Entered: 12/22/2022) |
| 12/23/2022 | 331 | Motion for Clarification Scheduling Order,,,,,,,,, (299 in 3:02-cv-00339-MO, 299 in 3:02-cv-00339-MO, 87 in 3:21-cv-01637-MO, 87 in 3:21-cv-01637-MO). Filed by Metropolitan Public Defenders Incorporated, Oregon Advocacy Center.Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO, 6:22-cv-01460-MO (Stenson, Thomas) (Entered: 12/23/2022) |
| 01/03/2023 | 332 | **ORDER:** I STRIKE the January 13, 2023 deadline for Amici to file any briefs addressing factual issues and the February 3, 2023 deadline for Plaintiffs' and Defendants' responses. See Minute Order 269 . Amici's briefing for the November 21, 2022 hearing presented factual arguments, removing the need for separate briefing at |

**ER - 443**

| | | |
|---|---|---|
| | | this time. Ordered by Judge Michael W. Mosman. Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO, 6:22-cv-01460-MO (joha) (Entered: 01/03/2023) |
| 01/04/2023 | 333 | Motion for Extension of Time to File a Response/Reply to Motion for Clarification Scheduling Order,,,,,,,,,, (299 in 3:02-cv-00339-MO, 299 in 3:02-cv-00339-MO, 87 in 3:21-cv-01637-MO, 87 in 3:21-cv-01637-MO)(118 in 3:21-cv-01637-MO, 33 in 6:22-cv-01460-MO, 331 in 3:02-cv-00339-MO). Filed by Legacy Emanuel Hospital & Health Center, Legacy Health System, PeaceHealth, St. Charles Health System, Inc., Legacy Health Systems.Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO, 6:22-cv-01460-MO (Pelkey, Emma) (Entered: 01/04/2023) |
| 01/04/2023 | 334 | Declaration of Eric J. Neiman *In Support of Motion for Extension of Time*. Filed by Legacy Emanuel Hospital & Health Center, Legacy Health System, PeaceHealth, St. Charles Health System, Inc., Legacy Health Systems. (Related document(s): Motion for Extension of Time to File Response/Reply to a Motion,, (36 in 6:22-cv-01460-MO, 120 in 3:21-cv-01637-MO).)Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO, 6:22-cv-01460-MO (Pelkey, Emma) (Entered: 01/04/2023) |
| 01/05/2023 | 335 | **ORDER:** Intervenors' Unopposed Motion for Extension of Time to File a Response to Plaintiffs' Motion to Clarify Order on Intervention 333 is GRANTED. The deadline for the response is extended from January 6, 2023, until January 26, 2023. The Court also construes Intervenors' motion as a motion for an extension of time to file a response to the Motion to Dismiss 329 in the Legacy matter, which is currently set for January 5, 2023. See Local Rule 7-1(e)(1). The Court GRANTS an extension of the deadline for that response. The deadline for Intervenors' response to the Motion to Dismiss is extended from January 5, 2023, until January 26, 2023. Defendants Request for Judicial Notice 330 is GRANTED. Ordered by Judge Michael W. Mosman. Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO, 6:22-cv-01460-MO (kms) (Entered: 01/05/2023) |
| 01/05/2023 | 336 | In light of the Status Conference set for April 24, 2023, Amici Judges, Amici Counties, Amici District Attorneys, and Intervenors may submit briefs regarding factual arguments. The deadline for any such briefs is set for April 3, 2023. The deadline for any responses from Plaintiffs and Defendants is set for April 17, 2023. Plaintiffs and Defendants may file separate responses or a single, joint response. Ordered by Judge Michael W. Mosman. Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO, 6:22-cv-01460-MO (kms) (Entered: 01/05/2023) |
| 01/06/2023 | 337 | ORDER: In light of the Court's January 3, 2023 Order [ECF 34] in Legacy Health System et al v. Allen (6:22-cv-01460-MO), Amicus Disability Rights Oregon shall file its proposed amicus brief by January 13, 2022. As per Minute Order 315 , the amicus brief must appear in the Mink CM/ECF docket. The deadline for any response by the Health Systems to the amicus brief is set for January 26, 2023. Ordered by Judge Michael W. Mosman. Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO, 6:22-cv-01460-MO (kms) (Entered: 01/06/2023) |
| 01/09/2023 | 338 | Opinion and Order: For the reasons stated on the record and above, I DENY Intervenors' Motion to Dissolve or Modify [ECF 284] the September 1 Order, with leave to renew. Signed on 1/9/2023 by Judge Michael W. Mosman.Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO, 6:22-cv-01460-MO (kms) (Entered: 01/10/2023) |
| 01/13/2023 | 339 | Amicus Brief . Filed by Disability Rights Oregon. (Related document(s): Motion to Dismiss(30 in 6:22-cv-01460-MO, 329 in 3:02-cv-00339-MO, 116 in 3:21-cv-01637-MO).)Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO, 6:22-cv-01460-MO (Stenson, Thomas) (Entered: 01/13/2023) |

| | | |
|---|---|---|
| 01/26/2023 | 340 | Response in Opposition *to Defendant's Motion to Dismiss* to Motion to Dismiss (329 in 3:02-cv-00339-MO, 116 in 3:21-cv-01637-MO, 30 in 6:22-cv-01460-MO, 30 in 6:22-cv-01460-MO, 329 in 3:02-cv-00339-MO, 116 in 3:21-cv-01637-MO) Oral Argument requested. Filed by Legacy Emanuel Hospital & Health Center, St. Charles Health System, Inc., Legacy Health Systems, PeaceHealth, Providence Health & Services - Oregon.Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO, 6:22-cv-01460-MO (Neiman, Eric) (Entered: 01/26/2023) |
| 01/26/2023 | 341 | Brief *Plaintiffs' Response to Amicus Brief in Support of the Motion to Dismiss Plaintiffs' Amended Complaint*. Filed by Legacy Emanuel Hospital & Health Center, Legacy Health System, PeaceHealth, Providence Health & Services - Oregon, St. Charles Health System, Inc.. (Related document(s): Brief, (42 in 6:22-cv-01460-MO, 339 in 3:02-cv-00339-MO, 126 in 3:21-cv-01637-MO).)Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO, 6:22-cv-01460-MO (Neiman, Eric) (Entered: 01/26/2023) |
| 01/26/2023 | 342 | Unopposed Motion to File Excess Pages . Filed by Legacy Health System, PeaceHealth, Providence Health & Services - Oregon, St. Charles Health System, Inc..Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO, 6:22-cv-01460-MO (Neiman, Eric) (Entered: 01/26/2023) |
| 01/26/2023 | 343 | Request *Plaintiffs' Brief Regarding Judicial Notice and Request for Judicial Notice*. Filed by Legacy Emanuel Hospital & Health Center, Legacy Health System, PeaceHealth, Providence Health & Services - Oregon, St. Charles Health System, Inc.. Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO, 6:22-cv-01460-MO (Neiman, Eric) Modified on 1/31/2023 to change event from Request to Motion, Request for Judicial Notice. NEF not regenerated. (jw) (Entered: 01/26/2023) |
| 01/26/2023 | 344 | Declaration of Kristin Powers *in Support of Plaintiffs' Brief Regarding Judicial Notice and Request for Additional Judicial Notice*. Filed by Legacy Emanuel Hospital & Health Center, Legacy Health System, PeaceHealth, Providence Health & Services - Oregon, St. Charles Health System, Inc. (Related document(s): Request, (130 in 3:21-cv-01637-MO, 343 in 3:02-cv-00339-MO, 46 in 6:22-cv-01460-MO).) (Attachments: # 1 Exhibit) Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO, 6:22-cv-01460-MO (Neiman, Eric) Modified on 1/27/2023 to add document link (dino). (Entered: 01/26/2023) |
| 01/26/2023 | 345 | Declaration of Ginger Walcutt *in Support of Plaintiffs' Brief Regarding Judicial Notice and Request for Additional Judicial Notice*. Filed by Legacy Emanuel Hospital & Health Center, Legacy Health System, PeaceHealth, Providence Health & Services - Oregon, St. Charles Health System, Inc. (Related document(s): Request, (130 in 3:21-cv-01637-MO, 343 in 3:02-cv-00339-MO, 46 in 6:22-cv-01460-MO).) (Attachments: # 1 Exhibit) Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO, 6:22-cv-01460-MO (Neiman, Eric) Modified on 1/27/2023 to add document link (dino). (Entered: 01/26/2023) |
| 01/26/2023 | 346 | Declaration of Ann Rasmussen *in Support of Plaintiffs' Brief Regarding Judicial Notice and Request for Additional Judicial Notice*. Filed by Legacy Emanuel Hospital & Health Center, Legacy Health System, PeaceHealth, Providence Health & Services - Oregon, St. Charles Health System, Inc. (Related document(s): Request, (130 in 3:21-cv-01637-MO, 343 in 3:02-cv-00339-MO, 46 in 6:22-cv-01460-MO).) (Attachments: # 1 Exhibit, # 2 Exhibit) Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO, 6:22-cv-01460-MO (Neiman, Eric) Modified on 1/27/2023 to add document link (dino). (Entered: 01/26/2023) |

| | | |
|---|---|---|
| 01/26/2023 | 347 | Declaration of Rachel McMahon *in Support of Plaintiffs' Brief Regarding Judicial Notice and Request for Additional Judicial Notice.* Filed by Legacy Emanuel Hospital & Health Center, Legacy Health System, PeaceHealth, Providence Health & Services - Oregon, St. Charles Health System, Inc. (Related document(s): Request, (130 in 3:21-cv-01637-MO, 343 in 3:02-cv-00339-MO, 46 in 6:22-cv-01460-MO).) (Attachments: # 1 Exhibit) Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO, 6:22-cv-01460-MO (Neiman, Eric) Modified on 1/27/2023 to add document link (dino). (Entered: 01/26/2023) |
| 01/26/2023 | 348 | Response to Motion for Clarification Scheduling Order,,,,,,,,, (299 in 3:02-cv-00339-MO, 299 in 3:02-cv-00339-MO, 87 in 3:21-cv-01637-MO, 87 in 3:21-cv-01637-MO) ( 331 in 3:02-cv-00339-MO, 118 in 3:21-cv-01637-MO, 33 in 6:22-cv-01460-MO) Oral Argument requested. Filed by Legacy Emanuel Hospital & Health Center, Legacy Health Systems, PeaceHealth, Providence Health & Services - Oregon. Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO, 6:22-cv-01460-MO (Neiman, Eric) Modified on 1/27/2023 to add document link (dino). (Entered: 01/26/2023) |
| 01/30/2023 | 349 | **ORDER:** Health Systems' Unopposed Motion to File Excess Pages 342 is GRANTED. Ordered by Judge Michael W. Mosman. Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO, 6:22-cv-01460-MO (kms) (Entered: 01/30/2023) |
| 02/02/2023 | 350 | **ORDER:** Health Systems' Request for Judicial Notice 343 is GRANTED. Ordered by Judge Michael W. Mosman. Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO, 6:22-cv-01460-MO (kms) (Entered: 02/02/2023) |
| 02/08/2023 | 351 | Notice of Attorney Substitution: Thomas R. Johnson is substituted as counsel of record in place of Attorney Alex Van Rysselberghe . Filed by on behalf of Legacy Emanuel Hospital & Health Center, Legacy Health Systems, PeaceHealth, Providence Health & Services - Oregon, St. Charles Health System, Inc..Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO, 6:22-cv-01460-MO (Johnson, Thomas) (Entered: 02/08/2023) |
| 02/16/2023 | 352 | Reply to Motion to Dismiss (30 in 6:22-cv-01460-MO, 329 in 3:02-cv-00339-MO, 116 in 3:21-cv-01637-MO). Filed by Patrick Allen. Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO, 6:22-cv-01460-MO (Scott, Carla) Modified on 2/16/2023 to add document link (dino). (Entered: 02/16/2023) |
| 02/27/2023 | 353 | Scheduling Order regarding Motion to Dismiss 329 and Motion for Clarification 331 . Oral Argument is set for 4/24/2023 at 09:00AM-11:30AM in Portland Courtroom 16 before Judge Michael W. Mosman. The Status Conference will be held during that time. Ordered by Judge Michael W. Mosman.Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO, 6:22-cv-01460-MO (kms) (Entered: 02/27/2023) |
| 03/03/2023 | 354 | **SCHEDULING ORDER:** Mediation will take place in Courtroom 13B on **Thursday, March 16, 2023, beginning at 9:00 a.m.** before Magistrate Judge Stacie Beckerman (and Dr. Debra Pinals), with counsel for Plaintiffs, Defendants, Amici District Attorneys, and Amici Judges participating. Each counsel shall submit a short letter summarizing the current status of the case and their clients' positions, to **SBpropdoc@ord.uscourts.gov, by 5:00 p.m. on Tuesday, March 14, 2023.** Ordered by Magistrate Judge Stacie F. Beckerman. (gw) (Entered: 03/03/2023) |
| 03/08/2023 | 355 | **AMENDED SCHEDULING ORDER:** Mediation will take place in Courtroom 13B on **Thursday, March 16, 2023, beginning at 9:00 a.m.** before Magistrate Judge Stacie Beckerman (and Dr. Debra Pinals). All parties, amici, and intervenors, and their counsel, are welcome to attend. Each counsel shall submit a short letter summarizing the current status of the case and their clients' positions, to |

| | | |
|---|---|---|
| | | SBpropdoc@ord.uscourts.gov, **by 5:00 p.m. on Tuesday, March 14, 2023.** Ordered by Magistrate Judge Stacie F. Beckerman. (gw) (Entered: 03/08/2023) |
| 03/08/2023 | [356](#) | Unopposed Motion *for Extension of Time to Discharge Patients*. Filed by Dolores Matteucci, James Schroeder.Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO, 6:22-cv-01460-MO (Scott, Carla) (Entered: 03/08/2023) |
| 03/09/2023 | 357 | **ORDER:** Defendants' Unopposed Motion for Extension of Time to Discharge Patients [356](#) is GRANTED. Defendants are granted an additional 60 days, until May 15, 2023, to discharge the five patients who were admitted to OSH before September 1, 2022, and who have exceeded the length of restoration under the Courts September 1, 2022 Order [271](#) . Ordered by Judge Michael W. Mosman. Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO, 6:22-cv-01460-MO (kms) (Entered: 03/09/2023) |
| 03/16/2023 | 358 | **MINUTES of Proceedings:** Mediation held before Magistrate Judge Stacie F. Beckerman on 3/16/2023. Mediation will continue. Emily R. Cooper and Jesse A. Merrithew present as counsel for plaintiffs. Carla Scott and Sheila H. Potter present as counsel for defendants. Thomas A. Carr present as counsel for Amicus Washington County. Jane E. Vetto present as counsel for Amicus Marion County. Billy Williams present as counsel for Amici Washington County District Attorney, Clackamas County District Attorney and Marion County District Attorney. Keith M. Garza (by video) present as counsel for Amici Judges Matthew J. Donohue, Audrey J. Broyles, Jonathan R. Hill, Kathleen Proctor and Nan G. Waller. Emma P. Pelkey, Eric J. Neiman and Thomas R. Johnson present as counsel for Intervenors Legacy Emanuel Hospital & Health Center, Providence Health & Services - Oregon, Legacy Health Systems, PeaceHealth, and St. Charles Health System, Inc. Magistrate Judge Stacie F. Beckerman presiding. (gw) (Entered: 03/17/2023) |
| 03/22/2023 | [359](#) | Motion *for Order Requiring Marion County Sheriff to Transport Patients*. Filed by All Plaintiffs.Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO, 6:22-cv-01460-MO (Cooper, Emily) (Entered: 03/22/2023) |
| 03/22/2023 | 361 | **SCHEDULING ORDER.** Continued mediation is set for **Tuesday, April 4, 2023, from 11:00 AM to 2:00 PM in Portland Courtroom 13B and by video** before Magistrate Judge Stacie F. Beckerman for Plaintiffs, Defendants, Amicus Washington County, Amicus Marion County, and Amici District Attorneys. Plaintiffs and Defendants are to e-mail a mediation letter (to **SBpropdoc@ord.uscourts.gov**) outlining their proposals for any additional remedial measures, by noon on Monday, April 3, 2023. Ordered by Magistrate Judge Stacie F. Beckerman. (gw) (Entered: 03/22/2023) |
| 03/22/2023 | 362 | **SCHEDULING ORDER.** Continued mediation is set for **Tuesday, April 11, 2023, from 1:00 PM to 4:00 PM in Portland Courtroom 13B and by video** before Magistrate Judge Stacie F. Beckerman for Plaintiffs, Amici Judges, and Intervenor health systems. Ordered by Magistrate Judge Stacie F. Beckerman. (gw) (Entered: 03/22/2023) |
| 03/23/2023 | 363 | ORDER: Any response from Amicus Marion County to Plaintiff's Motion for Order Requiring Marion County Sheriff to Transport Patients [359](#) is due by March 29, 2023. A hearing regarding Plaintiffs motion is tentatively scheduled for March 31, 2023 at 1:30PM before Judge Michael W. Mosman in Portland Courtroom 16, should the Court consider a hearing necessary. Ordered by Judge Michael W. Mosman.Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO, 6:22-cv-01460-MO (kms) (Entered: 03/23/2023) |
| 03/27/2023 | 364 | ORDER: In light of the Parties', Intervenors', and Amici's joint request, I VACATE the status conference set for April 24, 2023. See 326 . I also VACATE the briefing schedule |

| | | |
|---|---|---|
| | | set for briefs regarding factual arguments. See 336 . Briefing regarding factual arguments will be rescheduled if necessary. Oral argument scheduled for April 24, 2023, regarding the Motion to Dismiss 329 and Motion for Clarification 331 remains set. See 353 . The Parties are ORDERED to file a Joint Status Report by April 18, 2023, following the mediations scheduled for April 4, 2023, and April 11, 2023. See 361 , 362 . Joint Status Report is due by 4/18/2023. Ordered by Judge Michael W. Mosman. Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO, 6:22-cv-01460-MO (kms) (Entered: 03/27/2023) |
| 03/29/2023 | 365 | Response in Opposition *from Amici Judges* to Motion *for Order Requiring Marion County Sheriff to Transport Patients* (146 in 3:21-cv-01637-MO, 59 in 6:22-cv-01460-MO, 359 in 3:02-cv-00339-MO). Filed by Audrey J. Broyles, Matthew J. Donohue, Jonathan R. Hill, Kathleen Proctor, Nan G. Waller. Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO, 6:22-cv-01460-MO (Garza, Keith) Modified on 3/30/2023 to add document link (dino). (Entered: 03/29/2023) |
| 03/29/2023 | 366 | Response in Opposition *by Marion County* to Motion *for Order Requiring Marion County Sheriff to Transport Patients*(59 in 6:22-cv-01460-MO, 59 in 6:22-cv-01460-MO). Filed by Marion County. (Attachments: # 1 Attachment Declaration of Lieutenant Jacob Ramsey, # 2 Attachment Exhibit 1 of Declaration of Lieutenant Jacob Ramsey)Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO, 6:22-cv-01460-MO (Vetto, Jane) (Entered: 03/29/2023) |
| 03/30/2023 | 367 | Unopposed Motion to Amend/Correct *September 1, 2022 Order*. Filed by Patrick Allen, Delores Matteucci, James Schroeder, Patrick Allen, Patrick Allen, Delores Matteucci.Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO, 6:22-cv-01460-MO (Scott, Carla) (Entered: 03/30/2023) |
| 04/03/2023 | 368 | **MINUTES of Proceedings:** Oral Argument held before Judge Michael W. Mosman regarding Plaintiff's Motion for Order Requiring Marion County Sheriff to Transport Patients 359 and the Unopposed Motion to Amend the September 1, 2022 Order 367 on March 31, 2023. For the reasons stated on the record, the Motion for Order Requiring Marion County Sheriff to Transport Patients 359 is DENIED with leave to renew. The Unopposed Motion to Amend the September 1, 2022 Order 367 is TAKEN UNDER ADVISEMENT. As discussed on the record, the interested parties are ORDERED to meet and confer and provide a proposed amended order by April 7, 2023. The proposed amended order should include who is obligated to perform what actions after patients are released from OSH, and under what authority. In light of the arguments on the record, further briefing discussing (1) what obligation OSH has to meet judges requests for pre-discharge progress reports and (2) whether the least intrusive means requirement obliges parties to seek state court relief for state court orders before turning to federal court is simultaneously due from the interested parties on April 25, 2023. Interested parties may submit joint or separate briefing on these questions. Emily Cooper present as counsel for plaintiff(s). Carla Scott, Sheila Potter present as counsel for defendant(s). Jane Vetto, Keith Garza present as counsel for Amicus. Court Reporter: Bonita Shumway. Judge Michael W. Mosman presiding. Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO, 6:22-cv-01460-MO (kms) (Entered: 04/03/2023) |
| 04/04/2023 | 369 | **MINUTES of Proceedings:** Mediation held before Magistrate Judge Stacie F. Beckerman on 4/4/2023. Mediation will continue. Emily R. Cooper and Jesse A. Merrithew present as counsel for plaintiffs. Carla Scott and Sheila H. Potter present as counsel for defendants. Thomas A. Carr present as counsel for Amicus Washington County. Jane E. Vetto present as counsel for Amicus Marion County. Billy Williams present as counsel for Amici District Attorneys (Clackamas County, Marion County, |

| | | |
|---|---|---|
| | | Washington County). Magistrate Judge Stacie F. Beckerman presiding. (gw) (Entered: 04/04/2023) |
| 04/05/2023 | 370 | Motion for Extension of Time *the April 7 Deadline to Submit Proposed Amended Order - Unopposed*. Filed by Marion County. (Attachments: # 1 Proposed Order Order Granting Unopposed Motion to Extend April 7 Deadline to Submit Proposed Amended Order)Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO, 6:22-cv-01460-MO (Vetto, Jane) (Entered: 04/05/2023) |
| 04/06/2023 | 371 | **ORDER:** The Court has reviewed the Motion for Extension of Time to Submit Proposed Amended Order 370 and GRANTS the motion. The deadline for the relevant parties to provide the proposed amended order described in 368 is extended from April 7, 2023, until April 25, 2023. Ordered by Judge Michael W. Mosman. Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO, 6:22-cv-01460-MO (kms) (Entered: 04/06/2023) |
| 04/10/2023 | 372 | OFFICIAL COURT TRANSCRIPT OF PROCEEDINGS FILED Oral Argument held on 3/31/2023 before Judge Michael W. Mosman, Court Reporter Bonita J. Shumway, telephone number (503)326-8188 or bonita_shumway@ord.uscourts.gov. Transcript may be viewed at Court's public terminal or purchased from the Court Reporter before the deadline for Release of Transcript Restriction. Afterwards it may be obtained through the Court Reporter or PACER. See Policy at ord.uscourts.gov. Notice of Intent to Redact Transcript is due by 4/17/2023. Redaction Request due 5/1/2023. Redacted Transcript Deadline set for 5/11/2023. Release of Transcript Restriction set for 7/10/2023. Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO, 6:22-cv-01460-MO (Shumway, Bonita) (Entered: 04/10/2023) |
| 04/11/2023 | 373 | **MINUTES of Proceedings:** Mediation held before Magistrate Judge Stacie F. Beckerman on 4/11/2023. Mediation will continue. Emily R. Cooper and Jesse A. Merrithew present as counsel for plaintiffs. Keith M. Garza present as counsel for Amici Judges. Eric J. Neiman and Thomas R. Johnson present as counsel for Intervenor Health Systems. Magistrate Judge Stacie F. Beckerman presiding. (gw) (Entered: 04/11/2023) |
| 04/17/2023 | 374 | ORDER: Due to a conflict in the courts schedule, the Oral Argument set for 4/24/2023 at 9AM-11:30AM is continued to 4/25/2023 at 01:00PM-3:30PM in Portland Courtroom 16 before Judge Michael W. Mosman. Ordered by Judge Michael W. Mosman.Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO, 6:22-cv-01460-MO (kms) (Entered: 04/17/2023) |
| 04/18/2023 | 375 | Joint Status Report . Filed by Jarod Bowman, Joshawn Douglas-Simpson, Metropolitan Public Defender Services Inc., A.J. Madison, Metropolitan Public Defenders Incorporated, Oregon Advocacy Center. Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO, 6:22-cv-01460-MO (Merrithew, Jesse) (Entered: 04/18/2023) |
| 04/19/2023 | 376 | ORDER: The Court has reviewed the Parties' Joint Status Report and ADPOTS the deadline therein. The deadline for the relevant parties to provide the proposed amended order and the further briefing described in 368 is extended from April 25, 2023, until May 9, 2023. Ordered by Judge Michael W. Mosman. Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO, 6:22-cv-01460-MO (kms) (Entered: 04/19/2023) |
| 04/21/2023 | 377 | Notice of Appearance of Alex Van Rysselberghe appearing on behalf of St. Charles Health System, Inc., Legacy Emanuel Hospital & Health Center, PeaceHealth, Providence Health & Services - Oregon, Legacy Health System, Legacy Health Systems, Providence Health & Services - Oregon. Filed by on behalf of St. Charles Health System, Inc., Legacy Emanuel Hospital & Health Center, PeaceHealth, Providence Health & Services - Oregon, Legacy Health System, Legacy Health |

| | | Systems, Providence Health & Services - Oregon.Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO, 6:22-cv-01460-MO (Van Rysselberghe, Alex) (Entered: 04/21/2023) |
|---|---|---|
| 04/25/2023 | 378 | **MINUTES of Proceedings:** Oral Argument held before Judge Michael W. Mosman regarding Defendants' Motion to Dismiss 329 and Plaintiffs' Motion to Clarify Order on Intervention 331 on March 31, 2023. The motions are TAKEN UNDER ADVISEMENT. Jesse Merrithew, Thomas Stenson present as counsel for plaintiff(s). Carla Scott, Craig Johnson present as counsel for defendant(s). Eric Neiman, Alex Van Rysselberghe present as counsel for intervenor(s) Court Reporter: Bonita Shumway. Judge Michael W. Mosman presiding. (Related document(s): Motion to Dismiss(116 in 3:21-cv-01637-MO, 30 in 6:22-cv-01460-MO, 329 in 3:02-cv-00339-MO), Motion for Clarification, (118 in 3:21-cv-01637-MO, 33 in 6:22-cv-01460-MO, 331 in 3:02-cv-00339-MO).) Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO, 6:22-cv-01460-MO (kms) (Entered: 04/25/2023) |
| 05/02/2023 | 379 | OFFICIAL COURT TRANSCRIPT OF PROCEEDINGS FILED Oral Argument held on 4/25/2023 before Judge Michael W. Mosman, Court Reporter Bonita J. Shumway, telephone number (503)326-8188 or bonita_shumway@ord.uscourts.gov. Transcript may be viewed at Court's public terminal or purchased from the Court Reporter before the deadline for Release of Transcript Restriction. Afterwards it may be obtained through the Court Reporter or PACER. See Policy at ord.uscourts.gov. Notice of Intent to Redact Transcript is due by 5/9/2023. Redaction Request due 5/23/2023. Redacted Transcript Deadline set for 6/2/2023. Release of Transcript Restriction set for 7/31/2023. Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO, 6:22-cv-01460-MO (Shumway, Bonita) (Entered: 05/02/2023) |
| 05/05/2023 | 380 | Unopposed Motion to Amend/Correct *( "Unopposed Motion to Amend September 1 Order to Incorporate Revised Expedited Admissions Policy")* Order (60 in 3:21-cv-01637-MO, 271 in 3:02-cv-00339-MO). Filed by Patrick Allen, Delores Matteucci, James Schroeder, Patrick Allen, Patrick Allen, Dolores Matteucci. Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO, 6:22-cv-01460-MO (Scott, Carla) Modified on 5/9/2023 to add document link (dino). (Entered: 05/05/2023) |
| 05/09/2023 | 381 | Joint Status Report . Filed by Jarod Bowman, Joshawn Douglas-Simpson, Metropolitan Public Defender Services Inc., Metropolitan Public Defenders Incorporated, Oregon Advocacy Center. Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO, 6:22-cv-01460-MO (Merrithew, Jesse) (Entered: 05/09/2023) |
| 05/09/2023 | 382 | Motion for Order *Amending September Order*. Filed by Jarod Bowman, Joshawn Douglas-Simpson, Metropolitan Public Defender Services Inc., Metropolitan Public Defenders Incorporated, Oregon Advocacy Center.Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO, 6:22-cv-01460-MO (Merrithew, Jesse) (Entered: 05/09/2023) |
| 05/09/2023 | 383 | Proposed Form of Order Submitted *by Marion County*. Filed by Marion County. Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO, 6:22-cv-01460-MO (Vetto, Jane) (Entered: 05/09/2023) |
| 05/09/2023 | 384 | Memorandum in Support *of Proposed Amended Order*. Filed by Marion County. (Related document(s): Proposed Form of Order or Judgment(79 in 6:22-cv-01460-MO).)Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO, 6:22-cv-01460-MO (Vetto, Jane) (Entered: 05/09/2023) |
| 05/09/2023 | 385 | Amicus Brief *from Amici Judges Pursuant to April 3, 2023, Minute Order*. Filed by Audrey J. Broyles, Matthew J. Donohue, Jonathan R. Hill, Kathleen Proctor, Nan G. Waller. (Related document(s): Order on Motion - Miscellaneous,,,,,,,, Order on motion to amend/correct,,,,,,, Motion Hearing Held,,,,, (66 in 6:22-cv-01460-MO, 66 in 6:22- |

| | | |
|---|---|---|
| | | cv-01460-MO, 66 in 6:22-cv-01460-MO, 155 in 3:21-cv-01637-MO, 155 in 3:21-cv-01637-MO, 155 in 3:21-cv-01637-MO, 368 in 3:02-cv-00339-MO, 368 in 3:02-cv-00339-MO, 368 in 3:02-cv-00339-MO).)Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO, 6:22-cv-01460-MO (Garza, Keith) (Entered: 05/09/2023) |
| 05/09/2023 | 386 | Amicus Notice of Joinder in Order on Motion - Miscellaneous,,,,,,, Order on motion to amend/correct,,,,,, Motion Hearing Held,,,,, ( 368 in 3:02-cv-00339-MO, 368 in 3:02-cv-00339-MO, 368 in 3:02-cv-00339-MO) Filed by Clackamas County District Attorney, Marion County District Attorney, Washington County District Attorney. (Related document(s): Order on Motion - Miscellaneous,,,,,,, Order on motion to amend/correct,,,,,, Motion Hearing Held,,,,, ( 368 in 3:02-cv-00339-MO, 368 in 3:02-cv-00339-MO, 368 in 3:02-cv-00339-MO).) Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO, 6:22-cv-01460-MO (Williams, Billy) (Entered: 05/09/2023) |
| 05/10/2023 | 387 | **AMENDED ORDER TO IMPLEMENT NEUTRAL EXPERT'S RECOMMENDATIONS**. (See Order for details) Signed on 5/10/2023 by Judge Michael W. Mosman. Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO, 6:22-cv-01460-MO (kms) (Entered: 05/10/2023) |
| 05/15/2023 | 388 | Amicus Brief . Filed by Washington County. (Related document(s): Proposed Form of Order or Judgment(170 in 3:21-cv-01637-MO, 79 in 6:22-cv-01460-MO, 383 in 3:02-cv-00339-MO).)Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO, 6:22-cv-01460-MO (Carr, Thomas) (Entered: 05/15/2023) |
| 05/16/2023 | 389 | **SCHEDULING ORDER.** An additional mediation session is set for **Thursday, June 1, 2023 from 11:00 AM to 5:00 PM** in Portland Courtroom 13B and by videoconference before Magistrate Judge Stacie F. Beckerman for the following parties: Plaintiffs, Defendants, Amici District Attorneys, and Dr. Debra Pinals. The Court will provide the Zoom information in advance. Ordered by Magistrate Judge Stacie F. Beckerman. (gw) (Entered: 05/16/2023) |
| 05/16/2023 | 390 | **SCHEDULING ORDER.** An additional mediation session is set for **Monday, June 12, 2023 from 12:00 PM to 5:00 PM** in Portland Courtroom 13B and by videoconference before Magistrate Judge Stacie F. Beckerman for the following parties: Plaintiffs, *Amicus* Washington County, *Amicus* Marion County and Dr. Debra Pinals. The Court will provide the Zoom information in advance. Ordered by Magistrate Judge Stacie F. Beckerman. (gw) (Entered: 05/16/2023) |
| 05/16/2023 | 391 | **SCHEDULING ORDER.** An additional mediation session is set for **Tuesday, June 13, 2023 from 12:00 PM to 5:00 PM** in Portland Courtroom 13B and by videoconference before Magistrate Judge Stacie F. Beckerman for the following parties: Plaintiffs, Defendants, *Amici* Judges, and Dr. Debra Pinals. The Court will provide the Zoom information in advance. Ordered by Magistrate Judge Stacie F. Beckerman. (gw) (Entered: 05/16/2023) |
| 05/25/2023 | 392 | Motion for Leave *to participate as Amici Curiae*. Filed by Deschutes County.Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO, 6:22-cv-01460-MO (Doyle, David) (Entered: 05/25/2023) |
| 05/25/2023 | 393 | Scheduling Order regarding Motion for Order *Amending September Order*(382 in 3:02-cv-00339-MO, 169 in 3:21-cv-01637-MO, 78 in 6:22-cv-01460-MO), Unopposed Motion to Amend/Correct *September 1, 2022 Order*(367 in 3:02-cv-00339-MO, 154 in 3:21-cv-01637-MO, 65 in 6:22-cv-01460-MO). Oral Argument is set for 6/29/2023 at 10:00AM-11:30AM in Portland Courtroom 16 before Judge Michael W. Mosman. Ordered by Judge Michael W. Mosman. Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO, 6:22-cv-01460-MO (kms) (Entered: 05/25/2023) |

| 05/25/2023 | 394 | Notice of Appearance of Christian F. Boenisch appearing on behalf of Yamhill County. Filed by on behalf of Yamhill County.Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO, 6:22-cv-01460-MO (Boenisch, Christian) (Entered: 05/25/2023) |
|---|---|---|
| 05/25/2023 | 395 | Opinion and Order: For the reasons stated above and on the record at oral argument, I GRANT Defendants' Motion to Dismiss [ECF 329] in the Legacy matter and DISMISS Health Systems' FAC [ECF 327] WITH PREJUDICE. I also GRANT Plaintiffs' Motion to Clarify [ECF 331] the Order on Health Systems' Intervention [ECF 299] in the Mink matter. Upon reconsideration, I CONSTRUE Health Systems' Motion to Intervene [ECF 281] as a Motion to Appear as Amici Curiae. So construed, I GRANT said Motion. Health Systems may appear as amici in the Mink matter. Signed on 5/25/2023 by Judge Michael W. Mosman.Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO, 6:22-cv-01460-MO (kms) (Entered: 05/30/2023) |
| 05/30/2023 | 396 | **ORDER:** Deschutes, Clackamas, and Yamhill Counties' Motion for Leave to Appear as Amici Curiae 392 is DENIED. They have not described or given reasons for how they as amici would "supplement[] the efforts of counsel," Miller-Wohl Co. v. Comm'r of Lab. & Indus. State of Mont., 694 F.2d 203, 204 (9th Cir. 1982), already appearing in this case on behalf of Washington and Marion Counties, or how their interests are different from those counties. Ordered by Judge Michael W. Mosman. Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO, 6:22-cv-01460-MO (kms) (Entered: 05/30/2023) |
| 06/01/2023 | 397 | **MINUTES of Proceedings:** Mediation held before Magistrate Judge Stacie F. Beckerman on 6/1/2023. The next mediation session had already been scheduled for 6/12/2023 (ECF No. 390). Emily R. Cooper and Jesse A. Merrithew present as counsel for plaintiffs. Sheila H. Potter and Carla Scott present as counsel for defendants. Billy Williams present as counsel for *Amici* District Attorneys. (Dr. Debra Pinals present via videoconference.) Magistrate Judge Stacie F. Beckerman presiding. (gw) (Entered: 06/01/2023) |
| 06/02/2023 | 398 | Unopposed Motion for Clarification . Filed by Jarod Bowman, Joshawn Douglas-Simpson, Metropolitan Public Defender Services Inc., A.J. Madison, Metropolitan Public Defenders Incorporated, Oregon Advocacy Center.Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO, 6:22-cv-01460-MO (Merrithew, Jesse) (Entered: 06/02/2023) |
| 06/02/2023 | 399 | Declaration of Jesse Merrithew . Filed by Jarod Bowman, Joshawn Douglas-Simpson, Metropolitan Public Defender Services Inc., A.J. Madison, Metropolitan Public Defenders Incorporated, Oregon Advocacy Center. (Related document(s): Motion for Clarification, (91 in 6:22-cv-01460-MO).) (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO, 6:22-cv-01460-MO (Merrithew, Jesse) (Entered: 06/02/2023) |
| 06/02/2023 | 400 | Unopposed Motion for Clarification *of Order*. Filed by Patrick Allen, Delores Matteucci, James Schroeder, Dolores Matteucci.Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO, 6:22-cv-01460-MO (Scott, Carla) (Entered: 06/02/2023) |
| 06/05/2023 | 401 | **ORDER:** Plaintiffs' and Defendants' Unopposed Motions for Clarification 398 , 400 are GRANTED. The May 10 Amended Order to Implement Neutral Expert's Recommendations only modifies the time limitations for the maximum lengths of commitment as the order describes. It does not modify, among many other state statutory requirements, ORS 161.371(5)(a)'s dictate that such time limitations are "measured from the defendant's initial custody date." No state statute pauses the calculation of such time limitations for any other factors, including a patients refusal to participate in any of the various restoration services or evaluations. |

|  |  |  |
|---|---|---|
|  |  | Ordered by Judge Michael W. Mosman. Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO, 6:22-cv-01460-MO (kms) (Entered: 06/05/2023) |
| 06/08/2023 | 402 | Motion to Intervene . Oral Argument requested. Filed by Marion County. (Attachments: # 1 Proposed Document Proposed Complaint)Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (Vetto, Jane) (Entered: 06/08/2023) |
| 06/08/2023 | 403 | Declaration of Ryan Matthews *in support of Motion to Intervene*. Filed by Marion County. (Related document(s): Motion to intervene(190 in 3:21-cv-01637-MO).)Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (Vetto, Jane) (Entered: 06/08/2023) |
| 06/12/2023 | 404 | ORDER: In light of the hearing already scheduled for June 29, 2023, the briefing for Marion County's Motion to Intervene 402 shall be set on an expedited schedule, as follows. The deadline for any response from Plaintiffs or Defendants, or a joint response, is set for June 20, 2023. The deadline for any reply from Marion County is set for June 26, 2023. Oral Argument on Marion County's Motion to Intervene 402 shall take place at the already scheduled hearing on June 29, 2023. See 393 . Ordered by Judge Michael W. Mosman. Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (kms) (Entered: 06/12/2023) |
| 06/12/2023 | 405 | **MINUTES of Proceedings:** Mediation session held before Magistrate Judge Stacie F. Beckerman on 6/12/2023. Jesse A. Merrithew and David Boyer present as counsel for plaintiffs. Thomas A. Carr present as counsel for *Amicus* Washington County. Jane E. Vetto present as counsel for *Amicus* Marion County. Magistrate Judge Stacie F. Beckerman presiding. (gw) (Entered: 06/12/2023) |
| 06/13/2023 | 406 | **MINUTES of Proceedings:** Mediation session held before Magistrate Judge Stacie F. Beckerman on 6/13/2023. Jesse A. Merrithew and David Boyer present as counsel for plaintiffs. Carla Scott and Sheila H. Potter present as counsel for defendants. Keith M. Garza present as counsel for *Amici* Judges. Billy Williams present as counsel for *Amici* District Attorneys. Magistrate Judge Stacie F. Beckerman presiding. (gw) (Entered: 06/13/2023) |
| 06/20/2023 | 407 | Response in Opposition to Motion to Intervene (402 in 3:02-cv-00339-MO, 190 in 3:21-cv-01637-MO). Filed by Patrick Allen, Delores Matteucci, Patrick Allen, Delores Matteucci.Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (Scott, Carla) (Entered: 06/20/2023) |
| 06/20/2023 | 408 | Response in Opposition to Motion to Intervene (402 in 3:02-cv-00339-MO, 190 in 3:21-cv-01637-MO, 402 in 3:02-cv-00339-MO, 190 in 3:21-cv-01637-MO). Filed by Metropolitan Public Defenders Incorporated, Oregon Advocacy Center.Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (Stenson, Thomas) (Entered: 06/20/2023) |
| 06/20/2023 | 409 | Declaration of *Thomas Stenson*. Filed by Metropolitan Public Defenders Incorporated, Oregon Advocacy Center. (Related document(s): Response in Opposition to Motion, (196 in 3:21-cv-01637-MO, 408 in 3:02-cv-00339-MO).) (Attachments: # 1 Exhibit A)Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (Stenson, Thomas) (Entered: 06/20/2023) |
| 06/26/2023 | 410 | Reply *by Marion County to the Parties' Responses in Opposition* to Motion to Intervene (190 in 3:21-cv-01637-MO). Filed by Marion County.Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (Vetto, Jane) (Entered: 06/26/2023) |
| 06/26/2023 | 411 | Unopposed Motion for Order *Further Remedial Order*. Filed by All Plaintiffs.Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (Merrithew, Jesse) (Entered: 06/26/2023) |

| 06/26/2023 | 412 | Motion for Reconsideration of Opinion and Order, ( 395 in 3:02-cv-00339-MO). Oral Argument requested. Filed by Legacy Emanuel Hospital & Health Center, Legacy Health Systems, PeaceHealth, Providence Health & Services - Oregon, St. Charles Health System, Inc. Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (Johnson, Thomas) Modified on 6/27/2023 to add document link (dino). (Entered: 06/26/2023) |
|---|---|---|
| 06/26/2023 | 413 | Declaration of Alex Van Rysselberghe *in Support of Motion for Reconsideration*. Filed by Legacy Emanuel Hospital & Health Center, Legacy Health Systems, PeaceHealth, Providence Health & Services - Oregon, St. Charles Health System, Inc.. (Related document(s): Motion for Reconsideration, (200 in 3:21-cv-01637-MO).) (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (Johnson, Thomas) (Entered: 06/26/2023) |
| 06/29/2023 | 414 | ORDER: The deadline for any response to Health Systems' Motion for Reconsideration 412 is set for Monday, July 10, 2023. Parties and/or Amici may file joint or separate responses. No reply is authorized. See Kona Enterprises, Inc. v. Est. of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (noting that a motion for reconsideration is an extraordinary remedy that should be used sparingly in order to conserve[e] of judicial resources). Ordered by Judge Michael W. Mosman.Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (kms) (Entered: 06/29/2023) |
| 06/29/2023 | 415 | **MINUTES of Proceedings:** Oral Argument held before Judge Michael W. Mosman on June 29, 2023, on Marion County's Motion to Intervene 402 and the various Motions regarding the Amended Remedial Order. See 411 , 382 , 367 , and related filings. For the reasons stated on the record, Marion County's Motion to Intervene 402 is DENIED. The Unopposed Motion for the Further Remedial Order 411 , which incorporates the agreed-upon changes, is GRANTED. Defendants' Unopposed Motion to Amend the Remedial Order 367 is likewise GRANTED. Plaintiffs' prior Motion to Amend the Remedial Order 382 is DENIED AS MOOT. Formal Amended Remedial Order to follow. As discussed, any comments on the previously circulated court draft of the Amended Remedial Order are due by 5:00PM on June 30, 2023. Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (kms) (Entered: 06/29/2023) |
| 07/03/2023 | 416 | **SECOND AMENDED ORDER TO IMPLEMENT NEUTRAL EXPERT'S RECOMMENDATIONS.** (See Order for details) Signed on 7/3/2023 by Judge Michael W. Mosman.Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (dsg) (Entered: 07/03/2023) |
| 07/06/2023 | 417 | Amicus Response to Motion for Reconsideration of Opinion and Order,, (395 in 3:02-cv-00339-MO)(412 in 3:02-cv-00339-MO, 200 in 3:21-cv-01637-MO). Filed by Oregon Advocacy Center.Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (Cooper, Emily) (Entered: 07/06/2023) |
| 07/07/2023 | 418 | Response *in Opposition* to Motion for Reconsideration of Opinion and Order,, (395 in 3:02-cv-00339-MO)(200 in 3:21-cv-01637-MO). Filed by Delores Matteucci, James Schroeder, Patrick Allen, Dolores Matteucci.Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (Scott, Carla) (Entered: 07/07/2023) |
| 07/10/2023 | 419 | Notice *of Change of Firm* Filed by Legacy Emanuel Hospital & Health Center, Legacy Health Systems, PeaceHealth, Providence Health & Services - Oregon, St. Charles Health System, Inc..Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (Neiman, Eric) (Entered: 07/10/2023) |
| 07/12/2023 | 420 | **ORDER:** Health Systems' Motion for Reconsideration 412 is DENIED. "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if |

| | | |
|---|---|---|
| | | there is an intervening change in the controlling law." Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003). There has been neither any newly discovered evidence, nor an intervening change in the controlling law. And Health Systems' arguments have been previously raised and rejected in prior briefing and at oral argument, showing no clear error. Furthermore, contrary to Health Systems' assertion that the Court did not give Plaintiffs an opportunity to amend their complaint, Health Systems did have the opportunity to amend, and filed an amended complaint. See Mot. for Stipulated Case Management Schedule 323 ; Min. Order 325 ; Am. Compl. 327 . Ordered by Judge Michael W. Mosman. Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (kms) (Entered: 07/12/2023) |
| 07/12/2023 | 421 | OFFICIAL COURT TRANSCRIPT OF PROCEEDINGS FILED Oral Argument held on 6/29/2023 before Judge Michael W. Mosman, Court Reporter Bonita J. Shumway, telephone number (503)326-8188 or bonita_shumway@ord.uscourts.gov. Transcript may be viewed at Court's public terminal or purchased from the Court Reporter before the deadline for Release of Transcript Restriction. Afterwards it may be obtained through the Court Reporter or PACER. See Policy at ord.uscourts.gov. Notice of Intent to Redact Transcript is due by 7/19/2023. Redaction Request due 8/2/2023. Redacted Transcript Deadline set for 8/14/2023. Release of Transcript Restriction set for 10/10/2023. Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (Shumway, Bonita) (Entered: 07/12/2023) |
| 07/14/2023 | 422 | Notice *of Substitution of the Official Capacity OHA Director Defendant* Filed by Patrick Allen, James Schroeder.Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (Scott, Carla) (Entered: 07/14/2023) |
| 07/21/2023 | 423 | Notice *of Change of Address* Filed by Legacy Emanuel Hospital & Health Center, Legacy Health Systems, PeaceHealth, Providence Health & Services - Oregon, St. Charles Health System, Inc..Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (Neiman, Eric) (Entered: 07/21/2023) |
| 07/27/2023 | 424 | Notice of Appeal to the 9th Circuit Filing fee $505 collected; Agency Tracking ID ORDC-9026100: . Filed by Marion County. Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (Vetto, Jane) (Entered: 07/27/2023) |
| 08/02/2023 | | USCA Case Number and Notice confirming Docketing Record on Appeal re Notice of Appeal(424 in 3:02-cv-00339-MO, 212 in 3:21-cv-01637-MO). **Case Appealed to Ninth Circuit Court of Appeals Case Number 23-35516** assigned. Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (ecp) (Entered: 08/02/2023) |
| 08/10/2023 | 425 | Motion to Compel *Compliance with Court Orders*. Filed by Metropolitan Public Defenders Incorporated, Oregon Advocacy Center. (Attachments: # 1 Proposed Order)Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (Stenson, Thomas) (Entered: 08/10/2023) |
| 08/10/2023 | 426 | Declaration of *Thomas Stenson*. Filed by Metropolitan Public Defenders Incorporated, Oregon Advocacy Center. (Related document(s): Motion to Compel(213 in 3:21-cv-01637-MO, 425 in 3:02-cv-00339-MO).) (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (Stenson, Thomas) (Entered: 08/10/2023) |
| 08/11/2023 | 427 | Motion to Withdraw *Judge Broyles as Amicus Curiae*. Filed by Audrey J. Broyles, Matthew J. Donohue, Jonathan R. Hill, Kathleen Proctor, Nan G. Waller.Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (Garza, Keith) (Entered: 08/11/2023) |
| 08/16/2023 | 428 | **ORDER:** The Amici Judges Motion for Withdrawal of Judge Broyles as Amicus Curiae is GRANTED [ECF 427]. Ordered by Judge Michael W. Mosman. Associated |

| | | Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (kms) (Entered: 08/16/2023) |
|---|---|---|
| 08/17/2023 | 429 | Response *by Marion County* to Motion to Compel *Compliance with Court Orders*(425 in 3:02-cv-00339-MO, 213 in 3:21-cv-01637-MO) Oral Argument requested. Filed by Marion County.Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (Vetto, Jane) (Entered: 08/17/2023) |
| 08/17/2023 | 430 | Declaration of Commander Tad Larson . Filed by Marion County. (Related document(s): Response to Motion, (217 in 3:21-cv-01637-MO).)Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (Vetto, Jane) (Entered: 08/17/2023) |
| 08/17/2023 | 431 | Declaration of Jane E. Vetto. Filed by Marion County. (Related document(s): Response to Motion ( 429 in 3:02-cv-00339-MO), Response to Motion ( 217 in 3:21-cv-01637-MO).) (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2, # 3 Exhibit Exhibit 3, # 4 Exhibit Exhibit 4, # 5 Exhibit Exhibit 5)Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (Vetto, Jane) Modified on 8/30/2023 to add document link and update docket text. Notice of Electronic Filing regenerated to the parties. (bd) (Entered: 08/17/2023) |
| 08/17/2023 | 432 | Declaration of Paige E. Clarkson . Filed by Marion County. (Related document(s): Response to Motion, (217 in 3:21-cv-01637-MO).)Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (Vetto, Jane) (Entered: 08/17/2023) |
| 08/17/2023 | 433 | Declaration of Debra Wells. Filed by Marion County. (Related document(s): Response to Motion ( 429 in 3:02-cv-00339-MO), Response to Motion ( 217 in 3:21-cv-01637-MO).) Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO. (Vetto, Jane) Modified on 8/30/2023 to add document link and update docket text. Notice of Electronic Filing regenerated to the parties. (bd) (Entered: 08/17/2023) |
| 08/17/2023 | 434 | Response - *Amici District Attorneys' Concurrence in Marion County's Response* to Motion to Compel *Compliance with Court Orders*(425 in 3:02-cv-00339-MO, 213 in 3:21-cv-01637-MO). Filed by Clackamas County District Attorney, Marion County District Attorney, Washington County District Attorney.Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (Williams, Billy) (Entered: 08/17/2023) |
| 08/17/2023 | 435 | Amicus Brief *of Amici State Court Judges re Plaintiffs' Motion to Compel Compliance*. Filed by Matthew J. Donohue, Jonathan R. Hill, Kathleen Proctor, Nan G. Waller. Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (Garza, Keith) (Entered: 08/17/2023) |
| 08/17/2023 | 436 | Response *Joining Marion County's Response* to Motion to Compel *Compliance with Court Orders*(425 in 3:02-cv-00339-MO, 213 in 3:21-cv-01637-MO) Oral Argument requested. Filed by Washington County.Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (Carr, Thomas) (Entered: 08/17/2023) |
| 08/22/2023 | 437 | Transcript Designation and Order Form for the hearing held on June 29, 2023 before Judge Mosman. regarding Notice of Appeal(424 in 3:02-cv-00339-MO, 212 in 3:21-cv-01637-MO) . Filed by Marion County. Transcript is due by 9/21/2023. Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (Vetto, Jane) (Entered: 08/22/2023) |
| 08/30/2023 | 438 | Scheduling Order regarding Motion to Compel *Compliance with Court Orders*(425 in 3:02-cv-00339-MO, 213 in 3:21-cv-01637-MO). Oral Argument is set for 9/6/2023 at 01:30PM-3:00PM in Portland Courtroom 16 before Judge Michael W. Mosman. Ordered by Judge Michael W. Mosman.Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (kms) (Entered: 08/30/2023) |
| 09/01/2023 | 439 | Notice of Attorney Substitution: John Mansfield is substituted as counsel of record in place of Attorney Thomas A. Carr . Filed by on behalf of Washington |

| | | |
|---|---|---|
| | | County.Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (Mansfield, John) (Entered: 09/01/2023) |
| 09/06/2023 | 440 | Declaration of Bill Osborne . Filed by Delores Matteucci, Dolores Matteucci, James Schroeder. (Related document(s): Motion to Compel(213 in 3:21-cv-01637-MO, 425 in 3:02-cv-00339-MO).)Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (Scott, Carla) (Entered: 09/06/2023) |
| 09/06/2023 | 441 | **MINUTES of Proceedings:** Oral argument held before Judge Michael W. Mosman on September 6, 2023, on the Plaintiffs' Motion to Compel Compliance with this Court's Orders and Determine Supremacy Clause Issue [ECF 425]. For the reasons stated on the record, the Plaintiff's Motion to Compel and Determine Supremacy Clause Issue is GRANTED. Formal order to follow. Jesse Merrithew, Thomas Stenson present as counsel for plaintiff(s). Carla Scott, Sheila Potter; Amicus: Jane Vetto, Billy Williams, Keith Garza, John Mansfield present as counsel for defendant(s). Court Reporter: Bonita Shumway. Judge Michael W. Mosman presiding. (Related document(s): Motion to Compel(213 in 3:21-cv-01637-MO, 425 in 3:02-cv-00339-MO).) Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (kms) (Entered: 09/06/2023) |
| 09/06/2023 | 442 | Proposed Form of Order Submitted . Filed by Metropolitan Public Defender Services Inc., Metropolitan Public Defenders Incorporated, Oregon Advocacy Center. Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (Stenson, Thomas) (Entered: 09/06/2023) |
| 09/07/2023 | 443 | Amicus Brief *Judges' Submission re Proposed Order on Motion to Compel Compliance*. Filed by Matthew J. Donohue, Jonathan R. Hill, Kathleen Proctor, Nan G. Waller. Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (Garza, Keith) (Entered: 09/07/2023) |
| 09/07/2023 | 444 | Objection(s) to (230 in 3:21-cv-01637-MO, 442 in 3:02-cv-00339-MO) Proposed Form of Order or Judgment . Filed by Marion County. (Attachments: # 1 Attachment Marion County's Proposed Edits to Plaintiffs' Proposed Order)Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (Vetto, Jane) (Entered: 09/07/2023) |
| 09/11/2023 | 445 | **ORDER DETERMINING SUPREMACY CLAUSE ISSUES.** See order for details. Signed on 9/11/2023 by Judge Michael W. Mosman.Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (kms) (Entered: 09/11/2023) |
| 09/21/2023 | 446 | **SCHEDULING ORDER.** Mediation on the supremacy clause matter is set for **Friday, 9/22/2023, from 9:00 AM to 1:00 PM in Portland by videoconference before Magistrate Judge Stacie F. Beckerman.** The Zoom information has been provided to the participants. Ordered on 9/21/2023 by Magistrate Judge Stacie F. Beckerman. (gw) (Entered: 09/21/2023) |
| 09/21/2023 | 447 | OFFICIAL COURT TRANSCRIPT OF PROCEEDINGS FILED Oral Argument held on 9/6/2023 before Judge Michael W. Mosman, Court Reporter Bonita J. Shumway, telephone number (503)326-8188 or bonita_shumway@ord.uscourts.gov. Transcript may be viewed at Court's public terminal or purchased from the Court Reporter before the deadline for Release of Transcript Restriction. Afterwards it may be obtained through the Court Reporter or PACER. See Policy at ord.uscourts.gov. Notice of Intent to Redact Transcript is due by 9/28/2023. Redaction Request due 10/12/2023. Redacted Transcript Deadline set for 10/23/2023. Release of Transcript Restriction set for 12/20/2023. Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (Shumway, Bonita) (Entered: 09/21/2023) |
| 09/22/2023 | 448 | Motion *(Titled "Defendants' Petition for Expedited Ruling on Supremacy Clause")*. Filed by Patrick Allen, Delores Matteucci, Patrick Allen, Dolores Matteucci.Associated |

| | | Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (Scott, Carla) (Entered: 09/22/2023) |
|---|---|---|
| 09/22/2023 | 449 | Declaration of Craig Johnson *in Support of Defendants' Petition for Expedited Ruling on Supremacy Clause.* **(DOCUMENT RESTRICTED ACCORDING TO PROTECTIVE ORDER)** Filed by Patrick Allen, Delores Matteucci, Patrick Allen, Dolores Matteucci. (Related document(s): Motion - Miscellaneous, (235 in 3:21-cv-01637-MO).) (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (Scott, Carla) (Entered: 09/22/2023) |
| 09/22/2023 | 450 | **MINUTES of Proceedings:** Mediation held before Magistrate Judge Stacie F. Beckerman by videoconference on 9/22/2023. Carla Scott and Craig M. Johnson present as counsel for defendants. Marcus Gunn present as counsel for a state court defendant. Paige Clarkson present as counsel for the Marion County District Attorney's Office. Magistrate Judge Stacie F. Beckerman presiding. (gw) (Entered: 09/22/2023) |
| 09/29/2023 | 451 | Amicus Response *to Defendants' Petition for Expedited Ruling on Supremacy Clause.* Filed by Clackamas County District Attorney, Marion County District Attorney, Washington County District Attorney.Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (Williams, Billy) (Entered: 09/29/2023) |
| 10/17/2023 | 452 | Opinion and Order: Defendants' Petition for Expedited Ruling on Supremacy Clause [ECF 448] is GRANTED. Signed on 10/17/2023 by Judge Michael W. Mosman.Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (kms) (Entered: 10/17/2023) |
| 10/27/2023 | 453 | Individual Party Consent to Jurisdiction by U.S. Magistrate Judge. (Entered: 10/27/2023) |
| 10/27/2023 | 454 | Notice of Correction by Clerk regarding 453 Consent to Jurisdiction by U.S. Magistrate Judge. A Clerical error has been discovered in the case record: The entry was made in the incorrect case. The following corrections were made to the record: The entry has been sealed as a incorrect entry on the docket. The Notice of Electronic Filing (NEF) will be regenerated to all parties. (kms) (Entered: 10/27/2023) |
| 12/20/2023 | 455 | Motion for Order *to Extend Remedial Order.* Filed by All Plaintiffs.Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (Merrithew, Jesse) (Entered: 12/20/2023) |
| 12/21/2023 | 456 | Motion *to Set Briefing Schedule.* Filed by Marion County.Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (Vetto, Jane) (Entered: 12/21/2023) |
| 12/24/2023 | 457 | **ORDER:** Plaintiff's Unopposed Motion to Extend Remedial Order [ECF 455] is GRANTED. Amicus Marion Countys Motion to Set Briefing Schedule [ECF 456] is DENIED. Ordered by Judge Michael W. Mosman. Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (kms) (Entered: 12/24/2023) |
| 12/29/2023 | 458 | Motion to Withdraw *Judge Proctor as Amicus Curiae.* Filed by Matthew J. Donohue, Jonathan R. Hill, Kathleen Proctor, Nan G. Waller.Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (Garza, Keith) (Entered: 12/29/2023) |
| 01/02/2024 | 459 | **ORDER:** Amici Judges' Unopposed Motion for Withdrawal of Judge Proctor as Amici Curiae [ECF 458] is GRANTED. Ordered by Judge Michael W. Mosman. Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (kms) (Entered: 01/02/2024) |
| 02/15/2024 | 460 | Motion *Petition for Expedited Ruling on Supremacy Clause Issue.* Filed by Patrick Allen, Dolores Matteucci, James Schroeder.Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (Scott, Carla) (Entered: 02/15/2024) |

| 02/21/2024 | 463 | Motion to Intervene *by Crime Victims*. Oral Argument requested.Expedited Hearing requested. Filed by Laurie Miller, Ashley Rochetto, Andrew Limbeck.Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (Olson, Erin) (Entered: 02/21/2024) |
|---|---|---|
| 02/21/2024 | 464 | Declaration of Andrew Limbeck . Filed by Andrew Limbeck. (Related document(s): Motion to intervene(247 in 3:21-cv-01637-MO).)Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (Olson, Erin) (Entered: 02/21/2024) |
| 02/21/2024 | 465 | Declaration of *Laurie Miller*. Filed by Laurie Miller. (Related document(s): Motion to intervene(247 in 3:21-cv-01637-MO).)Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (Olson, Erin) (Entered: 02/21/2024) |
| 02/21/2024 | 466 | Declaration of Ashley Rochetto . Filed by Ashley Rochetto. (Related document(s): Motion to intervene(247 in 3:21-cv-01637-MO).)Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (Olson, Erin) (Entered: 02/21/2024) |
| 02/21/2024 | 467 | Declaration of Erin K Olson . Filed by Ashley Rochetto. (Related document(s): Motion to intervene(247 in 3:21-cv-01637-MO).)Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (Olson, Erin) (Entered: 02/21/2024) |
| 02/21/2024 | 468 | Response *to Defendants Petition For Expedited Ruling On Supremacy Clause Issue*. (Related document(s): Motion - Miscellaneous(460 in 3:02-cv-00339-MO).) Filed by Clackamas County District Attorney, Marion County District Attorney, Washington County District Attorney.Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (Williams, Billy) (Entered: 02/21/2024) |
| 02/21/2024 | 469 | Declaration of Paige E. Clarkson . Filed by Clackamas County District Attorney, Marion County District Attorney, Washington County District Attorney. Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (Williams, Billy) (Entered: 02/21/2024) |
| 02/22/2024 | 470 | Amicus Response *Amici Judges' Response* to Motion *Petition for Expedited Ruling on Supremacy Clause Issue*(460 in 3:02-cv-00339-MO, 244 in 3:21-cv-01637-MO). Filed by Matthew J. Donohue, Jonathan R. Hill, Nan G. Waller.Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (Garza, Keith) (Entered: 02/22/2024) |
| 03/01/2024 | 472 | Memorandum in Opposition to Motion to Intervene *by Crime Victims*(463 in 3:02-cv-00339-MO, 247 in 3:21-cv-01637-MO). Filed by Metropolitan Public Defender Services Inc., Metropolitan Public Defenders Incorporated, Oregon Advocacy Center.Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (Stenson, Thomas) (Entered: 03/01/2024) |
| 03/04/2024 | 474 | Response to Motion *Petition for Expedited Ruling on Supremacy Clause Issue*(460 in 3:02-cv-00339-MO, 244 in 3:21-cv-01637-MO). Filed by Metropolitan Public Defender Services Inc., Metropolitan Public Defenders Incorporated, Oregon Advocacy Center.Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (Stenson, Thomas) (Entered: 03/04/2024) |
| 03/06/2024 | 475 | Opinion and Order: For the foregoing reasons, Judge Broyles's order violates the Supremacy Clause. Defendants' Petition for Expedited Ruling on Supremacy Clause [ECF 460] is GRANTED. Signed on 3/6/2024 by Judge Michael W. Mosman. Associated Cases: 3:02-cv-00339-MO, 3:21-cv-01637-MO (kms) (Main Document 475 replaced on 3/7/2024) (dsg). (Entered: 03/06/2024) |
| 03/06/2024 | 476 | Notice of Case Reassignment: This case has been reassigned from Judge Michael W. Mosman to Judge Adrienne Nelson. (eo) (Entered: 03/06/2024) |

| 03/07/2024 | 477 | Order for Administrative Correction of the Record pursuant to Fed. R. Civ. P. 60(a) regarding (259 in 3:21-cv-01637-AN, 475 in 3:02-cv-00339-AN) Opinion and Order,. A Clerical error has been discovered in the case record: An incorrect PDF was attached to the entry. The following corrections were made to the record: A corrected PDF has been uploaded to replace the incorrect one. The Notice of Electronic Filing (NEF) will be regenerated to all parties. Associated Cases: 3:02-cv-00339-AN, 3:21-cv-01637-AN (dsg) (Entered: 03/07/2024) |
|---|---|---|
| 03/29/2024 | 478 | Second Motion to Intervene . Filed by Marion County. (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2, # 3 Exhibit Exhibit 3, # 4 Exhibit Exhibit 4)Associated Cases: 3:02-cv-00339-AN, 3:21-cv-01637-AN (Vetto, Jane) (Entered: 03/29/2024) |
| 03/29/2024 | 479 | Motion to Expedite or Accelerate *Ruling on Marion County's Second Motion to Intervene*. Filed by Marion County.Associated Cases: 3:02-cv-00339-AN, 3:21-cv-01637-AN (Vetto, Jane) (Entered: 03/29/2024) |
| 04/02/2024 | 480 | Response in Opposition to Second Motion to Intervene (478 in 3:02-cv-00339-AN, 262 in 3:21-cv-01637-AN, 262 in 3:21-cv-01637-AN), Motion to Expedite or Accelerate *Ruling on Marion County's Second Motion to Intervene*(479 in 3:02-cv-00339-AN, 263 in 3:21-cv-01637-AN, 263 in 3:21-cv-01637-AN). Filed by Metropolitan Public Defender Services Inc., Metropolitan Public Defenders Incorporated, Oregon Advocacy Center.Associated Cases: 3:02-cv-00339-AN, 3:21-cv-01637-AN (Stenson, Thomas) (Entered: 04/02/2024) |
| 04/02/2024 | 481 | Declaration of *Thomas Stenson*. Filed by Metropolitan Public Defender Services Inc., Metropolitan Public Defenders Incorporated, Oregon Advocacy Center. (Related document(s): Response in Opposition to Motion,, (264 in 3:21-cv-01637-AN).)Associated Cases: 3:02-cv-00339-AN, 3:21-cv-01637-AN (Stenson, Thomas) (Entered: 04/02/2024) |
| 04/04/2024 | 482 | **STRICKEN per Order 487.** ~~Reply *in Support* to Second Motion to Intervene (262 in 3:21-cv-01637-AN). Filed by Marion County. Associated Cases: 3:02-cv-00339-AN, 3:21-cv-01637-AN (Vetto, Jane)~~ Modified to Strike on 4/8/2024 (joha). (Entered: 04/04/2024) |
| 04/04/2024 | 483 | Notice of Appeal to the 9th Circuit Filing fee $605 collected; Agency Tracking ID ORDC-9354870: . Filed by Marion County. Associated Cases: 3:02-cv-00339-AN, 3:21-cv-01637-AN (Vetto, Jane) (Entered: 04/04/2024) |
| 04/04/2024 | 484 | **OPINION AND ORDER:** Intervenors' Motion to Intervene, ECF 463 , is DENIED. Signed on 4/4/2024 by Judge Adrienne Nelson. Associated Cases: 3:02-cv-00339-AN, 3:21-cv-01637-AN. (joha) (Entered: 04/04/2024) |
| 04/04/2024 | 485 | **OPINION AND ORDER:** Amicus curiae Marion County's Motion to Expedite or Accelerate Ruling, ECF 479 , is GRANTED, and its Second Motion to Intervene, ECF 478 , is DENIED. Signed on 4/4/2024 by Judge Adrienne Nelson. Associated Cases: 3:02-cv-00339-AN, 3:21-cv-01637-AN. (joha) (Entered: 04/04/2024) |
| 04/05/2024 | 486 | Notice of Appeal to the 9th Circuit Filing fee $605 collected; Agency Tracking ID ORDC-9356323: . Filed by Marion County. Associated Cases: 3:02-cv-00339-AN, 3:21-cv-01637-AN (Vetto, Jane) (Entered: 04/05/2024) |
| 04/08/2024 | 487 | **ORDER:** Pursuant to Marion County's Motion to Expedite or Accelerate Ruling, ECF 479 , Marion County agreed to an expedited briefing schedule on its Second Motion to Intervene wherein its reply would be filed by close of business on April 3, 2024. Therefore, Marion County's Reply, filed on April 4, 2024, is untimely and is |

| | | STRUCK from the record. Ordered by Judge Adrienne Nelson. Associated Cases: 3:02-cv-00339-AN, 3:21-cv-01637-AN (joha) (Entered: 04/08/2024) |
|---|---|---|
| 04/12/2024 | 488 | Amended Notice of Appeal to the 9th Circuit Filing fee $605 collected; Receipt No. AORDC-9354870: . Filed by Marion County. Associated Cases: 3:02-cv-00339-AN, 3:21-cv-01637-AN (Vetto, Jane) (Entered: 04/12/2024) |
| 04/12/2024 | 489 | Amended Notice of Appeal to the 9th Circuit Filing fee $605 collected; Receipt No. AORDC-9356323: . Filed by Marion County. Associated Cases: 3:02-cv-00339-AN, 3:21-cv-01637-AN (Vetto, Jane) (Entered: 04/12/2024) |
| 04/15/2024 | | USCA Case Number and Notice confirming Docketing Record on Appeal re Notice of Appeal(486 in 3:02-cv-00339-AN, 270 in 3:21-cv-01637-AN). **Case Appealed to Ninth Circuit Court of Appeals Case Number 24-2229** assigned. Associated Cases: 3:02-cv-00339-AN, 3:21-cv-01637-AN (ecp) (Entered: 04/15/2024) |
| 04/18/2024 | 490 | Notice of Appearance of David Boyer appearing on behalf of Oregon Advocacy Center. Filed by on behalf of Oregon Advocacy Center.Associated Cases: 3:02-cv-00339-AN, 3:21-cv-01637-AN (Boyer, David) (Entered: 04/18/2024) |
| 04/19/2024 | 491 | Notice *of Certification Regarding Transcript* Filed by Marion County.Associated Cases: 3:02-cv-00339-AN, 3:21-cv-01637-AN (Vetto, Jane) (Entered: 04/19/2024) |
| 04/19/2024 | 492 | Notice *Statement of the Issues to be Presented on Appeal* Filed by Marion County.Associated Cases: 3:02-cv-00339-AN, 3:21-cv-01637-AN (Vetto, Jane) Modified to correct docket text from state to statement on 4/22/2024 (joha). (Entered: 04/19/2024) |
| 04/29/2024 | 493 | Order from USCA for the 9th Circuit, USCA # 23-35516 re Notice of Appeal(424 in 3:02-cv-00339-AN, 212 in 3:21-cv-01637-AN).The court is of the unanimous opinion that the facts and legal arguments are adequately presented in the briefs and records and the decisional process would not be significantly aided by oral argument. Therefore, this case is ordered submitted without oral argument on May 8, 2024, in Seattle, Washington. Fed. R. App. P. 34(a)(2). Associated Cases: 3:02-cv-00339-AN, 3:21-cv-01637-AN (ecp) (Entered: 04/29/2024) |
| 05/10/2024 | 494 | USCA Memorandum for the 9th Circuit, USCA #23-35516, re Notice of Appeal(424 in 3:02-cv-00339-AN, 212 in 3:21-cv-01637-AN) The decision of the District Court is: AFFIRMED. Associated Cases: 3:02-cv-00339-AN, 3:21-cv-01637-AN (ecp) (Entered: 05/14/2024) |
| 06/03/2024 | 495 | MANDATE of USCA for the 9th Circuit, USCA #23-35516, re Notice of Appeal(424 in 3:02-cv-00339-AN) The decision of the District Court is: AFFIRMED. Associated Cases: 3:02-cv-00339-AN, 3:21-cv-01637-AN (ecp) (Entered: 06/03/2024) |
| 06/10/2024 | 496 | Notice of Attorney Substitution: Scott A. Norris is substituted as counsel of record in place of Attorney Jane E. Vetto . Filed by on behalf of Marion County.Associated Cases: 3:02-cv-00339-AN, 3:21-cv-01637-AN (Norris, Scott) (Entered: 06/10/2024) |
| 06/20/2024 | 497 | **SCHEDULING ORDER.** Mediation is set for **Monday, August 26, 2024 from 9:00 AM to 4:00 PM** in Portland Courtroom 13B before Magistrate Judge Stacie F. Beckerman. Any party or amicus proposing changes should submit a letter outlining their proposal to SBpropdoc@ord.uscourts.gov by August 19, 2024. The letter should indicate whether Judge Beckerman may share the proposal with Dr. Debra Pinals, the parties, and/or amici. The Court will distribute videoconference information in advance for those who cannot attend in person. Ordered by Magistrate Judge Stacie F. Beckerman. Associated Cases: 3:02-cv-00339-AN, 3:21-cv-01637-AN (gw) (Entered: 06/20/2024) |

| 06/20/2024 | 498 | Motion to Appear as Amicus Curiae . Filed by Oregon Crime Victims Law Center.Associated Cases: 3:02-cv-00339-AN, 3:21-cv-01637-AN (Olson, Erin) (Entered: 06/20/2024) |
|---|---|---|