No. 24-2229

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

DISABILITY RIGHTS OREGON et al.,
*Plaintiffs-Appellees*,

v.

DAVID BADEN et al.,
*Defendants-Appellees*,

v.

MARION COUNTY
*Proposed Intervenor-Appellant.*

On Appeal from the U.S. District Court for the District of Oregon
Case No. 3:02-cv-00339-AN
Honorable Adrienne Nelson

**MARION COUNTY'S MOTION REQUESTING JUDICIAL NOTICE**

James Bopp, Jr., Ind. Bar No. 2838-84
Joseph D. Maughon, Va. Bar No. 87799
Taylor C. Shetina, Ind. Bar No. 37887-45
THE BOPP LAW FIRM, PC
The National Building
1 South 6th Street
Terre Haute, Indiana 47807
Telephone: (812) 232-2434

*Counsel for Marion County*

Pursuant to Rule 201 of the Federal Rules of Evidence, Proposed Intervenor-Appellant Marion County respectfully moves this Court to take judicial notice of the February 9, 2024 Order and hearing transcript from *State v. Velasquez-Sanchez*, Marion County Superior Court Case No. 20CR08901. These documents are directly related to and cited in the Opening Brief filed concurrently with this motion. Counsel for Marion County inquired with counsel for Appellees concerning their position on this motion, who advised that they do not object to the motion.

Marion County requests judicial notice of the following documents, which are attached as exhibits to this motion:

1. **Exhibit 1**: *State v. Velasquez-Sanchez*, Marion County Superior Court Case No. 20CR08901, Feb. 9, 2024 Order ("**February 2024 State Order**").

2. **Exhibit 2**: *State v. Velasquez-Sanchez*, Marion County Superior Court Case No. 20CR08901, Transcript of Feb. 9, 2024 Hearing on Fitness to Proceed ("**February 2024 Hearing Transcript**").

This Court "may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Judicial notice may be taken at any time during the proceeding, including on

appeal. Fed. R. Evid. 201(d); *see also Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011).

This Court has consistently held that Rule 201 permits judicial notice "of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (internal citations omitted); *see, e.g.*, *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002) (taking judicial notice of state court filings when the issues addressed in those filings were "central to the parties' arguments before the district court").

The February 2024 State Order, issued by Judge Audrey Broyles of the Marion County Circuit Court, directed the Marion County Sheriff's Office to transport Mr. Velasquez-Sanchez, a defendant found unfit for trial, to Oregon State Hospital ("**OSH**") for weekly outpatient restoration treatment. This order led to a series of events that resulted in the district court's Opinion and Order (March 6, 2024) ("**Supremacy Clause Order**"), ECF 475, 1-ER-9, which is the subject of this appeal.[1]

---

[1] In order to aid the Court's review, Marion County provides citations to both the district court docket ("ECF") and to the Excerpts of Record accompanying the proposed Opening Brief filed concurrently with this motion.

**Marion County's Mot.**
**Requesting Judicial Notice**                    2

In response to the February 2024 State Order, OSH filed a petition for an expedited ruling on the Supremacy Clause. ECF 460, 2-ER-98. On March 6, 2024, Judge Mosman issued the Supremacy Clause Order, effectively nullifying the state court's directive for outpatient treatment at OSH. ECF 475, 1-ER-9. This order precluded OSH from providing outpatient treatment to unfit defendants, placing a significant burden on Marion County. As a result, Marion County filed its Second Motion to Intervene, seeking to appeal the Supremacy Clause Order and its underlying orders. ECF 478, 2-ER-51.

The February 2024 State Order is central to this appeal, as it provides essential context for understanding the interplay between state and federal jurisdictions in managing unfit defendants. Its accuracy cannot reasonably be questioned, as it is an official court document subject to judicial notice. *See Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) ("We may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts." (internal citations omitted)).

Marion County relies on the February 2024 Hearing Transcript in its Opening Brief to argue that the district court erred in issuing the Supremacy Clause Order without properly considering the applicability of the *Younger* doctrine. The February 2024 Hearing Transcript provides a detailed account of the

**Marion County's Mot.**
**Requesting Judicial Notice**                                3

ongoing state criminal proceedings against Mr. Velasquez-Sanchez, which implicate significant state interests and were effectively enjoined by the district court's order. The February 2024 Hearing Transcript details Mr. Velasquez-Sanchez's alleged offenses, his stays at OSH for treatment and his ineligibility for further inpatient services under the 2022 Order. *See, e.g.*, February 2024 Hearing Transcript, 7:25–8:5, 24:15–25, 25:1–20. Marion County also utilizes the February 2024 Hearing Transcript in its Opening Brief to contend that the state court carefully considered competing factors. *Id.* at 34:24-25, 35:15-19. Furthermore, the accuracy of the February 2024 Hearing Transcript is not subject to reasonable dispute. *See* Fed. R. Evid. 201(b); *see also Johnson v. Uribe*, 682 F.3d 1238, 1246 n.4 (9th Cir. 2012) (taking judicial notice of a certified copy of a court transcript as "[t]he transcript is a certified copy from the state court whose accuracy cannot reasonably be questioned.")).

　　　While it appears that these documents were made a part of the record at ECF 462, *see, e.g.*, ECF 474, 4, 2-ER-79 (referencing the February 2024 State Order from ECF 462); *id.* at 5, 2-ER-83 (quoting the February 2024 Hearing transcript from ECF 462, 35), that document was filed under seal and is unavailable to counsel for Marion County. *See* Fed. R. App. P. 32.1(b) (requiring parties to submit a copy of an unavailable "opinion, order, judgment, or disposition").

**Marion County's Mot.**
**Requesting Judicial Notice**　　　　　　　　4

Although these documents are filed under seal in the district court docket, they are still proper subjects of judicial notice. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("While some of these documents are filed under seal, they nonetheless are readily verifiable and, therefore, the proper subject of judicial notice.").

For the foregoing reasons, Marion County respectfully requests that this Court take judicial notice of the February 2024 State Order and the February 2024 Hearing Transcript, as both documents are integral to the issues presented in this appeal and their accuracy cannot reasonably be questioned.

Dated: August 27, 2024                    Respectfully submitted,

/s/ James Bopp, Jr.
James Bopp, Jr., Ind. Bar No. 2838-84
Joseph D. Maughon, Va. Bar No. 87799
Taylor C. Shetina, Ind. Bar. No. 37887-45
THE BOPP LAW FIRM, PC
The National Building
1 South 6th Street
Terre Haute, Indiana 47807
Telephone: (812) 232-2434
Facsimile: (812) 235-3685
jboppjr@aol.com
jmaughon@bopplaw.com
tshetina@bopplaw.com
*Counsel for Marion County*

**Marion County's Mot.
Requesting Judicial Notice**                    5

## Certificate of Compliance with Type-Volume Limit

This document complies with the word limit of Fed. R. App. P. 32(c)(1) and 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 989 words as computed by the word count function of WordPerfect 2020.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) because this document has been prepared in a proportionally spaced typeface using WordPerfect 2020 in Times New Roman 14-point font.

Dated: August 28, 2024                /s/ James Bopp, Jr.
                                       James Bopp, Jr.
                                       *Counsel for Marion County*